FILED

2007 Nov-13  PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **LAURA AND STEVEN FAUGHT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CV-07-P-1928-S** |
| | ) | |
| | ) | |
| **AMERICAN HOME SHIELD** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT AMERICAN HOME SHIELD CORPORATION'S MOTION TO DISMISS AND OPPOSITION TO CLASS CERTIFICATION

COMES NOW American Home Shield Corporation, (hereinafter "AHS"), defendant in the above styled cause, who pursuant to Rules 12(b)(6) and 23, *Fed R. Civ. P.*, moves this court to dismiss the Original Class Action Complaint filed by Plaintiffs Laura and Steven Faught, on the grounds that they have failed to state a claim and have also failed to show to this court that this cause should be certified as a class action.

### INTRODUCTION/NATURE OF THE PROCEEDINGS

This case involves a customer complaint about services rendered under an American Home Shield residential service contract. Plaintiffs Steve and Laura Faught (hereinafter "Plaintiffs" or "the Faughts") aver that AHS breached its home service contract with them and denied their claim for the repair of a broken air conditioner in

bad faith.  The Faughts also aver that AHS has broadly engaged in a nationwide pattern of: 1) denying claims for coverage of appliances or their  components which display signs of being inadequately maintained and/or cleaned; 2) deliberately breaching express provisions of its home service contracts; and 3) relying upon a service diagnosis from service providers nationwide who stand to gain financially if the appliance at bar is denied coverage under the home services contract, as they may then charge more to repair said appliance than they could under the terms of their service agreements with AHS, and thus have a financial incentive to diagnose the problem in such a fashion as to bring it outside of the scope of the home warranty. Mr. and Mrs. Faught seek to be designated as representatives of a class of thousands of AHS customers nationwide who have been injured as a result of the afore-mentioned practices of AHS.  They further allege claims of breach of contract and bad faith, and seek money damages (both compensatory and punitive) for themselves and the proposed class, as well as seeking declaratory and/or injunctive relief which would find AHS liable and would order the company to pay claims pursuant to its contract terms.  See Plaintiff's complaint, attached as Exhibit A.  This Court should decline to endorse the Faughts' attempt to convert their straightforward, individual contract claim into a wide-ranging class action involving presumably thousands of AHS customers. For reasons set forth below, the Faughts have not met the requirements

necessary for class certification and/or the jurisdiction of this court, and as such their complaint is due to be dismissed.

## STATEMENT OF ISSUES/STANDARD OF REVIEW

The following issues are presented to be considered by the Court:

**Issue 1:** **Whether Plaintiffs Have Successfully Demonstrated that this Cause is Due to be Certified by the Court as a Class Action Lawsuit.**

**Issue 2:** **Whether the Plaintiffs have satisfied the Jurisdictional Threshold Necessary to Maintain this Action in Federal Court.**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed when plaintiffs fail to allege any set of facts that would entitle them to relief. *See Blackston v. State of Alabama*, 30 F.3d 117 (11th Cir. 1994). Although well-pleaded factual allegations should be accepted as true and construed in a light most favorable to the plaintiffs, legal conclusions and inferences not logically drawn from well-pleaded facts are entitled to no deference. *See Marsh v. Butler County*, 268 F.3d 1014, (11th Cir. 2001). Determination of the question whether a lawsuit may proceed

as a class action is committed to the sound discretion of the district court, and its determination will not be overturned absent a showing that it has abused its discretion. *Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1347 (11th Cir.1983).

