IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAURA AND STEVEN FAUGHT,        }
                                }
    Plaintiffs,                 }
                                }
v.                              }       Case No.: 2:07-CV-1928-RDP
                                }
AMERICAN HOME SHIELD            }
CORPORATION,                    }
                                }
    Defendant.                  }

**ORDER**

Before the court is Defendant's Motion to Dismiss and Opposition to Class Certification (Doc. # 4) filed on November 13, 2007. For the reasons stated herein, the motion is **DENIED**.

Defendant has challenged the sufficiency of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."

*Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).  Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

      The existence of class claims in this case may somewhat complicate the standard this court must apply to this motion to dismiss, but it does not fundamentally change the nature of the inquiry.  As long as the class allegations make it plausible that discovery will lead to facts that would justify certifying a class action, the court will not dismiss the class claims.  Defendant has cited a case that provides a well-articulated standard to apply to motions to dismiss class claims: class claims should be dismissed where the proposed class is so "broad, amorphous, and vague that it fails to meet the minimum standard of definiteness." *Earnest v. General Motors Corp.*, 923 F.Supp. 1469, 1473 (N.D. Ala 1996).

Turning to the allegations in Plaintiffs's complaint, the court finds no deficiencies sufficient to warrant dismissal. The class allegations define a concrete universe of potential class members that plausibly satisfy the requirements of FED. R. CIV. P 23(a), especially in light of the flexible pleading standards embodied by the Federal Rules of Civil Procedure.[1] Nothing that has been presented about the Faughts suggests that their claims are not plausibly common or typical of those of putative class members or that they cannot be adequate representatives of the putative class. Indeed, Defendant does little more than cite the standard to be applied to this motion before discarding that standard and citing decisions made at the class certification stage.[2]

The court expresses no opinion as to whether this action merits class certification, and must reserve making that judgment until presented with a motion to certify.[3] At that time, discovery will have yielded facts relevant to certification issues and the burden will be on Plaintiffs. At this point, however, the class claims are sufficiently pleaded to survive a motion to dismiss for failure to state

---

[1] Federal Rules of Civil Procedure 15 provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15. At this stage of litigation, even if this court were to find a deficiency in the proposed class definition, it would allow Plaintiffs an opportunity to amend their complaint. In any event, even if dismissal were warranted, dismissal without prejudice would be the remedy. *See Earnest,* 923 F.Supp at 1474 (dismissing class claims but allowing the plaintiffs to amend their pleadings to clarify those claims).

[2] Indeed, few of the arguments Defendant advances deal with the indefiniteness of the putative class or other matters related to dismissal at all. Defendant's briefs address primarily class certification issues, issues not properly before the court on this motion to dismiss.

[3] Of course, a defendant may challenge class certification before a plaintiff moves for certification. *See Cook County College Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) (stating that "[o]ne opposing a class action may move for an order determining that the action may not be maintained as a class suit"); 7AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1785 (3d ed. 2005). The court does not view Defendant's motion to dismiss in this case as a challenge to certification because it does not include the information this court needs to make a reasoned judgment.

a claim upon which relief may be granted.  Accordingly, the Defendant's Motion to Dismiss is **DENIED**.

    **DONE** and **ORDERED** this   20th   day of December, 2007.

                                               **R. DAVID PROCTOR**
                                               UNITED STATES DISTRICT JUDGE