FILED

2008 Jan-29  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **LAURA FAUGHT AND STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** | ) ) ) |  |
|  | ) |  |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
|  | ) | **CV-07-P-1928-S** |
| **v.** | ) |  |
|  | ) |  |
| **AMERICAN HOME SHIELD CORPORATION,** | ) ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## ANSWER TO COMPLAINT

Defendant American Home Shield Corporation ("AHS") hereby responds as follows to the Complaint filed in this action.  The assertion of specific defenses is not in any way intended as an assumption by AHS of the burden of proof with respect to any issues or defenses for which the Plaintiffs would otherwise bear the burden of proof.  AHS believes that many of the defenses referenced below for the information and convenience of the Plaintiffs and Court represent issues consisting of elements of proof on which plaintiffs, not defendants, bear the ultimate burden of production and persuasion.

At the time this Answer is filed, discovery has not yet been conducted, and no class has been certified.  Accordingly, AHS reserves the right to add such

further or supplemental defenses as may be appropriate based upon information developed through discovery, and to add such additional affirmative defenses as may be appropriate under the laws of other states should any class involving claims governed by such laws be certified.

## FIRST DEFENSE

AHS pleads the general issue.

## SECOND DEFENSE

AHS denies the material allegations of the Complaint and demands strict proof thereof.

## THIRD DEFENSE

The Complaint and each count thereof are barred by the applicable statutes of limitation.

## FOURTH DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief may be granted.

## FIFTH DEFENSE

The Complaint and each count thereof are barred by the doctrine of repose.

## SIXTH DEFENSE

The Complaint and each count thereof are barred by laches and the doctrine of unclean hands.

## SEVENTH DEFENSE

Some or all of the claims asserted are barred by res judicata, collateral estoppel, or judicial estoppel.

## EIGHTH DEFENSE

Some or all of the claims asserted are barred by release.

## NINTH DEFENSE

Some or all of the claims asserted herein are subject to on-going injunctions against prosecution.

## TENTH DEFENSE

Some or all of the claims asserted are barred by accord and satisfaction.

## ELEVENTH DEFENSE

AHS has breached no contract between AHS and Plaintiffs.

## TWELFTH DEFENSE

Plaintiffs have failed to meet the conditions precedent to assert a breach of contract claim against AHS.

## THIRTEENTH DEFENSE

Plaintiffs have failed to state a bad faith tort claim against AHS because AHS is not an insurance company, and no insurance agreement existed between Plaintiffs and AHS.

## FOURTEENTH DEFENSE

Plaintiffs' bad faith tort claim is barred by *Ala. Code* § 8-32-2(13).

## FIFTEENTH DEFENSE

Plaintiffs' bad faith tort claim is barred because it is not a claim for failure to comply with the provisions of a service contract.

## SIXTEENTH DEFENSE

Plaintiffs' bad faith tort claim is barred to the extent it is based on conduct other than the denial of specific claims that are capable of being asserted by these Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' bad faith tort claim is barred to the extent it is based on a failure to properly investigate Plaintiffs' claims or the claims of the putative class members.

## EIGHTEENTH DEFENSE

Defendant's basis for the denial of the claims at issue was at least arguable or debatable, thereby precluding recovery on allegations of bad faith failure to pay the claim.

## NINETEENTH DEFENSE

Some or all of the claims asserted are barred by Plaintiffs' contributory negligence, assumption of the risk, or both.

**TWENTIETH DEFENSE**

AHS avers that its actions and conduct with respect to each contract or transaction were justified.

**TWENTY-FIRST DEFENSE**

No conduct of AHS was the proximate cause of, or the cause-in-fact of, the injuries alleged by the Plaintiffs.

**TWENTY-SECOND DEFENSE**

No duty was owed by AHS as alleged in the Complaint, but in any event, no legal duty was breached.

**TWENTY-THIRD DEFENSE**

AHS asserts that it properly discharged all legal duties to the Plaintiffs.

