FILED

2009 Oct-09 PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 3

FILED

2009 Mar-27 PM 05:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) ) | Master File No. CV-03-BE-1500-S |
| ――――――――――――――― | ) | |
| This Document Relates To: | ) ) | CLASS ACTION |
| In re HealthSouth Corporation Stockholder Litigation, Consolidated Case No. CV-03-BE-1501-S. | ) ) ) ) | |
| ――――――――――――――― | ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT WITH
ERNST & YOUNG LLP AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before the court entitled *In re HealthSouth Stockholder Litigation*, No. CV-03-BE-1501-S, (the "Litigation");

WHEREAS, the court has received the Stipulation of Settlement with Ernst & Young LLP, dated as of March 23, 2009, and the Corrected Stipulation of Settlement with Ernst & Young LLP, dated as of March 26, 2009, (the "Stipulation"), that have been entered into by the Stockholder Lead Plaintiffs and Ernst & Young LLP (the "Settling Defendant" or "E&Y") (collectively with the Stockholder Lead Plaintiffs, the "Settling Parties"), and the court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation in accordance with the Stipulation which, together with its Exhibits, sets forth the terms and conditions for a proposed settlement of the Litigation as to the Settling Defendant and for dismissal of the Litigation as to the Settling Defendant with prejudice upon the terms and conditions contained in the Stipulation; and the court having read and considered the Stipulation and its Exhibits; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, the court ORDERS as follows:

1.    The court hereby certifies the following class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only:

(a)    "Stockholder Settlement Class" means all Persons who, between March 30, 2000 and March 18, 2003, inclusive (the "Settlement Class Period"), purchased or otherwise acquired the stock or options of HealthSouth Corporation ("HealthSouth") and were damaged thereby.   Excluded from the Stockholder Settlement Class are current and former defendants; members of the immediate family of any current or former defendants; the directors and officers of HealthSouth during the Settlement Class Period; any person determined to have violated the securities laws in connection with the Litigation; subsidiaries and affiliates of HealthSouth, any

2

person, firm, trust, corporation, officer, director or other individual or entity in which any current or former defendant has a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Stockholder Settlement Class are those Persons who timely and validly request exclusion from the Stockholder Settlement Class pursuant to the Notice of Proposed Settlement of Class Action With Ernst & Young LLP ("Notice") to be disseminated to the Stockholder Settlement Class.

2.    With respect to the Stockholder Settlement Class only, this court finds, for settlement purposes only, that: (a) the members of the class are so numerous that joinder of all class members in the class action is impracticable; (b) questions of law and fact common to the class predominate over any individual question; (c) the claims of the Stockholder Lead Plaintiffs are typical of the claims of the class; (d) the Stockholder Lead Plaintiffs and the Stockholder Plaintiffs' Lead Counsel have fairly and adequately represented and protected the interests of the members of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy after considering: (i) the interests of the members of the class in individually controlling the prosecution of the Litigation; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (iii) the desirability or undesirability of concentrating the

3

litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the court certifies New Mexico State Investment Council; the Educational Retirement Board of New Mexico; Central States SE and SW Areas Pension, with other funds; and the Michigan Public School Employees' Retirement System, the State of Michigan Employees' Retirement System, the State Police Retirement System and the Judges Retirement System as Class Representatives for the Stockholder Settlement Class, and the court appoints Stockholder Plaintiffs' Lead Counsel as Stockholder Settlement Class Counsel.

4.    The court does hereby preliminarily approve the Stipulation and the settlement described in it, subject to further consideration at the Settlement Hearing described below.

5.    A hearing (the "Settlement Hearing") shall be held before this court on **June 11, 2009, at 10:00 a.m.**, in Courtroom 5A of the Hugo L. Black United States Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama to determine: whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Stockholder Settlement Class and should be approved by the court; whether a Judgment as provided in ¶1.14 of the

4

Stipulation should be entered; whether the Stockholder Settlement Class should be certified; whether the proposed Plan of Allocation should be approved; and whether any applications for attorneys' fees or expenses should be approved. The court may adjourn the Settlement Hearing without further notice to Members of the Stockholder Settlement Class.

6.      The court approves, as to form and content, the Notice of Proposed Settlement of Class Action With Ernst & Young LLP (the "Notice") and Summary Notice for publication, annexed as Exhibits 1 and 2, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      The court appoints the firm of Rust Consulting, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

        (a)      HealthSouth shall cooperate, to the extent needed, in making its transfer records and shareholder information available to the Claims Administrator

no later than seven (7) days following entry of this Order for the purpose of identifying and giving notice to the Stockholder Settlement Class.

(b)    Stockholder Plaintiffs' Lead Counsel shall make reasonable efforts to identify all Persons who are potential Members of the Stockholder Settlement Class and, not later than **April 13, 2009** (the "Notice Date"), Lead Plaintiffs' Counsel shall cause a copy of the Notice substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class mail to all potential Stockholder Settlement Class Members who can be identified with reasonable effort;

(c)    Not later than **April 27, 2009**, Stockholder Plaintiffs' Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and once over the *PR Newswire*; and

(d)    At least twenty-one (21) calendar days prior to the Settlement Hearing, Stockholder Plaintiffs' Lead Counsel shall cause to be served on the Settling Defendant's counsel and filed with the court proof, by affidavit or declaration, of such mailing and publishing.

8.    Nominees who purchased the common stock or options of HealthSouth for the beneficial ownership of Stockholder Settlement Class Members during the Settlement Class Period shall send the Notice to all beneficial owners of such HealthSouth securities within ten (10) days after receipt thereof, or send a list of the

6

names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. If requested, the Claims Administrator shall reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are class members from the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this court with respect to any dispute concerning such compensation.

9.      All Members of the Stockholder Settlement Class shall be bound by all determinations and the Judgment in the Litigation concerning the settlement, whether favorable or unfavorable, except those Members who opt out.

10.     Pending final determination of whether the Stipulation should be approved, Stockholder Plaintiffs' Lead Counsel, Stockholder Lead Plaintiffs, the Settling Defendant, and any Stockholder Settlement Class Member are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties.

