FILED
2009 Oct-09  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY V. WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:02cv877 |
| | ) | |
| NATIONAL SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

PRELIMINARY APPROVAL ORDER AND
PRELIMINARY INJUNCTION

This Court has before it a proposed settlement of the
above-captioned litigation (the "Action"). Mary V.
Williams, Terrence D. Williams Merriweather, and Fannie
Fields[1] commenced this Action on September 27, 2000, on
behalf of themselves and all others similarly situated.
Plaintiffs alleged, inter alia, that National Security
Insurance Company ("the Company") violated their civil
rights by knowingly and intentionally charging racial
minorities more for insurance policies than it charged

---

1.  Ms. Fields has since been dismissed as a named
Plaintiff from this action.

similarly situated Caucasians. Plaintiffs also alleged that the Company violated their civil rights by selling policies to racial minorities which contained terms, conditions, or benefits inferior to those contained in policies sold to similarly situated Caucasians.

The Company expressly denies all wrongdoing alleged by Plaintiffs. The Parties agree that the Company does not currently sell policies to racial minorities which have higher rates, or lower benefits, than the policies it sells to Caucasians. The terms of the Parties' proposed settlement are expressly limited to policies the Company sold prior to January 1, 1981.

Following more than four years of intense litigation, and two years of settlement negotiations, the Parties and their attorneys have entered into a Stipulation of Settlement, dated December 2, 2005, in which the Parties have agreed to settle the Action subject to the Court's approval and determination of the fairness, reasonableness and adequacy of the Settlement. The Parties have submitted the Stipulation of Settlement and

2

its accompanying exhibits to the Court for its review. If approved, the Settlement would request dismissal of the Action with prejudice.

All Parties recognize that there exists substantial uncertainty as to the outcome of this case, if it were to be litigated fully, and that a prompt resolution of the Plaintiffs' claims is in the best interests of all Parties.

Now, upon reviewing the Stipulation of Settlement, including the exhibits attached thereto (collectively, "the Settlement Agreement"), and all prior proceedings held herein, based on the foregoing, the Court's proceedings and the respective applications of the Parties, it is hereby ORDERED, ADJUDGED AND DECREED that the original and supplemental joint motions for preliminary approval (Docs. No. 124 and 133) are granted.

1. <u>Defined Terms</u>. This Court adopts the defined terms set forth in the Stipulation of Settlement for purposes of this Preliminary Approval Order unless otherwise specified herein.

3

2.  <u>Conditional Certification</u>.    The terms of the
Stipulation of Settlement are sufficiently fair and
reasonable that notice thereof should be distributed to
the Class.  The Class is preliminarily and conditionally
certified for settlement purposes pursuant to Federal
Rules of Civil Procedure 23(b)(1)(B) and 23(b)(2) based
on, among other things, the record, including the class
action allegations in the Complaint, as amended, and the
submissions of the Parties regarding the proposed
Settlement.    For purposes of consideration of this
Settlement, the Settlement Class is hereby conditionally
defined and certified as follows:

> "All natural persons who ever
> purchased, paid for, owned,
> were insured under, or had any
> ownership, beneficiary, or
> other legal interest of any
> kind including estates,
> legatees and heirs at law of
> the foregoing in any Race-
> Distinct Life Insurance,
> Endowment or Merchandise Burial
> Insurance Policy, or other
> Race-Distinct insurance policy
> issued or assumed by National
> Security Insurance Company and

4

insuring a member of a Racial
Minority."

Only the Race-Distinct Policies of Class Members, as
defined in the Stipulation of Settlement, shall be
eligible for relief under the Settlement, and relief is
limited by the terms set forth in the Stipulation of
Settlement, if this Settlement is finally approved after
a Fairness Hearing as described below.    If, for any
reason, the Settlement is not approved or does not become
effective, this conditional class certification shall be
null and void and shall not be used or referred to for
any further purpose in this Action or any other action or
proceeding.

3.   Class Representative.   The Class is adequately
represented for settlement purposes by Plaintiffs Mary V.
Williams and Terrence D. Williams Merriweather, and said
Plaintiffs are conditionally designated as the
representatives of the Class for the sole purpose of
seeking a Settlement of this Action (the "Named
Plaintiffs").

