FILED

2009 Oct-20  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | } } } } | |
| Plaintiffs, | } } | |
| v. | } } | Case No.:  2:07-CV-1928-RDP |
| AMERICAN HOME SHIELD CORPORATION, | } } } } | |
| Defendant. | } | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

In this putative nationwide class action, the parties have made application for an order approving the Settlement of the Action ("Settlement"), in accordance with the Stipulation of Settlement filed as of October 9, 2009 (the "Agreement").  The Agreement, together with the exhibits thereto (collectively appended as Exhibit 1 hereto), sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice based upon its terms and conditions.

### A.      Background of the Litigation

American Home Shield Corporation ("AHS") is engaged in the business of issuing, administering and selling home service contracts.  Home service contracts (sometimes called "home warranty contracts") are one-year service contracts for certain appliances and systems in residential homes.  An AHS Home Service Contract obliges AHS, in exchange for a fee, to arrange for service technicians to provide repair and replacement services under circumstances explained in the particular contract.

Plaintiffs Laura Faught and Steven Faught filed their original complaint against AHS in this case on October 22, 2007, and amended the complaint on October 6, 2009.  The original and amended complaints challenge broadly AHS's policies and practices relating to the adjustment of claims submitted under AHS Home Services Contracts.  Plaintiffs allege that AHS has engaged in a broad nationwide pattern of (1) denying claims for coverage of appliances or their components that display signs of being inadequately maintained and/or cleaned; (2) deliberately breaching express provisions of its Home Service Contracts; and (3) relying upon a service diagnosis from service providers nationwide who stand to gain financially if the appliance at issue is denied coverage under the Home Service Contract, as they may then charge more to repair or replace the appliance than they could under the terms of their service agreements with AHS.  Plaintiffs have asserted claims for breach of contract and bad faith, and seek money damages (both compensatory and punitive) for themselves and the proposed nationwide class, as well as declaratory and/or injunctive relief to require AHS to readjust claims that had been denied previously.

The Action seeks certification of a putative nationwide class, which is defined as follows:

> All persons who have held a residential home warranty contract from AHS applicable to a house within the United States at any time from June 21, 2001 through October 19, 2009.  Excluded from this class are the defendant, any subsidiary or affiliate of the defendant, and any judge, arbitrator, or mediator who may adjudicate, arbitrate, or mediate this action.

Amended Complaint, ¶ 20.

The Action has been both vigorously contested and subject to significant discovery.  AHS filed and briefed a substantial motion to dismiss early in the case (which Plaintiffs opposed and the court denied by Order dated December 20, 2007).  AHS answered the Complaint on January 29,

2008, denying all material allegations. The parties engaged in written discovery, and AHS produced thousands of pages of responsive documents. Additionally, Plaintiffs deposed four AHS employees, with such depositions addressing merits and class certification issues. Plaintiffs filed their motion for class certification on September 11, 2008, supported by a voluminous evidentiary submission and a brief, and renewed that motion on October 31, 2008. The court suspended consideration of that motion while the parties pursued settlement discussions. Throughout the course of the litigation, AHS has vigorously denied, and continues to deny, all liability with respect to any and all facts or claims alleged in the Action. All parties recognize that there exists substantial uncertainty as to the outcome of this case, if it were to be litigated fully, and that a prompt resolution of Plaintiffs' claims is in the best interests of all parties.

Now, having read and considered the Agreement and the exhibits thereto, it is hereby **ADJUDGED AND DECREED** as follows:

1. <u>Class Representatives</u>. The court conditionally appoints Laura Faught and Steven Faught as Class Representatives.

2. <u>Class Counsel</u>. Upon consideration of all factors under Federal Rule of Civil Procedure 23(g)(1), the court conditionally appoints D. Frank Davis, John E. Norris, and the firm of Davis & Norris LLP as Settlement Class Counsel for the sole purpose of seeking to achieve a settlement of this action on behalf of the class.

3. <u>Conditional Class Certification Meets the Requirement of Federal Rule of Civil Procedure 23</u>. This court preliminarily finds, for purposes of this Settlement, that all the requirements of Federal Rule of Civil Procedure 23(a) and (b) are met in this Action.

(a)      Rule 23(a) Is Satisfied.  Rule 23(a) outlines four requirements for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  As outlined below, Plaintiffs, for purposes of this Settlement, satisfy each of the Rule 23(a) requirements.

(1)      Numerosity.  Under Rule 23(a)(1), a class action may be maintained only if the class is so numerous that joinder of all class members is impracticable.  *Dujanovic v. Mortgage America, Inc.*, 185 F.R.D. 660, 666 (N.D. Ala. 1999); *Terazosin Hydrochloride Antitrust Litig.*, 206 F.R.D. 551, 553 (S.D. Fla. 2001).  Whether joinder is practicable depends on many factors including the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion.  *See Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (class of at least 31 individual class members from a wide geographic area met the numerosity requirement).  If the court can draw reasonable inferences from the facts before it as to the approximate size of the class and the infeasibility of joinder, the numerosity requirement is satisfied.  *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983), *Dujanovic*, 185 F.R.D. at 666.

The court preliminarily finds, for purposes of this Settlement, that the size of the putative class and the geographic dispersion of class members makes joinder impracticable and that numerosity is satisfied.

(2)      Commonality.  Commonality requires that the grievances of Plaintiffs and the class members share a common question of law or of fact.  Fed.R.Civ.P. 23(a)(2).  The threshold for satisfying the commonality prerequisite is "not high."  *Dujanovic*, 185 F.R.D. at 667.  Commonality requires only that there be one issue that affects all or a significant number of proposed class members.  *Anderson v. Garner*, 22 F.Supp. 2d 1379, 1385 (N.D. Ga. 1997) (a common question is

4

defined as "one which arises from a 'nucleus of operative facts,' regardless of whether the underlying facts fluctuate over a class period and vary as to individual claimants.").[1]  Indeed, a "single plaintiff can use the discrimination he or she has suffered as a basis for a company-wide class action if that discrimination stems from an identifiable corporate policy that affects all."  *General Tel. Co. Of Southwest v. Falcon*, 457 U.S. 147, 159 n.15 (1982).

The court preliminarily finds, for purposes of this Settlement only, that common questions of law raised by the Complaint include the following:

For purposes of this Settlement only, the court preliminarily finds that the fundamental factual and legal issues raised in this lawsuit focus not on matters unique to the individual claimants, but rather on the application of  alleged "uniform" corporate policies designed to deny claims and which otherwise adversely affect policyholders.  Specifically, the claims at issue focus on an alleged nationwide pattern of (1) denying certain claims; (2) deliberately breaching express provisions of contracts; and (3) relying upon a service diagnosis from service providers under a possible conflict of interest.  The parties agree (for purposes of certifying a settlement class only) and the court finds that this alleged nationwide pattern satisfies commonality.

(3)    Typicality.  The typicality requirement is met when each class member's claim arises "from the same event or pattern or practice and is based on the same legal theory" as the claims of the class.  *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).  The typicality threshold is not high and is to be permissively construed.  *Buford v. H&R Block Tax Servs.*,

---

[1]*See also Dujanovic*, 185 F.R.D. at 667 (commonality can be found where the class allegations arise from "a common nucleus of operative facts"); *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993); *Cox*, 784 F.2d at 1567 (The commonality element is satisfied whenever "[t]he claims actually litigated in the suit [are] fairly represented by the named plaintiffs.").

168 F.R.D. 340, 351 (S.D. Ga. 1996); *Dujanovic*, 185 F.R.D. at 667 ("The typicality requirement of Rule 23 often is considered to require no more than that there exist no antagonism between the claims of the class representative and the other members of the class.").

Here, the court preliminarily finds, for purposes of this Settlement, that the typicality requirement is satisfied.[2] Plaintiffs make the same legal argument that all class members will make. Because AHS's alleged practices adversely affected Plaintiffs and the other proposed class members "in the same general fashion," the court preliminarily finds, for purposes of this Settlement, that their claims are indeed typical of the claims of the entire class. *Kornberg*, 741 F.2d at 1337; *see Dujanovic*, 185 F.R.D. at 660 (finding that the typicality prerequisite was satisfied where the plaintiff alleged a harm that was caused by defendant's policies and practices).

(4)    <u>Adequacy of Representation</u>.  The court preliminarily finds, for purposes of this Settlement, that Plaintiffs' counsel are experienced class action attorneys who have represented to the court that they have litigated more than fifty (50) class actions and that there are no apparent conflicts among the proposed class members that undermine adequate representation. *See Griffin v. Carlin*, 755 F.2d 1516, 1532-33 (11th Cir. 1985).

(b)    <u>Certification Under Rule 23(b)(3)</u>.  Class certification is appropriate so long as one of the provisions of Rule 23(b) is met.  Here, the proposed Settlement Class satisfies Rule 23(b)(3), making preliminary certification of the proposed Settlement Class appropriate in this case.  The

_____

[2]As noted by many courts, the commonality and typicality requirements involve similar considerations and "tend to merge." *Falcon*, 457 U.S. at 158 n.13.  Both requirements "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*. Typicality is thus satisfied here for substantially the same reasons the commonality requirement is satisfied.

6

requirements of Rule 23(b)(3) are met when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The Rule further provides that "[t]he matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id*. The court preliminarily finds that, in the context of this proposed settlement class and Settlement, common issues related to whether AHS has engaged in a nationwide pattern of denying claims in breach of the residential home warranty contracts it held with its customers predominate over questions affecting individual members. Accordingly, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members. The court also preliminarily finds that, in the context of this proposed settlement class, a class action would be a superior method of adjudicating these claims given the common interests of the Class Members and the extent of the factual and legal investigation already conducted by Plaintiffs' Class Counsel. Additionally, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial." *Amchem Prods.*, 521 U.S. at 620. Accordingly, certification is appropriate under Rule 23(b)(3).

4.    Preliminary Certification.  Based upon these preliminary findings, and pursuant to Federal Rule of Civil Procedure 23, the court preliminarily certifies, for purposes of effectuating the Settlement only, a Class consisting of:

> All Persons in the United States who purchased or were issued any Home Service Contract during the Class Period.  Excluded from the Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator or arbitrator who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the family of any such judge, mediator or arbitrator.

5.    The Settlement.  After a preliminary review, and subject to the Fairness Hearing described below, the court preliminarily finds that the Settlement appears to be fair, reasonable, and adequate with respect to the Class.  The Settlement also appears to be free of collusion to the detriment of Class Members, and its terms are within the range of apparent reasonableness, fairness and adequacy.  The Settlement resulted from extensive arms-length negotiations and was concluded only after Class Counsel had (1) conducted numerous and exhaustive mediation sessions with a member of the court's Panel of Neutrals; (2) conducted an independent investigation before and throughout the litigation; and (3) satisfied themselves about the fairness, reasonableness, and adequacy of the Settlement.  The Settlement is sufficient to warrant notice thereof as set forth below, and thereafter a full hearing on the Settlement.

6.    Fairness Hearing.  The Fairness Hearing shall be held before this court at **10:00 a.m.** on **Wednesday, March 10, 2010**, in Courtroom 7A, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203.  The purpose of the hearing shall be: (a) to determine whether a Class shall be finally certified; (b) to determine whether the Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate

8

to the Settlement Class and should be approved by the court; (c) whether the Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") as provided in ¶ 7.10 of the Agreement should be entered herein; (d) to entertain any objections of any affected persons as to the certification of the Class, the proposed Settlement, or any other matter related thereto; and (e) to rule on all other matters pertaining to the proposed Settlement and such other matters as the court may deem appropriate.  The court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The court may approve the Settlement, with such modifications as may be agreed to by both Defendant's Counsel and Class Counsel, without further notice to the Class.

       7.    <u>Approval of Notice</u>.  The court approves, as to form and content, the Class Notice included as Exhibit 2 hereto,[3] and finds that the mailing and distribution of the Class Notice in the manner and form set forth in ¶ 7.4 of the Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Class Members.  The court further finds that the Class Notice, included as Exhibit 2 hereto:

       clearly and concisely state[s] in plain, easily understood language:

    (i)   the nature of the action;
    (ii)  the definition of the class certified;
    (iii) the class claims, issues, or defenses;
    (iv) that a class member may enter an appearance through an attorney
          if the member so desires;

---

[3]Although there are currently certain phone numbers, fax numbers, and email addresses that are incomplete in the Notice, Plaintiffs' counsel has indicated that they will complete those before the Notice is mailed.

(v)   that the court will exclude from the class any member who
        request exclusion;
(vi)  the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule
        23(e)(3).

*See* Federal Rule of Civil Procedure 23(c)(2)(B).

8.      <u>Notice Administration</u>.  AHS shall use its best efforts to cause notice to be sent via U.S. Mail, postage prepaid to all persons identified as members of the Settlement Class, in accordance with the Stipulation of Settlement.  Mailing of notice must begin not less than sixty (60) days after the entry of this Order.  AHS shall also use its best efforts to retain an address search firm (approved by Plaintiffs' counsel) consistent with an within the times set forth in the Stipulation of Settlement.  AHS shall also make available on an internet website copies of the following items: (i) the Class Notice; (ii) this Agreement; (iii) a Submittal Form (if applicable under the terms hereof); (iv) information about the Review Desk process described in Paragraph 5.2 of the Agreement; (v) any application for attorneys' fees and response thereto; and (vi) a copy of this Order.  Defendant shall also make available to Class Members, upon request received by mail at a mailing address to be identified in the Class Notice, copies of the following items: (i) the Class Notice; (ii) the Agreement; (iii) a Submittal Form (if applicable under the terms hereof); (iv) a summary of the Review Desk process described in Paragraph 5.2 of the Agreement; (v) any application for attorneys' fees and response thereto; and (vi) a copy of this Order.

9.      <u>Declaration of Notice Compliance</u>.  **On or before February 3, 2010**, Defendant's counsel shall provide Class Counsel and the court with a declaration from a competent declarant stating that the Class Notice Date has occurred.

10.    <u>Exclusion from Class Membership</u>.  Any Class Member may request to be excluded from the Settlement Class.  Such requests for exclusion must be postmarked **on or before February 8, 2010** and otherwise comply with the requirements set forth in the Class Notice.  If the court grants final approval of the Agreement and enters the Final Judgment, all Class Members who have not submitted valid requests for exclusion shall be bound by the Final Judgment.

11.    <u>Binding Nature of Settlement</u>.  All Class Members who are not excluded shall be bound by all determinations and judgments in the Action concerning the Settlement.

12.    <u>Injunction Against Other Lawsuits</u>.  The Named Plaintiffs and all Class Members are hereby enjoined from commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and (ii) AHS's policies, procedures and/or practices respecting: the timing or promptness of responding to customer problems and situations, including expediting such responses; the diagnosis of customer problems and situations; authorizing repairs or replacements in response to customer requests; choosing between offering repairs and offering replacements; offering or requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in their entirety); applying contract limitations and exclusions; applying business rules for emergencies; responding to customer inquiries or escalating the attention given to such inquiries; or otherwise making

11

decisions regarding either the application of the terms and conditions of Home Service Contracts, or the authorization of repair and replacement services pursuant to Home Service Contracts, against Defendant, its, direct or indirect, subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including its predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date, either directly, representatively, or in any other capacity, without Defendant's consent, unless and until such time as the Settlement is either (i) terminated pursuant to ¶ 11.3 of the Agreement or (ii) is approved by the court and embodied in the Final Judgment.  In the event this Settlement is approved by the Court, such injunction shall continue to the extent provided in the Final Judgment.

13.    Objections of Class Members.  Class Members may present written objections to the Settlement or appear at the hearing in the manner set forth in the Agreement.  Any objections must comply with the procedures outlined in this Order and the Class Notice appended to this Order as Exhibit 2.  Strict compliance with these procedures shall be required.

(a)    Any Class Member who wishes to object to the approval, fairness, reasonableness, adequacy or any other aspect or effect of this Stipulation of Settlement, or to any award of attorneys' fees and expenses, must file with the Clerk of Court and must deliver to all, **no later than February 8, 2010**, which is thirty (30) days before the Fairness Hearing, a written statement of his or her objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the court's attention, and any evidence the Class Member wishes

to introduce in support of the objection.  The objection must list by contract number each contract of the Class Member asserting such objection.

Class Members may so object either on their own or through an attorney hired at their own expense.  Objections must be personally signed by each Class Member objecting, and must be postmarked on or before the deadline or received by the Clerk of Court on or before the deadline. Class Members who do not submit written objections in strict compliance with this deadline shall be deemed to have waived all objections to the Settlement and shall be deemed to have consented to the exercise of jurisdiction by the court over all aspects of this Settlement.

(b)     If a Class Member hires an attorney to represent him or her, he or she must do so at his or her own expense.  The attorney must: (1) file a Notice of Appearance with the Clerk of Court **no later than February 17, 2010**; and (2) deliver to all counsel a copy of the Notice of Appearance **no later than February 17, 2010**.

(c)     Any Class Member who properly files and serves a timely written objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness or adequacy of this Stipulation of Settlement or the proposed Settlement, or to any award of attorneys' fees and expenses.  Class Members or their attorneys intending to make an appearance at the Fairness Hearing must deliver to all counsel and file with the court, **no later than February 17, 2010**, which is twenty-one (21) days before the Fairness Hearing, a written notice of intention to appear.

(d)     Any Class Member who fails to strictly comply with the procedures herein shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and if this

13

Settlement is finally approved, shall be bound by all the terms of the Stipulation of Settlement, and by all proceedings, orders and judgments in this Action.

(e)     Plaintiffs and AHS shall submit any briefs or evidentiary materials in opposition to the objections and in support of the Settlement by **February 26, 2010**.

14.     <u>Appearances at Fairness Hearing</u>.  Any Settlement Class Member may appear at the Fairness Hearing, at their own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does will be represented by Class Counsel.  Any Settlement Class Member who wishes to appear individually at the Fairness Hearing must give notice of her or her intent to appear, in accordance with the procedures outlines in the Agreement and disclosed in the Class Notice.  If the court grants final approval of the Agreement and enters the Final Judgment, all Settlement Class Members who have not given notice of their intent to appear individually in accordance with the procedures outlined in the Agreement and disclosed in the Class Notice shall be deemed to have waived their right to participate at the Fairness Hearing and shall be foreclosed from individually participating at the Fairness Hearing unless otherwise ordered by the court.

15.     <u>Attorneys' Fee Application</u>.  Class Counsel's attorneys' fee application shall be filed and served **no later than January 22, 2010**.  The parties shall include in the Class Notice the details of any agreement they reach regarding attorneys' fees.

16.     <u>Payments to Named Plaintiffs</u>.  The court expressly takes under advisement the parties' agreement to pay the class representatives an incentive award and will expect the parties to brief that issue before final approval of the Settlement.  *See e.g.*, *Holmes v. Continental Can Co.*, 706 F.2d 1144 (11th Cir. 1983).

14

17.     <u>Objections and Briefs Regarding Settlement Approval</u>.    All papers including memoranda or briefs in support of or opposition to the Settlement shall be filed and served **no later than February 26, 2010**.

18.     <u>No Admission by the Parties</u>.    Neither the Settlement nor the Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by the Defendant.    The Defendant vigorously denies all of the claims and allegations raised in the Action.

19.     <u>Additional Matters</u>.    This Preliminary Approval Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Parties entered into the Agreement, if: (1) the Settlement is not finally approved by the court, or does not become Final, pursuant to the terms of the Stipulation of Settlement; or (2) the Settlement is terminated in accordance with the Stipulation of Settlement or does not become effective, as required by the terms of the Agreement for any other reason.    In either of such events, and except as provided therein, the Stipulation of Settlement shall become null and void and be of no further force and effect, and neither the Stipulation of Settlement, the documents submitted in connection with it, nor the court's orders relating thereto, including this Preliminary Approval Order, shall be used or referred to for any purpose whatsoever.

This Preliminary Approval Order shall be of no force or effect if the Settlement does not become Final, and nothing in this Preliminary Approval Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability.    This Preliminary Approval Order shall not be construed by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate,

improper, or unavailable, or as a waiver by any Party of any defenses it may have.  This Preliminary

Approval Order shall not be construed or used to show that certification of one or more classes

would or would not be appropriate if this Action were to be litigated rather than settled.

     **DONE** and **ORDERED** this _____19th_____ day of October, 2009.

                                        _____

                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE