FILED

2009 Oct-09  PM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) | **Case No. CV-07-P-1928-S** |
| | ) | |
| **AMERICAN HOME SHIELD CORPORATION,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

---

## STIPULATION OF SETTLEMENT

# TABLE OF CONTENTS

I.      PREAMBLE ..................................................................................................................1

II.     DEFINITIONS.............................................................................................................1

III.    CLAIMS OF THE NAMED PLAINTIFFS AND BENEFITS OF SETTLEMENT ..........7

IV.     DENIAL OF WRONGDOING OR LIABILITY ...............................................................8

V.      SETTLEMENT CONSIDERATION ...............................................................................9

VI.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY ...........................19

VII.    IMPLEMENTATION OF THE SETTLEMENT .............................................................21

VIII.   DETERMINATION OF ATTORNEYS' FEES, COSTS, AND EXPENSES.................26

IX.     PAYMENT METHOD AND INSTRUCTIONS...............................................................29

X.      RELEASE, COVENANT NOT TO SUE, AND DISMISSAL OF CLAIMS..................31

XI.     ENFORCEMENT AND TERMINATION.......................................................................34

XII.    MISCELLANEOUS PROVISIONS...............................................................................37

THIS STIPULATION OF SETTLEMENT is entered into this 6th day of October, 2009 (the "Settlement Date"), by and among named plaintiffs Laura and Steven Faught (the "Named Plaintiffs"), individually and as representatives of the Class, and defendant American Home Shield Corporation (the "Defendant"), by and through their attorneys.

## I.    PREAMBLE

WHEREAS, on October 22, 2007, Davis & Norris LLP filed the above-captioned action (together with all existing and future amendments thereto, the "Action" or "*Faught*") in the U.S. District Court for the Northern District of Alabama;

WHEREAS, *Faught* is a putative nationwide class action that alleges the Defendant failed to fulfill contractual obligations to certain of its customers and breached other duties;

WHEREAS, the Named Plaintiffs in *Faught* believe the claims asserted in their complaint have merit;

WHEREAS, the Defendant in *Faught* has vigorously denied, and continues to vigorously deny, any wrongdoing and any liability based on the allegations contained in the complaints filed in *Faught*; and

NOW THEREFORE, it is agreed, by and among the undersigned, that this Action shall be settled and dismissed on the merits and with prejudice, without costs to Plaintiffs or Defendant (except as expressly hereinafter provided), subject to the approval of the Court on the terms and conditions outlined herein.

## II.    DEFINITIONS

As used herein, the following terms shall have the respective meanings specified, which shall be equally applicable to both the singular and plural forms:

2.1     "Agreement" means this agreement and all of its attachments and exhibits, which the settling parties understand and agree set forth all of the material terms and conditions of the Settlement among them and which is subject to approval by the Court.

2.2     "American Home Shield" or "AHS" means American Home Shield Corporation, a Delaware Corporation, together with all of its direct and indirect subsidiaries.

2.3     "Attorneys' Fees" means reasonable attorneys' fees, costs and expenses to be paid to Named Plaintiffs' Counsel for their past, present, and future work, efforts, and expenditures in connection with this Action.

2.4     "Business Day" means any day that is not a Saturday, Sunday or the day set aside for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day, and any other day declared a holiday by the President or Congress.

2.5     "Claimant" means a Settlement Class Member who makes a Submission regarding an individualized breach of Home Service Contract claim to the Review Desk.

2.6     "Claims" means any and all claims, demands, debts, rights, causes of action, suits, actions, damages, costs, expenses, compensation, requests for compensation, restitution, repayment or reimbursement, obligations, liabilities, penalties, attorneys' fees, or losses in law or equity, of whatever kind or nature, whether or not known, ripe or mature.

2.7     "Class" means those Persons in the United States who purchased or were issued any Home Service Contract during the Class Period. Excluded from the Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator or arbitrator who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the family of any such judge, mediator or arbitrator.

2.8    "Class Member" means any Person that is a member of the Class.  For the avoidance of doubt, Named Plaintiffs are Class Members.

2.9    "Class Notice" means the notice provided to Class Members pursuant to Paragraph 7.4 in the form attached as Exhibit B.

2.10    "Class Notice Date" means the first date on which Defendant, as provided by Paragraph 7.4, (i) has substantially completed the sending of the Class Notice; (ii) has made available the information required to be made available via an Internet website; and (iii) stands prepared to make available, in response to any Class Member requests that may be received by mail, the information required to be made available by Paragraph 7.4.

2.11    "Class Period" means the period beginning on July 24, 2001 up to and including the date on which a Preliminary Approval Order is issued.

2.12    "Complaint" means the complaint filed by Named Plaintiffs' Counsel on October 22, 2007, thereby commencing the Action, together with all current and future amendments thereto.

2.13    "Contractor Network" means a subset of the larger universe of  home repair contractors engaged by AHS to make service calls to Home Service Contract customers, which subset is defined as those who have executed a written contract with AHS containing a commitment by AHS to attempt to dispatch to such contractor a specified number of service calls per annum, also known as a "call commitment."

2.14    "Contractor Relations Practices" means, generally, AHS's practices respecting selecting, recruiting, training, dispatching, rating, evaluating, terminating, monitoring, compensating, incentivizing, rewarding, penalizing, disciplining, following up service calls by, allocating service calls to, authorizing repairs by, allowing non-covered charges to be collected

by, supervising repair or replacement work performed by, enforcing compliance with contract terms by, overseeing compliance with applicable permitting or other legal requirements by, or otherwise supervising, managing, or monitoring home repair contractors that AHS engages, authorizes and/or directs to make service calls for purposes of providing services pursuant to Home Service Contracts.

2.15    "Court" means the United States District Court for the Northern District of Alabama, Southern Division, and any appellate court reviewing the orders, judgments or rulings thereof.

2.16    "Day" or "day" means calendar day unless identified as "Business Day."

2.17    "Defendant's Counsel" means Sidley Austin LLP and Bradley Arant Boult Cummings LLP, together with any successor, replacement or additional counsel.

2.18    "Denied Claim" means a Settlement Class Member request received by American Home Shield for service on an item covered under his/her Home Service Contract during the Class Period, where repair or replacement services were denied by AHS, in whole or in part, or where the Settlement Class Member deemed inadequate a cash payment they received from AHS in lieu of repair or replacement services.

2.19    "Effective Date" means the date on which the time for filing an appeal expires without any appeal being filed from a Final Judgment and Order of the Court approving the Settlement. In the event that one or more such appeal(s) from such a final decision of the Court is timely brought, the Effective Date will be the date on which such appeal(s) are finally resolved in favor of upholding the Settlement without any modification, except any downward adjustment in attorneys' fees, costs, and expenses that may be ordered by the Court or an appellate court,

4

and without any possibility of remand to the Court or a further appeal to, or any discretionary review by, any court superior to the Court.

    2.20    "Escrow Account" has the meaning ascribed it in Paragraph 8.6.

    2.21    "Escrow Agent" has the meaning ascribed it in Paragraph 8.6.

    2.22    "Fairness Hearing" means a hearing conducted by the Court after the Class Notice Date for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Judgment and Order.

    2.23    "Final Judgment and Order" means a final order (that cannot be further appealed) entered by the Court after the Fairness Hearing granting its approval of the Settlement pursuant to Paragraph 7.10 in the form attached as Exhibit C, or in a form that otherwise may be agreed to hereafter by the parties and approved and entered by the Court.

    2.24    "Home Service Contract" means and includes any of the various service contracts issued to the public and/or underwritten by AHS, or by a parent or affiliate of AHS, and going by various names in different markets and under different regulatory regimes, including designations such as "service contract," "extended service contract," "residential service contract," "home service contract," "home protection contract," "home warranty," and "warranty contract."

    2.25    "*Johnson* Factors" has the meaning ascribed it in Paragraph 8.5.

    2.26    "Named Plaintiffs' Counsel means Davis & Norris LLP, together with any successor, replacement or additional counsel.

    2.27    "Named Plaintiffs' Payment" has the meaning ascribed it in Paragraph 5.1.

    2.28    "Negotiated Attorneys' Fees" has the meaning ascribed it in Paragraph 8.1.

2.29    "Opt-Out List" means the complete, final, and accurate list of all properly submitted exclusion requests received by Named Plaintiffs' Counsel and provided to Defendant's Counsel, as required under the Agreement.

2.30    "Person" means any natural person, any legal entity, including a limited or general partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, sole proprietorship, an unincorporated organization, any other form of legal entity, and/or any governmental body (including any department, agency, commission, authority, administration, or political subdivision thereof), whether federal, state, local or other.

2.31    "Plaintiffs" means all Class Members.

2.32    "Post-Submission Suit" has the meaning ascribed it in Paragraph 5.2(Q).

2.33    "Preliminary Approval Order" means an order entered by the Court preliminarily approving the Settlement pursuant to Paragraph 7.3 in the form attached as Exhibit D.

2.34    "Released Claims" means any and all Claims set forth in Section 10.

2.35    "Released Parties" means the Defendant, its, direct or indirect, subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including its predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date.

2.36    "Releases" means collectively the terms of the releases, covenants not to sue, and agreed-on dismissal set forth in Section 10.

6

2.37    "Review Desk" means the review process to be established by American Home Shield as described in Paragraph 5.2 of this Settlement.

2.38    "Settlement" means the overall terms and conditions of the parties' agreed on settlement resolving *Laura Faught and Steven Faught v. American Home Shield Corporation*, Case No. CV-07-P-1928-S, United States District Court for the Northern District of Alabama, as reflected and embodied in this Agreement.

2.39    "Settlement Class" means all Class Members who do not opt out of this Settlement in a timely and valid manner in accordance with the procedures set forth in Paragraph 7.7.

2.40    "Settlement Class Member" means the Named Plaintiffs and any Person that is a member of the Settlement Class.

2.41    "Submission" has the meaning ascribed it in Paragraph 5.2(F).

2.42    "Submission Period" means a period of one hundred twenty (120) days, beginning thirty (30) days after the Effective Date.

2.43    "Submittal Form" means the form obtained from AHS that must be used to make Submissions to the Review Desk, in substantially the form attached hereto as Exhibit E, or as hereafter may be agreed to by the parties.

2.44    "Suit" means any lawsuit, suit, action, proceeding, litigation, legal representation or complaint brought or pending in any federal, state, administrative, judicial, arbitral, or other forum, whether direct, derivative or representational.

**III.    CLAIMS OF THE NAMED PLAINTIFFS AND BENEFITS OF SETTLEMENT**

The Named Plaintiffs believe the claims asserted in the Action have merit.  However, the Named Plaintiffs and Named Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendant through

7

trial and through appeals. Named Plaintiffs and Named Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in a complex action such as this Action, as well as the difficulties and delays inherent in such litigation. Named Plaintiffs' Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action. Based on their evaluation, Named Plaintiffs' Counsel have determined that the Class relief and Releases set forth herein are fair, reasonable, and adequate, and that Settlement confers substantial benefits on and is in the best interests of the Class.

## IV.   DENIAL OF WRONGDOING OR LIABILITY

4.1     This Agreement constitutes the resolution of disputed claims and is for settlement purposes only. Defendant denies it has violated any law; denies that it has breached any agreement with, or obligation to, the Class Members (or anyone else); denies any liability to the Class Members (or anyone else); and denies all the allegations of wrongdoing recited in the Complaint.

4.2     Notwithstanding anything else herein, neither the fact of, nor any provision contained herein, nor any action taken hereunder, shall constitute or be construed as an admission of any liability or wrongdoing, or recognition of the validity of any allegation of fact or contention of law made by Plaintiffs in this Action or in any other Suit.

4.3     This Agreement, and statements made in negotiating this Settlement, and any actions taken by Defendant hereunder, shall not be offered or be admissible in evidence or used in any fashion against any Released Party in any Suit (including a Post-Submission Suit) for any purpose, except in a Suit pursuant to Paragraph 11.1 seeking an order from the Court finding that Defendant is in material breach of its commitments hereunder. Nothing herein shall be construed to preclude the Released Parties from offering this Agreement and the Releases in defense of any Claims, including Suits brought by Class Members, at any time.

8

## V.     SETTLEMENT CONSIDERATION

In consideration for the full, complete, irrevocable, and final Settlement of this Action and in consideration for dismissal of this Action with prejudice and in consideration for the Releases contained herein, Defendant will provide benefits to the Named Plaintiffs and to the Settlement Class Members as follows:

5.1     *Named Plaintiffs' Relief.*  Named Plaintiffs may seek an incentive payment only by making a timely and appropriate written request to the Court and obtaining the Court's approval for such an award as reflected in a signed and dated order by the Court.  Any incentive payment shall be subject to the Court's review and approval.  If the request to the Court seeking an incentive payment by or on behalf of Named Plaintiffs seeks an incentive payment of no more than a total aggregate gross amount of $5,000 each, Defendant agrees not to object to such request.  If the request to the Court seeking an incentive payment by or on behalf of Named Plaintiffs seeks an incentive payment greater than the total aggregate gross amount of $5,000 each, Defendant may, in its sole discretion, object to all or any part of such request as it deems appropriate.  The Named Plaintiffs shall also receive a compensatory payment of a total aggregate gross amount of $8,000 jointly, as full compensation and complete satisfaction for any alleged injuries or damages individualized as to them that are described in the Complaint (collectively, with the incentive payment, the "Named Plaintiffs' Payment").  As part of this Settlement, the Named Plaintiffs agree that they will terminate any contracts that they have with Defendant or any of Defendant's affiliated companies and will not become customers of Defendant or any of Defendant's affiliated companies in the future.  Named Plaintiffs also shall execute a complete general release of Defendant and the Released Parties.  The Released Parties shall owe Named Plaintiffs no other monies, obligations or duties.

5.2    *Class Relief – the Review Desk*: AHS will establish the Review Desk, subject to the following terms and conditions:

A.    Except as expressly provided herein, the Review Desk will consider Submissions from any Settlement Class Member who experienced a Denied Claim during the Class Period.

B.    Settlement Class Members wishing to submit their Denied Claims to the Review Desk must make a Submission in accordance with Paragraph 5.2(F).

C.    AHS will make Submittal Forms available to Settlement Class Members via (i) a dedicated website; (ii) a dedicated 1-800 telephone number; and (iii) a dedicated United States Post Office Box address, all three of which will be created and maintained by AHS at AHS's expense. Settlement Class Members may make Submissions to the Review Desk via mail sent to a designated Post Office Box address, via sending an electronic image of the Submission to an e-mail address identified by AHS, or via any other method that may be permitted by AHS.

D.    AHS will staff the Review Desk with experienced customer service representatives who will be specially trained to address Submissions. The Review Desk will review all Submissions that are received by AHS during the Submission Period.

E.    AHS will send Settlement Class Members notification of the opening of the Submission Period no later than twenty (20) days after the occurrence of the Effective Date via postcards sent by third-class United States mail to Settlement Class Members' last known addresses, as this information has been retained by AHS in the ordinary course of business and verified, or corrected if necessary, by a third-party selected by Defendant and approved by Named Plaintiffs' Counsel, which approval shall not be unreasonably withheld,

10

delayed, or conditioned, which third party will compare the addresses provided by Defendant with those contained in the National Change of Address system. The postcards to be used as described in this paragraph shall be substantially in the form appended hereto as Exhibit F, or in such other form to which the parties may hereafter agree.

F.  Submissions must be made via a signed, dated and fully and properly completed Submittal Form that provides AHS with, at a minimum, (i) the Settlement Class Member's name as it appeared on his or her Home Service Contract; (ii) the address of the real property covered by the Settlement Class Member's Home Service Contract; (iii) the Settlement Class Member's preferred method for receiving responsive communications from AHS; (iv) a description of the home system, appliance, or other item at issue; (v) the approximate date (or at a minimum, the year) during the Class Period of the Settlement Class Member's initial request for Home Service Contract service; (vi) a description of the Settlement Class Member's service request and alleged Denied Claim; (vii) the reasons the Settlement Class Member believes the same service request should now be reviewed and the Denied Claim overturned or revised; and (viii) the Settlement Class Member's present address, telephone number, and e-mail address (collectively, a "Submission").

G.  At the Settlement Class Member's discretion, additional information may also be provided via the Submittal Form to bolster his or her Submission, including the following: (i) photographs; (ii) receipts; (iii) cancelled checks; (iv) correspondence with AHS; (v) correspondence with contractors (whether or not chosen by AHS) that diagnosed or attempted to correct the relevant service issue; (vi) a statement providing relevant history or an overview of events; and/or (vii) other supplemental information.

11

H.      Submissions will be considered by AHS and processed in a reasonably commercially feasible and efficient order that AHS deems appropriate, e.g., prioritization based on the reverse chronological order of the date of claim or the date of AHS's receipt of the Submission. The time for resolving claims will depend on a number of factors, including the number of Submissions received by the Review Desk. Nothing herein will be interpreted or construed to mean that AHS will incur any obligation to meet any specific processing deadline, except as explicitly set forth in subparagraphs i – iv below:

i.      AHS will use full time customer service associates with at least three (3) years of experience who will be trained to handle Submissions until substantially all Submissions have been processed (either an offer for additional benefits has been made by AHS or the claim has been denied by AHS).

ii.     If AHS has not responded to a Settlement Class Member's Submission within ninety (90) days of the date it was made, AHS will provide a brief written or e-mail update to the Settlement Class Member that will include the current status of the Review Desk's review of his/her Submission and an estimated timeframe of when AHS expects a decision to be made on the Submission. Although AHS will use commercially reasonable efforts to resolve the Submission within the estimated time frame provided in the written or e-mail update, nothing herein will be interpreted or construed to mean either that AHS is obligated to meet that estimated time frame or that AHS will be liable in any way if it does not meet that estimated time frame.

iii.    On the one hundred fiftieth (150th) day after the Submission Period begins, AHS will determine the percentage of the total number of Submissions for which at least ninety (90) days have passed since their receipt by AHS to which AHS has not then responded (the "Unresolved Submission Determination"), e.g., due to a delayed response from a Claimant's contractor to a request for information. Thereafter, AHS will

12

make the Unresolved Submission Determination on a semi-monthly basis. In the event forty percent (40%) of the total number of Submissions for which at least ninety (90) days have passed since their receipt by AHS to which AHS has not then responded at the time of any Unresolved Submission Determination, AHS commits, within ten (10) business days of that Unresolved Submission Determination, to train and assign five (5) additional full time staff to the Review Desk for every twenty-five hundred (2500) Submissions to which AHS has not then responded for which at least ninety (90) days have passed since their receipt by AHS until eighty-five percent (85%) of all such unresolved Submissions have been responded to.

    iv.  No later than twenty-four (24) months after the Effective Date, AHS will, as to every timely Submission, have made either an Offer or a Denial, as described in Paragraph 5.2(Q). AHS shall notify Named Plaintiffs' Counsel promptly after AHS has made an Offer or Denial as to the last timely Submission it considers.

    I.  If AHS determines based on its consideration of a Submission that additional contractual benefits are not appropriate, AHS will provide a written or e-mail explanation to the Settlement Class Member making the Submission of the reason(s) relied upon by AHS in making such a determination. Each Settlement Class Member retains the right to respond to AHS in writing regarding the denial of additional contractual benefits as to his/her claim specified in his or her Submission (the "Settlement Class Member Response"). If AHS determines based on its consideration of the Settlement Class Member Response that additional contractual benefits are not appropriate, AHS will provide a written or e-mail explanation to the Settlement Class Member of the reason(s) relied upon by AHS in making

13

such a determination, and the Settlement Class Member may bring a Suit pursuant to Paragraphs 5.2(Q) and 5.2(R).

  J.  ***Additional Instruction to Review Desk Personnel.*** AHS personnel manning the Review Desk shall be instructed as set forth in Exhibit A. This Agreement shall not obligate AHS to apply or use Exhibit A for any purpose outside of this Settlement, and then only to such Settlement Class Members as described in the instruction contained in Exhibit A.. AHS does not need to notify such Settlement Class Members who make Submissions to the Review Desk of the instruction set forth in Exhibit A.

  K.  Settlement Class Members for whom AHS determines additional contractual benefits are appropriate based on its consideration of a Submission will be offered, at AHS's sole option, one of the following:

    (i) In cases where the breakdown at issue in the relevant Denied Claim has not already been resolved, either (a) cash reasonably calculated to be equal to the Settlement Class Member's estimated out-of-pocket costs for the repair or replacement services determined by AHS to be covered under the terms of the Settlement Class Member's applicable Home Service Contract, or (b) provision of those same services by AHS;

    (ii)  In cases where the breakdown at issue in the relevant Denied Claim has already been resolved, either (a) cash equal to the actual out-of-pocket costs for the repair or replacement services determined by AHS to be covered under the terms of the Settlement Class Member's applicable Home Service Contract, as established and documented by bona fide receipts for such costs provided to the Review Desk; or (b) if

no such receipts are provided, then AHS's wholesale cost of such repair or replacement as reasonably determined to apply at the time of the Denied Claim;

(iii)    Waiver of the contract fee, or a discount, for an AHS contract, if offered by AHS and accepted by the Settlement Class Member; or

(iv)    Any other compensation offered by AHS and accepted by the Settlement Class Member.

L.    In considering and processing Submissions, AHS may deduct from any offer an amount equal to the amount of any prior concessions or cash-in-lieu payments, in whatever form, made to the Settlement Class Member. For the avoidance of doubt, consequential damages shall not be recovered as the result of, or in connection with, any Submission.

M.    AHS may seek confirmation of the Settlement Class Member's out-of-pocket repair or replacement expenses by directly contacting any vendor providing relevant services or equipment to the Settlement Class Member. In addition, by making a Submission to the Review Desk, the Settlement Class Member shall be deemed to represent that the Submission is being made in good faith and to authorize AHS to contact the Settlement Class Member notwithstanding any "do not call" or similar laws that might otherwise limit or constrain AHS's ability to initiate unsolicited contacts with former customers.

N.    All releases of whatever type or nature, and in whatever form (including by operation of law), of AHS by a Class Member before this Settlement shall be in full force and effect and not be deemed diminished, waived, or otherwise rendered ineffective by this Agreement.

O.     Any Settlement Class Member receiving monetary or other benefits as the result of a Submission will be deemed to have thereby irrevocably released any and all Claims against the Released Parties arising from, relating to, or otherwise regarding the Denied Claim at issue in the Submission.

P.     After the end of the Submission Period, Settlement Class Members who did not make a Submission may not bring a Suit against AHS based on a Denied Claim unless (A) the Settlement Class Member provides the following information to AHS by calling 1-877-433-3843 or a successor 1-800 telephone number established and maintained by AHS, at its sole expense and communicated to Class Members via a posting on AHS's website, (i) the Settlement Class Member's present address, telephone number, and e-mail address; (ii) the address of the real property covered by the Settlement Class Member's Home Service Contract, or other information sufficient for AHS to confirm that the request is being made by a Class Member; and (iii) an announcement of the Settlement Class Member's "intention to bring Suit against AHS on a Claim arising in the Class Period" or an equivalent statement; and (B) at least fifteen (15) days have elapsed since the date the Settlement Class Member provided such notice (the "Suit Intention Notice Date"). All applicable statutes of limitations shall be deemed tolled for the benefit of those Settlement Class Members who provide such notice for a period of fifteen (15) days beginning on the relevant Suit Intention Notice Date. Failure of a Class Member to follow this procedure in this Paragraph shall not serve as a bar to dismiss a Claim, provided, however, that AHS may insist that this procedure be followed before a Suit may be allowed to proceed. Any Suit brought pursuant to this Paragraph 5.2(P) will be brought and maintained solely on behalf of an individual holder of a Home Service

Contract and will not at any time be joined with any Suit of any other holder of a Home
Service Contract, whether through a class action, joinder, or any other method.

Q.       Settlement Class Members who make Submissions may bring a Suit
against AHS for any Denied Claim if that Denied Claim has been presented to AHS in a
Submission and at least seven (7) days have elapsed since AHS communicated to the
Settlement Class Member either (i) the written or e-mail explanation pursuant to Paragraph
5.2(I) informing the Settlement Class Member that AHS determined based on its
consideration of a Submission that additional contractual benefits are not appropriate (the
"Denial"), or (ii) the Settlement Class Member has communicated to the Review Desk that
he/she has rejected the offer of additional contractual benefits that AHS determined was
appropriate based on its consideration of a Submission pursuant to Paragraph 5.2(K) (the
"Offer").  All applicable statutes of limitations shall be deemed tolled for the benefit of those
Settlement Class Members who make timely Submissions for a period of time ending seven
(7) days after AHS communicates either the Denial or the Offer.  Nothing herein shall be
interpreted to mean that a Class Member may obtain the revival of a Claim that has lapsed and
is barred under the applicable limitations period by submitting the Claim to the Review Desk.
Any Suit brought pursuant to this Paragraph 5.2(Q) (a "Post-Submission Suit") will be
brought and maintained solely on behalf of an individual holder of a Home Service Contract
and will not at any time be joined with any Suit of any other holder of a Home Service
Contract, whether through a class action, joinder, or any other method.

R.       Settlement Class Members who bring a Post-Submission Suit arising
from a Submission regarding a Denied Claim relating to a heating or air conditioning system
during the first year of their Home Service Contract with AHS that was denied outright solely

17

because of lack of annual maintenance and who recover more in contract damages in such Post-Submission Suit than the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission, shall be reimbursed by AHS for the reasonable attorneys' fees actually incurred in prosecuting such Post-Submission Suit. AHS may request, and the Settlement Class Member will be required to provide if so requested, document(s) evidencing the attorneys' fees actually incurred in prosecuting such Post-Submission Suit. If the Claimant's Post-Submission Suit is deemed by a court to be frivolous or otherwise in bad faith, the Claimant shall reimburse AHS for any reasonable attorneys' fees actually incurred in defending the Post-Submission Suit. Any award of attorneys' fees under this Paragraph shall be capped at the greater of (1) $5,000; (2) three times the difference between (i) the contract damages recovered in the Post-Submission Suit and (ii) the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission; or (3) any attorneys' fees to which the Claimant may be entitled pursuant to the applicable state statute governing breach of contract claims. Any Suit brought pursuant to this Paragraph 5.2(R) will be brought and maintained solely on behalf of an individual holder of a Home Service Contract and will not at any time be joined with any Suit of any other holder of a Home Service Contract, whether through a class action, joinder, or any other method.

    S.  The provisions of this Paragraph 5.2(S) shall apply for purposes of this Settlement only and only to Settlement Class Members who bring a Post-Submission Suit arising from a Submission (i) regarding a Denied Claim not relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance or (ii) regarding a Denied Claim relating to a heating or air conditioning system during the first year of their Home Service

18

Contract with AHS that was denied outright solely because of lack of annual maintenance but who do not utilize the services of an attorney in the prosecution of such Post-Submission Suit. If such a Settlement Class Member recovers more in contract damages in a Post-Submission Suit than the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission, then (i) AHS shall make one lump-sum payment totaling $1,000 to the Claimant, in addition to any recovery obtained by the Claimant in the Post-Submission Suit, or (ii) the Claimant may elect to receive any attorneys' fees to which the Claimant may be entitled pursuant to the applicable state statute governing breach of contract claims. If the Claimant's Post-Submission Suit is deemed by a court to be frivolous or otherwise in bad faith, the Claimant shall reimburse AHS for any reasonable attorneys' fees actually incurred in defending the Post-Submission Suit. For the avoidance of doubt, a Claimant may not recover both (1) attorneys' fees actually incurred in prosecuting the Post-Submission Suit pursuant to Paragraph 5.2(R) and (2) the additional $1,000 pursuant to this Paragraph 5.2(S). Any Suit brought pursuant to this Paragraph 5.2(S) will be brought and maintained solely on behalf of an individual holder of a Home Service Contract and will not at any time be joined with any Suit of any other holder of a Home Service Contract, whether through a class action, joinder, or any other method.

5.3    ***Class Relief – Business Practices Changes***

A.    The parties recognize that AHS is a for-profit enterprise that must operate profitably and compete free from undue impediments in a highly dynamic competitive environment. At AHS's option, AHS may solicit and consider (but is not required to implement) comments from Named Plaintiffs' Counsel concerning communications, business practices, training materials, or other business concerns.

B.     No later than four (4) months after the Effective Date, AHS will make a dedicated distribution of written training materials to the Contractor Network conveying the importance AHS places on honoring the terms of coverage and other terms of Home Service Contracts and the important role that contractors play in this effort.

C.     No later than sixteen (16) months after the Effective Date, AHS will develop and distribute written training materials to the Contractor Network to address and resolve any material issues that AHS determines require further training or revision.

## VI.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

6.1     Upon execution hereof, the parties agree that, subject to Court approval, this Action will be deemed, for purposes of this Settlement only, to satisfy the requirements for class certification under, as applicable, Federal or Alabama Rule of Civil Procedure 23. Defendant has agreed to certification of the Settlement Class for purposes of this Settlement only.

6.2     Any certification of the Settlement Class hereunder, or otherwise, shall not constitute and shall not be construed (in this Action or in any other Suit) as an admission on the part of Defendant, or as the basis of a finding, or as evidence, that this Action or any other proposed or certified class action is appropriate for class treatment in a contested certification proceeding. This Agreement is without prejudice to the rights of Defendant to oppose (i) any requests for class certification in this Action should this Agreement be terminated or fail to be approved or implemented for any reason, or (ii) any requests for class certification in any Suit involving a proposed or certified class action.

6.3     If this Agreement is not approved, does not become effective, or if it is terminated or fails to be implemented for any reason, any certification, either preliminary or final, of the Class or of any other alleged class shall be deemed null and void *ab initio* and without force or effect.

## VII.    IMPLEMENTATION OF THE SETTLEMENT

Upon execution hereof by all parties, the parties will respectively undertake the following actions to implement and obtain approval of the Settlement:

7.1    *Use of Reasonable Efforts.*  Named Plaintiffs, Named Plaintiffs' Counsel, and Defendant will use reasonable efforts to obtain the entry of the Preliminary Approval Order, final approval of this Settlement, and the entry of a Final Judgment and Order that dismisses this Action with prejudice and binds the Named Plaintiffs and all Settlement Class Members.  Named Plaintiffs and Named Plaintiffs' Counsel will cooperate fully and completely with Defendant with respect to any and all appeals, including of the Final Judgment and Order, and in obtaining the dismissal of any and all subsequent Suits against the Released Parties asserting Released Claims.  Defendant's Counsel and Named Plaintiffs' Counsel agree to cooperate to draft and execute any additional documents to effectuate the terms of this Settlement and to adjust the case schedule and deadlines in the Action pursuant to the terms hereof as may be reasonably requested by Defendant's Counsel.

7.2    *Jurisdiction for Approval of Settlement.*  The filing and approval of this Settlement shall occur in the United States District Court for the Northern District of Alabama.

7.3    *Preliminary Approval.*  No later than seven (7) Business Days after the fee negotiation set forth in Paragraph 8.1 is declared by either party to have ended, or as soon thereafter as possible, Named Plaintiffs, Named Plaintiffs' Counsel, and Defendant will jointly present this Agreement and a motion seeking its preliminary approval to the Court.  Counsel for the parties will take all appropriate steps to obtain the entry of a Preliminary Approval Order that (i) appoints Named Plaintiffs' Counsel as counsel representing the Class and all Class Members; (ii) conditionally certifies the Class for purposes of this Settlement only; (iii) preliminarily approves this Agreement and determines the Settlement to be sufficiently fair, reasonable, and

adequate as to allow notice to be disseminated to the Class; (iv) approves the Class Notice; (v)

schedules a Fairness Hearing to determine, after such notice to the Class, whether this Settlement

should be finally approved as fair, reasonable, and adequate; and (vi) preliminarily bars and

enjoins all Class Members, or any of them, from commencing, prosecuting, participating in or

continuing the prosecution of, any Suit asserting any of the Claims released in this Settlement in

any capacity, against the Released Parties, pending the final determination of whether this

Settlement should be approved by the Court. The Preliminary Approval Order will remain in

effect until (i) the Effective Date occurs, (ii) the Court enters an order declaring this Settlement

terminated and no longer binding, or (iii) Defendant terminates the Settlement under Paragraph

11.3.

    7.4    **_Methods of Notifying Class Members._**  No later than sixty (60) days after the

entry of the Preliminary Approval Order, the parties shall notify Class Members of the

Settlement as follows. Defendant will send the Class Notice via U.S. mail, postage prepaid to

the last known address of each Class Member, as this information has been retained by AHS in

the ordinary course of business and verified, or corrected if necessary, by a third party selected

by Defendant and approved by Named Plaintiffs' Counsel, which approval shall not be

unreasonably withheld, delayed, or conditioned, which third party will compare the addresses

provided by Defendant with those contained in the National Change of Address system.

Defendant may distribute the Class Notice using any bulk rate or pre-sorted mail rate made

available by the United States Postal Service. Defendant will make available on an internet

website, to be selected by Defendant and disclosed in the Class Notice, copies of the following

items: (i) the Class Notice; (ii) this Agreement; (iii) a Submittal Form (if applicable under the

terms hereof); and (iv) information about the Review Desk process described in Paragraph 5.2.

Defendant will make available to Class Members, upon request received by mail at a mailing address to be identified in the Class Notice, copies of the following items: (i) the Class Notice; (ii) this Agreement; (iii) a Submittal Form (if applicable under the terms hereof); and (iv) a summary of the Review Desk process described in Paragraph 5.2.

7.5    Neither Named Plaintiffs' Counsel nor Defendant's Counsel may communicate with any Class Member regarding this Settlement without receiving prior approval from the Defendant's Counsel or Named Plaintiffs' Counsel, respectively. If prior approval is not granted by Named Plaintiffs' Counsel or the Defendant's Counsel (as applicable), the party seeking to communicate with the Class may petition the Court, with the other party having the right to have their input be considered, as to both the fact and the content of the proposed communication to the Class. Any communication with the Class pursuant to this Paragraph 7.5 shall be disseminated to the Class by Defendant or its authorized agent, provided, however, that the party or counsel seeking to communicate with the Class pursuant to this Paragraph 7.5 shall bear the full costs of such communication. Notwithstanding anything in this Paragraph 7.5 to the contrary, Named Plaintiffs' Counsel and Defendant's Counsel need not obtain prior approval from any source for (a) any communications initiated by a Class Member, or (b) the delivery of the documents required pursuant to Paragraphs 5.2(E) and 7.4. For the avoidance of doubt, if a Class Member makes a Submission to the Review Desk, that Class Member shall be deemed to have initiated the communication with the Defendant, and the Defendant and/or its affiliates shall be entitled, without the need for prior approval from Named Plaintiffs' Counsel or the Court, to communicate with that Class Member regarding the Submission by any means whatsoever, including by e-mail or any other cost-effective means of communication. Likewise, for the avoidance of doubt, if a Class Member initiates a communication with Named Plaintiffs'

23

Counsel, Named Plaintiffs' Counsel shall be entitled, without the need for prior approval from Defendant's Counsel or the Court, to respond to that Class Member's communication by any means whatsoever. Notwithstanding anything in this Paragraph 7.5 to the contrary, Defendant and/or its affiliates shall be free to communicate in any manner with Class Members in the normal course of Defendant's business, so long as such communication is not related to the Settlement.

7.6     At least seven (7) days prior to the Fairness Hearing, Defendant's Counsel will provide Named Plaintiffs' Counsel and the Court with a declaration from a competent declarant stating that the Class Notice Date has occurred.

7.7     *Exclusions from the Settlement Class.* Any Class Member may request exclusion from the Settlement Class. Any Class Member who would like to request exclusion from the Settlement Class must make the request in accordance with the procedures and requirements set forth in the Class Notice. Beginning on the Friday immediately following the Class Notice Date and on every Friday until the time for requesting exclusion has expired, Named Plaintiffs' Counsel shall provide to Defendant's Counsel complete and accurate copies of all exclusion requests received during the week ending on the previous Friday. In addition, within ten (10) days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, Named Plaintiffs' Counsel shall furnish the Opt-Out List to for Defendant's Counsel. Exclusions may not be submitted on behalf of a putative class or subclass of similarly situated Class Members. Defendant's Counsel and Named Plaintiffs' Counsel shall take no affirmative action to encourage Class Members to exclude themselves from the Settlement Class ("participation").

24

7.8     **_Written Objections to the Settlement._** Any Settlement Class Member may present written objections explaining why the Settlement should not be approved as fair, reasonable, or adequate, or why attorneys' fees, costs, and expenses should not be awarded to Named Plaintiffs' Counsel in the amount or in the manner set forth herein. Written objections must be submitted in accordance with the procedures and requirements set forth in the Class Notice. Objections may not be submitted on behalf of a putative class or subclass of similarly situated Class Members. Defendant's Counsel and Named Plaintiffs' Counsel shall take no affirmative action to encourage Class Members to object to the Settlement.

7.9     **_Appearances at Fairness Hearing._** Any Settlement Class Member may appear at the Fairness Hearing for purposes of supporting or objecting to the Settlement. Any Settlement Class Member who would like to make an appearance at the Fairness Hearing must both make a written objection and Fairness Hearing appearance request in accordance with the procedures and requirements set forth in the Class Notice. Any Settlement Class Member who does not file and serve a written objection, as described in Paragraph 7.8, or make a Fairness Hearing appearance request, as described in this Paragraph 7.9, in a timely fashion and in the appropriate manner, shall be foreclosed from objecting to or seeking review of this Settlement whether by appeal or otherwise. Defendant's Counsel and Named Plaintiffs' Counsel shall take no affirmative action to encourage Settlement Class Members to appear or not appear at the Fairness Hearing.

7.10     **_Final Judgment and Order._** Upon approval of the Settlement by the Court after the Fairness Hearing, Defendant will make a motion (which Plaintiffs will support) for entry of a Final Judgment and Order. This Final Judgment and Order shall, among other things, permanently foreclose and bar all Released Claims (including Claims for additional recovery,

25

penalties, interest, attorneys' fees, costs, and expenses) and all other Claims that any Settlement

Class Members have alleged or could have alleged in connection with this Action.

7.11   ***Retention of Jurisdiction***.  The parties shall request that the Court retain

jurisdiction of this matter for a period not to exceed sixty days after AHS has provided Named

Plaintiffs' Counsel with the notification required under Paragraph 5.2(H)(iv).  The Court may

enter such orders as are necessary or appropriate to effectuate the terms, administration,

purposes, and intent of this Settlement.

7.12   Neither Named Plaintiffs' Counsel nor Defendant's Counsel shall initiate any

action whatsoever that is reasonably designed to affect any Settlement Class Member's decision-

making process regarding whether or not to make a Submission to the Review Desk.

## VIII.   DETERMINATION OF ATTORNEYS' FEES, COSTS, AND EXPENSES

8.1   The parties agree to negotiate the amount of Attorneys' Fees to be awarded to

Named Plaintiffs' Counsel.  If the parties are able to negotiate an agreed-upon amount of

Attorneys' Fees ("Negotiated Attorneys' Fees"), the parties will prepare an amendment to this

Stipulation to confirm their agreement.

8.2   Named Plaintiffs' Counsel may seek an award of Attorneys' Fees only by making

a timely and appropriate application to the Court and obtaining the Court's approval for such an

award as reflected in a signed and dated order entered by the Court.  Any award of Attorneys'

Fees, in any and all amounts, shall be subject to the Court's review and approval.  The parties

recognize that the Court has ultimate authority to approve or disapprove any award of Attorneys'

Fees.  Because this Settlement is for the benefit of the Settlement Class, however, the parties

further agree that any downward adjustment in Attorneys' Fees that may be ordered by the Court

or the amount of Attorneys' Fees ultimately awarded to Named Plaintiffs' Counsel will not be a

basis or reason for terminating the Settlement under any provision hereof.

8.3     If the application to the Court seeking Attorneys' Fees by or on behalf of Plaintiffs or Named Plaintiffs' Counsel requests Attorneys' Fees in an amount less than or equal to the Negotiated Attorneys' Fees, Defendant agrees not to object to such application.

8.4     If the application to the Court seeking Attorneys' Fees by or on behalf of Plaintiffs or Named Plaintiffs' Counsel requests Attorneys' Fees in an amount greater than the Negotiated Attorneys' Fees or if no agreement has been reached regarding Attorneys' Fees, Defendant may, in its sole discretion, object to all or any part of such application in such filings made with the Court as it deems appropriate.

8.5     If the parties are not able to reach agreement on Attorneys' Fees, the parties hereby agree that the Honorable R. David Proctor will make a final non-appealable determination as to the amount of reasonable Attorneys' Fees to be awarded to Named Plaintiffs' Counsel based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* Factors"), or to the extent applicable other binding 11th Circuit precedent.

If Judge Proctor is not willing or able for whatever reason to make such a determination, the parties hereby agree that retired Alabama Supreme Court Justice R. Bernard Harwood, Jr. will make a final non-appealable determination as to the amount of reasonable Attorneys' Fees to be awarded to Named Plaintiffs' Counsel based on the *Johnson* Factors, or to the extent applicable other binding 11th Circuit precedent.

If Justice Harwood is not available for a period of at least 45 days following notification from Judge Proctor that he is not willing or able to make this determination, the parties agree to meet and confer in good faith to select a mutually agreeable individual who would most closely approximate the approach of Judge Proctor in setting reasonable Attorneys' Fees to make a final

27

non-appealable determination as to the amount of reasonable Attorneys' Fees to be awarded to

Named Plaintiffs' Counsel based on the *Johnson* Factors, or to the extent applicable other

binding 11th Circuit precedent. If the parties cannot agree on such a person, Mr. Martin Van

Tassel will select three neutrals whom he believes would most closely approximate the approach

of Judge Proctor in setting reasonable Attorneys' Fees. Named Plaintiffs' Counsel shall strike

one of the neutrals selected by Mr. Van Tassel. The Defendant then shall strike one of the

neutrals selected by Mr. Van Tassel. The neutral that is not stricken by either party will make a

final non-appealable determination as to the amount of reasonable Attorneys' Fees to be awarded

to Named Plaintiffs' Counsel based on the *Johnson* Factors, or to the extent applicable other

binding 11th Circuit precedent.

     8.6     No later than thirty (30) Business Days after the Effective Date or such longer

time as ordered by the Court, Defendant shall deposit by wire transfer the sum of any Attorneys'

Fees payable by Defendant that was approved by the Court as reflected in the Final Judgment

and Order (as modified, if at all, on appeal or remand following an appeal) as full and complete

payment for any and all services that have been or will be rendered, and costs and expenses

incurred, by Named Plaintiffs' Counsel in connection with this Action and the Settlement. This

wire transfer will be made into a segregated, identified interest bearing money market or similar

account (the "Escrow Account") under the control of First Tennessee Bank, or such other agent

mutually agreed upon by counsel for the parties (the "Escrow Agent"), to be held by it and

disbursed pursuant to the terms hereof.

     8.7     No later than thirty (30) Business Days after the Effective Date or such longer

time as ordered by the Court, Defendant shall send the Named Plaintiffs' Payment by wire

transfer to Named Plaintiffs' Counsel. Named Plaintiffs' Counsel shall be responsible for

ensuring that each Named Plaintiff receives the appropriate allocation of the Named Plaintiffs' Payment. Defendant will have no obligation, liability, or responsibility whatsoever (i) for any taxes or other charges relating to the Named Plaintiffs' Payment, or (ii) to ensure that the funds are allocated among the Named Plaintiffs fairly, correctly, or appropriately.

8.8     The Attorneys' Fees and the Named Plaintiffs' Payment, together with any payments made to a Settlement Class Member under Paragraphs 5.2(K), 5.2(R), and 5.2(S) shall be the sole, aggregate, maximum, and gross amount Defendant or any Released Party will owe or pay to Named Plaintiffs, the Class, and Named Plaintiffs' Counsel for any Attorneys' Fees and/or any other amounts of any kind whatever incurred in connection with this Action, or for any other reason related to this Action. Named Plaintiffs' Counsel shall reimburse Defendant for any such taxes or charges that Defendant is required to pay on Named Plaintiffs' Counsel's behalf. A Settlement Class Member shall reimburse Defendant for any such taxes or charges that Defendant is required to pay on the Settlement Class Member's behalf.

## IX.     PAYMENT METHOD AND INSTRUCTIONS

9.1     Before the Effective Date, Named Plaintiffs' Counsel will transmit wiring instructions to the Escrow Agent for the payment of Attorneys' Fees from the Escrow Account to Named Plaintiffs' Counsel, and to Defendant for payment of the Named Plaintiffs' Payment to Named Plaintiffs' Counsel.

9.2     Once Named Plaintiffs' Counsel's wiring instructions have been received by the Escrow Agent, the Escrow Agent may cause funds on deposit in the Escrow Account to be reduced and paid out in accordance with this Paragraph 9.2.

A.     Funds may be paid out of the Escrow Account for the benefit of Named Plaintiffs' Counsel only upon a payment instruction from Named Plaintiffs' Counsel,

29

addressed to the Escrow Agent with copies to Defendant, that is in accordance with the Final Judgment and Order, or as otherwise directed by the Court.

        B.      The Escrow Agent shall make no payment pursuant to a payment instruction from Named Plaintiffs' Counsel unless at least three (3) Business Days have elapsed since the receipt of the instruction and Defendant has interposed no objection to the payment. In the event of an objection, the dispute between the parties shall be resolved by the Escrow Agent, with the involvement of the Court as necessary.

        C.      Any accrued interest or funds remaining in the Escrow Account after a payment instruction from Named Plaintiffs' Counsel has been executed will be paid out of the Escrow Account, after deduction of the costs of the Escrow Agent, to Defendant for its benefit.

9.3     Named Plaintiffs' Counsel shall be responsible for ensuring that Named Plaintiffs' Counsel receives the appropriate allocation of the funds in the Escrow Account. Defendant will have no obligation, liability, or responsibility whatsoever (i) for any taxes or other charges relating to money paid out of the Escrow Account, or (ii) to ensure that the funds are allocated among Named Plaintiffs' Counsel fairly, correctly, or appropriately. To the extent any attorney or firm serving as Named Plaintiffs' counsel or otherwise contests their or its portion of the total award for Attorneys' Fees provided for hereby or approved by the Court, such attorney or firm must look solely to Named Plaintiffs' Counsel, and not to Defendant, for their remedy. Under no circumstances will Defendant have any obligation whatsoever arising from this Action to any attorney or firm serving as Named Plaintiffs' Counsel or otherwise representing Class Members other than the express obligations set forth herein.

9.4    Should the Agreement be terminated, the Escrow Account shall be closed and its funds (including any interest remaining in the Escrow Account after deduction of any costs of the Escrow Agent) disbursed to the Defendant, as directed by Defendant, without any further order of the Court or any countersignature by anyone other than the Escrow Agent.

9.5    Not later than thirty (30) days following the final closing of the Escrow Account, the Escrow Agent shall file with the Court a statement disclosing the distribution of funds from the Escrow Account.

9.6    Upon disbursement of all funds in the Escrow Account upon any termination of the Agreement, the Escrow Agent shall be released and relieved of all liabilities and obligations, if any, arising out of or relating to the administration of the Escrow Account and any such liabilities and obligations shall become the liabilities of Defendant.

## X.    RELEASE, COVENANT NOT TO SUE, DISMISSAL OF CLAIMS, AND STANDSTILL

10.1    Except as provided in Paragraphs 5.2(P) and 5.2(Q), Named Plaintiffs covenant and agree, and the entire Settlement Class will be deemed to have covenanted and agreed, that Named Plaintiffs and all Settlement Class Members will, by operation of the Final Judgment and Order and as of the Effective Date, have fully, unconditionally, irrevocably, and completely released, waived, relinquished, and forever discharged all of the Released Parties from any and all Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices;

31

and (ii) AHS's policies, procedures and/or practices respecting: the timing or promptness of

responding to customer problems and situations, including expediting such responses; the

diagnosis of customer problems and situations; authorizing repairs or replacements in response to

customer requests; choosing between offering repairs and offering replacements; offering or

requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in

their entirety); applying contract limitations and exclusions; applying business rules for

emergencies; responding to customer inquiries or escalating the attention given to such inquiries;

or otherwise making decisions regarding either the application of the terms and conditions of

Home Service Contracts, or the authorization of repair and replacement services pursuant to

Home Service Contracts.

  10.2 Except as provided in Paragraphs 5.2(P) and 5.2(Q), Named Plaintiffs covenant

and agree, and the entire Settlement Class will be deemed to have covenanted and agreed, that

Named Plaintiffs and all Settlement Class Members will, by operation of the Final Judgment and

Order and as of the Effective Date, have fully, unconditionally, irrevocably, and completely

released, waived, relinquished, and forever discharged all of the Released Parties from any and

all Claims, including for damages based on theories of breach of express contract, breach of

implied contract, reformation or rescission of contract, restitution, repayment, breach of

warranty, fraud, misrepresentation, concealment, failure to disclose, fraudulent

misrepresentation, negligent misrepresentation, bad faith failure to pay claims, breach of

covenant of good faith and fair dealing, breach of local, state, or federal consumer protection

laws or regulations (including Section 1750 and associated provisions of the California Civil

Code, Sections 17200, 17500, and associated provisions of the California Business and

Profession Code, Section 8-19-1 and associated provisions of the Alabama Deceptive Trade

Practices Act, and other similar provisions of the laws of California, Alabama, and of any other state), or any other legal theory whatsoever, based on events occurring during the Class Period and allegedly caused by AHS's generalized policies, procedures, and/or practices as described in Paragraph 10.1 and as are alleged in, or reasonably related to those alleged in, the Action; provided, however, that the release contained in this Paragraph shall not encompass any AHS customer's breach of Home Service Contract claim that is individualized and does not depend on any allegation of generalized AHS policies, procedures, practices, or any other reasonably disputed allegation of fact that applies in common across any subset of the Class or the Class as a whole.

10.3    Named Plaintiffs covenant and agree, and the Settlement Class will be deemed to have covenanted and agreed, that Named Plaintiffs and each Settlement Class Member will, by operation of the Final Judgment and Order as of the Effective Date, have covenanted not to file or participate (whether individually, as a putative or actual class member, or otherwise) in any Suit with respect to any Released Party arising from or related to any Claims asserting AHS's generalized policies, procedures, and/or practices as described in Paragraph 10.1 and as are alleged in, or reasonably related to those alleged in, the Action, that arise after the Effective Date (the "Standstill Claims") for a period of twenty-four (24) months beginning on the Effective Date (the "Standstill Period"), except that nothing herein shall be construed as limiting the rights of the Named Plaintiffs and the Settlement Class to (i) enforce this Agreement pursuant to Paragraph 11.1, (ii) file a Suit pursuant to Paragraphs 5.2(P) , or (iii) file a Post-Submission Suit pursuant to Paragraphs 5.2(Q) and 5.2(R). Any statute of limitations or repose applicable to the Standstill Claims shall be tolled during the Standstill Period. However, nothing in this Agreement revives, extends, or tolls any Claims, if any, that the Named Plaintiffs or the

33

Settlement Class had or may have had against the Defendant but that were barred or precluded from being asserted by the Named Plaintiffs or the Settlement Class by statute or otherwise as of the Effective Date.

10.4    In consideration of the benefits described herein, Named Plaintiffs agree, and each Settlement Class Member shall be deemed to have agreed, to the dismissal with prejudice of this Action.

10.5    Nothing in this Agreement is intended to, or will operate to, release or compromise in any way any claims that have been brought, or may in the future be brought through amendments to pleadings filed by any State, insofar as such claims seek statutory penalties, civil fines, or other relief sought on behalf of and payable exclusively to and for the benefit of the State or any officer acting exclusively in an official capacity or political subdivision thereof.

## XI.    ENFORCEMENT AND TERMINATION

11.1    Upon any alleged material breach by Defendant of its obligations hereunder, Class Members may, after giving Defendant reasonably specific notice of the alleged material breach, and allowing a period no less than forty-five (45) days for Defendant to correct the alleged breach, seek an order from the Court finding that Defendant is in material breach of its commitments hereunder.  In the event the Court makes a finding of material breach, the Court shall direct Defendant to come into compliance with this Agreement within forty-five (45) days or such other period of time that the Court deems appropriate.  In seeking such an order from the Court, Class Members must not oppose any Defendant request to be allowed a fair opportunity to present evidence and argument to the Court.

11.2    On a quarterly basis beginning six months after the opening of the Review Desk and ending with AHS's provision of the notification to Named Plaintiffs' Counsel required under

34

Paragraph 5.2(H)(iv), AHS shall provide to Named Plaintiffs' Counsel a confidential claims summary of activity of the Review Desk, breaking out the number of Submissions by type of appliance or system, the amount claimed (if any), and the relief offered. A separate breakout will be provided as to heating and air conditioning claims that were denied outright solely for lack of maintenance during the first year of the contract.

11.3    Defendant will have the option to terminate this Settlement, in its sole discretion, if the number of requests for exclusion from the Settlement exceeds five percent (5%) of the total number of persons in the Class. Defendant will have thirty (30) days from its receipt of the final Opt-Out List in which to exercise, in its sole discretion, this right to terminate. In addition, this Agreement may also be terminated by Defendant, in its sole discretion, in the event that any of the following occur: (i) a motion seeking preliminary approval or final approval of this Settlement is denied or is granted but later reversed on appeal; or (ii) the entry of the Final Judgment and Order is reversed on appeal; or (iii) the Court modifies this Agreement or fails to enforce any provision hereof, except as expressly provided below. Notwithstanding the foregoing, any downward modification of the Final Judgment and Order either by the Court or on appeal regarding the amount of Attorneys' Fees to be awarded to Named Plaintiffs' Counsel shall not give Defendant, Named Plaintiffs, Class Members, or Named Plaintiffs' Counsel the option to terminate this Agreement. Any termination pursuant to this Paragraph shall be accomplished by filing with the Court a notice of termination, which shall be served on Named Plaintiffs' Counsel. Upon the filing of such a termination notice, this Settlement and Agreement shall be deemed to be terminated.

11.4    Notwithstanding any termination of this Agreement, Paragraphs 4.2, 4.3, 6.2, 6.3, 11.4, 12.4, 12.7, 12.12, 12.17, 12.19, 12.20, 12.21, 12.22, 12.23, and 12.24 (and the defined

terms used therein) shall remain in full force and effect.  In the event this Settlement is terminated before the Effective Date for any reason, all other provisions of this Agreement, and the Settlement itself, shall be deemed null and void *ab initio* and without force or effect.  In such event, this Agreement shall not be offered in evidence or used in this or any other Suit for any purpose including the existence, suitability for certification, or maintenance of any purported class.  In such event, this Agreement and all negotiations, statements, proceedings, and documents prepared in connection herewith (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to the Defendant for any purpose whatsoever in any Suit.  In the event of such termination, all parties to this Action shall stand in the same position as if this Agreement had not been negotiated, signed, or filed with the Court, except as expressly provided in this Paragraph.

11.5    The Named Plaintiffs on behalf of themselves and each Class Member covenant and agree that if any Claims are filed against any Released Party that violate any injunction, including enjoining Settlement Class Members from asserting any Released Claims against any Released Parties that the Named Plaintiffs and Defendant will request as part of the Preliminary Approval Order and the Final Judgment and Order, the Released Party shall be entitled to reimbursement from the party asserting such Claim of any reasonable attorneys' fees, expenses or costs actually incurred in seeking and obtaining the enforcement of such injunction as against such Claim; provided, however, that the Released Party shall be entitled to reimbursement under this Paragraph 11.5 only if it provides notice by direct mail to the party asserting such Claim, if not represented by counsel, or its counsel, if so represented, of (a) the injunction and (b) the

36

potential for reimbursement of reasonable attorneys' fees, expenses or costs actually incurred, and such Claim is not dismissed or withdrawn within 30 days of service of such notice.

## XII.   MISCELLANEOUS PROVISIONS

12.1   *Entire Agreement.* This Agreement, including all Exhibits attached hereto and hereby incorporated by reference, shall supersede any previous agreements or understandings between the parties with respect to this Action. This Agreement is the entire agreement of the parties with respect to this Action and may not be changed, modified, or amended except as expressly set forth in Paragraph 12.2.

12.2   *Modification By Writing Only.* This Agreement may be amended or modified only by a written instrument, signed by both Named Plaintiffs' Counsel and Defendant's Counsel. Each party will promptly consider and respond to any other party's written request to modify the Settlement or this Agreement. The Agreement, as modified or amended under this Paragraph 12.2, is subject to Court approval before the Effective Date.

12.3   *Recommendation to Plaintiffs.* Named Plaintiffs' Counsel shall recommend the Settlement to Named Plaintiffs and the members of the Class, and shall use their best efforts to obtain their approval of, support for, and participation in this Settlement.

12.4   *Expenses.* Except as otherwise expressly set forth herein, each party hereto will pay all costs and expenses incident to its negotiation and preparation hereof and to its performance and compliance with all agreements and conditions contained herein on its part to be performed or complied with, including the fees, expenses and disbursements of its counsel, independent public accountants, and other advisors, whether or not the Final Judgment and Order shall have been entered by the Court. Nothing herein shall require Defendant or any Released Party to pay out or expend any monies other than as expressly provided herein.

12.5    ***Invalidity or Unenforceability of Provisions.***  In the event that any one or more of the provisions contained herein shall for any reason be held in whole or in part to be invalid or unenforceable in any respect by any federal, state, administrative, judicial, arbitral, or other forum, bar association, or committee of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof if the parties hereto agree in writing to proceed as if such invalid or unenforceable provision had never been included herein.  Absent such agreement, this Agreement shall be deemed terminated.

12.6    ***Amount Paid Not a Penalty.***  No consideration or amount or sum paid, credited, offered, or expended by Defendant in the performance hereof constitutes a penalty, fine, punitive damages, or other form of penalty for any alleged Claim or offense.

12.7    ***Agreement Mutually Prepared; Construction.***  This Agreement shall be deemed to have been mutually prepared by the parties and shall not be construed against any one of them by reason of authorship.  Accordingly, no party hereto shall be considered to be the drafter of any of its provisions for the purpose of any statutes, case law, or rule of interpretation or construction that might otherwise cause any provision or paragraph hereof to be construed against its purported drafter.  Otherwise, this Agreement shall be construed in accordance with the four corners of the agreement and otherwise in accordance with the contract construction rules applicable to contracts made within the State of Alabama.  References in this Agreement to: (1) "herein," "hereto," "herewith" and "hereunder" shall refer to this Agreement as a whole; (2) any paragraph or section shall be to a paragraph or section hereof, unless otherwise specified; (3) Exhibits shall refer to Exhibits attached hereto; and (4) "including" shall be deemed to be immediately followed by "without limitation."  The preamble is hereby incorporated herein by reference.

12.8   ***Counterparts.***  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  For purposes hereof, a facsimile signature shall be deemed an original.

12.9   ***Binding Effect.***  This Agreement shall be binding upon and inure to the benefit of the parties, the Defendant, the Named Plaintiffs, the Class Members, and their representatives, heirs, successors, and assigns.  The parties expressly agree that the terms hereof, including all promises and covenants stated herein, are contractual and shall survive the execution hereof and entry of the Final Judgment and Order and shall continue in full force and effect thereafter in accordance with their terms.

12.10   ***Headings.***  The headings and subheadings (if applicable) hereof are included for convenience only and shall not be deemed to constitute part hereof or to affect its construction.

12.11   ***Waiver.***  Any party may waive rights belonging to it hereunder or defaults or breaches hereof committed by the opposing party.  No waiver by any party of any provision hereof or any default or breach hereunder, whether intentional or not, shall be valid, however, unless the same shall be in writing and signed by the party making such waiver.  Nor shall such waiver be deemed to extend to any prior or subsequent default or breach hereunder or affect in any way any rights arising by virtue of any prior or subsequent such default or breach.

12.12   ***Full Authority.***  All counsel executing this Agreement or any related documents warrant and represent that they have full authority to do so and that they have the authority to make binding commitments in regards to the actions required or permitted to be taken hereunder in order to effectuate its terms.

12.13   ***Receipt of Advice of Counsel.***  The parties acknowledge, agree, and specifically warrant to each other that they have fully read this Agreement, received independent legal, tax,

and financial advice with respect to the advisability of entering into it and with respect to the legal effect hereof. The parties further acknowledge, agree, and specifically warrant that they fully understand the legal effect hereof.

12.14 *Opportunity to Investigate.* The parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to make whatever investigation and inquiries are deemed necessary or desirable in connection with the subject matter of the Settlement and the advisability of entering into this Agreement. The parties further agree that Named Plaintiffs' Counsel have sufficient information to date, through discovery or otherwise, to allow them to determine that the Settlement is in the best interests of the Class, and no further information, through discovery or otherwise, is necessary or will be sought in connection with the Settlement.

12.15 *Good Faith Settlement.* The parties acknowledge, agree, and specifically warrant to each other that they are entering into this Agreement freely, without duress, in good faith, and at arms length. The benefits, procedures and offers set forth in this Agreement constitute the entire consideration provided to the Class under this Agreement and are agreed by all parties to constitute fair, reasonable and adequate consideration for the Releases and the other agreements and obligations of the Class reflected in this Agreement. Neither Defendant nor any of the Released Parties shall have any obligations to any Class Members in respect of the Released Claims, except as expressly provided for in this Agreement.

12.16 *Unknown Claims.* The parties acknowledge, agree, and specifically warrant to each other that they are familiar with California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Being aware of California Civil Code Section 1542, all parties releasing Claims hereby expressly waive any and all rights they may have under this law and under any other federal or state law of similar effect with respect to the matters released herein.

12.17 **_Notices._**  Unless otherwise provided herein, any notice, request, waiver, instruction, application for Court approval, or application for Court order sought in connection herewith or other document to be given by any party or to the other party shall be in writing and delivered personally or sent by registered or certified mail, postage pre-paid, with copies by facsimile to the attention of Named Plaintiffs' Counsel or Defendant's Counsel (as well as to any other recipients that a court may specify), or if applicable via use of the e-filing and e-service system for the United States District Court for the Northern District of Alabama.  As of the date hereof, the respective representatives are as follows:

|  |  |
|---|---|
| For Defendant: | **John E. Goodman** |
|  | BRADLEY ARANT BOULT |
|  | CUMMINGS LLP |
|  | 1819 Fifth Avenue North |
|  | Birmingham, AL 35203 |
|  | Telephone: (205) 521-8000 |
|  | Facsimile:  (205) 521-8800 |
|  |  |
| For Plaintiffs: | **D. Frank Davis** |
|  | Davis & Norris LLP |
|  | 2154 Highland Avenue South |
|  | Birmingham, AL 35205 |
|  | Telephone:  (205) **930-9900** |
|  | Facsimile:  (205) 930-9989 |

12.18 **_Extensions of Time._**  The parties may agree, subject to the approval of a court where required, to reasonable extensions of time to carry out the provisions hereof.

41

12.19  *No Beneficiaries.*  No portion hereof shall provide any rights to, or be enforceable by, any Person other than Named Plaintiffs, the Class Members, Named Plaintiffs' Counsel, or the Released Parties. No third party beneficiaries are created or intended to be created hereby. No Class Member may assign or otherwise convey any right to enforce any provisions hereof.

12.20  *Preservation of Privilege.*  Nothing contained herein or in any order of a court, and no act required to be performed pursuant hereto or any order of a court, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege.

12.21  *No Public Announcement.*  Except as expressly provided in this Paragraph 12.21, none of the Named Plaintiffs, Named Plaintiffs' Counsel, or Defendant shall, without prior written approval, make any press release or other public announcement concerning this Agreement, except as and to the extent that any such party shall be so obligated by law, in which case the other party shall be advised and the parties shall use their reasonable efforts to cause a mutually agreeable release or announcement to be issued; provided, however, that the foregoing shall not apply to communications or disclosures necessary for a party to meet its obligations hereunder or to comply with the accounting and/or the Securities and Exchange Commission disclosure provisions or the rules of any stock exchange. This Paragraph does not prohibit Named Plaintiffs' Counsel from disclosing on its website, starting not sooner than the end of the Submission Period , that  Named Plaintiffs' Counsel successfully settled a nationwide class action against a national  service contract company involving more than one hundred thousand consumers, provided that  Named Plaintiffs' Counsel may not  state  or provide information sufficient to identify the name of any Released Party in such disclosure.

42

12.22   *Confidentiality and Return of Documents.*   With respect to all information and documents obtained by, through, or from Defendant, through formal and informal discovery, Named Plaintiffs' Counsel and Named Plaintiffs represent that they have not shared such information with any individuals or third parties, other than the Named Plaintiffs, their own legal and support staff and retained experts, and mediator Martin Van Tassel. This Agreement shall remain confidential until the motion for preliminary approval of this Settlement is presented pursuant to Paragraph 7.3, at which point the fact and terms of this Agreement shall become a matter of public record. All information related to this Action including that reflected in Named Plaintiffs' Counsel's files shall be maintained in the strictest confidence to be used only in carrying out the express terms hereof. Within forty-five (45) days of the Effective Date, the Named Plaintiffs and Named Plaintiffs' Counsel will return to Defendant any and all documents, data, and other materials provided by Defendant in their files, including all copies thereof. Upon satisfaction of this duty and responsibility, Named Plaintiffs' Counsel will certify in writing that all such data, documents, and materials, and all copies thereof, have been returned. This Paragraph shall not operate to prohibit: (1) disclosures by Named Plaintiffs and/or Named Plaintiffs' Counsel that, after reasonable notice to Defendant, are legally required to respond to legal processes or requests from government agencies, nor of any legally required disclosure not specified herein; (2) disclosures to the Named Plaintiffs' and Named Plaintiffs' Counsel's fiduciaries, insurers, personal attorneys, or financial representatives, provided an express agreement to maintain the confidentiality of such information is in place and being adhered to; and (3) Named Plaintiffs' Counsel from filing all documents necessary to obtain approval and confirmation of the Settlement and/or to enforce the Settlement as provided herein. The

confidential claims summary of activity of the Review Desk shall be considered AHS confidential information.

12.23 ***Confidentiality of AHS Proprietary Information.*** Information regarding the identity, including without limitation the names, addresses, telephone numbers, and email addresses, of Class Members (the "Compilation of Class Members") is and shall remain at all times confidential, proprietary information and trade secrets of AHS. Notwithstanding anything herein to the contrary, AHS has no obligations to provide the Compilation of Class Members to Named Plaintiffs' Counsel, the Court, or any other third-party, except that AHS may provide to the Court in connection with the Fairness Hearing a list of the Class Members who validly excluded themselves from this Settlement pursuant to Paragraph 7.7.

12.24 ***Governing Law.*** This Agreement shall be governed by and construed in accordance with the domestic laws of the State of Alabama without giving effect to any choice or conflict of law provision or rule (whether of the State of Alabama or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Alabama.

12.25 ***Defamation.*** The Named Plaintiffs and Named Plaintiffs' Counsel agree that they (i) will not make any false statements of fact in any way concerning the Released Parties; and (ii) will not make any statements to third Persons that could constitute slander, libel, or which would have a tendency to subject to ridicule or disparagement the Released Parties, their affiliates, their business operations, or their officers, directors, or employees.

12.26 ***Enforcement of Home Service Contracts.*** Nothing in this Settlement shall constitute a waiver of Defendant's right to enforce its Home Service Contracts fully outside the Review Desk process, including situations in which a Settlement Class Member rejects Defendant's Review Desk response, except for a Settlement Class Member's claim for prevailing

party attorneys' fees under Paragraph 5.2(R) or additional lump sum relief offered under

Paragraph 5.2(S).

Confidential Settlement Communication – Privileged Pursuant to FRE 408

IN WITNESS WHEREOF, Plaintiffs and Defendant have executed this Stipulation of

Settlement on this __6th__ day of October, 2009.


D. Frank Davis

On behalf of the Named Plaintiffs,
the Class, and
Davis & Norris LLP


John E. Goodman

On behalf of Defendant
American Home Shield Corporation



_____
Laura Faught

_____
Steven Faught



AMERICAN HOME SHIELD CORPORATION


By: _____


Its: _____

46

# EXHIBIT A

## EXHIBIT A

For purposes of this Settlement only, and without waiver of AHS's right to enforce its contract fully outside the Review Desk process, including in situations in which the customer rejects AHS's Review Desk response, AHS personnel manning the Review Desk shall be instructed as set forth as follows:

Prior denials (in whole or in part) of claims relating to a failure of a covered heating or air conditioning system during the first year of a customer's contract with AHS shall be overturned if such claims were denied outright solely because of lack of annual maintenance (i.e., maintenance that the manufacturer recommends be done annually), *provided however*, that AHS shall retain the discretion to consider any relevant factor to determine the type or amount of relief to be offered to the customer in the event of such overturning; *provided further* that AHS may consider other relevant factors under the contract in deciding whether or not to overturn a denied claim, including evidence (of any type) of lack of maintenance in any time period which, in AHS's good faith judgment, is such as to rise to the level of abuse by cumulative neglect. For purposes of the Review Desk only, "abuse by cumulative neglect" shall mean neglect of ordinary care (including, if applicable, maintenance) by the current or former homeowner (or combination of former homeowners) of sufficient gravity and over a substantial period of time such that it actually caused the breakdown of the item. Except to the extent as otherwise may be provided in this paragraph, AHS may also consider any and all contractual exclusions to make a determination as to whether the claim should remain denied, or whether the denied claim should be overturned, and, if so, the amount or type of relief to be offered to the customer under the Review Desk procedure.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     CASE NO. |
| | )     CV-07-1928-S |
| AMERICAN HOME SHIELD | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF CLASS ACTION AND SETTLEMENT

TO:    All persons in the United States who purchased or were issued any Home Service Contract by American Home Shield or any of its affiliates between July 24, 2001 and _____, 2009.

This Notice is given to inform potential Class Members of a proposed class action settlement. If you have or had a Home Service Contract with American Home Shield or any of its affiliates, and if you had or have a claim with respect to such Contract, you may be a Class Member and your rights may be affected. This Notice is not an expression of any opinion by the Court of the merits of the claims or defenses in the case or in the ultimate fairness of the settlement.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**
**YOU MAY BE ENTITLED TO CERTAIN BENEFITS.**

If you are a Class Member and you do not file a timely request to be excluded from participation in the proposed Settlement ("Exclusion Request"), and the Court grants final approval of the proposed Settlement, you then will be deemed a "Settlement Class Member." If the Stipulation of Settlement (the "Agreement") becomes effective, Settlement Class Members will be given certain rights in exchange for giving up certain claims, as described more fully below. **(AHS has vigorously denied and continues to deny any wrongdoing.)** If you file an Exclusion Request in a timely manner, the terms of the Settlement will not bind you, but you will not receive any benefits under it.

**If you are a Class Member and the Court approves the Settlement Agreement, you will be entitled to participate, unless you choose to file a timely request to be excluded from participation.**

## I.    FAIRNESS HEARING

1

Notice is hereby given that a hearing will be held at _____ on _____, 2009, before the Honorable R. David Proctor, in Courtroom 7A of the United States District Court for the Northern District of Alabama, located at 1729 Fifth Avenue North, Birmingham, Alabama 35203. The purpose of the hearing ("Fairness Hearing") will be to determine: (i) whether the proposed settlement of claims against Defendant as set forth in the Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (ii) whether a Judgment should be entered approving the Agreement and dismissing the lawsuit against Defendant.

This Notice contains a summary of the terms of the Agreement between the Class Representatives and Defendant. All terms not defined in this Notice will have the meaning given to them in the Agreement. For a more detailed statement of the matters involved in this lawsuit and the Agreement, you are referred to the sources listed in Section VII of this Notice.

## II.    CLASS CERTIFICATION DETERMINATION

The parties have agreed to the certification of a class for settlement purposes only and the Court has entered an order preliminarily certifying a settlement class. The Class is defined as:

> All persons in the United States who purchased or were issued any Home Service Contract by American Home Shield or any of its affiliates between July 24, 2001 and _____, 2009. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, directors and employees; any judge who has, or may in the future have, jurisdiction over this matter (including any member of his or her family); and any mediator or arbitrator who has served, or may in the future serve, in connection with this matter (including any member of his or her family).

In its preliminary approval order, the Court named Plaintiffs Laura and Steven Faught as the representatives of the class (the "Class Representatives" or "Named Plaintiffs"). The Court has also named the following attorneys as Named Plaintiffs' Counsel:

D. Frank Davis
John E. Norris
Davis & Norris LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Phone: (205) [xxx-xxxx]
Email: [xxxxxxx.com]

The Court has not ruled on the merits of the claims against AHS or AHS's defenses to those claims, nor has the Court made a final determination of the matters to be considered at the fairness hearing.

## III.   BACKGROUND OF CLAIMS AND RESPECTIVE VIEWS OF LITIGATION

2

Defendant American Home Shield Corporation is engaged in the business of selling, issuing and administering certain consumer service contracts, commonly known as residential service contracts, home protection contracts, home service contracts and/or home warranty contracts, throughout the United States.

The lawsuit styled *Laura Faught and Steven Faught v. American Home Shield Corporation*, Case No. CV 07-P-1928-S (United States District Court for the Northern District of Alabama, Southern Division) was filed on October 22, 2007. The complaint in the Action alleges that American Home Shield engaged in a pattern and practice of failing to fulfill its contractual obligations to its customers, including by declining generally to provide repair and replacement service to which its customers were entitled, and by improperly denying claims in the first year of customers' home service contracts for lack of maintenance. Defendant has vigorously denied and continues to deny all liability with respect to any and all facts or claims alleged in the Action.

Substantial arm's length settlement negotiations have taken place among Named Plaintiff's Counsel and counsel for Defendant. These negotiations, during which all parties vigorously maintained their respective positions on the merits of the suit, resulted in the Settlement Agreement.

Named Plaintiffs and Named Plaintiffs' Counsel have concluded that the proposed settlement is fair, reasonable and adequate, and that it is in the best interests of the Class Members. Defendant has concluded that, while it continues to deny all liability of any kind, it is desirable to enter into the Settlement Agreement in order to settle the claims at issue and to avoid potential risk and further costs and delays, including the costs of litigation and attorneys' fees.

## IV.    DESCRIPTION OF THE PROPOSED SETTLEMENT

The complete terms and conditions of the proposed settlement are contained in the Settlement Agreement. The parties' obligations under the Settlement Agreement do not become effective until final judicial approval, including the exhaustion of any appeals (the "Effective Date"). Defendant has agreed to incur and bear certain reasonable costs involved in implementing the Settlement, including the costs of distributing this Notice to Class Members.

### (a) Defendant's Obligations Under the Settlement Agreement

Defendant shall make available to all Settlement Class Members the following benefits (the "Class Benefits"), as provided in the Settlement Agreement:

### 1.  Claims Review Desk

AHS will make available to Settlement Class Members the opportunity to have AHS review any claim that was previously denied during the Class Period – that is, a prior request for service, between July 24, 2001 and _____, on an item covered under his/her Home Service Contract, where repair or replacement services were denied, in whole or in part, or where the Settlement Class Member deemed inadequate a cash payment they received in lieu of repair or

replacement services. A Settlement Class Member who wishes to submit a Denied Claim to the AHS Review Desk must fill out a Submittal Form, which can be obtained by contacting AHS at [1-800-xxx-xxxx], logging onto [www._____.com], or sending a written request to [mailing address].

Settlement Class Members must sign, date and fully and properly complete the Submittal Form, in accordance with its terms.

AHS may seek confirmation of the Settlement Class Member's out-of-pocket repair or replacement expenses by directly contacting any vendor providing relevant services or equipment to the Settlement Class Member. In addition, by making a Submission to the Review Desk, the Settlement Class Member shall be deemed to represent that a Submission is being made in good faith and authorize AHS to contact the Settlement Class Member, notwithstanding any "do not call" or similar laws that might otherwise limit AHS's ability to initiate unsolicited contacts with former customers.

AHS will send Settlement Class Members notification by postcard, not later than 20 days after the Effective Date, of the date that the Review Desk will be opened and of the deadline for making Submissions to the Review Desk. AHS will not be obligated to review Submissions that are submitted after the deadline.

If AHS determines additional contractual benefits are appropriate based on its consideration of a Submission, AHS at its sole option will offer the Settlement Class Member one of the following:

-   In cases where the breakdown at issue in the relevant Denied Claim has not already been resolved, either (a) cash reasonably calculated to be equal to the Settlement Class Member's estimated out-of-pocket costs for the repair or replacement services determined by AHS to be covered under the terms of the Settlement Class Member's applicable Home Service Contract, or (b) provision of those same services by AHS;

-   In cases where the breakdown at issue in the relevant Denied Claim has already been resolved, either (a) cash equal to the actual out-of-pocket costs for the repair or replacement services determined by AHS to be covered under the terms of the Settlement Class Member's applicable Home Service Contract, as established and documented by bona fide receipts for such costs provided to the Review Desk; or (b) if no such receipts are provided, then AHS's wholesale cost of such repair or replacement as reasonably determined to apply at the time of the Denied Claim;

-   Waiver of the contract fee, or a discount, for an AHS contract, if offered by AHS and accepted by the Settlement Class Member; or

-   Any other compensation offered by AHS and accepted by the Settlement Class Member.

The time for resolving claims by the Review Desk will depend on a number of factors, including the number of Submissions received. AHS will use full time customer service associates with at least three (3) years of experience who will be trained to handle Submissions until substantially all Submissions have been processed (that is, either an offer for additional benefits has been made by AHS or the claim has been denied by AHS). If AHS has not responded to a Settlement Class Member's Submission within ninety (90) days of the date it was made, AHS will provide a brief written or e-mail update to the Settlement Class Member that will include the current status of the Review Desk's review of his/her Submission and an estimated timeframe of when AHS expects a decision to be made on the Submission. If AHS determines based on its consideration of a Submission that additional contractual benefits are not appropriate, AHS will provide a written or e-mail explanation to the Settlement Class Member making the Submission of the reason(s) relied upon by AHS in making such a determination. Each Settlement Class Member retains the right to respond to AHS in writing regarding the denial of additional contractual benefits as to his/her claim specified in his or her Submission (the "Settlement Class Member Response"). If AHS determines based on its consideration of the Settlement Class Member Response that additional contractual benefits are not appropriate, AHS will provide a written or e-mail explanation to the Settlement Class Member of the reason(s) relied upon by AHS in making such a determination.

No later than twenty-four (24) months after the Effective Date, AHS will, as to every Submission, have either denied such Submission or will have made an offer to the Settlement Class Member for additional contractual benefits. AHS shall notify Named Plaintiffs' Counsel promptly after AHS has made such a denial or offer as to the last timely Submission it considers. On a quarterly basis beginning six months after the opening of the Review Desk and ending with the notification by AHS described in the immediately preceding sentence, AHS shall provide to Named Plaintiffs' Counsel a confidential claims summary of activity of the Review Desk, breaking out the number of Submissions by type of appliance or system, the amount claimed (if any), and the relief offered. A separate breakout will be provided as to heating and air conditioning claims that were denied outright solely for lack of maintenance during the first year of the contract.

For purposes of this settlement only, AHS personnel manning the Review Desk shall be instructed as follows:

> Prior denials (in whole or in part) of claims relating to a failure of a covered heating or air conditioning system during the first year of a customer's contract with AHS shall be overturned if such claims were denied outright solely because of lack of annual maintenance (i.e., maintenance that the manufacturer recommends be done annually), *provided however*, that AHS shall retain the discretion to consider any relevant factor to determine the type or amount of relief to be offered to the customer in the event of such overturning; *provided further* that AHS may consider other relevant factors under the contract in deciding whether or not to overturn a denied claim, including evidence (of any type) of

lack of maintenance in any time period which, in AHS's good faith judgment, is such as to rise to the level of abuse by cumulative neglect. For purposes of the Review Desk only, "abuse by cumulative neglect" shall mean neglect of ordinary care (including, if applicable, maintenance) by the current or former homeowner (or combination of former homeowners) of sufficient gravity and over a substantial period of time such that it actually caused the breakdown of the item. Except to the extent as otherwise may be provided in this paragraph, AHS may also consider any and all contractual exclusions to make a determination as to whether the claim should remain denied, or whether the denied claim should be overturned, and, if so, the amount or type of relief to be offered to the customer under the Review Desk procedure.

### 2. Class Member Right to Bring Suit and Related Benefits

A Settlement Class Member may bring a Suit against AHS based on any Submission which AHS has denied outright, or as to which AHS has made an Offer which the Settlement Class Member has decided is inadequate, so long as at least seven (7) days have elapsed since AHS has communicated the Denial or the Offer (a "Post-Submission Suit"). All applicable statutes of limitations shall be deemed tolled for the benefit of those Settlement Class Members who make timely Submissions for a period of time ending seven (7) days after AHS communicates either the Denial or the Offer. Nothing herein shall be interpreted to mean that a Class Member may obtain the revival of a Claim that has lapsed and is barred under the applicable limitations period by submitting the Claim to the Review Desk. A Post-Submission Suit may only be brought and maintained solely on behalf of an individual holder of a Home Service Contract and may not at any time be joined with any Suit of any other holder of a Home Service Contract. If the Claimant's Post-Submission Suit is deemed by a court to be frivolous or otherwise in bad faith, the Claimant shall reimburse AHS for any reasonable attorneys' fees actually incurred in defending the Post-Submission Suit. Such Post-Submission Suit must be based upon the Class Member's Submission, and may not be based upon AHS's alleged generalized policies, procedures and practices in conducting its business. The policies, procedures and practices referenced in this paragraph are described more fully in the Settlement Agreement.

Settlement Class Members who bring a Post-Submission Suit arising from a Submission regarding a Denied Claim relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance and who recover more in contract damages in such Post-Submission Suit than the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission, shall be reimbursed by AHS for the reasonable attorneys' fees actually incurred in prosecuting such Post-Submission Suit. AHS may request, and the Settlement Class Member will be required to provide if so requested, document(s) evidencing the attorneys' fees actually incurred in prosecuting such Post-Submission Suit. Any award of attorneys' fees under this paragraph shall be capped at the greater of (1) $5,000; (2) three times the difference between (i) the contract damages recovered in the Post-Submission Suit and (ii) the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission; or (3) any attorneys' fees to which

the Claimant may be entitled pursuant to the applicable state statute governing breach of contract claims.

The provisions of this paragraph apply to Settlement Class Members who bring a Post-Submission Suit arising from a Submission (i) regarding a Denied Claim not relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance or (ii) regarding a Denied Claim relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance but who do not utilize the services of an attorney in the prosecution of such Post-Submission Suit. If such a Settlement Class Member recovers more in contract damages in a Post-Submission Suit than the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission, then (i) AHS shall make one lump-sum payment totaling $1,000 to the Claimant, in addition to any recovery obtained by the Claimant in the Post-Submission Suit, or (ii) the Claimant may elect to receive any attorneys' fees  to which the Claimant may be entitled pursuant to the applicable state statute governing breach of contract claims.

After the end of the Review Desk Submission Period, a Settlement Class Member who did not make a Submission may bring a Suit against AHS based on a Denied Claim, but (A) must provide the following information to AHS by calling 1-877-433-3843 or a successor 1-800 telephone number established and maintained by AHS, at its sole expense and communicated to Class Members via a posting on AHS's website: (i) the Settlement Class Member's present address, telephone number, and e-mail address; (ii) the address of the real property covered by the Settlement Class Member's Home Service Contract, or other information sufficient for AHS to confirm that the request is being made by a Class Member; and (iii) an announcement of the Settlement Class Member's "intention to bring Suit against AHS on a Claim arising in the Class Period" or an equivalent statement; and (B) at least fifteen (15) days have elapsed since the date the Settlement Class Member provided such notice (the "Suit Intention Notice Date"). All applicable statutes of limitations shall be deemed tolled for the benefit of those Settlement Class Members who provide such notice for a period of fifteen (15) days beginning on the relevant Suit Intention Notice Date. Failure of a Class Member to follow this procedure in this Paragraph shall not serve as a bar to dismiss a Claim, provided, however, that AHS may insist that this procedure be followed before a Suit may be allowed to proceed. Any Suit brought pursuant to this paragraph may only be brought and maintained solely on behalf of an individual holder of a Home Service Contract and will not at any time be joined with any Suit of any other holder of a Home Service Contract. A Suit brought pursuant to this paragraph must be based on the Class Member's Denied Claim, and may not be based upon AHS's alleged generalized policies, procedures and practices in conducting its business. The policies, procedures and practices referenced in this paragraph are described more fully in the Settlement Agreement.

### 3. Business Practice Changes

No later than four (4) months after the Effective Date, AHS will make a dedicated distribution of written training materials to its Contractor Network conveying the importance AHS places on honoring the terms of coverage and other terms of Home Service Contracts and the important role that contractors play in this effort. No later than sixteen (16) months after the

Effective Date, AHS will develop and distribute written training materials to the Contractor Network to address and resolve any material issues that AHS determines require further training or revision. At AHS's option, AHS may solicit and consider (but is not required to implement) comments from Named Plaintiffs' Counsel concerning communications, business practices, training materials, or other business concerns.

### (b) Named Plaintiffs' Payment

The Settlement Agreement provides that the Named Plaintiffs, Laura Faught and Steven Faught, will seek, and Defendant will not oppose, an incentive payment of $5,000 each (or such other lower amount as awarded by the Court). Under the Settlement Agreement the Named Plaintiffs shall also receive a compensatory payment of a total aggregate gross amount of $8,000 jointly, as full compensation and complete satisfaction for any alleged injuries or damages individualized as to them that are described in the Complaint.

### (c) Attorney's Fees

[either text adopted from section VIII of Stipulation; or specific description of fee mechanism and/or amounts if parties agree to same]

## V.    FINAL JUDGMENT AND RELEASES

### (a) Preliminary Approval of Proposed Settlement

On [DATE], the Court gave its preliminary approval of the Settlement Agreement, finding that its terms are within the range of reasonableness such that notice should be sent to Class Members.

### (b) Entry of Final Judgment

If the Court grants final approval of the proposed settlement as set forth in the Settlement Agreement (including any modifications of amendments agreed to by Named Plaintiffs and Defendant), it will enter a Final Judgment, which will provide for and address, among other things, the following:

(i)     final approval of the Settlement Agreement and a finding by the Court that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate and in the best interests of the Class;

(ii)    a finding that the notice given to Class Members of the proposed settlement was the best notice practicable under the circumstances;

(iii)   an award to Named Plaintiffs' Counsel of reasonable attorneys' fees, costs and expenses;

(iv)    the release of the Claims belonging to Settlement Class Members;

(v)     dismissal on the merits, and with prejudice to refiling, of the Claims against Defendant in the Action;

(vi) a reservation of exclusive jurisdiction by the Court as to all matters related to the administration of the Settlement and the Settlement Agreement.

**(c) Release of Claims Belonging to Settlement Class Members**

In consideration for the agreement by Defendants to provide the Class Benefits, Named Plaintiffs and Settlement Class Members will be deemed to release the following claims ("Released Claims") as to the Released Parties (as defined in the Agreement):

(i) Named Plaintiffs covenant and agree, and the entire Settlement Class will be deemed to have covenanted and agreed, that Named Plaintiffs and all Settlement Class Members will, by operation of the Final Judgment and Order and as of the Effective Date, have fully, unconditionally, irrevocably, and completely released, waived, relinquished, and forever discharged all of the Released Parties from any and all Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and (ii) AHS's policies, procedures and/or practices respecting: the timing or promptness of responding to customer problems and situations, including expediting such responses; the diagnosis of customer problems and situations; authorizing repairs or replacements in response to customer requests; choosing between offering repairs and offering replacements; offering or requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in their entirety); applying contract limitations and exclusions; applying business rules for emergencies; responding to customer inquiries or escalating the attention given to such inquiries; or otherwise making decisions regarding either the application of the terms and conditions of Home Service Contracts, or the authorization of repair and replacement services pursuant to Home Service Contracts.

(ii) Named Plaintiffs further covenant and agree, and the entire Settlement Class will be deemed to have covenanted and agreed, that Named Plaintiffs and all Settlement Class Members will, by operation of the Final Judgment and Order and as of the Effective Date, have fully, unconditionally, irrevocably, and completely released, waived, relinquished, and forever discharged all of the Released Parties from any and all Claims, including for damages based on theories of breach of express contract, breach of implied contract, reformation of contract, restitution, repayment, breach of warranty, fraud, misrepresentation, concealment, failure to disclose, fraudulent misrepresentation, negligent

misrepresentation, bad faith failure to pay claims, breach of covenant of good faith and fair dealing, breach of local, state, or federal consumer protection laws or regulations (including Section 1750 and associated provisions of the California Civil Code, Sections 17200, 17500, and associated provisions of the California Business and Profession Code, Section 8-19-1 and associated provisions of the Alabama Deceptive Trade Practices Act, and other similar provisions of the laws of California, Alabama, and of any other state), or any other legal theory whatsoever, based on events occurring during the Class Period and allegedly caused by AHS's generalized policies, procedures, and/or practices as described in the subparagraph (i) above and as are alleged in, or reasonably related to those alleged in, the Action; provided, however, that the release contained in this Paragraph shall not encompass any AHS customer's breach of Home Service Contract claim that is individualized and does not depend on any allegation of generalized AHS policies, procedures, practices, or any other reasonably disputed allegation of fact that applies in common across any subset of the Class or the Class as a whole.

(iii)    Named Plaintiffs covenant and agree, and the Settlement Class will be deemed to have covenanted and agreed, that Named Plaintiffs and each Settlement Class Member will, by operation of the Final Judgment and Order as of the Effective Date, have covenanted not to file or participate (whether individually, as a putative or actual class member, or otherwise) in any Suit with respect to any Released Party arising from or related to any Claims asserting AHS's generalized policies, procedures, and/or practices as described in subparagraph (i) above and as are alleged in, or reasonably related to those alleged in, the Action, that arise after the Effective Date (the "Standstill Claims") for a period of twenty-four (24) months beginning on the Effective Date (the "Standstill Period"), except that nothing herein shall be construed as limiting the rights of the Named Plaintiffs and the Settlement Class to (i) enforce the Settlement Agreement pursuant to its terms, (ii) file an individualized breach of contract Suit as described in this Notice, or (iii) to file a Post-Submission Suit as described in this Notice.  Any statute of limitations or repose applicable to the Standstill Claims shall be tolled during the Standstill Period.  However, nothing in the Settlement Agreement revives, extends, or tolls any Claims, if any, that the Named Plaintiffs or the Settlement Class had or may have had against the Defendant but that were barred or precluded from being asserted by the Named Plaintiffs or the Settlement Class by statute or otherwise as of the Effective Date.

## VI.    FAIRNESS HEARING AND CLASS MEMBERS' OPTIONS AS TO SETTLEMENT

The purpose of the Fairness Hearing to be held on _____, 2010 is to determine (i) whether the Court should certify a class for settlement purposes; (ii) whether the Court should

find that the proposed settlement with Defendant on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interest of the Settlement Class Members, and whether it should be finally approved by the Court; and (iii) whether the Court should enter a Judgment approving the Settlement Agreement and dismissing the pending claims against Defendant with prejudice to refiling. The Hearing may be adjourned from time to time by the Court, without further prior notice.

### (a) Participation in the Settlement as a Settlement Class Member

If you are a Class Member and do nothing at this time, then you will be treated as a Settlement Class Member. If the Court approves the proposed settlement, Settlement Class members will be entitled to receive Class Benefits. In addition, any Released Claims that Settlement Class Members have against Defendant will be resolved by the Settlement. Accordingly, if you are a Settlement Class Member and the Settlement is approved, then you will have the rights and responsibilities that result from the Court's Final Judgment.

### (b) Exclusion Requests

A Class Member may elect to be excluded from the Settlement. Any Class Member who elects to be excluded will not share in any Class Benefits or otherwise participate in the Settlement, but he or she will not be barred by the Final Judgment from pursuing individual claims against Defendant in a separate lawsuit.

If you are a Class Member and you want to be excluded from the Settlement, you must expressly state your request in a written Exclusion Request. (You may write your own Exclusion Request, containing the information outlined below, or you may fill out and sign the enclosed Exclusion Request form.) You must submit your Exclusion Request by hand-delivery, by mail, or by facsimile to:

D. Frank Davis
John E. Norris
Davis & Norris LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Facsimile: (205) [xxx-xxxx]

Alternatively, you may file your Exclusion Request with the Court and also send a copy of your Exclusion Request by hand-delivery, mail or facsimile to each of the following attorneys:

| | |
|---|---|
| D. Frank Davis | John E. Goodman |
| John E. Norris | Bradley Arant Boult Cummings LLP |
| Davis & Norris LLP | One Federal Place |
| 2154 Highland Avenue South | 1819 Fifth Avenue North |
| Birmingham, Alabama 35205 | Birmingham, Alabama 35203 |
| Facsimile: (205) [ ] | Facsimile: (205) 521-8800 |

11

In order to be valid, the letter requesting exclusion must contain certain information. It must include: (i) your full name; (ii) your current mailing address; (iii) the address of the home covered by an AHS home service contract (or other information sufficient for AHS to confirm that the request is being made by a Class Member); (iv) your statement that you request exclusion from the settlement; and (v) your personal signature and, if applicable, that of your authorized representative. **If an Exclusion Request does not include all the foregoing information or if it is not timely submitted, then it shall be deemed invalid. A Class Member submitting an invalid Exclusion Request shall be treated as if he or she did not submit any Exclusion Request at all, and shall be deemed to be a Settlement Class Member if the Court finally certifies a class and approves the Agreement. No Class Member may request exclusion on behalf of any other person besides himself or herself unless such other person is named on the same AHS Home Service Contract as the Class Member.**

Your Exclusion Request must be submitted in time to be received by _____, 2010, which is thirty (30) days prior to the Fairness Hearing.

### (c) Right to Appear at Fairness Hearing

Any Settlement Class Member — that is, a Class Member who has not filed a timely Exclusion Request — may appear at the Fairness Hearing and, in person or through counsel of his or her choice, object to certification of the class action; the fairness, reasonableness or adequacy of the Settlement; the payment of attorneys' fees, costs and expenses; and/or entry of the Final Judgment.

If you are a Class Member and you want to appear at the Fairness Hearing, you must file a written Statement of Appearance with the Court and also send a copy of the Statement of Appearance by hand-delivery, by mail, or by facsimile to each of the following attorneys:

| | |
|---|---|
| D. Frank Davis | John E. Goodman |
| John E. Norris | Bradley Arant Boult Cummings LLP |
| Davis & Norris LLP | One Federal Place |
| 2154 Highland Avenue South | 1819 Fifth Avenue North |
| Birmingham, Alabama  35205 | Birmingham, Alabama  35203 |
| Facsimile:  (205) [ ] | Facsimile:  (205) 521-8800 |

Your Statement of Appearance, should you choose the option of submitting one, must be filed and served no later than _____, 2010, which is thirty (30) days prior to the Fairness Hearing.

You may write your own Statement of Appearance containing the following information. Any Statement of Appearance should contain:  (i) your full name; (ii) your current mailing address; (iii) your residential address on your Home Service Contract; (iv) your telephone number; (v) your attorney's name and contact information (if applicable); (vi) a full explanation of all your reasons for objecting to the Settlement; (vii) copies of any papers, materials, or briefs in support of the statement of written objections; (viii) notice of your intent to appear at the Fairness Hearing; and (ix) your signature or that of your authorized representative.

12

**(d) Written Objections**

Instead of appearing at the Fairness Hearing, a Settlement Class Member – that is, a Class Member who has not filed a timely Exclusion Request – may object in writing to certification of the class action; the fairness, reasonableness or adequacy of the Settlement; the payment of attorneys' fees, costs and expenses; and/or entry of the Final Judgment.

If you are a Class Member and you want to present written objections for consideration by the Court, you must file a written Statement of Objections with the Court and also send a copy of the Statement of Objections by hand-delivery, by mail, or by facsimile to each of the following attorneys:

| | |
|---|---|
| D. Frank Davis | John E. Goodman |
| John E. Norris | Bradley Arant Boult Cummings LLP |
| Davis & Norris LLP | One Federal Place |
| 2154 Highland Avenue South | 1819 Fifth Avenue North |
| Birmingham, Alabama 35205 | Birmingham, Alabama 35203 |
| Facsimile: (205) [ ] | Facsimile: (205) 521-8800 |

You may write your own Statement of Objections containing the information outlined below. Your Statement of Objections must be filed and served no later than _____, 2010, which is thirty (30) days prior to the Fairness Hearing. Any Settlement Class Member who does not file and serve a written objection as described in this Notice shall be foreclosed from objecting to or seeking review of the Settlement.

The Statement of Objections should contain the following information: (i) your full name; (ii) your current mailing address; (iii) your residential address on your Home Service Contract; (iv) your attorney's name and contact information (if applicable); (v) a full explanation of all your reasons for objecting to the Settlement; (vi) copies of any papers, materials, or briefs in support of the statement of written objections; and (vii) your signature or that of your authorized representative.

## VII. EXAMINATION OF SETTLEMENT AGREEMENT AND INQUIRIES BY CLASS MEMBERS

The above is only a summary of the terms of Settlement. You may obtain a copy of the Settlement Agreement and further information concerning the Settlement, the Fairness Hearing, and Class Benefits by either logging onto [WWW.WEBSITE.COM] or sending a written request to [MAILING ADDRESS]

All questions relating to the proposed Settlement should be directed to Named Plaintiffs' Counsel. If you with to communicate with Named Plaintiffs' Counsel, you may do so using the following addresses and numbers:

D. Frank Davis

John E. Norris
Davis & Norris LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Phone: (205) [ ]
Facsimile: (205) [ ]
Email: [xxxxx.com]

You may, of course seek the advice or guidance of your own attorney at your expense if you desire. **DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE FOR INFORMATION.**

Dated: _____, 2009

_____
Honorable R. David Proctor
United States District Judge

14

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. CV-07-P-1928-S** |
| **AMERICAN HOME SHIELD CORPORATION,** | ) ) ) | |
| **Defendant.** | ) ) | |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, the Stipulation of Settlement, dated as of October __, 2009 (the "Agreement") of the above-captioned action (the "Action") having been presented at the Fairness Hearing on _____, 2009, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice entered on _____, 2009 (the "Scheduling Order"), and the Court having determined that notice of the Fairness Hearing was given in accordance with the Scheduling Order to members of the Class as certified by the Court in the Scheduling Order, and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Notice; and the entire matter of the Settlement having been considered by the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ____ day of _____, 2009, as follows:

1

1.  This Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all members of the Settlement Class.

3.  Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for purposes of effectuating the Settlement only, a Settlement Class consisting of all Persons in the United States who purchased or were issued any Home Service Contract during the period beginning on July 24, 2001, up to and including _____ [**DATE**]. Excluded from the Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator or arbitrator who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the family of any such judge, mediator or arbitrator.

4.  With respect to the Settlement Class, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) under *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997), "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems..., for the proposal is that there be no trial"; (c) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (d) claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (e) the Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (f) a class action is superior for the fair and efficient adjudication of the Action.

5.  The Court appoints Laura Faught and Steven Faught as Class Representatives.

2

6. The Court appoints D. Frank Davis, John E. Norris, and the firm of Davis & Norris LLP as Class Counsel.

7. The Class Notice has been disseminated to the Class pursuant to and in the manner directed by the Scheduling Order, and a declaration from _____ attesting to the proof of the mailing of the Class Notice to the Class has been filed with the Court. The Court finds that the Class Notice fully, fairly, and accurately informed all Class Members of the material elements of this Action and the proposed Settlement, and constituted: (i) the best practicable notice; and (ii) notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of this Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; and (iii) notice in conformity with the requirements of Fed. R. Civ. P. 23(c)(2).

8. This Court hereby approves the terms of the settlement set forth in the Agreement and its Exhibits – attached as Exhibit A to the Scheduling Order – as fair, reasonable and adequate and in the best interests of the Settlement Class.

9. The parties to the Agreement are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of this Court is directed to enter and docket this Order and Final Judgment in the Action.

10. The Court dismisses, on the merits and with prejudice, all Claims currently pending before it belonging to the Named Plaintiffs and Class Members who did not timely and validly request exclusion from the Settlement Class in conformance with the orders of this Court. Except as expressly provided in the Agreement, each of the parties, including each Class Member, shall bear his/her/its own costs, fees and expenses.

3

11. Upon the Effective Date hereof, the Named Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, waived, relinquished and forever discharged Defendant, its, direct or indirect, subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including its predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date, from any and all Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and (ii) AHS's policies, procedures and/or practices respecting: the timing or promptness of responding to customer problems and situations, including expediting such responses; the diagnosis of customer problems and situations; authorizing repairs or replacements in response to customer requests; choosing between offering repairs and offering replacements; offering or requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in their entirety); applying contract limitations and exclusions; applying business rules for emergencies; responding to customer inquiries or escalating the attention given to such inquiries; or otherwise making decisions regarding either the application of the terms and conditions of Home Service

4

Contracts, or the authorization of repair and replacement services pursuant to Home Service Contracts, and all other Claims that any Settlement Class Members have alleged or could have alleged in connection with this Action, as provided in paragraphs 7.10, 10.1, 10.2, 10.3, 10.4, and 10.5 of the Agreement.

12. The Named Plaintiffs, all Settlement Class Members, their counsel, and anyone claiming through or for the benefit of any of them, are hereby enjoined from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or prosecution of any Suit asserting any of the Released Claims against the Released Parties, either directly, representatively, or in any other capacity. Each Settlement Class Member covenants not to participant in any Suit against the Defendant unless such Settlement Class Member has first complied with the terms of the Agreement.

13. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, including any of the negotiations or proceedings connected with it: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendant; or (b) is or may be deemed to be or used as an admission of, or evidence of, any fault or omissions of the Defendant in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Agreement or the Settlement provided therein, or this Judgment, except that Defendant may file the Agreement and/or this Judgment in any action or proceeding that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of res

5

judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

14. For good cause shown, the Court hereby approves and orders [insert fee language appropriate to agreed-upon method] for their attorney fees, costs, and expenses in litigating the Action.

15. For good cause shown, the Court also approves, and orders Defendant or its successors in interest, to pay the Named Plaintiffs, Laura Faught and Steven Faught, an incentive payment of $5,000 each, and a compensatory payment of a total of $8,000 jointly, as compensation for serving as Named Plaintiffs in this Action and as full compensation and complete satisfaction for any alleged injuries or damages individualized as to them described in the Complaint.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains, and shall retain for a period not to exceed sixty (60) days after AHS notifies Named Plaintiffs' Counsel that it has made an Offer or Denial as to the last timely Submission it considers pursuant to paragraph 5.2(H)(iv) of the Agreement, jurisdiction over this Settlement and the Named Plaintiffs, the Settlement Class, Named Plaintiffs' Counsel, and Defendant to enforce the implementation and terms of the Settlement. The Court may enter such orders as are necessary and appropriate to effectuate the terms, administration, purposes, and intent of this Settlement.

17. In the event the Settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Agreement and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

18. All Class Members who failed to file a timely and valid objection to the Agreement are deemed to have waived and forfeited any such objections and are bound by all terms of the Agreement, including the Releases and this Final Order and Judgment.

IT IS SO ORDERED.

_____
R. David Proctor
United States District Judge

Dated:_____

7

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **LAURA FAUGHT and STEVEN** | ) |  |
| **FAUGHT, on behalf of themselves and** | ) |  |
| **all others similarly situated,** | ) |  |
|  | ) |  |
| **Plaintiffs,** | ) |  |
|  | ) | **Case No. CV-07-P-1928-S** |
| **v.** | ) |  |
|  | ) |  |
| **AMERICAN HOME SHIELD** | ) |  |
| **CORPORATION,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative nationwide class action, styled *Laura Faught and Steven Faught, on behalf of themselves and all others similarly situated, v. American Home Shield Corporation,* Case No. CV-07-1928-S (the "Action"), is pending before the Court; and

WHEREAS, the parties have made application for an order approving the Settlement of the Action, in accordance with the Stipulation of Settlement dated as of October __, 2009 (the "Agreement") which, together with the exhibits thereto, collectively appended as Exhibit 1 hereto, sets for the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits thereto; and

WHEREAS, all capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for purposes of effectuating the Settlement only, a Class consisting of all Persons in the United States who purchased or were issued any Home Service Contract during the Class Period. Excluded from the Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator or arbitrator who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the family of any such judge, mediator or arbitrator.

2.      With respect to the Class, the Court preliminarily finds and concludes that because under *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997), "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…, for the proposal is that there be no trial," all requirements pursuant to Fed. R. Civ. P. 23 are met for purposes of certification of the Class for settlement purposes only.

3.      The Court preliminarily approves the Agreement and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

4.      The Court appoints Laura Faught and Steven Faught as Class Representatives.

5.      The Court appoints D. Frank Davis, John E. Norris, and the firm of Davis & Norris LLP as Class Counsel.

6.      The Fairness hearing shall be held before this Court on _____, 2010, in Courtroom 7A, Hugo L. Black U.S. Courthouse, United States District Court for the Northern District of Alabama, 1729 Fifth Avenue North, Birmingham,

Alabama 35203, to determine whether the Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; and whether the Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") as provided in ¶ 7.10 of the Agreement should be entered herein. The Court may continue or adjourn the Fairness Hearing without further notice to the Class Members.

7. The Court approves, as to form and content, the Class Notice included as Exhibit 2 hereto, and finds that the mailing and distribution of the Class Notice in the manner and form set forth in ¶ 7.4 of the Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Class Members.

8. At least seven (7) days prior to the Fairness Hearing, Defendant's Counsel will provide Class Counsel and the Court with a declaration from a competent declarant stating that the Class Notice Date has occurred.

9. Any Class Member may request to be excluded from the Settlement Class. Such requests for exclusion must be postmarked on or before _____ and otherwise comply with the requirements set forth in the Class Notice. If the Court grants final approval of the Agreement and enters the Final Judgment, all Class Members who have not submitted valid requests for exclusion shall be bound by the Final Judgment.

10. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement.

11.    The Named Plaintiffs and all Class Members are hereby enjoined from commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and (ii) AHS's policies, procedures and/or practices respecting: the timing or promptness of responding to customer problems and situations, including expediting such responses; the diagnosis of customer problems and situations; authorizing repairs or replacements in response to customer requests; choosing between offering repairs and offering replacements; offering or requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in their entirety); applying contract limitations and exclusions; applying business rules for emergencies; responding to customer inquiries or escalating the attention given to such inquiries; or otherwise making decisions regarding either the application of the terms and conditions of Home Service Contracts, or the authorization of repair and replacement services pursuant to Home Service Contracts, against Defendant, its, direct or indirect, subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g.,

corporation, limited liability company, general or limited partnership), including its predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date, either directly, representatively, or in any other capacity, without Defendant's consent, unless and until such time as the Settlement is either (i) terminated pursuant to ¶ 11.3 of the Agreement or (ii) is approved by the Court and embodied in the Final Judgment. In the event this Settlement is approved by the Court, such injunction shall continue to the extent provided in the Final Judgment.

12. Any Settlement Class Member who wishes to present a written objection to the Agreement may do so in accordance with the procedures outlined in the Class Notice appended to this Order as Exhibit 2. If the Court grants final approval of the Agreement and enters the Final Judgment, all Settlement Class Members who have not submitted a written objection to the Agreement in accordance with the procedures outlined in the Class Notice shall be deemed to have waived their right to object and shall be forever foreclosed from making any objection to the fairness or adequacy of the Settlement unless otherwise ordered by the Court.

13. Any Settlement Class Member may appear at the Fairness hearing, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel. Any Settlement Class Member who wishes to appear individually at the Fairness Hearing must give notice of her or her intent to appear, in accordance with the procedures outlines in

the Agreement and disclosed in the Class Notice. If the Court grants final approval of the Agreement and enters the Final Judgment, all Settlement Class Members who have not given notice of their intent to appear individually in accordance with the procedures outlined in the Agreement and disclosed in the Class Notice shall be deemed to have waived their right to participate at the Fairness Hearing and shall be foreclosed from individually participating at the Fairness Hearing unless otherwise ordered by the Court.

14. All written objections of any kind, including memoranda or briefs, in opposition to the Settlement shall be filed and served no later than thirty (30) calendar days prior to the Fairness Hearing.

15. Class Counsel's attorneys' fee application shall be filed and served no later than ___ calendar days prior to the Fairness Hearing.

16. All papers including memoranda or briefs in support of the Settlement shall be filed and served no later than ___ calendar days prior to the Fairness Hearing.

17. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by Defendant's Counsel and Class Counsel, without further notice to the Class.

IT IS SO ORDERED.


_____
R. David Proctor
United States District Judge

Dated:_____

# EXHIBIT E

**EXHIBIT E**

**REVIEW DESK SUBMITTAL FORM**
**FOR CLASS ACTION SETTLEMENT**

**DEADLINE FOR SUBMISSION:**
**A COMPLETED, SIGNED, AND DATED SUBMITTAL FORM**
**MUST BE RECEIVED BY AHS BY [_____], 2010**

Pursuant to the class action Settlement in *Laura Faught and Steven Faught v. American Home Shield Corporation*, No. CV-07-P-1928-S (U.S. District Court for the Northern District of Alabama), I hereby submit the following information concerning a Denied Claim and request that American Home Shield Corporation ("AHS") review this claim in accordance with the Stipulation of Settlement ("Agreement"). Capitalized terms used but not defined in this form have the respective meanings ascribed to them in the Agreement.

> **The following is required information that you must provide for this Submission to be valid. You must also sign and date the Submittal Form in the blanks provided.**

- Full Name (as it appeared on your Home Service Contract): _____
  _____

- Current Address: _____

- Telephone Number: _____

- Email address, if any: _____

- Preferred method for receiving responsive communications from AHS:

  Phone: _____    Email: _____    Mail: _____ (check one)

- If available, AHS Contract Number:_____

- Address of your residential property covered by a Home Service Contract, or other information sufficient to confirm that this request is being made by a Class Member:

  _____

  _____

- Description of the home system, appliance or other item at issue: _____

1

- Approximate date (or, at a minimum, the year) of you initial request for Home Service Contract Service relating to the Denied Claim: _____

- Description of your service request and alleged Denied Claim:

- Reason(s) you believe your previous service request should now be reviewed and the Denied Claim overturned or revised: _____

You may provide any additional information that you think is relevant to support this Submission, including, for example: photographs; receipts; cancelled checks; correspondence with AHS; correspondence with contractors (whether or not chosen by AHS) that diagnosed or attempted to correct the relevant service issue; a statement providing relevant history or an overview of events; and/or other supplemental information.

By submitting this claim, the undersigned understands and agrees to the following:

- I am making this Submission in good faith and authorize AHS to contact me regarding my Claim notwithstanding any "do not call" or similar laws that might otherwise limit or constrain AHS's ability to initiate unsolicited contacts with former customers.
- AHS may seek confirmation of my out-of-pocket repair or replacement expenses by directly contracting any vendor providing relevant services or equipment to me in connection with the Denied Claim described above.
- If I have any releases of whatever type or nature, and in whatever form (including by operation of law), to AHS concerning the Denied Claim before I made this Submission, such prior releases remain in full force and effect, and will not be deemed to be diminished, waived, or otherwise rendered ineffective by the Agreement.
- I may not bring a Suit against AHS for the Denied Claim as to which I have made a Submission unless seven (7) days have elapsed since (i) AHS communicated to me that my Submission was being denied, or (ii) AHS made an offer to resolve my Submission which offer was not acceptable to me.

2

- If my Submission is not timely filed with AHS, then AHS will have no obligation to review my Denied Claim or provide me with benefits, if any, under the Agreement or otherwise. I agree that my Submission is governed by the Final Judgment and Order of the Court approving the Settlement.

_____          _____
Signature                                                Date


**You must sign and date this form for your Submission to be valid. The form must be postmarked or emailed on or before _____ , and sent to the following address (or email address):**

Claims Review Desk
American Home Shield Corporation
[Address]
Telephone: [ ]
Facsimile: [ ]
Email: [ ]

If you have any questions concerning this Submittal Form, you may contact the Claims Review Desk by telephone, facsimile or email, or you may contact Named Plaintiffs' Counsel, whose contact information is contained within the Class Notice you previously received, and which can be obtained at www.faughtclassaction.com. You may also contact Named Plaintiffs' Counsel at the following address:

Davis & Norris LLP
2145 Highland Avenue South
Birmingham, Alabama 35205
Email: [ ]

# EXHIBIT F

**NOTICE:  The back of this card provides important details on your rights under the American Home Shield Class Action Settlement.  A TIMELY RESPONSE IS REQUIRED FOR YOU TO RECEIVE BENEFITS.**

**NOTICE OF RIGHT TO RE-SUBMIT CLAIMS**

This is to notify you that if you made a claim in the past under your American Home Shield Home Warranty that was denied in whole or in part, or if you were not satisfied with the payment you received from AHS instead of repair or replacement services, you may re-submit your claim. The settlement agreement in *Faught v. AHS* requires AHS to reconsider any re-submitted claim, unless you previously released your claim.

To submit a claim, YOU MUST FILL OUT A SUBMITTAL FORM and it must be postmarked or emailed on or before _____. The easiest way to obtain a Submittal Form is to log onto www.faughtclassaction.com and follow the online instructions. You may also request a Submittal Form by calling 1-877-433-3843. Or, you may write to request a submittal form at the following address:

Class Action Claims Review Desk P.O. Box 727 Carroll, IA 51401

Completed Submittal Forms may be returned to AHS at the above address or by email at faught@ahslink.com. If you have questions, including the name and contact information for Class Counsel, go to www.faughtclassaction.com.