FILED
2009 Oct-20  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 2:07CV1928-RDP |
| AMERICAN HOME SHIELD | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION AND SETTLEMENT

TO:    All persons in the United States who purchased or were issued any Home Service Contract by American Home Shield or any of its affiliates between July 24, 2001 and October 19, 2009.

This Notice is given to inform potential Class Members of a proposed class action settlement. If you have or had a Home Service Contract with American Home Shield or any of its affiliates, and if you had or have a claim with respect to such Contract, you may be a Class Member and your rights may be affected. This Notice is not an expression of any opinion by the Court of the merits of the claims or defenses in the case or in the ultimate fairness of the settlement.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**
**YOU MAY BE ENTITLED TO CERTAIN BENEFITS.**

If you are a Class Member and you do not file a timely request to be excluded from participation in the proposed Settlement ("Exclusion Request"), and the Court grants final approval of the proposed Settlement, you then will be deemed a "Settlement Class Member." If the Stipulation of Settlement (the "Agreement") becomes effective, Settlement Class Members will be given certain rights in exchange for giving up certain claims, as described more fully below. **(AHS has vigorously denied and continues to deny any wrongdoing.)** If you file an Exclusion Request in a timely manner, the terms of the Settlement will not bind you, but you will not receive any benefits under it.

**If you are a Class Member and the Court approves the Settlement Agreement, you will be entitled to participate, unless you choose to file a timely request to be excluded from participation.**

1

You may have received a separate settlement notice earlier this year relating to another case (*Edleson v. American Home Shield of California and American Home Shield Corporation*, Case No. 37-2207-0007125-CU-BT-CTL, pending in the Superior Court of the State of California for the County of San Diego). The *Edleson* settlement has been terminated, and is no longer in effect. This settlement relates to this case, which is different from the *Edleson* case.

## I.   FAIRNESS HEARING

Notice is hereby given that a hearing will be held at 10:00 a.m. on March 10, 2010, before the Honorable R. David Proctor, in Courtroom 7A of the United States District Court for the Northern District of Alabama, located at 1729 Fifth Avenue North, Birmingham, Alabama 35203. The purpose of the hearing ("Fairness Hearing") will be to determine: (i) whether the proposed settlement of claims against Defendant as set forth in the Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (ii) whether a Judgment should be entered approving the Agreement and dismissing the lawsuit against Defendant.

This Notice contains a summary of the terms of the Agreement between the Class Representatives and Defendant. All terms not defined in this Notice will have the meaning given to them in the Agreement. For a more detailed statement of the matters involved in this lawsuit and the Agreement, you are referred to the sources listed in Section VII of this Notice.

## II.   CLASS CERTIFICATION DETERMINATION

The parties have agreed to the certification of a class for settlement purposes only and the Court has entered an order preliminarily certifying a settlement class. The Class is defined as:

> All persons in the United States who purchased or were issued any Home Service Contract by American Home Shield or any of its affiliates between July 24, 2001 and October 19, 2009. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, directors and employees; any judge, mediator or arbitrator who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the family of any such judge, mediator or arbitrator.

In its preliminary approval order, the Court named Plaintiffs Laura and Steven Faught as the representatives of the class (the "Class Representatives" or "Named Plaintiffs"). The Court has also named the following attorneys as Named Plaintiffs' Counsel:

D. Frank Davis
John E. Norris
Davis & Norris LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Phone: (205) [xxx-xxxx]
Email: [xxxxxxx.com]

2

The Court has not ruled on the merits of the claims against AHS or AHS's defenses to those claims, nor has the Court made a final determination of the matters to be considered at the fairness hearing.

## III.   BACKGROUND OF CLAIMS AND RESPECTIVE VIEWS OF LITIGATION

Defendant American Home Shield Corporation is engaged in the business of selling, issuing and administering certain consumer service contracts, commonly known as residential service contracts, home protection contracts, home service contracts and/or home warranty contracts, throughout the United States.

The lawsuit styled *Laura Faught and Steven Faught v. American Home Shield Corporation*, Case No. CV 07-P-1928-S (United States District Court for the Northern District of Alabama, Southern Division) was filed on October 22, 2007. The complaint in the Action alleges that American Home Shield engaged in a pattern and practice of failing to fulfill its contractual obligations to its customers, including by declining generally to provide repair and replacement service to which its customers were entitled, and by improperly denying claims in the first year of customers' home service contracts for lack of maintenance. Defendant has vigorously denied and continues to deny all liability with respect to any and all facts or claims alleged in the Action.

Substantial arm's length settlement negotiations have taken place among Named Plaintiff's Counsel and counsel for Defendant. These negotiations, during which all parties vigorously maintained their respective positions on the merits of the suit, resulted in the Settlement Agreement.

Named Plaintiffs and Named Plaintiffs' Counsel have concluded that the proposed settlement is fair, reasonable and adequate, and that it is in the best interests of the Class Members. Defendant has concluded that, while it continues to deny all liability of any kind, it is desirable to enter into the Settlement Agreement in order to settle the claims at issue and to avoid potential risk and further costs and delays, including the costs of litigation and attorneys' fees.

## IV.   DESCRIPTION OF THE PROPOSED SETTLEMENT

The complete terms and conditions of the proposed settlement are contained in the Settlement Agreement. The parties' obligations under the Settlement Agreement do not become effective until final judicial approval, including the exhaustion of any appeals (the "Effective Date"). Defendant has agreed to incur and bear certain reasonable costs involved in implementing the Settlement, including the costs of distributing this Notice to Class Members.

### (a) Defendant's Obligations Under the Settlement Agreement

Defendant shall make available to all Settlement Class Members the following benefits (the "Class Benefits"), as provided in the Settlement Agreement:

#### 1. Claims Review Desk

3

AHS will make available to Settlement Class Members the opportunity to have AHS review any claim that was previously denied during the Class Period – that is, a prior request for service, between July 24, 2001 and October 19, 2009, on an item covered under his/her Home Service Contract, where repair or replacement services were denied, in whole or in part, or where the Settlement Class Member deemed inadequate a cash payment they received in lieu of repair or replacement services. A Settlement Class Member who wishes to submit a Denied Claim to the AHS Review Desk must fill out a Submittal Form, which can be obtained by contacting AHS at 1-877-433-3843, logging onto www.faughtclassaction.com, or sending a written request to [mailing address].

Settlement Class Members must sign, date and fully and properly complete the Submittal Form, in accordance with its terms.

AHS may seek confirmation of the Settlement Class Member's out-of-pocket repair or replacement expenses by directly contacting any vendor providing relevant services or equipment to the Settlement Class Member. In addition, by making a Submission to the Review Desk, the Settlement Class Member shall be deemed to represent that a Submission is being made in good faith and authorize AHS to contact the Settlement Class Member, notwithstanding any "do not call" or similar laws that might otherwise limit AHS's ability to initiate unsolicited contacts with former customers.

AHS will send Settlement Class Members notification by postcard, not later than 20 days after the Effective Date, of the date that the Review Desk will be opened and of the deadline for making Submissions to the Review Desk. AHS will not be obligated to review Submissions that are submitted after the deadline.

If AHS determines additional contractual benefits are appropriate based on its consideration of a Submission, AHS at its sole option will offer the Settlement Class Member one of the following:

- In cases where the breakdown at issue in the relevant Denied Claim has not already been resolved, either (a) cash reasonably calculated to be equal to the Settlement Class Member's estimated out-of-pocket costs for the repair or replacement services determined by AHS to be covered under the terms of the Settlement Class Member's applicable Home Service Contract, or (b) provision of those same services by AHS;

- In cases where the breakdown at issue in the relevant Denied Claim has already been resolved, either (a) cash equal to the actual out-of-pocket costs for the repair or replacement services determined by AHS to be covered under the terms of the Settlement Class Member's applicable Home Service Contract, as established and documented by bona fide receipts for such costs provided to the Review Desk; or (b) if no such receipts are provided, then AHS's wholesale cost of such repair or replacement as reasonably determined to apply at the time of the Denied Claim;

4

- Waiver of the contract fee, or a discount, for an AHS contract, if offered by AHS and accepted by the Settlement Class Member; or

- Any other compensation offered by AHS and accepted by the Settlement Class Member.

The time for resolving claims by the Review Desk will depend on a number of factors, including the number of Submissions received. AHS will use full time customer service associates with at least three (3) years of experience who will be trained to handle Submissions until substantially all Submissions have been processed (that is, either an offer for additional benefits has been made by AHS or the claim has been denied by AHS). If AHS has not responded to a Settlement Class Member's Submission within ninety (90) days of the date it was made, AHS will provide a brief written or e-mail update to the Settlement Class Member that will include the current status of the Review Desk's review of his/her Submission and an estimated timeframe of when AHS expects a decision to be made on the Submission. If AHS determines based on its consideration of a Submission that additional contractual benefits are not appropriate, AHS will provide a written or e-mail explanation to the Settlement Class Member making the Submission of the reason(s) relied upon by AHS in making such a determination. Each Settlement Class Member retains the right to respond to AHS in writing regarding the denial of additional contractual benefits as to his/her claim specified in his or her Submission (the "Settlement Class Member Response"). If AHS determines based on its consideration of the Settlement Class Member Response that additional contractual benefits are not appropriate, AHS will provide a written or e-mail explanation to the Settlement Class Member of the reason(s) relied upon by AHS in making such a determination.

No later than twenty-four (24) months after the Effective Date, AHS will, as to every Submission, have either denied such Submission or will have made an offer to the Settlement Class Member for additional contractual benefits. AHS shall notify Named Plaintiffs' Counsel promptly after AHS has made such a denial or offer as to the last timely Submission it considers. On a quarterly basis beginning six months after the opening of the Review Desk and ending with the notification by AHS described in the immediately preceding sentence, AHS shall provide to Named Plaintiffs' Counsel a confidential claims summary of activity of the Review Desk, breaking out the number of Submissions by type of appliance or system, the amount claimed (if any), and the relief offered. A separate breakout will be provided as to heating and air conditioning claims that were denied outright solely for lack of maintenance during the first year of the contract.

For purposes of this settlement only, AHS personnel manning the Review Desk shall be instructed as follows:

Prior denials (in whole or in part) of claims relating to a failure of a covered heating or air conditioning system during the first year of a customer's contract with AHS shall be overturned if such claims were denied outright solely because of lack of annual maintenance (i.e., maintenance that the manufacturer recommends be done annually), *provided however*, that AHS shall retain the discretion to consider any relevant factor to determine the type or amount of relief

to be offered to the customer in the event of such overturning; *provided further* that AHS may consider other relevant factors under the contract in deciding whether or not to overturn a denied claim, including evidence (of any type) of lack of maintenance in any time period which, in AHS's good faith judgment, is such as to rise to the level of abuse by cumulative neglect.  For purposes of the Review Desk only, "abuse by cumulative neglect" shall mean neglect of ordinary care (including, if applicable, maintenance) by the current or former homeowner (or combination of former homeowners) of sufficient gravity and over a substantial period of time such that it actually caused the breakdown of the item. Except to the extent as otherwise may be provided in this paragraph, AHS may also consider any and all contractual exclusions to make a determination as to whether the claim should remain denied, or whether the denied claim should be overturned, and, if so, the amount or type of relief to be offered to the customer under the Review Desk procedure.

## 2.  Class Member Right to Bring Suit and Related Benefits

A Settlement Class Member may bring a Suit against AHS based on any Submission which AHS has denied outright, or as to which AHS has made an Offer which the Settlement Class Member has decided is inadequate, so long as at least seven (7) days have elapsed since AHS has communicated the Denial or the Offer (a "Post-Submission Suit").  All applicable statutes of limitations shall be deemed tolled for the benefit of those Settlement Class Members who make timely Submissions for a period of time ending seven (7) days after AHS communicates either the Denial or the Offer.  Nothing herein shall be interpreted to mean that a Class Member may obtain the revival of a Claim that has lapsed and is barred under the applicable limitations period by submitting the Claim to the Review Desk.  A Post-Submission Suit may only be brought and maintained solely on behalf of an individual holder of a Home Service Contract and may not at any time be joined with any Suit of any other holder of a Home Service Contract.  If the Claimant's Post-Submission Suit is deemed by a court to be frivolous or otherwise in bad faith, the Claimant shall reimburse AHS for any reasonable attorneys' fees actually incurred in defending the Post-Submission Suit.  Such Post-Submission Suit must be based upon the Class Member's Submission, and may not be based upon AHS's alleged generalized policies, procedures and practices in conducting its business.   The policies, procedures and practices referenced in this paragraph are described more fully in the Settlement Agreement.

Settlement Class Members who bring a Post-Submission Suit arising from a Submission regarding a Denied Claim relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance and who recover more in contract damages in such Post-Submission Suit than the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission, shall be reimbursed by AHS for the reasonable attorneys' fees actually incurred in prosecuting such Post-Submission Suit.  AHS may request, and the Settlement Class Member will be required to provide if so requested, document(s) evidencing the attorneys' fees actually incurred in prosecuting such Post-Submission Suit. Any award of attorneys' fees under this paragraph shall be capped at the greater of (1) $5,000; (2) three times the difference between (i) the contract

6

damages recovered in the Post-Submission Suit and (ii) the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission; or (3) any attorneys' fees to which the Claimant may be entitled pursuant to the applicable state statute governing breach of contract claims.

The provisions of this paragraph apply to Settlement Class Members who bring a Post-Submission Suit arising from a Submission (i) regarding a Denied Claim not relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance or (ii) regarding a Denied Claim relating to a heating or air conditioning system during the first year of their Home Service Contract with AHS that was denied outright solely because of lack of annual maintenance but who do not utilize the services of an attorney in the prosecution of such Post-Submission Suit. If such a Settlement Class Member recovers more in contract damages in a Post-Submission Suit than the dollar value of the aggregate benefit(s) that AHS offered in response to the Submission, then (i) AHS shall make one lump-sum payment totaling $1,000 to the Claimant, in addition to any recovery obtained by the Claimant in the Post-Submission Suit, or (ii) the Claimant may elect to receive any attorneys' fees to which the Claimant may be entitled pursuant to the applicable state statute governing breach of contract claims.

After the end of the Review Desk Submission Period, a Settlement Class Member who did not make a Submission may bring a Suit against AHS based on a Denied Claim, but (A) must provide the following information to AHS by calling 1-877-433-3843 or a successor 1-800 telephone number established and maintained by AHS, at its sole expense and communicated to Class Members via a posting on AHS's website: (i) the Settlement Class Member's present address, telephone number, and e-mail address; (ii) the address of the real property covered by the Settlement Class Member's Home Service Contract, or other information sufficient for AHS to confirm that the request is being made by a Class Member; and (iii) an announcement of the Settlement Class Member's "intention to bring Suit against AHS on a Claim arising in the Class Period" or an equivalent statement; and (B) at least fifteen (15) days have elapsed since the date the Settlement Class Member provided such notice (the "Suit Intention Notice Date"). All applicable statutes of limitations shall be deemed tolled for the benefit of those Settlement Class Members who provide such notice for a period of fifteen (15) days beginning on the relevant Suit Intention Notice Date. Failure of a Class Member to follow this procedure in this Paragraph shall not serve as a bar to dismiss a Claim, provided, however, that AHS may insist that this procedure be followed before a Suit may be allowed to proceed. Any Suit brought pursuant to this paragraph may only be brought and maintained solely on behalf of an individual holder of a Home Service Contract and will not at any time be joined with any Suit of any other holder of a Home Service Contract. A Suit brought pursuant to this paragraph must be based on the Class Member's Denied Claim, and may not be based upon AHS's alleged generalized policies, procedures and practices in conducting its business. The policies, procedures and practices referenced in this paragraph are described more fully in the Settlement Agreement.

## 3. Business Practice Changes

No later than four (4) months after the Effective Date, AHS will make a dedicated distribution of written training materials to its Contractor Network conveying the importance

AHS places on honoring the terms of coverage and other terms of Home Service Contracts and the important role that contractors play in this effort. No later than sixteen (16) months after the Effective Date, AHS will develop and distribute written training materials to the Contractor Network to address and resolve any material issues that AHS determines require further training or revision. At AHS's option, AHS may solicit and consider (but is not required to implement) comments from Named Plaintiffs' Counsel concerning communications, business practices, training materials, or other business concerns.

### (b) Named Plaintiffs' Payment

The Settlement Agreement provides that the Named Plaintiffs, Laura Faught and Steven Faught, will seek, and Defendant will not oppose, an incentive payment of $5,000 each (or such other lower amount as awarded by the Court). Under the Settlement Agreement the Named Plaintiffs shall also receive a compensatory payment of a total aggregate gross amount of $8,000 jointly, as full compensation and complete satisfaction for any alleged injuries or damages individualized as to them that are described in the Complaint. The Court has reserved ruling on this request.

### (c) Attorney's Fees

Named Plaintiffs' Counsel has agreed that they will apply to the Court for an award of attorneys' fees, costs, and expenses for Named Plaintiffs' Counsel, that will not exceed $1.5 million to be paid by Defendant, plus an award of not more than 25% of the monetary amounts paid out to a Settlement Class Member under the Review Desk (the "Proposed NPC Fees"). If Named Plaintiffs' Counsel's application(s) to the Court does not differ from or exceed the Proposed NPC Fees, the Defendant has agreed not to object to such application(s). Any such award is subject to approval by the Court.

## V.    FINAL JUDGMENT AND RELEASES

### (a) Preliminary Approval of Proposed Settlement

On October 19, 2009, the Court gave its preliminary approval of the Settlement Agreement, finding that its terms are within the range of reasonableness such that notice should be sent to Class Members.

### (b) Entry of Final Judgment

If the Court grants final approval of the proposed settlement as set forth in the Settlement Agreement (including any modifications of amendments agreed to by Named Plaintiffs and Defendant), it will enter a Final Judgment, which will provide for and address, among other things, the following:

   (i)     final approval of the Settlement Agreement and a finding by the Court that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate and in the best interests of the Class;

   (ii)    a finding that the notice given to Class Members of the proposed settlement was the best notice practicable under the circumstances;

   (iii)   an award to Named Plaintiffs' Counsel of reasonable attorneys' fees, costs and expenses;

   (iv)   the full release of the Claims belonging to Settlement Class Members;

   (v)    dismissal on the merits, and with prejudice to refiling, of the Claims belonging to the Settlement Class Members against Defendant in the Action;

   (vi)   a reservation of exclusive jurisdiction by the Court as to all matters related to the administration of the Settlement and the Settlement Agreement.

### (c) Release of Claims Belonging to Settlement Class Members

In consideration for the agreement by Defendants to provide the Class Benefits, Named Plaintiffs and Settlement Class Members will be deemed to release the following claims ("Released Claims") as to the Released Parties (as defined in the Agreement):

   (i)     Named Plaintiffs covenant and agree, and the entire Settlement Class will be deemed to have covenanted and agreed, that Named Plaintiffs and all Settlement Class Members will, by operation of the Final Judgment and Order and as of the Effective Date, have fully, unconditionally, irrevocably, and completely released, waived, relinquished, and forever discharged all of the Released Parties from any and all Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and (ii) AHS's policies, procedures and/or practices respecting: the timing or promptness of responding to customer problems and situations, including expediting such responses; the diagnosis of customer problems and situations; authorizing repairs or replacements in response to customer requests; choosing between offering repairs and offering replacements; offering or requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in their entirety); applying contract limitations and exclusions; applying business rules for emergencies; responding to customer inquiries or escalating the attention given to such inquiries; or otherwise making decisions regarding either the application of the terms and conditions of Home Service Contracts, or the authorization of repair and replacement services pursuant to Home Service Contracts.

(ii)     Named Plaintiffs further covenant and agree, and the entire Settlement
         Class will be deemed to have covenanted and agreed, that Named
         Plaintiffs and all Settlement Class Members will, by operation of the Final
         Judgment and Order and as of the Effective Date, have fully,
         unconditionally, irrevocably, and completely released, waived,
         relinquished, and forever discharged all of the Released Parties from any
         and all Claims, including for damages based on theories of breach of
         express contract, breach of implied contract, reformation of contract,
         restitution, repayment, breach of warranty, fraud, misrepresentation,
         concealment, failure to disclose, fraudulent misrepresentation, negligent
         misrepresentation, bad faith failure to pay claims, breach of covenant of
         good faith and fair dealing, breach of local, state, or federal consumer
         protection laws or regulations (including Section 1750 and associated
         provisions of the California Civil Code, Sections 17200, 17500, and
         associated provisions of the California Business and Profession Code,
         Section 8-19-1 and associated provisions of the Alabama Deceptive Trade
         Practices Act, and other similar provisions of the laws of California,
         Alabama, and of any other state), or any other legal theory whatsoever,
         based on events occurring during the Class Period and allegedly caused by
         AHS's generalized policies, procedures, and/or practices as described in
         the subparagraph (i) above and as are alleged in, or reasonably related to
         those alleged in, the Action; provided, however, that the release contained
         in this Paragraph shall not encompass any AHS customer's breach of
         Home Service Contract claim that is individualized and does not depend
         on any allegation of generalized AHS policies, procedures, practices, or
         any other reasonably disputed allegation of fact that applies in common
         across any subset of the Class or the Class as a whole.

(iii)    Named Plaintiffs covenant and agree, and the Settlement Class will be
         deemed to have covenanted and agreed, that Named Plaintiffs and each
         Settlement Class Member will, by operation of the Final Judgment and
         Order as of the Effective Date, have covenanted not to file or participate
         (whether individually, as a putative or actual class member, or otherwise)
         in any Suit with respect to any Released Party arising from or related to
         any Claims asserting AHS's generalized policies, procedures, and/or
         practices as described in subparagraph (i) above and as are alleged in, or
         reasonably related to those alleged in, the Action, that arise after the
         Effective Date (the "Standstill Claims") for a period of twenty-four (24)
         months beginning on the Effective Date (the "Standstill Period"), except
         that nothing herein shall be construed as limiting the rights of the Named
         Plaintiffs and the Settlement Class to (i) enforce the Settlement Agreement
         pursuant to its terms, (ii) file an individualized breach of contract Suit as
         described in this Notice, or (iii) to file a Post-Submission Suit as described
         in this Notice.  Any statute of limitations or repose applicable to the
         Standstill Claims shall be tolled during the Standstill Period.  However,
         nothing in the Settlement Agreement revives, extends, or tolls any Claims,

if any, that the Named Plaintiffs or the Settlement Class had or may have
had against the Defendant but that were barred or precluded from being
asserted by the Named Plaintiffs or the Settlement Class by statute or
otherwise as of the Effective Date.

## VI.   FAIRNESS HEARING AND CLASS MEMBERS' OPTIONS AS TO SETTLEMENT

The purpose of the Fairness Hearing to be held on March 10, 2010 is to determine (i)
whether the Court should certify a class for settlement purposes; (ii) whether the Court should
find that the proposed settlement with Defendant on the terms set forth in the Settlement
Agreement is fair, reasonable, adequate and in the best interest of the Settlement Class Members,
and whether it should be finally approved by the Court; and (iii) whether the Court should enter a
Judgment approving the Settlement Agreement and dismissing the pending claims against
Defendant with prejudice to refiling.  The Hearing may be adjourned from time to time by the
Court, without further prior notice.

### (a) Participation in the Settlement as a Settlement Class Member

If you are a Class Member and do nothing at this time, then you will be treated as a
Settlement Class Member.  If the Court approves the proposed settlement, Settlement Class
members will be entitled to receive Class Benefits.  In addition, any Released Claims that
Settlement Class Members have against Defendant will be resolved by the Settlement.
Accordingly, if you are a Settlement Class Member and the Settlement is approved, then you will
have the rights and responsibilities that result from the Court's Final Judgment.

### (b) Exclusion Requests

A Class Member may elect to be excluded from the Settlement.  Any Class Member who
elects to be excluded will not share in any Class Benefits or otherwise participate in the
Settlement, but he or she will not be barred by the Final Judgment from pursuing individual
claims against Defendant in a separate lawsuit.

If you are a Class Member and you want to be excluded from the Settlement, you must
expressly state your request in a written Exclusion Request. (You may write your own Exclusion
Request, containing the information outlined below, or you may fill out and sign the enclosed
Exclusion Request form.)  You must submit your Exclusion Request by hand-delivery, by mail,
or by facsimile to:

D. Frank Davis
John E. Norris
Davis & Norris LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Facsimile: (205) [xxx-xxxx]

11

Alternatively, you may file your Exclusion Request with the Court and also send a copy of your Exclusion Request by hand-delivery, mail or facsimile to each of the following attorneys:

| | |
|---|---|
| D. Frank Davis | John E. Goodman |
| John E. Norris | Bradley Arant Boult Cummings LLP |
| Davis & Norris LLP | One Federal Place |
| 2154 Highland Avenue South | 1819 Fifth Avenue North |
| Birmingham, Alabama 35205 | Birmingham, Alabama 35203 |
| Facsimile: (205) [ ] | Facsimile: (205) 521-8800 |

In order to be valid, the letter requesting exclusion must contain certain information. It must include: (i) your full name; (ii) your current mailing address; (iii) the address of the home covered by an AHS home service contract (or other information sufficient for AHS to confirm that the request is being made by a Class Member); (iv) your statement that you request exclusion from the settlement; and (v) your personal signature and, if applicable, that of your authorized representative. **If an Exclusion Request does not include all the foregoing information or if it is not timely submitted, then it shall be deemed invalid. A Class Member submitting an invalid Exclusion Request shall be treated as if he or she did not submit any Exclusion Request at all, and shall be deemed to be a Settlement Class Member if the Court finally certifies a class and approves the Agreement. No Class Member may request exclusion on behalf of any other person besides himself or herself unless such other person is named on the same AHS Home Service Contract as the Class Member.**

Your Exclusion Request must be submitted in time to be received by February 8, 2010, which is thirty (30) days prior to the Fairness Hearing.

### (c) Right to Appear at Fairness Hearing

Any Settlement Class Member — that is, a Class Member who has not filed a timely Exclusion Request — may appear at the Fairness Hearing and, in person or through counsel of his or her choice, object to certification of the class action; the fairness, reasonableness or adequacy of the Settlement; the payment of attorneys' fees, costs and expenses; and/or entry of the Final Judgment.

If you are a Class Member and you want to appear at the Fairness Hearing, you must file a written Statement of Appearance with the Court and also send a copy of the Statement of Appearance by hand-delivery, by mail, or by facsimile to each of the following attorneys:

| | |
|---|---|
| D. Frank Davis | John E. Goodman |
| John E. Norris | Bradley Arant Boult Cummings LLP |
| Davis & Norris LLP | One Federal Place |
| 2154 Highland Avenue South | 1819 Fifth Avenue North |
| Birmingham, Alabama 35205 | Birmingham, Alabama 35203 |
| Facsimile: (205) [ ] | Facsimile: (205) 521-8800 |

Your Statement of Appearance, should you choose the option of submitting one, must be filed and served no later than February 17, 2010, which is twenty-one (21) days prior to the Fairness Hearing.

You may write your own Statement of Appearance containing the following information. Any Statement of Appearance should contain: (i) your full name; (ii) your current mailing address; (iii) your residential address on your Home Service Contract; (iv) your telephone number; (v) your attorney's name and contact information (if applicable); (vi) a full explanation of all your reasons for objecting to the Settlement; (vii) copies of any papers, materials, or briefs in support of the statement of written objections; (viii) notice of your intent to appear at the Fairness Hearing; and (ix) your signature or that of your authorized representative.

### (d) Written Objections

Instead of appearing at the Fairness Hearing, a Settlement Class Member – that is, a Class Member who has not filed a timely Exclusion Request – may object in writing to certification of the class action; the fairness, reasonableness or adequacy of the Settlement; the payment of attorneys' fees, costs and expenses; and/or entry of the Final Judgment.

If you are a Class Member and you want to present written objections for consideration by the Court, you must file a written Statement of Objections with the Court and also send a copy of the Statement of Objections by hand-delivery, by mail, or by facsimile to each of the following attorneys:

D. Frank Davis                          John E. Goodman
John E. Norris                          Bradley Arant Boult Cummings LLP
Davis & Norris LLP                      One Federal Place
2154 Highland Avenue South              1819 Fifth Avenue North
Birmingham, Alabama 35205               Birmingham, Alabama 35203
Facsimile: (205) [ ]                    Facsimile: (205) 521-8800

You may write your own Statement of Objections containing the information outlined below. Your Statement of Objections must be filed and served no later than February 8, 2010, which is thirty (30) days prior to the Fairness Hearing. Any Settlement Class Member who does not file and serve a written objection as described in this Notice shall be foreclosed from objecting to or seeking review of the Settlement.

The Statement of Objections should contain the following information: (i) your full name; (ii) your current mailing address; (iii) your residential address on your Home Service Contract; (iv) your attorney's name and contact information (if applicable); (v) a full explanation of all your reasons for objecting to the Settlement; (vi) copies of any papers, materials, or briefs in support of the statement of written objections; and (vii) your signature or that of your authorized representative.

## VII.  EXAMINATION OF SETTLEMENT AGREEMENT AND INQUIRIES BY CLASS MEMBERS

The above is only a summary of the terms of Settlement.  You may obtain a copy of the Settlement Agreement and further information concerning the Settlement, the Fairness Hearing, and Class Benefits by either logging onto www.faughtclassaction.com or sending a written request to [MAILING ADDRESS]

All questions relating to the proposed Settlement should be directed to Named Plaintiffs' Counsel.  If you with to communicate with Named Plaintiffs' Counsel, you may do so using the following addresses and numbers:

D. Frank Davis
John E. Norris
Davis & Norris LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Phone: (205) [ ]
Facsimile: (205) [ ]
Email: [xxxxx.com]

You may, of course seek the advice or guidance of your own attorney at your expense if you desire. **DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE FOR INFORMATION.**

Dated: _____, 2009

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE