FILED
2009 Oct-23 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

LAURA FAUGHT, on behalf of   | CASE NO. 2:07-cv-01928-RDP
themselves and all others    |
similarly situated,          |
                             |
           Plaintiff,        |
                             |
v.                           |
                             |
AMERICAN HOME SHIELD         |
CORPORATION,                 | Honorable R. David Proctor
                             | October 19, 2009
           Defendant.        | Birmingham, Alabama
```

**TRANSCRIPT OF HEARING - TELEPHONE CONFERENCE**

| | |
|---|---|
| **FOR THE PLAINTIFF:** | D. Frank Davis |
| | John E. Norris |
| | DAVIS & NORRIS LLP |
| | 2151 Highland Avenue South, Suite 100 |
| | Birmingham, Alabama 35205 |
| | 205-930-9900 |
| | E-mail: fdavis@davisnorris.com |
| | E-mail: jnorris@davisnorris.com |
| **FOR THE DEFENDANT:** | John E. Goodman |
| | BRADLEY ARANT BOULT CUMMINGS, LLP |
| | 1819 Fifth Avenue North |
| | Birmingham, Alabama 35203 |
| | 205-521-8000 |
| | E-mail: jgoodman@babc.com |
| **FOR THE DEFENDANT:** *(present via telephone)* | Joel S. Feldman |
| | Rachel B. Niewoehner |
| | SIDLEY AUSTIN, LLP |
| | One South Dearborn Street |
| | Chicago, Illinois 60603 |
| | 312-853-7464 |
| | E-mail: jfeldman@sidley.com |
| | E-mail: rniewoehner@sidley.com |
| **REPORTED BY:** | |
| Sabrina Lewis, RDR, CRR | |
| Official Court Reporter | |
| 1729 Fifth Avenue North | |
| Birmingham, Alabama 35203 | |
| 205-278-2065 | |

1           THE COURT: We're on the record in Faught v. American
2  Home Shield Corporation, Case 2:07-cv-01928-RDP. We're here for
3  the hearing on the parties's request for an order preliminarily
4  approving settlement and providing for notice to a settlement
5  class.
6       The Court has walked through the proposed order; made, I
7  think, fairly substantial revisions to the order, and provided a
8  draft of that to counsel Friday for discussion purposes, and met
9  informally with counsel this morning to make sure that there were
10 no questions but also principally to determine what the right
11 dates would be for various events that will take place.
12      The Court is satisfied based upon the record before it that
13 for purposes solely of a class sought under Rule 23, that the
14 Rule 23(a) factors are met of numerosity, commonality,
15 typicality, and adequacy of representation. The Court is also
16 satisfied that this class is due to be certified for settlement
17 purposes only under Rule 23(b)(3). And the Court specifically
18 notes that the settlement agreement and notice do provide for opt
19 out and objection rights from the class members.
20      The Court is easily satisfied with adequacy of
21 representation first with respect to plaintiffs themselves. The
22 Court does not find anything that would be a conflict or any
23 antagonism between the class members and the class.
24      The Court does note that it's specifically taking under
25 advisement and not approving or rejecting at this point any

1  payment to the plaintiffs.  That will be something we'll take up
2  later.  But I understand, also, that's not a linchpin of the deal
3  in any event.  That's something that will just be dealt with
4  later that won't affect the settlement of the class.
5      And the Court is easily satisfied that class counsel are
6  adequate, as they have a good representation with the Court -- a
7  good -- excuse me -- reputation with the Court but also have
8  litigated over 50 class actions in their respective experience
9  and career.
10      The Court has spent a good amount of time working with the
11 notice to make sure that complies with both the agreement and
12 Rule 23 and is satisfied that it does clearly and concisely in
13 plain language state the nature of the action, the definition of
14 the class certified, the claims issues or defenses involved in
15 this case, does permit a class member to appear through an
16 attorney if the member so desires.  And the Court also believes
17 it plainly and forthrightly states the ability of any member to
18 exclude himself or herself from the class, the manner and time
19 for which they can do that, and that the fact that they do not
20 exclude themselves, the class judgment will have binding effect
21 under Rule 23(e)(3).
22      One thing that the Court probably should note at this point
23 is with respect to the declaration of notice compliance, the
24 parties had agreed on seven days prior to the fairness hearing
25 that there would be a declaration of notice compliance.  The

1   Court has asked the parties to accelerate that just so that we
2   will have an indication before the deadline for opt outs and
3   objections that there has been notice given to the class.  So I
4   have moved the declaration of notice up to February 3, 2010,
5   which is 35 days or so before the fairness hearing.
6         The fairness hearing we've set for March 10, 2010.  And
7   we've set the opt out and objection dates at February 8, 2010.
8   And I've given until February 17, 2010 for any class member who
9   wants to be represented by counsel and if that counsel wants to
10  appear at the hearing, given them until February 7, 2010 to file
11  a statement of appearance or notice of appearance.
12        The other date we probably ought to deal with is objections
13  and briefs regarding settlement approval and addressing any
14  objections that the parties wish to object are going to be due on
15  February 26, 2010.
16        The parties have informed the Court this morning that they
17  have reached some agreement regarding fees.  I don't know that --
18  they haven't agreed to a specific fee award, but what they've
19  agreed to is that the plaintiffs will request a certain fee
20  award, and the defendants will not object to that.  And I
21  understand that the fee has two components:  a payment for
22  services rendered up to the point that the class settlement is
23  achieved but also payment for continued assistance to class
24  members with respect to the review desk.
25        What I'm going to order is that any fee application be filed

1   by class counsel no later than February 22, 2010.  And while I
2   have walked through the notice and am satisfied that when it's
3   finished, in light of some of the revisions the Court has
4   suggested to the parties to include in it, that it will comply
5   with Rule 23, I'm going to also order that the parties include in
6   the class notice the specifics of any agreement they've reached
7   regarding the attorney's fees in this case.
8           MR. NORRIS:  Your Honor, one point.  I believe that you
9   misspoke with regard to the attorney's fee application.  I think
10  that the Court had previously indicated that you were going to
11  order us to submit a fee application by January 22nd, 2010
12  instead of February.
13          THE COURT:  What did I say, February?  Yes, you're
14  right; I did misspeak.  That was January 22nd, 2010 for that
15  date.  And that's the date that's reflected in the order
16  preliminarily approving settlement.
17          MR. GOODMAN:  And just to be clear, your Honor, on the
18  declaration of notice compliance...
19          THE COURT:  Yes?
20          MR. GOODMAN:  The defendant is amenable to having that
21  date be February 3, 2010.  Notwithstanding that the stipulation
22  of settlement would indicate a later time --
23          THE COURT:  Right.
24          MR. GOODMAN:  -- the defendant's amenable to that.
25          THE COURT:  And again, the rationale for my asking the

1  parties to change that portion of the agreement is I believe that
2  gives us a greater comfort level to move forward with addressing
3  some of the objections and opt outs without thinking that --
4  without knowing whether or not we even have proper notice out.
5  So that was the rationale behind that.
6             MR. DAVIS:  And the plaintiff as well concurs with that
7  date, your Honor.
8             THE COURT:  Okay.
9        All right.  Anything else that we need to address on the
10 record?
11       I have made my -- and to be very clear, these are all
12 preliminary findings subject to any ultimate findings the Court
13 must make at a fairness hearing and any final certification
14 findings I must make in connection with a fairness hearing and
15 the settlement itself.
16            MR. FELDMAN:  Your Honor, it's Joel Feldman here.  Just
17 one question, if I can, on timing.
18            THE COURT:  Yes.
19            MR. FELDMAN:  It wasn't clear to me from the dates
20 stated by your Honor whether objectors would have time to see
21 what plaintiff's fees are prior to the time they file whatever
22 objections, if any, are filed.
23            THE COURT:  Yes, they will.  They'll certainly be able
24 to see what the fees requested will be.
25            MR. FELDMAN:  Okay.

```
 1              THE COURT:  Because I've required in the notice --
 2   that's why I addressed in the notice I'm going to require the
 3   parties to include any agreement they've reached regarding
 4   attorney's fees.  Also, they will receive a copy of this order,
 5   and they'll understand that the fee application must be filed by
 6   January 22, 2010.
 7         One thing I think we probably ought to do -- and
 8   Mr. Feldman, you've raised another point I want to address there.
 9   There were certain documents that the Court was going to require
10   be placed on a website that the defendant was going -- by
11   agreement with the plaintiff's class counsel.  Don't you think we
12   ought to include any fee applications or responses thereto in
13   that?  When those are filed, to include those on the website?
14              MR. GOODMAN:  Let me see.  Do you recall that, your
15   Honor, being within the notice?
16              THE COURT:  It was within the notice provision.  Yes.
17   Go back to -- let me see if I can find it.  Actually, it may have
18   been in the notice, right?
19              MR. GOODMAN:  That's kind of what I'm thinking.
20              THE COURT:  Hold on.  Let me back up here.
21        Yes.  There it is.  Look at paragraph 8, very last portions
22   of paragraph 8.
23              MR. GOODMAN:  Oh, okay.
24              THE COURT:  Previously, what was committed to by the
25   parties in the agreement was posting a copy of the class notice,
```

```
 1   this -- the agreement -- submittal form, and summary of the
 2   review desk process described in paragraph 5.2.  And I added a
 3   copy of this order.
 4            MR. GOODMAN:  Yes.
 5            THE COURT:  I think we also ought to include any
 6   agreement or motions related to attorney's fees.  Does that give
 7   anyone heartburn?
 8            MR. GOODMAN:  No.  I'm just sort of thinking aloud
 9   about the wording of that.  Certainly the defendant's amenable to
10   saying any application for attorney's fees.  I just -- I wasn't
11   quite sure what --
12            THE COURT:  Okay.
13            MR. DAVIS:  The status of our agreement on fees is it's
14   not really formal.  It's in the nature of several e-mails back
15   and forth.
16            THE COURT:  All right. Well, then, that part is
17   already included in what we -- it's going to be put in the
18   notice, right?
19            MR. GOODMAN:  Yes, sir.
20            THE COURT:  All right. So I'm just going to add a new
21   paragraph 5 that will be placed paragraph 6 -- I mean -- excuse
22   me.  Subparagraph or subsection 5, which will go right before
23   subsection 6, "a copy of this order," "any application for
24   attorney's fees and response thereto."  Okay?
25        Mr. Feldman, you comfortable with that?
```

```
 1              MR. FELDMAN:  Yes, I am, your Honor.  And I must have
 2   misheard.  I thought the fee application was due February 22.
 3   You said January 22.  So that's plenty of time.
 4              THE COURT:  Yes, I misspoke.  And that's what Counsel
 5   was correcting me on; that it should be January 22.  And that
 6   will be plenty of time for them to decide whether they want to
 7   object by February 8th.
 8              MR. FELDMAN:  Absolutely.  And I'm hoping there aren't
 9   any.  But obviously, if there are, at least they have an
10   opportunity to see them.
11              THE COURT:  Right.
12        Okay.  Anything else we need to address for right now?
13              MR. GOODMAN:  I don't think so, your Honor.
14              THE COURT:  I want to commend counsel.  I think it's
15   been -- you've done a good job.
16        I certainly want to commend Mr. Van Tassel.  And that's
17   probably one thing I ought to be very clear about on the record.
18   One of the things that's influenced the Court in favor of
19   preliminarily approving this settlement is, one, I was impressed
20   with the creative solution the parties came up with not only with
21   respect to the help desk but also with respect to the fact that
22   really, a claimant is in no worse spot going through a re-review
23   of the help desk than they would have been if they just filed
24   their own action.  And, actually, they're better off because they
25   don't have to deal with the filing fee.  They have a
```

1 readily-available procedure to go through that will be provided
2 for in the agreement.  But also, they can have assistance of
3 class counsel in doing all that.  But also, I want to commend
4 Mr. Van Tassel, the mediator, for sticking with it.
5      How many mediation sessions did we have?
6           MR. GOODMAN:  I think he announced that there were 17
7 where both parties were present with him --
8           THE COURT:  In person?
9           MR. GOODMAN:  -- additional sessions where he met
10 independently with one side or the other, plus telephone.  So,
11 you know, upwards of 30 all told, I'm sure.
12           THE COURT:  He made some money, but he earned it.
13           MR. GOODMAN:  Yep.  I would agree.
14           THE COURT:  Okay.
15      All right.  Anything further from the plaintiffs?
16           MR. DAVIS:  No, your Honor.
17           MR. NORRIS:  No, your Honor.
18           THE COURT:  Anything further from the defendant?
19           MR. GOODMAN:  No, your Honor.
20           THE COURT:  All right.
21           MR. GOODMAN:  Joel, Rachel, anything?
22           MS. NIEWOEHNER:  No.
23           MR. FELDMAN:  No.
24           THE COURT:  All right.  Having accomplished the purpose
25 for which we assembled, we'll be adjourned.

1  **(The proceedings were concluded.)**


C E R T I F I C A T E



I hereby certify that the foregoing is a correct transcript of the proceedings had in the above-referenced cause.


*Sabrina Lewis*

SABRINA LEWIS, UNITED STATES COURT REPORTER