## ARGUMENT

I.  **THIS COURT SHOULD DECLINE TO CERTIFY THIS CAUSE AS A CLASS ACTION AND DISMISS THE FAUGHTS' COMPLAINT WITH PREJUDICE, AS IT IS CLEAR THAT THE FAUGHTS ARE NOT ENTITLED TO THE ENTRY OF CLASS CERTIFICATION.**

The initiation and maintenance of a class action lawsuit is governed by Rule 23 of the Federal Rules of Civil Procedure. The Rule places upon the named class representatives the burden of proving entitlement to class certification. *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir.1984); *Brooks v. Southern Bell Tel. & Tel. Co.,* 133 F.R.D. 54, 56 (S.D.Fla.1990). In determining whether the class representatives have met this burden, the court considers only whether the representatives have satisfied the requirements of Rule 23; it should not consider the merits of the proponents' claim. *Elsen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). The Eleventh Circuit, however, has cautioned that this principle should not be invoked so rigidly as "to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met [his] burden of establishing each of the Rule 23 class action

4

requirements." *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir.1984). Accordingly, "a court may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 722 (11th Cir.1987), *cert.denied,* 485 U.S. 959, 108 S.Ct. 1221, 99 L.Ed.2d 421 (1988). A district court is vested with broad discretion in determining whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir.1992).

The proponents of the class - here, the Faughts - bear the burden of establishing the propriety of Fed. R. Civ. P. 23 ("Rule 23") class certification. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.,* 350 F.3d 1181, 1187 (11th Cir.2003). To sustain this burden, Rule 23(a) requires the Faughts to show: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  These prerequisites are mandatory and the failure to establish any one is fatal to a motion for class action certification. *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 721 n. 2 (11th Cir.1987);  *Gilchrist v. Bolger,* 733 F.2d 1551, 1555 (11th Cir.1984) (A class action may only be certified "if the Court is satisfied, after a rigorous analysis, that the prerequisites of Fed.R.Civ.P. 23(a) are met").

In addition, the Faughts must also satisfy one of the elements of Fed. R. Civ. P. 23(b) in order for the lawsuit to be maintained as a class action; the Faughts must satisfy Rule 23(b)(2) ("the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole"), and/or Rule 23(b)(3) (questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy). *In re Bayshore Ford Trucks Sales, Inc.* 471 F.3d 1233, 1239 (11th Cir.2006). A review of the Faughts' allegations, along with the applicable authority, reveals that this cause fails to satisfy the requirements of Rule 23 under subsections (a) or (b), and thus class certification should be denied and the Plaintiffs' complaint dismissed.

## A. RULE 23(A) ANALYSIS

### 1.    Numerosity.

The "numerosity" requirement ensures that a lawsuit will proceed as a class action only if there is a real need for class certification.   This requirement does not demand that joinder would be impossible, but rather that joinder would be extremely difficult or inconvenient. *Walco Investments, Inc. v. Thenen,* 168 F.R.D. 315, 324

(S.D.Fla.1996) (impracticable does not mean impossible).   Whether joinder of all of the class members would be impracticable depends on the circumstances surrounding the case and not merely on the number of class members.  *CV Reit, Inc. v. Levy,* 144 F.R.D. 690, 696 (S.D.Fla.1992).   Although there is no specific number of class members necessary to evidence the impracticability of joinder, the Court should consider the geographic dispersion of the class members, judicial economy and the ease of identifying the members of the class and their addresses.  *Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir.1986) (court looks to size of class, ease of identifying its members, facility of serving process on them, and their geographic dispersion).  Plaintiffs "generally must proffer some evidence or a reasonable estimate of the number of members comprising the purported class."  *In re Disposable Contact Lens Antitrust Litigation.,* 170 F.R.D. 524, 529 (M.D.Fla.1996). However, the party seeking certification may not rely on conclusory allegations that joinder would be impracticable, or on mere speculation regarding the size of the class.  *Fleming v. Travenol Labs., Inc.* 707 F.2d 829, 833 (5th Cir.1983) (numerosity requirement not met because plaintiff merely alleged that class was so numerous as to make joinder impracticable);  *Marcial v. Coronet Ins. Co.,* 880 F.2d 954 (7th Cir.1989) (not error to fail to certify class consisting of all persons wrongly denied coverage under theft or vandalism provisions of automobile insurance policy since plaintiff could not rely on conclusory allegations that joinder would be impractical);  *Barlow v. Marion*

*County Hosp. Dist., supra,* 88 F.R.D. at 625 (mere speculation, bare allegations, and unsupported conclusions are inadequate).   A second element of the numerosity requirement is that the proposed class meet a minimal standard of identifiability. Although "[i]t is not necessary that the members of the class be so clearly identified that any member can be presently ascertained ... [Plaintiffs] must establish that there exists a legally definable 'class' that can be ascertained through reasonable effort." *Earnest v. General Motors Corp.,* 923 F.Supp. 1469, 1473 & n. 4 (N.D.Ala.1996)

In the instant case, the Faughts merely allege generally that the proposed class is so numerous as to make joinder impracticable; see Exhibit A, pp. 7-8.  As noted above, this is clearly insufficient to carry the burden under Rule 23(a).   In a like fashion, the Faughts have also failed to identify the proposed class in a manner that is easily ascertainable.  As such, their bid for class certification is due to be denied by this court.


## 2.    Commonality.

To satisfy the commonality requirement, Plaintiffs must show the presence of questions of law or fact common to the entire class.   Fed.R.Civ.P. 23(a)(2).   "[W]hile it is not necessary that every question of law or fact is common to every class member, commonality will not exist as long as there is a predominance of individual issues." *Domestic Air,* 137 F.R.D. at 699 (citing 3 Herbert B. Newburg, Newburg on Class

Actions § 18.09, at 464 (2d ed.1985)).  This Court must assess whether issues that are subject to generalized inquiry, and thus applicable to the class as a whole, predominate over issues that are amenable only to individualized inquiry. *See Rutstein v. Avis Rent-A-Car Systems, Inc.,* 211 F.3d 1228, 1233 (11th Cir.2000) (citing *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1558 (11th Cir.1989)).

For a nationwide class to be proper, the Court must go beyond the factual-similarity and examine whether the case necessitates applying diverse laws of the different states; if so, then nationwide class certification is improper. *Klay v. Humana, Inc.,* 382 F.3d 1241, 1261 (11th Cir.2004) ("class certification is impossible where the fifty states truly establish a large number of different legal standards governing a particular claim"); *Castano v. American Tobacco Co.,* 84 F.3d 734, 752 (5th Cir.1996) (The district court abused its discretion by ignoring variations in state law). So to justify class certification, it is incumbent upon the Plaintiff to show sufficient similarity between the implicated states' legal standards governing a putative claim. *Klay,* 382 F .3d at 1262. ("The burden of showing uniformity or the existence of only a small number of applicable standards (that is, "groupability") among the laws of the fifty states rests squarely with the plaintiffs").

In the instant action, the Faughts have brought two claims under Alabama law, one for breach of contract and the other for bad faith.  See, Exhibit A.  But, by asking for a nationwide class, the Faughts wish to implicate and litigate together the varying

contract and bad faith laws  of fifty states.  To do so would be unreasonable and difficult; it is near-axiomatic that the fifty distinct states have given disparate treatment to these areas of the law, and the Faughts have not satisfied their burden to show otherwise.  Allowing a nationwide class in this case would create cumbersome proceedings with numerous individualized inquiries overshadowing and confusing the generalized inquiry, which would violate Rule 23.   Therefore, this Court should find that the commonality requirement here is not met and precludes nationwide class certification.

**3.      Typicality**

The third requirement is typicality.  This requirement focuses on the interests of the class representatives.  *Mack v. General Motors Acceptance Corp.,* 169 F.R.D. 671, 675 (M.D.Ala.1996).  In order to satisfy the "typicality" prerequisite of Rule 23(a), plaintiffs must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).   The central inquiry in determining whether a proposed class has "typicality" is whether the "class representative [is] part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members."  *East Texas Motor Freight Systems. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925,

2929, 41 L.Ed.2d 706 (1974)).   When ascertaining whether typicality exists, the district court is "to focus on whether the named representative's claims have the same essential characteristics as the claims of the class at large." *Appleyard v.. Wallace,* 754 F.2d 955, 958 (11th Cir.1985).   A sufficient nexus is established if the claims or defenses of the class and the class representative[s] arise from the same event or pattern or practice and are based on the same legal theory. *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984).   It is respectfully submitted that the Faughts' Complaint does not adequately demonstrate that their claims here rise to the level needed to establish typicality which is sufficient to satisfy the requirements of Rule 23(a); as such this court should deny the Faughts' bid for class certification and dismiss their complaint.

## 4.    Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties ... fairly and adequately protect the interest of the class."   This section requires: (1) that the Plaintiff's interests not be antagonistic to the other members of the class, (2) that the Plaintiff be represented by counsel of sufficient diligence, experience, and competence to vigorously litigate the claims,   *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir.1987) (quoting *Griffin v. Carlin,* 755 F.2d 1516, 1532 (11th Cir.1985)), and (3) that the Plaintiff's credibility not be in serious doubt. *See Kirkpatrick,* 827 F.2d at

726 (citing *Kline v. Wolf,* 702 F.2d 400, 402-03 (2d Cir.1983)).  AHS lacks sufficient

information as to the satisfaction of these three areas of inquiry, but submits that the

Faughts' Complaint does not demonstrate any of the foregoing to a sufficient degree.

### B. RULE 23(b) ANALYSIS

As demonstrated earlier, it is clear that the Faughts' claims do not satisfy the

four requirements for class certification necessary under Rule 23(a), Fed. R. Civ. P.

However, even if this Court determines that the action satisfies all the requirements

of Rule 23(a), the proposed action must also fall within one of the three categories of

class suits described in Rule 23(b).   In this case, plaintiffs simply argue in their

complaint that this case is appropriate for certification under Rule 23(b) without any

particular specificity.  See Exhibit A, p. 9.  However, a review of the applicable

sections of the Rule and the pertinent authorities thereto reveals that this argument

must fail.

Federal Rule of Civil Procedure 23(b)(2) permits a cause to be maintained as a

class action if the prerequisites of subdivision (a) are all satisfied, and "the party

opposing the class has acted or refused to act on grounds generally applicable to the

class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the class as a whole...."Fed.R.Civ.P. 23(b)(2).  However, the

Advisory Committee Notes to the Rule explain that Rule 23(b)(2)"does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages."Advisory Committee Notes to 1966 Amendment. *See also Murray v. Auslander,* 244 F.3d 807, 812 (11th Cir.2001) (monetary relief may be obtained in (b)(2) action only if predominant relief sought is declaratory); *Vaughter v. Eastern Airlines, Inc.,* 817 F.2d 685, 687, 690 (11th Cir.1987) (Rule 23(b)(2) not applicable in action seeking more than just injunctive and declaratory relief, that is, monetary relief for ERISA violations, breach of contract, negligence, unjust enrichment, and conversion).   "Monetary relief predominates in (b)(2) class actions unless it is *incidental* to requested injunctive or declaratory relief."*Murray,* 244 F.3d at 812 (citation and internal quotations omitted)(emphasis in original). As the Eleventh Circuit has explained:

> By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief .... ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established.... Liability for incidental damages should not ... entail complex individualized determinations. Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.

*Id.* (quoting *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 415 (5th Cir.1998)). A request for monetary relief is not "incidental" to a request for declaratory relief where the declaratory relief is designed to facilitate and ensure the satisfaction of any

monetary relief the court might award.  *In re Jackson National Life Ins. Co.,* 183 F.R.D. 217. *See Powers v. Gov't Employees Ins. Co.,* 192 F.R.D. 313, 318 (S.D. Fla.1998) (Rule 23(b)(2) class certification is not appropriate where "[t]he declaratory judgment count serves the ultimate goal of monetary restitution and is designed primarily to facilitate and ensure the satisfaction of monetary relief."). Therefore, 23(b)(2) certification is not appropriate where the declaratory relief sought is equivalent to a request for a declaration of liability. *See Goldberg v. Winston & Maroone,* No. 95 Civ. 9282(LAK), 1997 WL 139526, at *3-4 (S. D. N.Y. Mar.26, 1997) (certification inappropriate where declaratory relief would be tantamount to a declaration of liability for which plaintiffs seek damages award).  In the instant case, there is no question that the Faughts are primarily seeking money damages, both compensatory and punitive, as well as seeking both declarative and/or injunctive relief which 1) would find AHS liable; and 2) would order the company to pay claims pursuant to its contract terms.  See Plaintiff's complaint, attached as Exhibit A.  As such, it is clear that the Faughts' lawsuit should not be certified as a class action pursuant to the foregoing authority under Rule 23(b)(2).

Rule 23(b)(3) raises two questions: (1) whether issues of law or fact common to members of the class predominate over questions affecting only individual members, and (2) whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  An analysis of the Faughts'

14

complaint and its class allegations reveals that it fails to satisfy either of these criteria.

## 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). A plaintiff may satisfy this requirement by showing that issues subject to class-wide proof predominate over issues requiring proof that is unique to the individual class members. *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997). In deciding this question, the Court must keep in mind two related purposes of class action litigation: (1) promoting economies of time, effort, and expense; and (2) providing individuals with relatively small claims the opportunity to assert their rights. Fed.R.Civ.P. 23(b) advisory committee's notes to the 1966 Revision of Rule 23(b)(3). If common questions do not predominate, no economies will be achieved through the use of the class action device. Fed. R. Civ. P. 23(b)(3) advisory committee's notes to the 1966 Revision of Rule 23(b)(3).

The predominance requirement "does not require that all issues be common to all parties," rather, it mandates that " 'resolution of the common questions affect all or a substantial number of the class members.' " *Watson v. Shell Oil Co.* 979 F.2d 1014, 1022 (5th Cir.1992) (quoting *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 472

(5th Cir.1986)).   "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Systems., Inc.* 211 F.3d 1228, 1234 (11th Cir.2000) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)).   The Eleventh Circuit has warned that " 'serious drawbacks to the maintenance of a class action are presented where initial determinations, such as the issue of liability *vel non*, turn upon highly individualized facts.' "  *Id.* at 1235-36 (quoting *McCarthy v. Kleindienst,* 741 F.2d 1406, 1415 (D.C. Cir. 1984).

The initial burden is upon the class proponent to tender some credible basis for claiming that the issues subject to generalized proof on a class-wide basis - the common questions - predominate over questions subject only to individualized proof. *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1017-18 (D.C. Cir.1986), *cert.denied,*482 U.S. 915, 107 S.Ct. 3188, 96 L. Ed.2d 677 (1987); *Nichols v. Mobile Bd. of Realtors, Inc.,* 675 F.2d 671, 676 (5th Cir. Unit B 1982). The reason for requiring a class proponent to satisfy the predominance requirement was well-articulated by the former Fifth Circuit: "[I]f the effect of class certification is to bring in thousands of possible claimants whose presence will in actuality require a multitude of mini-trials (a procedure which will be tremendously time consuming and costly), then the

justification for class certification is absent." *Alabama v. Blue Bird Body Co., Inc.,* 573 F.2d 309, 328 (5th Cir.1978).

To assess whether a proposed class action would degenerate into a series of time consuming and costly mini-trials, the court must consider the nature of the claims, as well as the facts and the issues presented by those claims; it may not, however, consider the particular merits of the claims. *Brooks,* 133 F.R.D. at 56 (citing *Coopers & Lybrand v. Liyesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 163, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974); *Abercrombie v. Lum's Inc.,* 345 F.Supp. 387, 390 (S.D.Fla.1972).  In this cause, the justification for certification is absent because the large number of factual variations and legal variations would give rise to a multitude of time consuming and costly mini-trials.

## (I) *Factual Variations*

In their Complaint, the Faughts aver that they wish to establish a class of persons nationwide who purchased a home services contract from AHS and then had a claim denied for repair or replacement of a major home component based upon an alleged failure to clean and/or maintain the component.  See Exhibit A, p. 7. However, things are not so simple or easily categorized here.  For example, a major home component could encompass anything from a dishwasher to a heater to an oven to an air conditioner, or numerous other appliances and any major parts thereto, all of

which have differing standards for maintenance and/or cleaning. In addition, the Faughts wish to implicate hundreds of service companies nationwide which are under contract to AHS to service these components, each of whom (it is alleged) have a financial incentive to find an exclusion in the home warranty so that they can charge more to fix it themselves. There is simply no way to treat such a vast variety and/or number of claims, appliances, and work by service companies in a uniform manner; each claim must of necessity be examined on an individual basis to see if or how it fits within the Faughts' proposed class definition. Further, the damages phase of the proceedings here alone would give rise to innumerable factual issues. The Class Action petition demands both compensatory and punitive damages. Such determinations are highly individualized and would require a detailed examination of the circumstances peculiar to each of the thousands of members of the class. *See Murray v. Auslander,* 244 F.3d 807, 812 (11th Cir. 2001) (assessing damages for mental anguish compels an inquiry into each class member's individual circumstances). As such the sheer magnitude of the factual variations present within the Faughts' proposed class demonstrate that certification is impracticable.

(ii) *Legal Variations*

The second problem inherent in the Plaintiff's proposed nationwide class is the differences in applicable state law as to both the breach of contract and the bad faith claims. A district court's duty to determine whether the plaintiff has borne its burden

on class certification requires that a court consider variations in state law when a class action involves multiple jurisdictions. *See Castano v. American Tobacco Co.,* 84 F.3d 734, 741 (5th Cir.1996)."In order to make the findings required to certify a class action under Rule 23(b)(3)... one must initially identify the substantive law issues which will control the outcome of the litigation."*Id., citing Alabama v. Blue Bird Body Co.,* 573 F.2d 309, 316 (5th Cir.1978). Certifying a nationwide breach of contract class, where the laws of each state apply, would force the court to examine the nuances of each state's law.  In breach of contract cases, states vary not only in their statutes of limitations, but also in their treatment of the admissibility of parol evidence and the types of damages available.  In addition, the elements and triggers for the tort of bad faith vary widely from state to state; in fact, some states do not even recognize the tort at all as an independent cause of action. See, e.g., *Cramer v. Insurance Exchange Agency*, 174 Ill.2d 513, 675 N.E.2d 897, (Ill.1996).

Plaintiffs, by asking for this court to certify a nationwide class action, must acknowledge that were this class to be certified, this Court would need to apply both the contract law and the tort law of numerous other states.  Unlike a federal question case, when plaintiffs seek certification of a multi-state non-federal question class, a court cannot turn to a uniform body of law to guide the litigation here. Because Plaintiffs here have invoked the laws of many states, the court must examine their impact on the proceedings in light of the predominance requirement. *See Hammett v.*

*Am. Bankers Ins. Co. of Florida,* 203 F.R.D. 690, 701 (S.D. Fla.2001) ("Considering adjudication of Plaintiff's breach of contract claim will require consideration of the laws of many states, Plaintiff has failed to establish predominance."). Although variation among the laws of multiple jurisdictions will not necessarily defeat predominance, Plaintiff has the burden to establish that the varying laws of the jurisdictions do not differ substantially with respect to the elements of the claims, the defenses thereto, and the standards and burdens of proof. *See In re Ford Motor Comp. Ignition Switch Products Liability Litigation. v. Ford Motor Co.,* 174 F.R.D. 332, 349 (D.N.J.1997)("in a motion for class certification, plaintiffs bear the burden of providing an 'extensive analysis' of state law variations to determine whether there are 'insuperable obstacles' to class certification."); *Zarrella v. Minnesota Mut. Life Ins. Co.,* No. Civ A 96-2782, 1999 WL 226223, at * 9 (R.I. Super. April 14, 1999) (same). The Faughts here have failed to meet their burden.

In *Ex parte Green Tree Financial Corp.,* 723 So.2d 6 (Ala.1998), the Alabama Supreme Court addressed the impact of state law variations on the issues of predominance and superiority. The *Green Tree* Court reversed a class certification, notwithstanding that the plaintiffs had presented a chart showing which jurisdictions agree upon the elements of a breach of contract action; they had not, however, presented evidence as to variations in state law on such related issues as the admissibility of parol evidence, the statute of limitations, or other available defenses.

*Id.* at 10-11. Similarly, in *Jackson Nat. Life Ins. Co. Premium Litig.,* 183 F.R.D. 217, 222-23 (W.D.Mich.1998), a federal trial court declined to certify a contract claim class, noting numerous variations in state contract laws, including variations relating to the statute of limitations, burden of proof standards, and the parol evidence rule. And in *Zarrella,* 1999 WL 226223 at *9, the court held that a contract claim class should not be certified given varying statutes of limitations and burdens of proof among the states.  Plaintiffs here have not carried their burden of providing an analysis of the variations in state law as to both the tort and contract claims. Moreover, under both the contract and the bad faith claims, even if one were to assume that the elements of claims were similar, the damages available thereto are not.  Where, after adjudication of the class-wide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3). *See Perez v. Metabolife International, Inc.,* 218 F.R.D. 262, 273 (S.D. Fla.2003).

## 2. Superiority.

In addition to establishing that common questions predominate, a plaintiff seeking class certification must also must also demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Superiority is determined by comparing the efficiency and

fairness of all available methods of adjudicating the matter.  *Coleman v. Cannon Oil Co.,* 141 F.R.D. 516, 529 (M.D.Ala.). "If another available method of handling the controversy appears better suited for a particular action then the action should not be allowed to proceed under 23(b)(3)."*Singer v. AT&T Corp.,* 185 F.R.D. 681, 692 (S.D. Fla. 1998).  " 'The rule asks [this Court] to balance, in terms of fairness  and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication.' "  *In re Electronics Pacing Systems,* 172 F.R.D. 271 (S.D. Ohio 1997) (quoting *Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 632 (3d Cir.1996), *aff'd* 521 U.S. 591, 117 S.Ct. 2231, 138 L. Ed.2d 689 (1997)).  In making the superiority determination, a court may consider the four non-exclusive factors set forth in Rule 23(b)(3): (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).

While an analysis of all four of the foregoing factors would demonstrate that class certification is inefficient here, the final factor - the difficulties likely to be encountered in the management of a class action - is perhaps the easiest demonstration of why certification is impracticable here.  "Manageability'... encompasses the whole

range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlson and Jacqueline,* 417 U.S. 156, 164, 94 S.Ct. 2140, 2146 (U.S. N.Y. 1974).  As noted earlier, this Court would need to resolve a multitude of factual issues pertinent to liability and damages, and the trial of the cause would require the application of multiple sets of state tort laws and state contract laws. The volume of these individualized factual determinations, which would need to be made according to varying state laws, would render the proposed action unmanageable for this Court alone.  In addition, the Faughts have also asked for a trial by jury as to these issues.  Requesting a jury to make several thousand factual findings would simply not be feasible, nor would it be feasible to instruct a jury on the relevant law; the Court could not fashion one instruction on each claim that "would account for all the varying nuances that state law givers command."*In re Masonite Corp. Hardboard Siding Products Lab. Litig.,* 170 F.R.D. 417, 423 (E.D. La.1997) (notwithstanding common elements in negligence law of each state, plaintiffs did not show that it would be possible to give one instruction that would account for "varying nuances"). The Faughts here have not explained how varying state laws and thousands of factual issues "could be presented to a jury for resolution in a way that fairly represents the law of the [various] states while not overwhelming jurors with [thousands] of interrogatories and a verdict form as large as an almanac."*In re Ford Motor Co. Ignition Switch Liability,* 174 F.R.D. 332, 350 (D. N. J. 1997).  The class action,

23

therefore, is not the superior method for adjudicating this dispute. *See, e.g. Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623-24, 117 S.Ct. 2231, 138 L. Ed.2d 689 (1997) (Supreme Court found that common issues did not predominate where class members were from variety of states requiring application of multitude of different legal standards); *Kirkpatrick,* 827 F.2d at 725 ("the differing standards of liability required by the laws of the various states would render class action treatment unmanageable"); *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 741-45 (5th Cir.1996) (finding predominance requirement not met where complex choice-of-law issues present). Because it is clear that class certification is not the superior method to handle the claims averred by the Faughts in their complaint, this court should decline to certify the class and dismiss the Faughts' complaint.

## II. THE FAUGHTS HAVE FAILED TO DEMONSTRATE TO THIS COURT THAT THEIR COMPLAINT SATISFIES THE JURISDICTIONAL AMOUNTS NECESSARY FOR FEDERAL COURT, AND THUS THEIR COMPLAINT IS DUE TO BE DISMISSED.

A review of the Faughts' complaint and proposed class action also reveals that they have clearly failed to satisfy the jurisdictional threshold needed to pursue their claims in federal court, namely that of the amount in controversy. Class action law establishes that the compensatory claims of each plaintiff may not be aggregated in order to meet the requisite jurisdictional amount in controversy. Rather, each member

24

of the class, having a "separate and distinct" claim, must satisfy the jurisdictional amount. *See generally Bahn v. International Paper Co.,* 414 U.S. 291 (1973). *See also More v. Intercom Support Serve., Inc.,* 960 F.2d 466, 472-73 (5th Cir. 1992) (146 plaintiffs sued on separate employment contracts). In addition, neither claims for punitive damages nor requests for attorney's fees may be aggregated in the Eleventh Circuit to satisfy the jurisdictional amount-in-controversy requirement necessary to maintain an action in federal court. *See Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). A review of the jurisdictional averments and the damages sought by the Plaintiffs in their complaint reveals that they clearly rest monetary jurisdiction upon the aggregation of their claims for both damages and attorney's fees; as such, they have failed to meet the jurisdictional requirements and their complaint is due to be dismissed.

## CONCLUSION

A review of the foregoing authorities and the Plaintiffs' complaint reveals that the Faughts' bid for Class Certification is due to be denied. It is clear that the Faughts have failed to meet any of the necessary requirements under Rule 23, Fed. R. Civ. P., for class certification and have also failed to demonstrate that their case meets the threshold jurisdiction of this court. As such, AHS respectfully requests that this Court decline to certify the Faughts' lawsuit as a class action and dismiss the Faughts' Complaint with prejudice.

RESPECTFULLY SUBMITTED this the 13th day of November, 2007.



s/Robert Black, Jr.
ROBERT C. BLACK, JR.      (ASB-6459-C62R)

S/Doy Leale McCall, III
DOY LEALE MCCALL, III    (ASB-3325-C57D)
Attorneys for Defendant
American Home Shield Corporation



OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
   COLE & BLACK, P.C.
425 SOUTH PERRY STREET
P.O. BOX 116
MONTGOMERY, AL  36101-0116
(334) 834-7600
(334) 263-5969 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon John E. Norris, *Davis & Norris*, LLP, 2151 Highland Avenue, Suite 100, Birmingham, Alabama, 35205, and Lee Bone, *Bates and Bone*, LLC, 2151 Highland Avenue, Suite 100, Birmingham, Alabama, 35205, postage prepaid and properly addressed, and/or by electronically filing with the Clerk of the Court which will send notification by electronic mail on this the 13th day of November, 2007.

<u>S/ Doy Leale McCall, III</u>
OF COUNSEL