**TWENTY-FOURTH DEFENSE**

Some or all of the Plaintiffs lack standing to assert some or all of the claims set forth in the Complaint.

**TWENTY-FIFTH DEFENSE**

Plaintiffs are not the real party in interest with respect to some or all of the claims asserted.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred because they are not ripe for adjudication or are otherwise nonjusticiable.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred by the express written disclosures received by Plaintiffs.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs have failed to mitigate any damages to the extent any have allegedly been suffered.

**TWENTY-NINTH DEFENSE**

Some or all the claims asserted are barred by Plaintiffs' lack of due diligence.

**THIRTIETH DEFENSE**

AHS denies any liability for the acts of other entities under a theory of *respondeat superior*, vicarious liability, agency, or otherwise.

**THIRTY-FIRST DEFENSE**

AHS asserts that there were legitimate, good faith business reasons for the acts alleged.

**THIRTY-SECOND DEFENSE**

AHS avers that it acted in good faith at all material times.

**THIRTY-THIRD DEFENSE**

AHS avers that it acted in accordance with industry standards at all material times.

## THIRTY-FOURTH DEFENSE

Some or all of the claims asserted are barred by the written terms of the contracts themselves.

## THIRTY-FIFTH DEFENSE

The Plaintiffs' claims are barred by one or more of the doctrines of ratification, consent, and acquiescence.

## THIRTY-SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by one or more of the doctrines of novation or material change of facts.

## THIRTY-SEVENTH DEFENSE

Some or all of the claims asserted are barred by the doctrines of waiver and estoppel.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' own actions or inactions.

## THIRTY-NINTH DEFENSE

Some or all of the claims asserted are barred by the statute of fraud.

## FORTIETH DEFENSE

Some or all of the Plaintiffs' claims are barred by one or more of the doctrines of parole evidence, merger, and integration.

### FORTY-FIRST DEFENSE

Plaintiffs' claims are barred by impossibility of performance.

### FORTY-SECOND DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

### FORTY-THIRD DEFENSE

Recovery for any alleged tortious conduct without any accompanying physical or bodily injury to Plaintiffs would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving tort and economic loss.  *See*, *e.g.*, *Ala. Code* § 7-2-715.

### FORTY-FOURTH DEFENSE

If the damages claimed by the Plaintiffs were in fact sustained by the Plaintiffs, such damages must be offset, in whole or in part, by the value rendered to the Plaintiffs by AHS.

### FORTY-FIFTH DEFENSE

AHS pleads that the transactions alleged were voluntarily undertaken by Plaintiffs, that Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiffs, that the terms of the agreement were fully disclosed to Plaintiffs, and that Plaintiffs knowingly entered into the transaction, having either understood the transaction or having failed to avail themselves of the opportunity to understand the transaction.

## FORTY-SIXTH DEFENSE

AHS has complied with all relevant federal and state requirements regarding the transactions that are the subject of this lawsuit.

## FORTY-SEVENTH DEFENSE

Plaintiffs are not entitled to punitive damages from AHS pursuant to the facts alleged in their complaint.

## FORTY-EIGHTH DEFENSE

AHS cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to *Ala. Code* § 6-11-27 (Supp. 1991).

## FORTY-NINTH DEFENSE

Plaintiffs' claims are subject to the further limitations and protections of § 6-11-27, *Ala. Code*.

## FIFTIETH DEFENSE

Plaintiffs' claims for punitive damages are not properly triable to a jury for the reasons set forth in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

## FIFTY-FIRST DEFENSE

An award of punitive damages in this case is limited or precluded by the Alabama Supreme Court's decision in *Horton Homes, Inc. v. Brooks*, 2001 WL 1520623 (Ala. Nov. 30, 2001).

## FIFTY-SECOND DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to *Ala. Code* §§ 6-11-20 to 6-11-30, and thereby any claim for such damages is barred.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages are subject to the provisions of § 6-11-21 *et. seq. Ala. Code* (1975), including but not limited to the statutory cap on punitive damages. *See Goodyear Tire & Rubber Co. v. Vinson*, 1999 WL 236503, *1 (Ala. Apr. 23, 1999) (Hooper, C.J., concurring specially). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial fiat. *See Honda Motor Company Limited v. Oberg*, 512 U.S. 415 (1994).

## FIFTY-FOURTH DEFENSE

AHS adopts and incorporates herein the caps on punitive damages codified in *Ala. Code* § 6-11-21.   *See also Horton Homes, Inc. v. Brooks*, 2001 WL 1520623. at *10 n.10 (Ala. Nov. 30, 2001).

## FIFTY-FIFTH DEFENSE

Any attempt to abolish the punitive damages caps adopted by the Alabama Legislature in *Henderson v. Alabama Power*, 627 So.2d 878 (Ala. 1993), was incorrect and unconstitutional, and the $250,000 cap previously adopted by the Alabama Legislature is applicable to the claims in this case.

## FIFTY-SIXTH DEFENSE

The imposition of punitive damages against AHS for the conduct alleged in the Complaint is prohibited by *BMW North America v. Gore*, 517 U.S. 559 (1996), and subsequent United States Supreme Court decisions, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 127 S. Ct. 1957 (2007).

## FIFTY-SEVENTH DEFENSE

To award punitive damages against AHS in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an

award of punitive damages would impair the contractual obligations of any contracts involving the Plaintiffs and AHS.

## FIFTY-EIGHTH DEFENSE

The Plaintiffs cannot recover punitive damages against AHS because such an award, which is penal in nature, would violate AHS's constitutional rights protected under the Alabama Constitution of 1901, as amended ("Alabama Constitution", and the Constitution of the United States ("United States Constitution"), unless AHS is certain of the procedural safeguards afforded to criminal defendants, including, but not limited to, the right to the requirement of a level of proof beyond a reasonable doubt.

## FIFTY-NINTH DEFENSE

The Plaintiffs' claim for punitive damages violates Art. I, § 6 of the Alabama Constitution in that the damages claimed are penal in nature while AHS is required to disclose documents and/or other evidence without the safeguard against self-incrimination as provided in the Alabama Constitution. *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1957 (2007).

## SIXTIETH DEFENSE

To award punitive damages against AHS based on its alleged nationwide conduct in this case would violate the Commerce Clause and Due Process Clause

of the United States Constitution by applying Alabama's law of punitive damages in extra-territorial fashion.

### SIXTY-FIRST DEFENSE

To award punitive damages against AHS in this case would have a chilling effect upon AHS's rights to open access to the courts of this State, in violation of the Alabama Constitution.

### SIXTY-SECOND DEFENSE

To award punitive damages against AHS in this case would violate Art. I, § 15 of the Alabama Constitution.

### SIXTY-THIRD DEFENSE

Subjecting AHS to an award of punitive damages or affirming such an award in this case would amount to and constitute a denial of substantive and procedural due process as afforded by the due process clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Art. I, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     Any award of punitive damages against AHS under the evidence in this case would necessarily be based upon an evidentiary standard no

higher or more than a standard of a preponderance of the evidence, and not upon a standard of evidence beyond a reasonable doubt;

(b)     Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria to protect AHS against the imposition of grossly excessive punitive damages;

(c)     Use of the Alabama Pattern Jury Instructions 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standard for the award or amount of punitive damages;

(d)     Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(e)     The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(f)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and AHS's alleged wrongful or culpable conduct;

14

(g)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)     The Plaintiffs' attempt to base punitive damages upon an alleged "pattern and practice" of conduct constitutes a constitutionally impermissible attempt to punish AHS, in Alabama, for conduct in other states where AHS's conduct was or is legal; such an imposition of punitive damages would not only be contrary to the Due Process clause of the Alabama and United States Constitutions, it would likewise be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(j)     Under Alabama law, an award of punitive damages may be assessed against AHS for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of AHS;

(k)    Under Alabama law, an award of punitive damages may be assessed against AHS "vicariously" as a principal without any further proof of independent wrongful conduct or ratification by that AHS

## SIXTY-FOURTH DEFENSE

Plaintiffs may contend that their claims for "compensatory" damages encompass claims for mental anguish or emotional distress damages without any accompanying physical or bodily injury.  In such an eventuality, under the provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, Plaintiffs' claims would violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of AHS's due process rights guaranteed by the Alabama Constitution.

(b)    The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive AHS of due process of law in violation of the Alabama Constitution.

(c)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive AHS of due process of law in violation of the Alabama Constitution.

(d)     An award of such damages in this case would constitute a deprivation of property without due process of law.

(e)     The procedures pursuant to which such damages are awarded cause AHS to be treated differently from other similarly situated persons and/or entities by subjecting AHS to liability beyond the actual loss or harm, if any, caused by AHS's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies AHS of its rights of equal protection and due process.

(g)     The procedures pursuant to which such damages are awarded subject AHS to liability for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among allegedly joint tort-feasors with respect to the respective enormity of its alleged misconduct,

17

in violation of AHS's due process rights and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

(h)     The procedures pursuant to which such damages are awarded expose AHS to the risk of indefinable, unlimited liability unrelated to the actual loss caused by AHS's conduct, creating a chilling effect on AHS's exercise of its right to a judicial resolution of this dispute.

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiffs' claims for such damages against AHS cannot be sustained because an award of such damages under Alabama law subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate AHS's due process and equal protection rights guaranteed by the Alabama Constitution.  Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiffs' claims for such damages against AHS cannot be sustained because any award of such damages under Alabama law would violate AHS's due process rights inasmuch as juries are allowed to award such damages as

they see fit or as a matter of moral discretion without adequate or specific standards.

## SIXTY-FIFTH DEFENSE

In the calculation of any appropriate multiple of compensatory damages for punitive damages against AHS, the use of any mental anguish damages, without any accompanying physical or bodily injury to Plaintiffs in connection with an alleged breach of warranty or contract would be unjust and violate the Due Process Clause and Equal Protection Clause of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the relevant provisions of the Alabama Constitution, inasmuch as mental anguish damages are so highly speculative that they may not support a multiple of punitive damages appropriate under *BMW North America v. Gore*, 517 U.S. 559 (1996), and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## SIXTY-SIXTH DEFENSE

The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiffs, cannot be upheld, because such claims require proof of actual damage, and are unrelated to the actual conduct of AHS.  As such, these damages violate AHS's due process rights

guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

**SIXTY-SEVENTH DEFENSE**

The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiffs, in connection with an alleged breach of warranty or contract would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving a warranty, tort and economic loss.  *See, e.g., Ala. Code* § 7-2-715; *Lloyd Wood Coal Co. v. Clark Equip. Co.*, 543 So. 2d 671 (Ala. 1989); *Ford Motor Co. v. Rice*, 726 So. 2d 626 (Ala. 1998); *Ex parte Grand Manor*, 2000 WL 337528 (Ala. Mar. 31, 2000).

**SIXTY-EIGHTH DEFENSE**

The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Plaintiffs, in connection with an alleged breach of warranty or contract would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law both in Alabama and throughout the nation.

**SIXTY-NINTH DEFENSE**

Plaintiffs are not entitled to mental anguish damages from AHS pursuant to the facts alleged in their Complaint.

20

## SEVENTIETH DEFENSE

Some or all of the named Plaintiffs are not members of the alleged class which they seek to represent.

## SEVENTY-FIRST DEFENSE

Although contract number 80424851 appears to have been signed by both Laura Faught and Steven Faught, the contract is only in the name of Steven Faught, and, therefore, Plaintiff Laura Faught is not a member of the alleged class she seeks to represent.

## SEVENTY-SECOND DEFENSE

The named Plaintiffs' claims are not typical of the claims of the class.

## SEVENTY-THIRD DEFENSE

The typicality requirement cannot be satisfied because Plaintiffs' claims as alleged in the Complaint are not typical of those of putative class members who incurred loss caused by the failure to clean or maintain covered home systems and appliances.

## SEVENTY-FOURTH DEFENSE

The individual reliance aspects of the named Plaintiffs' claims render class action treatment inappropriate.

## SEVENTY-FIFTH DEFENSE

Individual questions predominate in this action, thus precluding class certification.

## SEVENTY-SIXTH DEFENSE

The commonality and predominance requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure cannot be satisfied because the issue of liability for the claims asserted in the Complaint would require an individualized inquiry into the cause of damage with respect to each and every class member's property to determine whether the damage was caused by the failure to clean or maintain the system or appliance in issue.

## SEVENTY-SEVENTH DEFENSE

The commonality and predominance requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure cannot be satisfied because the claims asserted in the Complaint would require an individualized inquiry into the alleged damages of each putative class member.  These alleged damages will vary greatly depending on a multitude of factors, including, but not limited to, the system or appliance involved, the actual service provided, the particular contractor providing the service, whether the specific facts involved required repair or replacement, the cost of the part, system or appliance to be repaired or replaced, and the amount of

time required to perform the repair or replacement.  Such individualized questions overwhelmingly predominate any common issues that may exist.

### SEVENTY-EIGHTH DEFENSE

To the extent Plaintiffs have stated a claim sounding in contract or tort, the commonality and predominance requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure cannot be satisfied because the claims of the putative class members would be governed by the substantive common and statutory law of fifty states.  This law is so disparate, both as to contract and tort rights and contract and tort remedies, that individual issues of law predominate over any issues common to the putative class.

### SEVENTY-NINTH DEFENSE

Plaintiffs cannot satisfy the requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure because the relief requested in the Complaint relates exclusively or predominantly to money damages.

### EIGHTIETH DEFENSE

Plaintiffs do not adequately represent the class.

### EIGHTY-FIRST DEFENSE

Plaintiffs' proposed class definition is overly vague such that class membership is not objectively ascertainable.

## EIGHTY-SECOND DEFENSE

Under a properly drawn class definition, the class is not and would not be so numerous as to render joinder of all members impracticable.

## EIGHTY-THIRD DEFENSE

Class action treatment is not superior to other methods for adjudicating this controversy.

## EIGHTY-FOURTH DEFENSE

This proceeding would not be manageable as a class action, and any trial on a class basis would not be manageable.

## EIGHTY-FIFTH DEFENSE

AHS avers that this action may not properly be brought or maintained under applicable rules governing class actions.

## EIGHTY-SIXTH DEFENSE

This action is due to be stayed, dismissed, or abated as a matter of comity and/or sound judicial administration.

## EIGHTY-SEVENTH DEFENSE

AHS incorporates any affirmative defenses made available to it by the enactment of any statute of the Alabama Legislature or the Congress of the United States, or by any decision of the U. S. Supreme Court or the Alabama Supreme Court, or any other appropriate court, which limit the amount of damages

recoverable by the Plaintiffs, or otherwise affect the ultimate outcome of this action.

## EIGHTY-EIGHTH DEFENSE

For answer to the specific accounts and paragraphs of the Plaintiffs' Complaint, AHS responds as follows:

In response to the introductory paragraph of Plaintiffs' Complaint, AHS admits that Plaintiffs purport to bring this action as a class action. AHS specifically denies that this action may properly be brought or maintained as a class action. AHS denies the remaining allegations set forth in the introductory paragraph to the Complaint.

## I.

## JURISDICTION AND VENUE

1.      AHS admits that it is a corporation organized and existing pursuant to the laws of the state of Delaware, with its principal place of business in Memphis, Tennessee. AHS admits that the Court has subject matter jurisdiction over this case and that venue is proper in this Court. AHS lacks knowledge or information sufficient to form a belief as to whether Plaintiffs remain current adult resident citizens of Jefferson County, Alabama, and therefore denies said allegation. AHS denies the remaining allegations set forth in paragraph 1 of the Complaint.

## II.

## FACTUAL AVERMENTS

## A.

## AHS'S NATIONWIDE PATTERN OF CONDUCT

2.      AHS admits that it is a subsidiary of The ServiceMaster Company, and that it is in the business of selling service contracts to home buyers and homeowners throughout the United States.  AHS further admits that it markets these home warranties using written sales material.  AHS denies that home warranties are in the nature of insurance policies.  AHS states that the terms of its home warranties and marketing material speak for themselves.  AHS admits that a copy of one type of written sales material and an AHS home warranty are attached to the Complaint as Exhibits A and B, respectively.  AHS denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.      AHS states that the terms of its home warranties and marketing material speak for themselves.  AHS denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.      AHS states that the terms of its home warranties speak for themselves. AHS denies the remaining allegations set forth in paragraph 4 of the Complaint.

5.      AHS states that the terms of its home warranties speak for themselves. AHS denies the remaining allegations set forth in paragraph 5 of the Complaint.

6.     AHS denies the allegations set forth in paragraph 6 of the Complaint, including, but not limited to, the allegation that it is an insurance company and that it acted in bad faith.

7.     AHS states that the terms of its home warranties speak for themselves. AHS denies the remaining allegations set forth in paragraph 7 of the Complaint.

8.     AHS denies the allegations set forth in paragraph 8 of the Complaint, including, but not limited to, the allegation that it is an insurance company and that it acted in bad faith.

9.     AHS states that the terms of its home warranties speak for themselves. AHS denies that its home warranties are "casualty insurance policies."   AHS denies the remaining allegations set forth in paragraph 9 of the Complaint.

10.     AHS denies the allegations set forth in paragraph 10 of the Complaint, including, but not limited to, the allegation that it acted in bad faith.

## B.

## FACTS RELATING TO THE NAMED PLAINTIFFS

11.     AHS admits that a document is attached as Exhibit C to the Complaint; further answering, AHS states that it did not create the document attached as Exhibit C, and that a copy of that document does not reside in AHS's files, with the exception of the copy attached to the Complaint.  AHS states that the

document attached to the Complaint as Exhibit C speaks for itself.  AHS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and therefore denies said allegations.

12.    AHS denies that Plaintiffs satisfied all conditions precedent to coverage.  AHS admits that Plaintiff Steven Faught purchased a home warranty from AHS, contract number 80424851, with an annual rate of $419.00.  AHS denies that it charged a "premium".  AHS admits that a copy of contract number 80424851 is attached as Exhibit D to the Complaint.  AHS states that the terms of the contract speak for themselves.  AHS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint, and therefore denies said allegations.

13.    AHS admits that air conditioning units must be cleaned and serviced and that filters should be replaced regularly, and that the frequency of necessary cleaning and maintenance that is required can vary depending on the product, its age, its environment, and other factors, including maintenance and cleaning specified by the manufacturer.  AHS denies that Plaintiffs properly cleaned and maintained their air conditioning unit.  AHS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint, and therefore denies said allegations.

14.    AHS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies said allegations.

15.    AHS admits that it contracted with Air Repair LLC to diagnose Plaintiffs' air conditioning unit.  AHS further admits that a purported copy of an Air Repair LLC invoice is attached to the Complaint as Exhibit E.  AHS states that the document attached to the Complaint as Exhibit E speaks for itself.  AHS further admits that it denied Plaintiffs' claim based on Plaintiffs' failure to clean or maintain the air conditioning unit.  AHS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint, and therefore denies said allegations.

16.    AHS admits that a document purportedly from Sewell Service Co., Inc. is attached to the Complaint as Exhibit F.  AHS states that the document attached to the Complaint as Exhibit F speaks for itself.  AHS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint, and therefore denies said allegations.

17.    AHS admits that it denied Plaintiffs' claim.   AHS denies the remaining allegations of paragraph 17.

18.     AHS denies the allegations set forth in paragraph 18 of the Complaint, including, but not limited to, the allegation that it entered into any "insurance agreement" and that it acted in bad faith.

## C.

## CLASS ACTION ALLEGATIONS

19.     AHS admits that Plaintiffs purport to bring this action as a class action.  AHS specifically denies that this action may properly be brought or maintained as a class action.  AHS denies the remaining allegations set forth in paragraph 19 of the Complaint.

20.     AHS specifically denies that this action may properly be brought or maintained as a class action, and further denies that the purported class action, as framed by the Plaintiffs, satisfies the numerosity, commonality, typicality, adequacy, predominance, superiority, and other requirements of Rule 23 of the Federal Rules of Civil Procedure.  AHS denies the remaining allegations set forth in paragraph 20 of the Complaint, including, but not limited to, subparagraphs (a) through (f).

## III.

## CLAIMS FOR RELIEF

### COUNT I

### Breach of Contract

21.     In response to paragraph 21, AHS incorporates herein by reference its responses to all preceding paragraphs of the Complaint.

22.     AHS denies the allegations set forth in paragraph 22 of the Complaint.

23.     AHS denies the allegations set forth in paragraph 23 of the Complaint.

### COUNT II

### Bad Faith Failure To Pay An Insurance Claim

24.     In response to paragraph 24, AHS incorporates herein by reference its responses to all preceding paragraphs of the Complaint.

25.     AHS denies the allegations set forth in paragraph 25 of the Complaint, including, but not limited to, the allegation that it entered into any "insurance contract" and that it acted in bad faith.

26.     AHS denies the allegations set forth in paragraph 26 of the Complaint, including, but not limited to, the allegation that it acted in bad faith.

## IV.

## PRAYER FOR RELIEF

In response to Plaintiffs' "Prayer for Relief", including, but not limited to, subparagraphs (a) through (h), AHS denies that Plaintiffs are entitled to any of the relief requested.  AHS further prays that this Court will dismiss all claims asserted in this action and render judgment in its favor as to all counts, with costs taxed to the Plaintiffs.  AHS specifically denies that this action may properly be brought or maintained as a class action.  AHS further denies that Plaintiffs or any putative class member are entitled to any relief from AHS.  AHS demands strict proof of each element of Plaintiffs' individual and class claims, and of Plaintiffs' and the putative class members' alleged injuries and damages.

(a)    AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (a) of Plaintiffs' Prayer for Relief.

(b)    AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (b) of Plaintiffs' Prayer for Relief.

(c)    AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (c) of Plaintiffs' Prayer for Relief.

(d)    AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (d) of Plaintiffs' Prayer for Relief.

(e)     AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (e) of Plaintiffs' Prayer for Relief.

(f)     AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (f) of Plaintiffs' Prayer for Relief.

(g)     AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (g) of Plaintiffs' Prayer for Relief.

(h)     AHS denies that Plaintiffs are entitled to the relief requested in subparagraph (h) of Plaintiffs' Prayer for Relief.

To the extent that any of the allegations in Plaintiffs' Complaint have not been expressly admitted or denied, they are hereby denied.

/s/ Michael D. McKibben

Michael D. McKibben (ASB-6346-K62M)
One of the Attorneys for Defendant
American Home Shield Corporation

OF COUNSEL:
Michael R. Pennington
Jason A. Walters
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> D. Frank Davis, Esq.
> John E. Norris, Esq.
> G. Renee Dall
> Davis & Norris LLP
> 2151 Highland Avenue, Suite 100
> Birmingham, AL 35205
>
> Lea Bone, Esq.
> Bates & Bone, LLC
> 2151 Highland Avenue, Suite 100
> Birmingham, AL 35205

> /s/ Michael D. McKibben
> Michael D. McKibben (ASB-6346-K62M)
> One of the Attorneys for Defendant
> American Home Shield Corporation