11.     Stockholder Settlement Class Members who do not timely and validly effect their exclusion from the Stockholder Settlement Class (i.e. "opt out") may complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein and in the Notice. However, Stockholder Settlement

Class Members who have already submitted Proof of Claim and Release forms in connection with the previously announced partial settlement with HealthSouth, and related defendants (the "HealthSouth Settlement"), are not required to submit another Proof of Claim and Release form. Unless the court orders otherwise, all Proof of Claim and Release forms, if required, must be postmarked no later than one hundred-twenty (120) days from the Notice Date. Any class member who does not submit a Proof of Claim and Release form, and has not previously submitted such a form in connection with the HealthSouth Settlement, within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the court. Notwithstanding the foregoing, Stockholder Plaintiffs' Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

12.    Any Member of the Stockholder Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the court and deliver to Stockholder Plaintiffs' Lead Counsel and the Settling Defendant's counsel a notice of such appearance. If they do not enter an appearance through counsel, the Stockholder Settlement Class Members will be represented by Stockholder Plaintiffs' Lead Counsel.

8

13.    All papers in support of the settlement, plan of allocation, request for attorneys' fees and reimbursement of expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing. Any reply papers in further support of the above noted motions shall be served and filed no later than seven (7) calendar days prior to the Settlement Hearing.

14.    Any Person falling within the definition of the Stockholder Settlement Class may, upon request, be excluded from that class (i.e., "opt out"). Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than **May 28, 2009.** A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of HealthSouth stock or options made during the Settlement Class Period, including the dates of purchase or sale, the number and type of securities purchased and/or sold, and the price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Stockholder Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

15. Any Person, including any member of the Stockholder Settlement Class, may appear and show cause, if he, she or it has any, why the proposed settlement with E&Y should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon; provided, however, that no class member or any other Person shall be heard or entitled to contest such matters, unless that class member or other Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before **May 28, 2009** by:

> LABATON SUCHAROW LLP
> THOMAS A. DUBBS
> JAMES W. JOHNSON
> 140 Broadway
> New York, NY 10005
>
> COUGHLIN STOIA GELLER
> RUDMAN & ROBBINS LLP
> KEITH F. PARK
> JOY A. BULL
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> ***Lead Counsel for Stockholder Lead Plaintiffs and Stockholder Settlement Class***
>
> WINSTON & STRAWN LLP
> BRUCE R. BRAUN
> 35 West Wacker Drive
> Chicago, IL 60601-9703
>
> ***Counsel to Ernst & Young LLP***

10

and filed said objections, papers and briefs with the:

> Clerk of the United States District Court for the Northern District of Alabama, Southern Division
> Hugo L. Black United States Courthouse
> 1729 Fifth Avenue North
> Birmingham, AL 34203-2000

on or before **May 28, 2009**. Any Person who does not make his, her or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, unless otherwise ordered by the court.

16.    All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the court, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the court.

17.    Neither the Settling Defendant nor its Related Parties nor the Settling Defendant's counsel shall have any responsibility for any Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Stockholder Plaintiffs' Lead Counsel or the Stockholder Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

18.    All reasonable expenses incurred in identifying and notifying class members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the court, or otherwise fails to become effective, neither the Stockholder Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.3-2.4, or 2.6-2.7 of the Stipulation.

19.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20.    The court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Stockholder Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Stockholder Settlement Class.

DONE and ORDERED this 27th day of March, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

12

**FILED**
2009 Mar-27  PM 05:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) ) |
| | Master File No. CV-03-BE-1500-S |
| | CLASS ACTION |
| This Document Relates To: | ) ) |
| *In re HealthSouth Corporation Stockholder Litigation*, Consolidated Case No. CV-03-BE-1501-S. | ) ) ) ) ) |
| | **EXHIBIT 1** |

NOTICE OF PROPOSED SETTLEMENT
OF CLASS ACTION WITH ERNST & YOUNG LLP

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE STOCK OR OPTIONS
OF HEALTHSOUTH CORPORATION ("HEALTHSOUTH") BETWEEN MARCH 30, 2000
AND MARCH 18, 2003 ("SETTLEMENT CLASS PERIOD") AND WERE DAMAGED
THEREBY ("STOCKHOLDER SETTLEMENT CLASS")

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE
AFFECTED BY PROCEEDINGS IN IN RE HEALTHSOUTH STOCKHOLDER LITIGATION, NO.
CV-03-BE-1501-S ("LITIGATION").** PLEASE NOTE THAT IF YOU ARE A MEMBER OF THE
STOCKHOLDER SETTLEMENT CLASS, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF
THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE YOU EITHER MUST HAVE
PREVIOUSLY SUBMITTED A TIMELY VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF
CLAIM") IN CONNECTION WITH THE PARTIAL SETTLEMENT WITH HEALTHSOUTH OR YOU MUST
TIMELY SUBMIT A VALID PROOF OF CLAIM **POSTMARKED BY _____, 2009**, IN
CONNECTION WITH THIS SETTLEMENT. THE PROOF OF CLAIM DOES *NOT* ACCOMPANY THIS
NOTICE. YOU MAY REQUEST ONE FROM THE CLAIMS ADMINISTRATOR OR STOCKHOLDER
PLAINTIFFS' LEAD COUNSEL, AS EXPLAINED BELOW.

IF YOU <u>DO NOT</u> WISH TO BE INCLUDED IN THE STOCKHOLDER SETTLEMENT CLASS AND YOU <u>DO
NOT</u> WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE, YOU
MAY REQUEST TO BE EXCLUDED. TO DO SO, YOU MUST SUBMIT A WRITTEN REQUEST FOR
EXCLUSION THAT MUST BE **RECEIVED ON OR BEFORE _____, 2009.**

### SUMMARY OF THIS NOTICE

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the
United States District Court for the Northern District of Alabama, Southern Division (the "court"). The purpose of this Notice
is to inform you of the proposed partial settlement of the Litigation, as set forth in the Stipulation of Settlement With Ernst
& Young LLP ("Stipulation" or "Settlement"), and of the hearing to be held by the court to consider the fairness,
reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be construed as, an
expression of any opinion by the court with respect to the truth of the allegations in the Litigation or the merits of the claims

or defenses asserted. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this Litigation.

**Statement of Plaintiffs' Recovery** - The proposed settlement with defendant Ernst & Young LLP ("E&Y" or the "Settling Defendant") creates a fund in the amount of $109,000,000 in cash, which will include interest that accrues prior to distribution (the "Settlement Fund"). Your recovery from this fund will depend on a number of variables, including the number of shares of HealthSouth common stock or options you purchased during the Settlement Class Period and the timing of your purchases and any sales. Based on the Stockholder Lead Plaintiffs' estimate of the number of shares of common stock that may have been damaged by the alleged fraud, and assuming that all those shares participate in the Settlement, Stockholder Lead Plaintiffs estimate that the average recovery would be approximately $0.33 per share. This estimate is before deduction of any court-awarded expenses, such as attorneys' fees and out-of-pocket expenses, the expenses of the Stockholder Lead Plaintiffs and the cost of sending this Notice and administering the distribution of the Settlement. Finally, this is a partial settlement and, although no assurances can be given, the claims asserted in the Litigation against the Non-Settling Defendants (defined below) will continue to be prosecuted and may result in additional recoveries.

**Statement of Potential Outcome if the Claims Continued to Be Litigated** - Stockholder Lead Plaintiffs and E&Y do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed at trial on each claim alleged. The issues on which the parties disagree include: (1) the amount by which HealthSouth equity securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (2) the effect of various market forces influencing the trading price of HealthSouth equity securities at various times during the Settlement Class Period; (3) the extent to which the various matters that Stockholder Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of HealthSouth equity securities during the Settlement Class Period; (4) the extent to which the various allegedly adverse material facts that Stockholder Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of HealthSouth equity securities during the Settlement Class Period; (5) whether the statements made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws; and (6) whether, even if liability could be proven, total damages would be greater than $0.

**Reasons for the Settlement** - Stockholder Lead Plaintiffs believe that the proposed settlement with E&Y, HealthSouth's former auditor, is an excellent recovery and is in the best interests of the Stockholder Settlement Class. Based on available information, Stockholder Lead Plaintiffs believe that the Settlement is the 8th largest settlement of securities claims with an auditor since the passage of the Private Securities Litigation Reform Act of 1995. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Stockholder Settlement Class would not have prevailed on any of their claims against E&Y, in which case the Stockholder Settlement Class would receive nothing from E&Y. The amount of damages recoverable by the Stockholder Settlement Class was and is challenged by E&Y. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, E&Y would have asserted that all or most of the losses of class members were caused by non-actionable market, industry or general economic factors. E&Y would also assert, among other things, that its conduct complied with all applicable professional standards and that it did not act with the required state of mind to be liable for securities fraud.

**Statement of Attorneys' Fees and Costs Sought** - Since January 11, 2007, Stockholder Plaintiffs' Lead Counsel have not received any payment for their services in prosecuting the claims against E&Y on behalf of the Stockholder Lead Plaintiffs or the Stockholder Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. If the Settlement is approved by the court, Stockholder Plaintiffs' Lead Counsel, on behalf of all plaintiffs' counsel who assisted, will apply to the court for an award of attorneys' fees not to exceed 18.5% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $8.5 million, to be paid from the Settlement Fund. Stockholder Lead Plaintiffs may also request that the court award them up to $150,000 for their reasonable costs and expenses (including lost wages) relating to their representation of the Stockholder Settlement Class, to be paid from the Settlement Fund. If the amounts described above are requested and approved by the court, the average cost per share will be less than $0.90 per share.

**Further Information** - You may contact a representative of Stockholder Plaintiffs' Lead Counsel for further information about the Settlement: Nicole M. Zeiss, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, Telephone:

2

( )_____, www.labaton.com or Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, Telephone: ( ) _____, www.csgrr.com.

## I.   NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, **2009, at ____ __.m.,** before the Honorable Karon Owen Bowdre, United States District Judge, at the United States Courthouse, Northern District of Alabama, Southern Division, Hugo L. Black United States Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of $109,000,000 in cash should be approved as fair, reasonable and adequate and the proposed Judgment entered; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") should be approved; (3) whether the Stockholder Settlement Class should be certified; and (4) whether any applications for attorneys' fees and/or expenses should be approved. The court may adjourn or continue the Settlement Hearing without further notice to the Stockholder Settlement Class.

## II.   CERTAIN DEFINITIONS USED IN THIS NOTICE

1.   "Authorized Claimant" means any Stockholder Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.   "Bondholder Class" means all Persons who, during the period beginning July 30, 1999 through and including March 18, 2003, purchased or otherwise acquired the March 1998 Registered and Unregistered Notes, the June 1998 Registered and Unregistered Notes, the September 2000 Registered and Unregistered Notes, the February 2001 Registered and Unregistered Notes, the September 2001 Registered and Unregistered Notes, or the May 2002 Registered and Unregistered Notes and who were damaged thereby; and all Persons who purchased or otherwise acquired the September 2000, February 2001, September 2001, or May 2002 Registered Notes of HealthSouth pursuant or traceable to their respective registration statements and who were damaged thereby. Excluded from the Bondholder Class are (a) current or former defendants; (b) any officer or director during the bondholder class period of HealthSouth or any of its subsidiaries or affiliates; (c) members of the immediate families of any of the current or former individual defendants; (d) any entity on which any current or former defendant has or had a controlling interest; and (e) the legal representatives, heirs, successors or assigns of any such excluded party.

3.   "Defendants" means the Settling Defendant and the Non-Settling Defendants.

4.   "Derivative Plaintiffs" means the plaintiffs bringing the following derivative actions: (i) *Tucker v. Scrushy, et al.*, CV 02 5212 (Circuit Court of Jefferson County, Alabama); (ii) *Dennis Family Trust v. HealthSouth Corp.*, CV-98-6592 (Ala. Cir. Ct.); (iii) the federal consolidated derivative cases, including but not limited to *In re HealthSouth Corp. Derivative Litig.*, CV-02-BE-2565 (N.D. Ala.); (iv) *In re HealthSouth Corp. Shareholder Litig.*, Consol. CA No. 19869 (Del. Ch.); and (v) any action, no matter how styled, that brings derivative claims arising from the same subject matter as the Litigation or any of the foregoing actions.

5.   "HealthSouth" means HealthSouth Corporation and its officers, directors, subsidiaries, divisions, affiliates, predecessors, and successors.

6.   "HealthSouth Settlement" means the previously announced settlement pursuant to the Stipulation of Partial Settlement filed with the court on September 26, 2006 and approved by the court on January 11, 2007.

7.   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

8.   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, taxes and

tax expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the court. Any Plan of Allocation is not part of the Settlement, and the Settling Defendant and its Related Parties shall have no responsibility therefor or liability with respect thereto.

9.      "Related Parties" means, with respect to the Settling Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former partners, employees, officers, directors, attorneys, legal representatives, and agents of each of them, and any person or entity which is or was related to or affiliated with the Settling Defendant or in which the Settling Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, partners, employees, officers, directors, attorneys, assigns, and agents of each of them. Notwithstanding anything in this paragraph, Related Parties shall not include any Non-Settling Defendant.

10.     "Released Claims" means all claims (including "Unknown Claims" as defined below) and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, whether brought directly or derivatively, that Stockholder Lead Plaintiffs or any member of the Stockholder Settlement Class in the Stockholder Action asserted in the Complaint, or could have asserted against the Settling Defendant, as a result of purchases, acquisitions, sales, or exercises made during the Settlement Class Period in stock or options issued by HealthSouth (including, without limitation, all claims arising out of or relating to any disclosures, public filings, registration statements or other statements by HealthSouth or any Defendant in the Litigation), based upon or arising out of any facts, allegations or claims set forth in the Complaint. Released Claims do not include any claims of the Stockholder Class against the Non-Settling Defendants or any claims of the Bondholder Class, the Derivative Plaintiffs and/or HealthSouth Corporation. Released Claims shall not be construed as, and do not change or modify, the release given in the Stipulation of Partial Settlement, filed with the court September 26, 2006.

11.     "Released Persons" means the Settling Defendant and each and all of its Related Parties. Released Persons shall not include any Non-Settling Defendant.

12.     "Settling Defendant" means E&Y.

13.     "Settling Parties" means the Settling Defendant and the Stockholder Lead Plaintiffs on behalf of themselves and the Stockholder Settlement Class.

14.     "Stockholder Class" means all Persons who, between April 24, 1997 and March 18, 2003, purchased or otherwise acquired the stock or options of HealthSouth.

15.     "Stockholder Settlement Class" means all Persons who, between March 30, 2000 and March 18, 2003, inclusive, purchased or otherwise acquired the stock or options of HealthSouth and were damaged thereby. Excluded from the Stockholder Settlement Class are current and former defendants, members of the immediate family of any current or former defendants, the directors, officers, any person determined to have violated the securities laws in connection with the Litigation, subsidiaries and affiliates of HealthSouth, any person, firm, trust, corporation, officer, director or other individual or entity in which any current or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Stockholder Settlement Class are those Persons who timely and validly request exclusion from the Stockholder Settlement Class pursuant to this Notice.

16.     "Stockholder Lead Plaintiffs" means New Mexico State Investment Council, the Educational Retirement Board of New Mexico, Central States SE and SW Areas Pension, with other funds, and the Michigan Public School Employees' Retirement System, the State of Michigan Employees' Retirement System, the State Police Retirement System and the Judges Retirement System.

17.     "Stockholder Plaintiffs' Lead Counsel" means Labaton Sucharow LLP, Thomas A. Dubbs, James W. Johnson, Joseph A. Fonti, Nicole M. Zeiss, 140 Broadway, New York, NY 10005 and Coughlin Stoia Geller Rudman &

Robbins LLP, Patrick J. Coughlin, Keith F. Park, Joy A. Bull, Jonah Goldstein, 655 West Broadway, Suite 1900, San Diego, CA 92101.

18. "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which the Stockholder Lead Plaintiffs or any Stockholder Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Stockholder Lead Plaintiffs shall expressly waive, and each of the Stockholder Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Stockholder Lead Plaintiffs shall expressly waive and each of the Stockholder Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Stockholder Lead Plaintiffs and Stockholder Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Stockholder Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Stockholder Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Stockholder Lead Plaintiffs acknowledge, and the Stockholder Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## III.    THE LITIGATION

Currently pending before the court is a consolidated action on behalf of all Persons who, between April 24, 1997 and March 18, 2003, purchased or otherwise acquired the stock or options of HealthSouth. The action has been extensively litigated by the parties.

The operative complaints in the Litigation are the Joint Third Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws [Factual Basis], filed April 30, 2007; and the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws [Legal Theories and Claims], filed by the Stockholder Class on April 30, 2007 (together, the "Complaint"). The Complaint alleges violations of §§10(b), 14(a), 20(a) and 20A of the Securities Exchange Act of 1934, and Rules 10b 5 and 14a 9 promulgated thereunder by the SEC. The Complaint names as Defendants HealthSouth's founder and former Chief Executive Officer, Richard M. Scrushy, HealthSouth's former outside accountants, E&Y, one of the Company's investment banks, UBS AG ("UBS"), together with certain of UBS's affiliated entities, specifically UBS Warburg LLC and PaineWebber, Inc., now d/b/a UBS Financial Services, Inc. (subsidiary of UBS AG), and three individuals who were employees of UBS during the relevant time period.

The Complaint alleges that during the relevant period, at the direction of senior HealthSouth management, Defendants implemented a scheme to falsify HealthSouth's financial statements in order to meet or exceed Wall Street expectations. E&Y is alleged to have issued false and misleading audit reports on HealthSouth's financial statements during the Settlement Class Period.

In September 2004, all non-stayed Defendants moved to dismiss the Complaint in its entirety. The Stockholder Lead Plaintiffs filed oppositions to the motions to dismiss in November 2004. Defendants filed reply briefs in support of their motions to dismiss on September 16, 2005. Hearings on certain of the motions were held on January 18, 2006, February 9, 2006 and June 28, 2006. Between March and June 2006, the court issued orders granting and denying Defendants' motions to dismiss. With regard to E&Y, on June 14, 2006, the court partially granted and denied its motion to dismiss the Stockholder Action on statute of limitations grounds. In accordance with that Order, the Stockholder Settlement Class's claims against E&Y begin on March 30, 2000.

In early 2006, Stockholder Lead Plaintiffs, together with the lead plaintiffs representing the Bondholder Class, negotiated the HealthSouth Settlement. A Stipulation of Partial Settlement was filed with the court on September 26, 2006. On January 11, 2007, the court entered a Partial Final Judgment and Order of Dismissal with Prejudice and approved the proposed settlement with HealthSouth.

On October 3, 2007, the Stockholder Lead Plaintiffs moved for class certification and appointment as class representatives. The motion has been fully briefed and oral argument will be held on March 27, 2009.

There has been extensive fact and expert discovery in the consolidated actions so far. In the course of the litigation, E&Y has produced and made available to plaintiffs more than 1.5 million pages of documents, and the total document production by parties and non-parties amounts to approximately 85 million pages. The parties have deposed approximately 132 different witnesses, including eleven witnesses associated with E&Y. In addition, to date, the parties have exchanged more than ten expert reports, including two produced by E&Y. Five expert depositions have also been taken to date.

On or about February 24, 2009, with the substantial assistance of special settlement counsel for E&Y, former federal judge Layn R. Phillips, and after numerous months of settlement negotiations, the Stockholder Lead Plaintiffs and E&Y reached an agreement in principle to settle the Litigation.

## IV.    CLAIMS OF THE STOCKHOLDER LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Stockholder Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against E&Y through trial and through appeals. The Stockholder Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. The Stockholder Lead Plaintiffs also are mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation. The Stockholder Lead Plaintiffs believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Stockholder Settlement Class. Based on their evaluation, the Stockholder Lead Plaintiffs and Stockholder Plaintiffs' Lead Counsel have determined that the Settlement is in the best interests of the Stockholder Lead Plaintiffs and the Stockholder Settlement Class.

## V.    SETTLING DEFENDANT'S DENIALS OF WRONGDOING AND LIABILITY

E&Y, the Settling Defendant, expressly has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. E&Y also continues to believe the claims asserted against it in the Complaint are without merit. Nonetheless, E&Y has agreed to enter into the Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Litigation.

E&Y has concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. E&Y also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation. E&Y has, therefore, determined that it is desirable and beneficial for the Litigation to be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI. TERMS OF THE PROPOSED SETTLEMENT

E&Y has paid, or caused to be paid, cash in the amount of $109,000,000 into an escrow account, which will earn interest for the benefit of the Stockholder Settlement Class, pursuant to the terms of the Stipulation. In exchange for such payment, the Released Claims will be released, discharged and dismissed with prejudice as against each of the Released Persons. The Settlement does not release any claims of the Stockholder Class against the Non-Settling Defendants or any claims of the Bondholder Class. The Settlement also does not change or modify any of the terms of the HealthSouth Settlement.

A portion of the Settlement Fund will be used for certain administrative expenses, including the costs of printing and mailing this Notice, the cost of publishing newspaper notices, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained herein, a portion of the Settlement Fund may be awarded by the court to reimburse Stockholder Lead Plaintiffs for their costs and expenses and to award counsel for the Stockholder Lead Plaintiffs attorneys' fees and to reimburse them for their out-of-pocket expenses. The balance of the Settlement (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Authorized Claimants.

## VII. THE RIGHTS OF CLASS MEMBERS

If you are a Member of the Stockholder Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the proposed settlement described in this Notice, upon approval of it by the court.

If you are a Stockholder Settlement Class Member, you have the following options:

1.      If you have NOT previously submitted a Proof of Claim in connection with the HealthSouth Settlement, you may file a Proof of Claim. If you submit (or have already submitted) a Proof of Claim, you will remain a Class Member, you will share in the proceeds of the proposed settlement if your claim is timely and valid and if the proposed settlement is finally approved by the court, and you will be bound by the Judgment and release described below.

2.      If you DO NOT wish to be included in the Stockholder Settlement Class and you DO NOT wish to participate in the proposed settlement described in this Notice, you must request to be excluded. You must request exclusion from this Settlement even if you previously excluded yourself from the HealthSouth Settlement. To do so, you must submit a written Request for Exclusion that must be **received on or before _____, 2009**. You must set forth: (a) your name, address and telephone number; (b) the number and type of HealthSouth stock or options purchased and the number sold during the Settlement Class Period and the dates and prices of such purchase(s), and/or sale(s); and (c) that you wish to be excluded from the Stockholder Settlement Class. The exclusion request must be addressed as follows:

> *HealthSouth Corporation Securities Litigation- E&Y*
> c/o Rust Consulting, Inc.
> P.O. Box _____
> _____

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST. If you timely and validly request exclusion from the Stockholder Settlement Class: (a) you will be excluded from that class; (b) you will not share in the proceeds of the Settlement described herein; (c) you will not be bound by any judgment entered pursuant to the Settlement; and (d) you will not be precluded, by reason of your decision to request exclusion from the Stockholder Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Settling Defendant based on the matters complained of in the Litigation.

If you do not request in writing to be excluded from the Stockholder Settlement Class as set forth above, you will be bound by any and all determinations or judgments in the Litigation in connection with the Settlement approved by the court, whether favorable or unfavorable, you will not be able to bring, or continue to pursue, an individual claim against the Settling

Defendant based on the matters complained of in the Litigation, and you shall be deemed to have, and by operation of the Judgment shall have fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim.

3.      You may object to the Settlement, unless you have sought to be excluded. (*See* §____, below.) However, if your objection is rejected, you will be bound by the Settlement and the Judgment just as if you had not objected.

4.      You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any Judgment entered by the court in connection with the Settlement, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5.      If you are a Stockholder Settlement Class Member, you may if you want, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Stockholder Plaintiffs' Lead Counsel: Labaton Sucharow LLP, Thomas A. Dubbs, James W. Johnson, Joseph A. Fonti, Nicole M. Zeiss, 140 Broadway, New York, NY 10005 and Coughlin Stoia Geller Rudman & Robbins LLP, Patrick J. Coughlin, Keith F. Park, Joy A. Bull, Jonah Goldstein, 655 West Broadway, Suite 1900, San Diego, CA 92101. You will not be charged personally for the services of Stockholder Plaintiffs' Lead Counsel.

## VIII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Stockholder Settlement Class Members who submitted valid and timely Proofs of Claim in connection with the earlier HealthSouth Settlement or who submit valid and timely Proofs of Claim in connection with this Settlement, and have an allowable recognized loss under the Plan of Allocation described below. You will be eligible to participate in the distribution only to the extent you have a net loss on all your transactions in HealthSouth equity securities, after all profits from transactions in HealthSouth equity securities during the Settlement Class Period are subtracted from all losses. However, the proceeds from sales of HealthSouth equity securities which have been matched against HealthSouth equity securities held at the beginning of the Settlement Class Period will not be used in the calculation of such net loss. All purchases and sales of HealthSouth equity securities shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting. For all purposes, the transaction date and not the settlement date shall be used as the date for determining inflation per share and eligibility to file a claim. Gifts and transfers of securities are not eligible purchases. The covering purchase of a "short" sale is not an eligible purchase. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Stockholder Plaintiffs' Lead Counsel have consulted with their damages expert. The court may modify the Plan of Allocation without further notice to the Stockholder Settlement Class. The court has also reserved jurisdiction to allow, disallow or adjust the claim of any Stockholder Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth below shall be conclusive against all Authorized Claimants. No Person shall have any claim against counsel for the Stockholder Settlement Class or the Claims Administrator or other Person designated by counsel for the Stockholder Settlement Class based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation or further orders of the court. All Stockholder Settlement Class Members who have failed to complete and file a valid and timely Proof of Claim in this Settlement or the earlier HealthSouth Settlement shall be barred from participating in distributions from the Settlement Fund (unless otherwise ordered by the court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of the Judgment entered and the releases given.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's allowable recognized loss, as defined below. If, however, the Net Settlement Fund is not sufficient to permit payment of the total of all recognized losses, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's recognized losses bears to the total of the losses of all Authorized Claimants ("pro rata share").

8

**Allocation for HealthSouth Common Stock**

The allocation for HealthSouth Common Stock is based on the following market adjusted price declines:

| | |
|---|---|
| August 27, 2002: | $5.09 per share |
| August 28, 2002: | $0.92 per share (mitigated for the partial rebound through September 3, 2002) |
| Following March 18, 2003: | $3.65 per share (March 18, 2003 closing price of $3.91 per share less 90-day average of $0.26 per share) |

1.  For shares of HealthSouth common stock that were purchased from March 30, 2000 through October 4, 2000, and:

    (a)    sold prior to August 27, 2002, the claim per share is $0;

    (b)    sold on August 27, 2002, the claim per share is 50% of the lesser of: (i) the purchase price per share less the sales price per share; or (ii) $5.09 per share;

    (c)    sold from August 28, 2002 to March 18, 2003, the claim per share is 50% of the lesser of: (i) the purchase price per share less the sales price per share; or (ii) $6.01 per share;

    (d)    retained at the close of trading on March 18, 2003, the claim per share is 50% of the lesser of: (i) the purchase price per share less $0.26 per share; or (ii) $9.66 per share.

2.  For shares of HealthSouth common stock that were purchased from October 5, 2000 through August 26, 2002, and:

    (a)    sold prior to August 27, 2002, the claim per share is $0;

    (b)    sold on August 27, 2002, the claim per share is the lesser of: (i) the purchase price per share less the sales price per share; or (ii) $5.09 per share;

    (c)    sold from August 28, 2002 to March 18, 2003, the claim per share is the lesser of: (i) the purchase price per share less the sales price per share; or (ii) $6.01 per share;

    (d)    retained at the close of trading on March 18, 2003, the claim per share is the lesser of: (i) the purchase price per share less $0.26 per share; or (ii) $9.66 per share.

3.  For shares of HealthSouth common stock that were purchased on August 27, 2002, and:

    (a)    sold on August 27, 2002, the claim per share is $0;

    (b)    sold from August 28, 2002 to March 18, 2003, the claim per share is the lesser of: (i) the purchase price per share less the sales price per share; or (ii) $0.92 per share;

    (c)    retained at the close of trading on March 18, 2003, the claim per share is the lesser of: (i) the purchase price per share less $0.26 per share; or (ii) $4.57 per share.

4.  For shares of HealthSouth common stock that were purchased from August 28, 2002 through March 18, 2003, and:

    (a)    sold prior to March 18, 2003, the claim per share is $0 per share;

9

(b)    retained at the close of trading on March 18, 2003, the claim per share is the lesser of: (i) the purchase price per share less $0.26 per share; or (ii) $3.65 per share.

### Allocation for HealthSouth Options

The settlement proceeds available to Persons who purchased or acquired HealthSouth Options shall be limited to an amount equal to one percent of the Settlement Fund.

### Call Options

1.    For Call Options on HealthSouth common stock that were purchased during the period March 30, 2000 through March 18, 2003, and

(a)    owned at the end of one of the following dates: August 26, 2002, August 27, 2002 or March 18, 2003, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option contract;

(b)    not owned at the end of one of the following dates: August 26, 2002, August 27, 2002 or March 18, 2003, the claim per Call Option is $0.

2.    For Call Options on HealthSouth common stock that were written during the period March 30, 2000 through March 18, 2003, the claim per Call Option is $0.

### Put Options

1.    For Put Options on HealthSouth common stock that were written during the period March 30, 2000 through March 18, 2003, and

(a)    owned at the end of one of the following dates: August 26, 2002, August 27, 2002 or March 18, 2003, the claim per Put Option is the difference between the amount paid upon settlement of the Put Option contract less the initial proceeds received upon the sale of the Put Option contract.

(b)    not owned at the end of one of the following dates: August 26, 2002, August 27, 2002 or March 18, 2003, the claim per Put Option is $0.

2.    For Put Options on HealthSouth common stock that were purchased during the period March 30, 2000 through March 18, 2003, the claim per Put Option is $0.

Note: In the case the option was exercised for HealthSouth common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using HealthSouth common stock's closing price on the date the option was exercised.

## IX.    PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST EITHER (1) HAVE PREVIOUSLY SUBMITTED A TIMELY VALID PROOF OF CLAIM IN CONNECTION WITH THE HEALTHSOUTH SETTLEMENT OR (2) TIMELY COMPLETE AND RETURN A VALID PROOF OF CLAIM FORM IN CONNECTION WITH THIS SETTLEMENT.**

If you already submitted a Proof of Claim in the earlier HealthSouth Settlement, the trading information you already supplied will be used to determine your claim in this Settlement. DO NOT submit another Proof of Claim. However, if you

have additional transactional information that you did not submit on your HealthSouth Proof of Claim that you would like considered in the calculation of your claim in this Settlement, submit a Proof of Claim in this Settlement. (Your earlier HealthSouth claim will not, however, be adjusted.)

A Proof of Claim is not being sent with this Notice. If you are a Stockholder Settlement Class Member and need a Proof of Claim form, copies may be requested by: telephoning the Claims Administrator at (____) _____; or by downloading the forms on the Internet at the websites for the Claims Administrator: www._____.com and Stockholder Plaintiff's Lead Counsel: www.labaton.com or www.csgrr.com.

The Proof of Claim, with all supporting documents (DO NOT SEND ORIGINALS), must be **postmarked on or before** _____, **2009** and delivered to the Claims Administrator at the address below. DO NOT SEND Proofs of Claim to counsel for the Settling Parties or the court.

> *HealthSouth Corporation Securities Litigation- E&Y*
> c/o Rust Consulting, Inc.
> P.O. Box _____

Unless the court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment. The court may disallow or adjust the claim of any Stockholder Settlement Class Member. Each claimant will be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of Alabama with respect to his, her or its Proof of Claim.

## X.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the court will enter a Final Judgment and Order of Dismissal with Prejudice as to Ernst & Young LLP ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to the Released Persons. The Judgment will provide that all Stockholder Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged all Stockholder Lead Plaintiffs, Stockholder Settlement Class Members and Stockholder Plaintiffs' Lead Counsel from all claims arising out of the institution, prosecution and settlement of the Litigation or the Released Claims.

The Judgment will also contain bar order provisions permanently precluding and enjoining any Person, including the Non-Settling Defendants, from being able to bring claims for indemnity or contribution or any other claim, however denominated, against the Released Persons where the injury to the Person bringing the claim is, or is measured by, that Person's liability and/or settlement payment to the Stockholder Lead Plaintiffs, the Stockholder Settlement Class or any Stockholder Settlement Class Member. Also, the Non-Settling Defendants will be able to get a judgment credit related to this Settlement if the Action against them results in a judgment.

The Settlement does not release any claims of the Stockholder Class against the Non-Settling Defendants or any claims of the Bondholder Class. The Settlement also does not change or modify any of the terms of the HealthSouth Settlement.

## XI.    APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Stockholder Plaintiffs' Lead Counsel, on behalf of all plaintiffs' counsel, will request that the court award attorneys' fees in an amount not to exceed 18.5% of the Settlement Fund, plus reimbursement of their out-of-pocket expenses in an amount not to exceed $8.5 million, which were incurred in connection with prosecuting the claims in the Litigation, plus interest. Such sums as may be approved by the court will be paid from the Settlement Fund. Stockholder Settlement Class Members are not personally liable for any such fees or expenses.

Since January 11, 2007, Stockholder Plaintiffs' Lead Counsel have not received any payment for their services in prosecuting the claims on behalf of the Stockholder Lead Plaintiffs or the Stockholder Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. The amounts requested by Stockholder Plaintiffs' Lead Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Stockholder Settlement Class, and for their risk in undertaking this representation on a wholly contingent basis. The amount to be requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.

## XII.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met or the Stipulation otherwise does not become effective or, under certain specified conditions, the Stipulation is terminated and, thereby, becomes null and void, the parties to the Stipulation will be restored to their respective positions as of February 24, 2009.

## XIII.    THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Stockholder Settlement Class Member, who has not excluded themselves from that class, can object to the Settlement or any part of it, the proposed Plan of Allocation, the application for expenses by the Stockholder Lead Plaintiffs and the application by Stockholder Plaintiffs' Lead Counsel for attorneys' fees and expenses. To object, any such Person must submit a written objection so it is **received on or before** _____, **2009**, to each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION
Hugo L. Black United States Courthouse
1729 Fifth Avenue North
Birmingham, AL 34203-2000

| | |
|---|---|
| COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP KEITH F. PARK JOY A. BULL 655 West Broadway, Suite 1900 San Diego, CA 92101 | LABATON SUCHAROW LLP THOMAS A. DUBBS JAMES W. JOHNSON 140 Broadway New York, NY 10005 |

*Lead Counsel for Stockholder Lead Plaintiffs and Stockholder Settlement Class*

WINSTON & STRAWN LLP
BRUCE R. BRAUN
35 West Wacker Drive
Chicago, IL 60601-9703
*Counsel for Ernst & Young LLP*

The written objection must demonstrate the objecting Persons' membership in the Stockholder Settlement Class, including the amount of HealthSouth stock or options purchased and sold during the Settlement Class Period and held at the end of the class period, and contain a statement of the reasons for objection. Only Members of the Stockholder Settlement Class who have submitted written objections in this manner will be entitled to be heard at the Settlement Hearing, unless the court orders otherwise. Persons who intend to object to the Settlement and desire to present evidence at the Settlement

Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

If you wish to attend the Settlement Hearing in person and speak to the court, you must ask the court for permission. To do so, you must submit a written statement noting your intention to appear at the Settlement Hearing to the persons noted above so that it is **received on or before** _____, **2009.**

## XIV.    SPECIAL NOTICE TO NOMINEES

If you hold any HealthSouth stock or options purchased during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*HealthSouth Corporation Securities Litigation - E&Y*
c/o Rust Consulting, Inc.
P.O. Box _____

Telephone: (__) _____
www._____

If you choose to mail the Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred in connection with forwarding the Notice, which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

## XV.    EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the court, which may be inspected during business hours, at the office of the Clerk of the Court, United States Courthouse, Northern District of Alabama, Hugo L. Black United States Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama or at www._____, www.labaton.com or www.csgrr.com.

If you have any questions about the Settlement, you may contact the Claims Administrator at (____) _____ or Stockholder Lead Plaintiffs' Counsel by writing:

COUGHLIN STOIA GELLER                    LABATON SUCHAROW LLP
RUDMAN & ROBBINS LLP                     THOMAS A. DUBBS
KEITH F. PARK                            JAMES W. JOHNSON
JOY A. BULL                              NICOLE M. ZEISS
655 West Broadway, Suite 1900            140 Broadway
San Diego, CA  92101                     New York, NY  10005

**DO NOT TELEPHONE THE COURT OR E&Y REGARDING THIS NOTICE.**

DATED: _____, 2009

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HealthSouth Corporation Securities Litigation - E&Y
c/o Rust Consulting, Inc.
P.O. Box _____

---

## **IMPORTANT COURT DOCUMENTS**

FILED

2009 Mar-27 PM 05:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) ) | Master File No. CV-03-BE-1500-S |
| _____ | ) | CLASS ACTION |
| This Document Relates To: | ) ) | SUMMARY NOTICE |
| In re HealthSouth Corporation Stockholder Litigation, Consolidated Case No. CV-03-BE-1501-S. | ) ) ) ) | **EXHIBIT 2** |
| _____ | ) | |

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE STOCK OR OPTIONS OF HEALTHSOUTH CORPORATION ("HEALTHSOUTH") BETWEEN MARCH 30, 2000 AND MARCH 18, 2003 ("SETTLEMENT CLASS PERIOD") AND WERE DAMAGED THEREBY ("STOCKHOLDER SETTLEMENT CLASS")

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States

District Court for the Northern District of Alabama, Southern Division, that a hearing

will be held on _____, 2009, at ____ ____.m., before the Honorable Karon

Owen Bowdre, at the United States Courthouse, Hugo L. Black United States

Courthouse, 1729 Fifth Avenue, North, Birmingham, Alabama, for the purpose of

determining: (1) whether the proposed settlement of the claims against defendant

Ernst & Young LLP in *In re HealthSouth Stockholder Litigation*, No.

CV-03-BE-1501-S, for the principal amount of $109,000,000 in cash should be

approved by the court as fair, reasonable and adequate, and whether the Final

Judgment and Order of Dismissal with Prejudice as to Ernst & Young LLP should be entered by the court; (2) to consider certification of the proposed Stockholder Settlement Class; (3) to consider the application of plaintiffs' counsel for attorneys' fees and reimbursement of litigation expenses; and (4) to consider the application of the Stockholder Lead Plaintiffs for the reimbursement of their costs and expenses. The court may change the date of the hearing without providing additional notice.

If you purchased or acquired HealthSouth common stock or options during the Settlement Class Period, your rights may be affected by the settlement. If you have not received a detailed Notice of Proposed Settlement of Class Action with Ernst & Young LLP ("Notice") or Proof of Claim and Release form, you may obtain copies by writing to *HealthSouth Corporation Securities Litigation-E&Y*, c/o Rust Consulting, Inc., _____, or on the internet at www._____.com, www.labaton.com and www.csgrr.com. If you are a Stockholder Settlement Class Member, and have NOT submitted a Proof of Claim and Release form in connection with the previously announced partial settlement with HealthSouth (and related defendants), in order to share in the distribution of the Net Settlement Fund you must submit a Proof of Claim and Release form establishing that you are entitled to recovery. If you previously submitted a Proof of Claim and Release form, do not do so again. Your earlier claim will be considered for participation in this settlement.

2

If you desire to be excluded from the Stockholder Settlement Class, you must

submit a Request for Exclusion to be received by _____, 2009, in the manner

and form explained in the Notice referred to above. All Members of the Stockholder

Settlement Class who have not timely and validly requested exclusion will be bound

by any Judgment entered pursuant to this settlement.

Any objection to the settlement must be received by the following no later than

_____, 2009, in the manner and form set forth in the Notice:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ALABAMA
> SOUTHERN DIVISION
> Hugo L. Black United States Courthouse
> 1729 Fifth Avenue North
> Birmingham, AL  34203-2000
>
> LABATON SUCHAROW LLP
> THOMAS A. DUBBS
> JAMES W. JOHNSON
> 140 Broadway
> New York, NY  10005
>
> COUGHLIN STOIA GELLER
> RUDMAN & ROBBINS LLP
> KEITH F. PARK
> JOY A. BULL
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> ***Lead Counsel for Stockholder Lead Plaintiffs and
> Stockholder Settlement Class***

3

WINSTON & STRAWN LLP
BRUCE R. BRAUN
35 West Wacker Drive
Chicago, IL  60601-9703

*Counsel to Ernst & Young LLP*

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.** If you have any questions about the settlement, you

may contact the Stockholder Plaintiffs' Lead Counsel at the addresses listed above.


DATED: _____, 2009      BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 NORTHERN DISTRICT OF
                                 ALABAMA, SOUTHERN DIVISION

4