5

4.   <u>Class Counsel</u>.   Upon consideration of all the factors in Federal Rule of Civil Procedure 23(g)(1), the firms of Watson, Jimmerson, Givhan, Martin & McKinney, P.C. and Whatley Drake, L.L.C. are conditionally designated as counsel for the Class for the sole purpose of seeking a Settlement of this Action.   Such Class Counsel are authorized to act on behalf of Class Members in the Action with respect to all acts or consents required by, or which may be given pursuant to, the Agreement, or such other acts which are reasonably necessary to consummate the Settlement.   The Court preliminarily finds for purposes of Settlement the Class Counsel are adequate representatives of the Class.

5.   <u>Conditional Class Certification Meets the Requirement of Federal Rule of Civil Procedure 23</u>.   This Court preliminarily finds, for purposes of this Settlement, that all the requirements of Federal Rule of Civil Procedure 23(a) and (b) are met in this Action.

(a)   <u>Rule 23(a) Is Satisfied</u>.   Rule 23(a) outlines four requirements for class certification: (1)

6

numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. As outlined below, Plaintiffs, for purposes of this Settlement, satisfy each of the Rule 23(a) requirements.

i. Numerosity. Under Rule 23(a)(1), a class action may be maintained only if the class is so numerous that joinder of all Class Members is impracticable. Dujanovic v. Mortgage America, Inc., 185 F.R.D. 660, 666 (N.D. Ala. 1999); Terazosin Hydrochloride Antitrust Litig., 203 F.R.D. 551, 553 (S.D.Fla. 2001). Whether joinder is practicable depends on many factors including the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion. See Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir. 1986) (class of at least 31 individual class members from a wide geographic area met the numerosity requirement). If the court can draw reasonable inferences from the facts before it as to the approximate size of the class and the infeasibility of

7

joinder, the numerosity requirement is satisfied. <u>Evans v. U.S. Pipe & Foundry Co.</u>, 696 F.2d 925, 930 (11th Cir. 1983), <u>Dujanovic</u>, 185 F.R.D. at 666.

The Court preliminarily finds, for purposes of this Settlement, the size of the putative class and the geographic dispersion of Class members makes joinder impracticable and that numerosity is satisfied. National Security's records establish that thousands of African-Americans were sold the challenged National Security policies from 1947 to 1981.[2]

ii. Commonality. Commonality requires that the grievances of Plaintiff and the Class Members share a common question of law or of fact. Fed. R. Civ. P. 23(a)(2). The threshold for satisfying the commonality prerequisite is "not high." <u>Dujanovic</u>, 185 F.R.D. at 667. Commonality requires only that there be one issue that affects all or a significant number of proposed Class Members. <u>Anderson v. Garner</u>, 22 F.Supp. 2d 1379,

---

2. Exhibit 8 to motion for preliminary approval (Doc. No. 133), affidavit of John Engelhardt, pp. 7-10.

1385 (N.D. Ga. 1997) (a common question is defined as "one which arises from a 'nucleus of operative facts,' regardless of whether the underlying facts fluctuate over a class period and vary as to individual claimants.").[3] Indeed, a "single plaintiff can use the discrimination he or she has suffered as a basis for a company-wide class action if that discrimination stems from an identifiable corporate policy that affects all." General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 159 n.15 (1982).

Plaintiffs charge that National Security maintained a Company policy and practice of using discriminatory practices in the sale of its insurance products to African-Americans prior to 1981.  For purposes of this Settlement only, the Court preliminarily finds numerous factual issues raised by the Complaint which are common

---

3.  See  also  Dujanovic,  185  F.R.D.  at  667 (commonality can be found where the class allegations arise from "a common nucleus of operative facts"); Forbush v. J.C. Penney Co., 994 F.2d 1101, 1106 (5th Cir. 1993); Cox, 784 F.2d at 1567 (The commonality element is satisfied whenever "[t]he claims actually litigated in the  suit  [are]  fairly  represented  by  the  named plaintiffs.").

9

to all African-American purchasers of the National
Security policies and which include the following:

> --Whether National Security
> maintained a corporate practice
> or common course of conduct of
> race-based pricing of insurance
> policies sold to African-
> Americans;

> --Whether National Security
> discriminated against the Class
> Members by charging them more
> in premiums for their insurance
> policies than similarly
> situated Caucasians;

> --Whether National Security
> discriminated against the Class
> Members by designing and
> offering products to Class
> Members that were more
> expensive than products
> available to Caucasians;

> Whether National Security's
> discriminatory policy and
> practices were racially
> motivated.

The Court preliminarily finds, for purposes of this
Settlement only, that common questions of law raised by
the Complaint include the following:

10

--Whether National Security's conduct is actionable under § 1981;

--Whether National Security's conduct is actionable under § 1982;

--Whether National Security's conduct supports the issuance of injunctive relief in the form of an order of reformation and an equitable accounting determining the discriminatory policies and the overcharges, the impression of a constructive trust with resulting disgorgement, restitution, and/or other appropriate equitable relief.

For purposes of this settlement only, the Court preliminarily finds that the fundamental factual and legal issues raised in this lawsuit focus not on matters unique to the individual policyholder, but on National Security's alleged discriminatory corporate policy which adversely affected all African-American industrial policy holders, providing a pattern of common behavior satisfying commonality.

11

iii. Typicality. The typicality requirement
is met when each class member's claim arises "from the
same event or pattern or practice and is based on the
same legal theory" as the claims of the class. <u>Kornberg</u>
<u>v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332, 1337 (11th
Cir. 1984). The typicality threshold is not high and is
to be permissively construed. <u>Buford v. H&R Block Tax</u>
<u>Servs.</u>, 168 F.R.D. 340, 351 (S.D.Ga. 1996); <u>Dujanovic</u>,
185 F.R.D. at 667 ("The typicality requirement of Rule 23
often is considered to require no more than that there
exist no antagonism between the claims of the class
representative and the other members of the class.").

Here, the Court preliminarily finds, for purposes of
this Settlement, that the typicality requirement is
satisfied.[4] Plaintiffs make the same legal argument that

---

4. As noted by many courts, the commonality and
typicality requirements involve similar considerations
and "tend to merge." <u>Falcon</u>, 457 U.S. at 158 n.13. Both
requirements "serve as guideposts for determining whether
under the particular circumstances maintenance of a class
action is economical and whether the named plaintiff's
claim and the class claims are so interrelated that the
interests of the Class Members will be fairly and
adequately protected in their absence." <u>Id</u>. Typicality
is thus satisfied here for substantially the same reasons
(continued...)

12

all Class Members will make.    Plaintiffs, African-Americans, were either allegedly sold a more expensive policy because of their race, or became the owner or beneficiary of such a policy.    Because National Security's alleged discriminatory practices adversely affected Plaintiffs and the other proposed Class Members "in the same general fashion," the Court preliminarily finds, for purposes of this Settlement, that their claims are indeed typical of the claims of the entire Class. Kornberg, 741 F.2d at 1337; see Dujanovic, 185 F.R.D. at 660 (finding that the typicality prerequisite was satisfied where the plaintiff alleged a harm that was caused by defendant's policies and practices).

iv. Adequacy of Representation.    The Court preliminarily finds, for purposes of this Settlement, that Plaintiffs' counsel are experienced class action attorneys who have successfully litigated major deceptive trade practices class actions (against numerous other

---

4.    (...continued)
the commonality requirement is satisfied.

13

insurance companies), as well as substantial civil rights actions on behalf of victimized racial classes and that there are no conflicts among the proposed Class Members that undermine adequate representation. See Griffin v. Carlin, 755 F.2d 1516, 1532-33 (11th Cir. 1985).

(b) Certification under Rule 23(b)(1)(B).
Certification under Rule 23(b)(1)(B) is appropriate where prosecution of separate actions by members of the class risk "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B).

Among the traditional varieties of suit encompassed by Rule 23(b)(1)(B) are those involving a "limited fund," in which numerous individual claims against an insufficient fund would work to impair the ability of all members of the class to protect their interests. Ortiz v. Fibreboard Corp., 527 U.S. 815, 834 (U.S. 1999).

14

The Company has a surplus of $10,894.718, with $186,474,000 in outstanding life insurance obligations and 9,739 accident and health insurance policies outstanding.[5] The cost of the settlement to the Company, including attorneys' fees and expenses of approximately $3.7 million, represents approximately 35% of its surplus.[6] The imposition of a large verdict in a separate individual case, or the cost of defending numerous individual cases, could substantially impair the Company's viability or result in the insolvency of the Company, thus impeding its ability to continue to service and pay its obligations under this Settlement Agreement and with respect to its general business.[7]

The Court preliminarily finds that separate actions present a substantial probability that the Company assets

---

5.    Exhibit 6 to motion for preliminary approval (Doc. No. 133), affidavit of Michael Tucker ("Tucker affidavit"), p. 6.

6.    Exhibit 5 to motion for preliminary approval (Doc. No. 133), affidavit of Terry Long, p. 9.

7.    Exhibit 9 to motion for preliminary approval (Doc. No. 133), affidavit of David Parsons, p. 3.

available to Class Members could be exhausted and the certification of a Non Opt-Out Class under Rule 23 (b)(1)(B) is appropriate in this case.

(c) Certification under Rule 23(b)(2). Certification under Rule 23(b)(2) is appropriate where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) contains two basic requirements: (1) the class members must have been harmed in essentially the same way by the defendant's acts; and (2) the common injury may properly be addressed by class-wide injunctive or equitable remedies. Holmes v. Continental Can Co., 706 F.2d 1144, 1155 (11th Cir. 1983) ("[T]he claims contemplated in a (b)(2) action are *class* claims, claims resting on the same grounds and applying more or less equally to all members of the class.")(emphasis in original).

16

Where these requirements are met, the class members'
interests are sufficiently cohesive that absent members
will be adequately represented. Holmes, 706 F.2d at 1155
n.8 ("[T]he (b)(2) class is distinguished from the (b)(3)
class by class cohesiveness. ... Injuries remedied
through (b)(2) actions are really group, as opposed to
individual injuries."); Lemon v. International Union of
Operating Engineers, Local No. 139, AFL-CIO, 216 F.3d
577, 580 (7th Cir. 2000) ("Rule 23(b)(2) operates under
the presumption that the interests of the class members
are cohesive and homogeneous such that the case will not
depend on the adjudication of facts particular to any
subset of the class nor require a remedy that
differentiates materially among class members.").

The Settlement Stipulation resolves certain issues,
such as the statute of limitations defense, which
otherwise might affect the cohesiveness of the class and
the manageability of this case as a class action. For
settlement purposes, the Court preliminarily finds that
the individual monetary claims of the class are not so

17

unique as to require the right to opt out and that it is appropriate that this settlement resolve all claims for individual monetary relief of the class.  For purposes of this Settlement only, this Court preliminarily finds that the requirements of Rule 23(b)(2) are met in this case.

i.  Class  Members  Have  Been  Harmed  in Essentially  the  Same  Way.    This  Court  preliminarily finds,  for  purposes  of  this  Settlement  only,  that cohesiveness  exists  in  this  case  because  all  Class Members have been affected in the same way by National Security's dual rates.  Plaintiffs allege that National Security sold its policies on a racially discriminatory basis to the African-American segment of the population. Whether  policies  sold  to  African-Americans  were objectively more costly and/or inferior than comparable policies  sold  to  Caucasians  is  an  objective  common question provable on a class-wide basis.

ii. Plaintiffs Primarily Seek Class-wide Injunctive Relief and Equitable Remedies.   The Court preliminarily  finds,  for  purposes  of  this  Settlement

18

only, that cohesiveness also exists because the injunctive and equitable "make whole" remedies sought by Plaintiffs will provide the most appropriate relief for the Class Members' common injury. This relief includes, but is not limited to, the following:

> --A mandatory injunction requiring National Security to reform or restructure in-force Class policies including increasing death benefits, non-forfeiture or maturity values to levels that would have been obtained in the absence of the discriminatory conduct; and

> --Equitable relief in the form of disgorgement and restitution of past premium overcharges and payment of additional death benefits, reformation of nonforfeiture values to Class Members with appropriate interest additions.[8]

---

8.    See In re Johnson v. Brown, 80 B.R. 791 (E.D. Va. 1987)(court certified class under Rule 23(b)(2) where investors sought injunctive relief via a constructive trust); D. Dobbs, *Law of Remedies* § 4.3(1)(1993)("In the constructive trust case, defendant has legal rights in something that in good conscience belongs to the plaintiff...The defendant is thus made to transfer title to the plaintiff who is, in the eyes of equity, the true 'owner.'").

19

> A mandatory injunction
> requiring reinstatement of
> lapsed policies subject to the
> conditions set forth in the
> Settlement Stipulation.

For purposes of this Settlement only, the Court preliminarily finds these forms of relief are appropriate for Rule 23(b)(2) certification. Injunctive relief ordering Defendants to reform policies and disgorge funds is the predominant remedy provided by the Settlement. These remedies are analogous to a remedy of back pay in an employment context, where the legal injury is of an economic character, and "the [district] court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." Albemarle Paper Co. v. Moody, 422 U.S. 405, 419 (1975) (holding, in the context of Title VII, that a finding of an unfair labor practice gives rise to a presumptive award of back pay, which a district court may deny in its equitable authority only for reasons that would not frustrate Title VII's purposes of eradicating

20

discrimination and making victims whole)(citing <u>Louisiana</u>
<u>v. United States</u>, 380 U.S. 145, 154 (1965)).

For the foregoing reasons, the Court preliminarily
finds, for purposes of these Settlement proceedings,
that: (1) the Class is so numerous that joinder of all
members is impracticable; (2) Class Counsel is
experienced and will adequately represent the Class; (3)
there are predominant questions of law and fact common to
the Class;    (4) the claims of Named Plaintiffs are
typical of the claims of the Class; (5) named Plaintiffs
are adequate representatives of the Class; and (6) named
Plaintiffs have fairly and adequately protected the
interests of the Class and will continue to do so.

The Court also preliminarily finds, for purposes of
these Settlement proceedings, that maintenance of this
action as a class action pursuant to Federal Rules of
Civil Procedure 23(b)(1)(B) and 23(b)(2), separately and
severally, is both manageable and superior to any other
means of adjudicating the claims herein raised for the
purposes set forth in the Stipulation of Settlement.    The

21

Court preliminarily finds that separate actions present a substantial probability that this Company's assets available to Class Members could be exhausted and the certification of a Non Opt-Out Class under Rule 23 (b)(1)(B) is appropriate in this case.

The Court further preliminarily finds, for purposes of these Settlement proceedings, that the Company's alleged conduct is generally applicable to the Class, thereby making appropriate injunctive and equitable relief with respect to the Class as a whole. The Court further preliminarily finds, for purposes of these Settlement proceedings only, that the primary relief justified by the conduct alleged and the primary relief under the Settlement is injunctive and equitable relief, with monetary relief incidental and ancillary thereto.

6. <u>The Settlement</u>. After a preliminary review, and subject to the Fairness Hearing described below, the Court preliminarily finds that the Settlement appears to be fair, reasonable, and adequate with respect to the Class. The Settlement also appears to be free of

22

collusion to the detriment of Class Members, and its terms are within the range of apparent reasonableness. The Settlement resulted from extensive arms-length negotiations and was concluded only after Class Counsel had (1) conducted pertinent discovery and taken the depositions of employees or agents of the Company; (2) conducted an independent investigation before and throughout the litigation; and (3) consulted independent experts about the fairness, reasonableness, and adequacy of the Settlement.   The Settlement is sufficient to warrant notice thereof as set forth below, and thereafter a full hearing on the Settlement.

7. The Fairness Hearing. A hearing shall be held on May 11, 2006, beginning at 10:00 a.m. in   Frank M. Johnson, Jr., U.S. Courthouse Complex located at One Church Street, Montgomery, Alabama, 36101.   The purpose of the hearing shall be: (a) to determine whether class certification is, in fact, appropriate; (b) to determine whether the proposed Settlement and the terms and conditions of the Stipulation of Settlement are fair,

23

reasonable, and adequate and should be finally approved by the Court; (c) to determine whether Final Judgment should be entered in this action pursuant to the Stipulation of Settlement; (d) to entertain any objections of any affected persons as to the certification of the Class, the proposed Settlement, or any other matter related thereto; and (e) to rule on all other matters pertaining to the proposed Settlement and such other matters as the Court may deem appropriate.

8.  <u>Adjournments</u>.  The Court reserves the right to adjourn the Fairness Hearing without further notice of any kind other than oral announcement at the hearing.

9.  <u>Reservation of Rights to Approve With or Without Modification</u>.  The Court reserves the right following the hearing to approve the Settlement with or without modification and with or without further notice of any kind.

10.  <u>Post Office Box</u>.  The Company or its designated agent is authorized to rent one or more post office boxes in the name of the National Security Settlement

24

Administration   Center   to   be   used   for   receiving
objections, and any other Class Member communications.
Only the Company, Class Counsel, and their designated
agents shall have access to such post office box(es).

11. <u>Notice and Administration</u>.

(a)   The Company shall use its best efforts to
cause notice to be given to all persons identified as
members of the Class, in accordance with the Stipulation
of Settlement.   Mailing of notice must begin not less
than 81 days prior to the Fairness Hearing.   The Company
shall also use its best efforts to retain an address
search firm for the purposes and within the times set
forth in the Stipulation of Settlement; cause summary
notice to be published in the newspapers listed in the
Stipulation of Settlement beginning not less than 70 days
prior to the Fairness Hearing; and cause distribution of
the Notice Card as provided in the Stipulation of
Settlement beginning not less than 70 days prior to the
Fairness   Hearing.      Notice   shall   be   published   two
consecutive Fridays in each daily publication designated

25

in the Stipulation of Settlement, and two consecutive weeks in each weekly publication designated in the Stipulation of Settlement.

(b)   The Company shall in all respects comply with the Stipulation of Settlement with regard to the method, manner, form, content, mailing, publication, and distribution of the Class Notice Package, the Publication Notice and the Notice Card, and shall perform all obligations required by the Stipulation of Settlement which the Stipulation of Settlement to be performed prior to the Fairness Hearing. The Company, Class Counsel, and the Alabama Department of Insurance are authorized to perform the administrative functions assigned to each of them in the Stipulation of Settlement.

12. <u>Adequacy of Notice</u>. The Court preliminarily finds that the form and method of notice specified in the Stipulation of Settlement is the best notice practicable under the circumstances, and, if carried out, shall constitute due and sufficient notice of the Settlement and all other matters addressed in the Stipulation of

26

Settlement and its exhibits, including without limitation, the pendency of this Action, the maintenance of this Action as a Class Action pursuant to Federal Rule of Civil Procedure 23, the terms of Settlement, the binding effect of the Settlement on all members of the Class, the method for objecting to the Settlement, and all other matters encompassed by the Stipulation of Settlement.

The Class Notice, the Publication Notice, and Notice Card attached as Exhibits to the Stipulation of Settlement are each written in plain, easily understood language, and contain information that is reasonably calculated, under all the circumstances, to inform Class Members of: (1) the nature and pendency of this Action; (2) the definition of the Class; (3) the Class claims, issues, or defenses; (4) the Class Members' right to object to any aspect of the Settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the Settlement, the adequacy of the Class's representation by Plaintiffs and

27

Class Counsel, and/or the award of attorneys' fees or incentive awards to the Plaintiffs), (5) the Class Members' right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense; and (6) the binding effect of the orders and judgment in this Action, whether favorable or unfavorable, on all persons as to all policies in the Class.    In addition, the Court preliminarily finds it appropriate that pertinent excerpts from the Stipulation of Settlement are appended to the proposed mailed Class Notice to provide more complete detail.    The Class Notice, the Publication Notice, the Notice Card, and the notice procedures set forth below in the Stipulation of Settlement are hereby approved as meeting the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

13. Briefs and Evidentiary Submissions in Support of Settlement. On or before February 28, 2006, counsel for the parties are to submit briefs and evidence addressing:

(1) whether class certification is appropriate as preliminarily approved in this order; (2) whether the Settlement is legal; and (3), if the Settlement is legal, whether the Settlement is fair and reasonable.

14. Objections of Class Members. Class Members may object to the Settlement or appear at the hearing in the manner set forth in the Stipulation of Settlement. Strict compliance with these procedures shall be required. Specifically:

(a) Any Class Member who wishes to object to the approval, fairness, reasonableness, adequacy or any other aspect or effect of this Stipulation of Settlement, or to the award of Attorneys' Fees and Expenses, must file with the Clerk of Court and must deliver to Class Counsel, ALDOI and the Company's Counsel, no later than twenty-one (21) days before the Fairness Hearing (the "Objection Deadline"), a written statement of his or her objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention, and any

29

evidence the Class Member wishes to introduce in support
of the objection.    The objection must list by policy
number each policy of the Class Member asserting such
objection.

Class Members may so object either on their own or
through  an  attorney  hired  at  their  own  expense.
Objections must be personally signed by each Class Member
objecting,  and  must  be  postmarked  on  or  before  the
deadline or received by the Clerk of Court on or before
the deadline.   Class Members who do not submit written
objections in strict compliance with this deadline shall
be deemed to have waived all objections to the Settlement
and shall be deemed to have consented to the exercise of
jurisdiction  by  the  Court  over  all  aspects  of  this
Settlement.

(b)    If a Class Member hires an attorney to
represent him or her, he or she must do so at his or her
own expense.   The attorney must: (1) file a notice of
appearance with the Clerk of Court no later than twenty-
one (21) days before the Fairness Hearing or as the Court

30

otherwise may direct; and (2) deliver to Class Counsel, ALDOI and the Company's Counsel no later than twenty-one (21) days before the Fairness Hearing a copy of the notice of appearance.

(c) Any Class Member who properly files and serves a timely written objection, as described in this § VI of the Stipulation of Settlement, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness or adequacy of this Stipulation of Settlement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses. Class Members or their attorneys intending to make an appearance at the Fairness Hearing must deliver to Class Counsel, ALDOI and the Company's Counsel and file with the Court, no later than twenty-one (21) days before the Fairness Hearing, a written notice of intention to appear.

(d) Any Class Member who fails to strictly comply with the procedures herein shall waive and forfeit any and all rights he or she may have to appear separately

31

and/or object, and if this Settlement is finally
approved, shall be bound by all the terms of the
Stipulation of Settlement, and by all proceedings, orders
and judgments in this Action.

(e)  Plaintiffs and the Company shall submit any
briefs or evidentiary materials in opposition to the
objections and in support of the Settlement at least
fourteen (14) days before the Fairness Hearing.

15.  <u>Preliminary Injunction</u>.  All Class Members and
all persons acting on behalf of or in concert with any
such Class Member are hereby preliminarily enjoined from,
directly or indirectly, (1) filing, commencing,
prosecuting, continuing, litigating, intervening in, or
participating in (as class members or otherwise) any
lawsuit, claim, demand, or proceeding in any jurisdiction
that is based on or related to, directly or indirectly,
in whole or in part, the allegations, facts, subjects or
issues set forth or raised in the Action or to be
Released under the terms of the proposed Settlement;
and/or (2) organizing or soliciting Class Members or into

32

a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) in any jurisdiction on behalf of Class Members that is based on or related to, directly or indirectly, in whole or in part, the allegations, facts, subjects or issues set forth or raised in this Action or proposed to be Released in the proposed Stipulation of Settlement.

If this Settlement is finally approved by the Court after the Fairness Hearing, the foregoing injunction shall be made permanent as to all claims released regarding policies in the Class. If this Settlement is finally approved after the Fairness Hearing, an Order and Final Judgment will also be entered enjoining National Security Insurance Company to comply with all terms of the Stipulation of Settlement.

16. <u>Additional Matters</u>. This Preliminary Approval Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall

33

be restored to their respective positions existing immediately before the Parties entered the Agreement, if: (1) the Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Stipulation of Settlement; or (2) the Settlement is terminated in accordance with the Stipulation of Settlement or does not become effective, as required by the terms of the Agreement for any other reason. In either of such events, and except as provided therein, the Stipulation of Settlement shall become null and void and be of no further force and effect, and neither the Stipulation of Settlement, the documents submitted in connection with it, nor the Court's orders relating thereto, including this Preliminary Approval Order, shall be used or referred to for any purpose whatsoever.

This Preliminary Approval Order shall be of no force or effect if the Settlement does not become Final, and nothing in this Preliminary Approval Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault,

34

wrongdoing, breach, or liability. This Preliminary Approval Order shall not be construed by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. This Preliminary Approval Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if this Action were to be litigated rather than settled.

17. <u>Right of Communication with Class Members</u>. The Company and its counsel and designees shall retain the right to distribute and publish the forms of notice provided for herein, to administer and implement the Settlement as contemplated by the Stipulation of Settlement, and also to process and respond to inquiries from individual Class Members, orally and/or in writing, and it may do so through any appropriate representative. The Company shall also be entitled to continue its normal business operations, including without limitation

continuing to conduct its normal customer service operations, continuing to process and respond to all inquiries or complaints from customers, continuing to prosecute or defend litigation and continuing to administer and market its policies, notwithstanding the fact that certain complaints or transactions may involve or originate with Class Members and may concern claims that otherwise could be eligible for relief under the Settlement.

Named Plaintiffs, Class Counsel, the Company, and the Company's Counsel shall not issue any public, mass, or generalized communication about the Settlement (other than disclosures required by law) prior to the date the Settlement becomes Final, whether by press release or any other means, without the prior written consent of the other Party. Any public, mass, or generalized communications by those Parties thereafter shall comply with the terms of the Stipulation of Settlement.

18. <u>No Admissions by the Parties</u>. Neither the Settlement nor the Agreement constitutes an admission,

36

concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by the Company. The Company vigorously denies all of the claims and allegations raised in the Action.

19. Confidentiality. Except to the extent otherwise agreed by the Parties, the Parties and their counsel shall keep confidential the existence and contents of the Settlement and the Agreement and all related negotiations until the date on which the Class Notice Package is first mailed; provided, however, that this provision shall not prevent the disclosure, prior to the date on which the Class Notice Package is first mailed, of information concerning the Settlement, the Agreement, or any related negotiations (1) by the Parties to the Court, (2) by the Company to regulators, rating agencies, financial analysts or securities underwriters, auditors, accountants or counsel for the Company, and/or any entity to which the Company has legal or other mandatory reporting requirements, and (3) to any other person or

37

entity (such as experts, courts, and/or administrators) to which the Parties agree disclosure must be made in order to effectuate the terms and conditions of the Agreement.

20. <u>Counsel to Exchange Lists of Objections</u>. Counsel for the Company and the Class shall cooperate in exchanging lists of timely objections as well as lists of objections that are not timely or are otherwise improper, and shall present their respective lists to the Court at least three days prior to the Fairness Hearing, unless that deadline is hereafter extended for good cause shown.

21. <u>Access to Discovery Materials</u>. Class Members and their personal attorneys may obtain access at their own expense to the documents disclosed through discovery to Plaintiff's counsel by the Company in the Action, but must first agree in writing to be bound by the Stipulation and Order of Confidentiality in the form attached as Exhibit F to the Stipulation of Settlement. These discovery documents shall be made available by appointment during regular business hours at the offices

38

of Whatley Drake, L.L.C., 2323 North Second Avenue, Birmingham, Alabama 35203. Class Counsel shall inform the Company's Counsel promptly of any requests by Class Members or their attorneys or other persons or entities for access to such documents.

DONE, this the 12th day of December, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE