IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** ) ) ) ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No.: 2:07-CV-1928-RDP |
| ) | |
| **AMERICAN HOME SHIELD CORPORATION,** ) ) ) | |
| **Defendant.** ) | |

## EXPEDITED UNOPPOSED MOTION FOR INJUNCTION OF RELATED PROCEEDINGS UNDER ALL WRITS ACT

Defendant American Home Shield Corporation ("AHS") moves this Court for an expedited order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), specifically enjoining a putative class action that continues to proceed in California state court, *Edleson v. American Home Shield of California, Inc., et al.*, No. 37-2007-00071725-CU-BT-CTL (Super. Ct. San Diego) (the "Edleson Action"). Counsel for AHS has conferred with counsel for plaintiffs Laura and Steven Faught, who have advised AHS's counsel that they have reviewed this motion and do not oppose the motion or the relief sought. This Court issued an injunction in its October 19, 2009 Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") against any Class Member pursuing

any lawsuit that is covered by the instant settlement. The plaintiffs in the Edleson Action have refused to halt prosecution of that proceeding. The state court presiding over the Edleson Action has declined to stay the case and, absent an order from this Court specifically enjoining that case, has decided to keep a hearing date of November 20, 2009 for the Edleson plaintiffs' motion for a preliminary injunction relating to AHS's business practices. An expedited order, under the All Writs Act, that enjoins the Edleson Action specifically is thus necessary to protect this Court's jurisdiction to consider the proposed settlement.

I. **FACTS**

　　A. **The Settlement Negotiations in *Faught* and *Edleson*.**

Throughout this litigation, AHS has also defended the Edleson Action, a similar proceeding in California state court. Plaintiffs in the Edleson Action assert substantially identical claims against AHS as those asserted here, and seek certification of a class composed of all persons who "made a claim under a home warranty insurance plan obtained from Defendants." Edleson Complaint (Ex. 1) ¶ 14.

Plaintiffs Lauren and Steven Faught filed this class action complaint on October 22, 2007, asserting claims based on AHS's alleged failure to properly handle and pay claims pursuant to its written home service contracts. (Doc. 1.) On July 29, 2008, this Court directed the parties to engage in mediation. (Doc. 23.)

2

On September 8, 2008, the parties began what turned out to be a lengthy and complicated mediation before G.M. Van Tassel, Jr., a well-respected Birmingham mediator. *See* Declaration of John E. Goodman ("Goodman Decl.") (Ex. 2) ¶ 4.

The parties in the Edleson Action reached agreement on settlement terms on September 30, 2008. *See* Edleson Stipulation of Settlement (Ex. 3) at 34.[1] The Superior Court of California for the County of San Diego, Judge Denton presiding, preliminarily approved the settlement in the Edleson Action on December 30, 2008. *See* Ex. 5.

Beginning in September of 2008, before execution of the Edleson settlement agreement, and extending over the next thirteen months, the parties met with Mr. Van Tassel no fewer than sixteen separate times. *See* Goodman Decl., ¶ 4. Numerous other negotiations occurred outside the presence of the mediator. The parties first reached a nationwide class settlement of the merits of this case on or about January 13, 2009. *Id.* at ¶ 6. The parties recorded the terms of the settlement

---

[1] On September 30, 2008, before full execution of the Edleson settlement, the parties also signed a "side letter," attached as Ex. 4. By its express terms, the side letter contemplated that if the Edleson settlement went forward, and if this case were later settled in a manner that required a modification to the Edleson settlement, Mr. Bottini would agree to a modification that carved out Alabama residents from the Edleson settlement provided that AHS would secure the agreement of plaintiffs' counsel here to (1) not object to the Edleson settlement (including any fees that might be awarded to the Edleson lawyers) and (2) not seek to be appointed class counsel in California. For what it's worth, both conditions have been met. And, more importantly, the side letter now has no significance whatsoever. The decision by the Edleson court to void the Edleson settlement also voids the derivative side letter agreement. In addition, since the Edleson settlement was rejected on July 10, 2009, the side letter has also been terminated by the express terms of the Edleson Stipulation of Settlement. *See* Edleson Stipulation of Settlement (Ex. 3) ¶ 11.3.

3

in a formal stipulation of settlement, a copy of which was provided in early February of 2009 to plaintiffs' counsel in the Edleson Action, Mr. Bottini. *Id.* The parties in this case, however, further agreed to postpone presentation of their settlement to this Court until final resolution of the settlement in the Edleson Action. *Id.* at ¶ 7. Throughout this process, the parties kept this Court and Mr. Van Tassel advised of the status of their negotiations. *Id.* at ¶¶ 4, 5, 7.

On July 10, 2009, the California Superior Court, Judge Bloom presiding, denied final approval of that settlement. *See* Minute Order, Ex. 6. Soon after the denial of final approval of the settlement in the Edleson Action, the parties in this case notified this Court that the court in California had denied final approval of the Edleson settlement, provided this court with a copy of the Minute Order disapproving of the Edleson settlement, and recommenced negotiations with the potential of expanding the scope of the previously agreed-upon settlement. Goodman Decl., ¶¶ 7, 9. After numerous further negotiations, many of which were before Mr. Van Tassel, on October 6, 2009, the parties executed the Stipulation of Settlement and notified this Court that they had reached an agreement to settle this case. On the same day, the parties publicly filed with the Court's ECF system a notification that they had reached an agreement to settle this case. (Doc. 35.) On October 9, 2009, the parties presented the Stipulation of Settlement to this Court

4

for approval. (Doc. 36.)   On October 19, 2009, this Court entered the Preliminary Approval Order. (Doc. 37.)

**B.     The Edleson Plaintiffs File a Motion for Preliminary Injunction.**

On October 12, 2009, AHS was served with a motion for preliminary injunction that was filed by the Edleson plaintiffs on October 9, 2009 in California state court (the "Edleson Preliminary Injunction Motion," relevant excerpts, which include the introduction and requested relief[2], attached as Ex. 7). Although the Edleson plaintiffs had previously threatened to file the Edleson Preliminary Injunction Motion, AHS did not know what relief the Edleson plaintiffs were seeking until it received a copy of the motion on October 12, 2009. The Edleson Preliminary Injunction Motion is directed at AHS's business practices and requests that the state court order AHS to adopt and implement at least one of the business practices changes set forth in the Edleson Preliminary Injunction Motion. *See Id.* at 23-25. AHS's response to the Edleson Preliminary Injunction Motion is currently due on October 30, 2009. The California court has scheduled a hearing on the motion for November 20, 2009.

**C.     This Court Preliminarily Approves the Settlement Terms of the Second, Nationwide Class Action Settlement in This Case.**

The Stipulation of Settlement executed by the parties in this case on October 6, 2009, presented to this Court on October 9, 2009, and preliminarily approved on

---

[2] The full Edleson Preliminary Injunction Motion, including all exhibits thereto, contains confidential, proprietary information of AHS and was therefore filed conditionally under seal pursuant to California Rule of Court 2.551(c).

5

October 19, 2009, improves significantly upon the one rejected in San Diego in the Edleson Action. Specific improvements include the following[3]:

- An award of attorneys' fees or an additional $1,000, as detailed in paragraphs 5.2(R) and 5.2(S) of the Stipulation of Settlement, to a Settlement Class Member who recovers more in a Post-Submission Suit than the dollar value of the aggregate benefits offered by AHS in the Review Desk. Given the size of the class, this relief represents a significant incentive for AHS to operate the Review Desk properly;

- AHS commits to specific deadlines to process Submissions (Stipulation of Settlement, ¶ 5.2(H)(iv));

- AHS commits to the provision of additional services if certain interim benchmarks regarding the number of Submissions processed has not been met (*Id.* at ¶ 5.2(H)(iii));

- AHS commits to provide specific communications to Settlement Class Members regarding their Submissions within specified periods of time (*Id.* at ¶ 5.2(H)(ii)); and

---

[3] Capitalized terms shall have the meaning ascribed to them in the Stipulation of Settlement.

6

- The Review Desk will remain open for four months, a month longer than would have been the case under the *Edleson* settlement (*Id.* at ¶ 2.42).[4]

On October 19, 2009, this Court executed the Preliminary Approval Order preliminarily approving a class wide settlement and expressly enjoining all class members from participating in or continuing to prosecute any lawsuit or claims relating to AHS home service contracts. Paragraph 12 of the Preliminary Approval Order, titled "Injunction Against Other Lawsuits" (*see* Doc. 37), expressly enjoins all class members from prosecuting or pursuing any claims for damages or injunctive relief relating to AHS's policies, practices or procedures until this Court either denies approval or approves the settlement. It states:

> The Named Plaintiffs and all Class Members are hereby enjoined from commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any Claims, including . . . for restitution or repayment, and for prospective injunctive relief . . . related to AHS's policies, procedures, and/or practices during the Class Period . . . until such time as the Settlement is either (i) terminated . . . or (ii) is approved by the court . . .

Preliminary Approval Order (Doc. 37), ¶ 12.

The preliminarily approved class includes "[a]ll persons in the United States who purchased or were issued any Home Service Contract during the Class

---

[4] Additionally, this settlement required that notice be given to state regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, which gave state regulators an opportunity to comment on or object to this settlement. Such notice was neither provided nor required in the Edleson settlement.

7

Period[5]." *Id.* at ¶ 4. The Edleson plaintiffs are Class Members, because they allege that they purchased at least two home service contracts from AHS during the Class Period. Edleson Complaint (Ex. 1) at ¶6.

### D. The Edleson Plaintiffs Refuse to Refrain from Prosecution of the Edleson Action and the Edleson Court Declines to Enter a Stay.

On October 22, 2009, counsel for AHS notified plaintiffs' counsel in the Edleson Action that this Court had enjoined any putative class member in the Edleson Action, including the named plaintiffs, from continuing to prosecute any case that referred or related to the subject matter of the Faught settlement. Instead of complying, the plaintiffs' attorney in the Edleson Action stated that he intended to continue to pursue the litigation and that this Court lacked jurisdiction over any aspect of the Edleson case. *See* Ex. 8. AHS's counsel then filed a motion to stay the Edleson Action. *See* Ex. 9. In the supporting memorandum, AHS recited the language of this Court's injunction and explained why further prosecution of the Edleson Action is expressly prohibited by this Court's Preliminary Approval Order.

In response, plaintiffs in the Edleson Action filed their own ex parte motion asking the court to "immediately order Defendants . . . to stop pursuing any further effort to effectuate any settlement of this case without the approval of Lead Class

---

[5] The Stipulation of Settlement defines the Class Period as "the period beginning on July 24, 2001 up to and including the date on which a Preliminary Approval Order is issued." *See* Doc. 36, Ex. 1, ¶ 2.11.

8

Counsel." Ex. 10 at 2. In their ex parte motion, the Edleson plaintiffs stated, among other things, that:

- "The Defendants . . . rushed to Alabama in the dark of the night . . . and purported to settle the case with lawyers who have no authority to settle this case . . ." (Ex. 10 at 2-3.)

- "The Defendants now have the chutzpah to come into this Court and waive a purported injunction issued by the Alabama court as the alleged basis upon which they seek to shield their conduct from any further review by this Court." (*Id.* at 3.)

- "The injunction issued by the Alabama court is of no effect since the Defendants improperly presented the settlement to the Alabama court..." (*Id.*)

- The injunction issued by this Court is invalid because "(1) [the Edleson court] appointed Lead Class Counsel on December 31, 2008, and Lead Class Counsel has exclusive authority to settle the case; (2) that Lead Class Counsel [in the Edleson Action] has filed a Motion for Preliminary Injunction in [the California court] . . ." (*Id.*)

At a hearing in San Diego on October 26, 2009, the presiding judge in the Edleson Action denied AHS's motion to stay those proceedings and denied

plaintiffs' motion to order it to cease continuing settlement negotiations with anyone other than plaintiffs' counsel in the Edleson Action. Thus, despite this Court's order enjoining any class member from pursuing or prosecuting any lawsuit that refers or relates to the subject matter of this action, AHS must now respond to the Edleson Preliminary Injunction Motion on or before October 30, 2009. The court in the Edleson Action has indicated its intent to proceed with the preliminary injunction hearing set for November 20, 2009, unless this Court issues an order specifically mentioning the Edleson case as being subject to this Court's injunction.

## II.    ARGUMENT

The Edleson plaintiffs have ignored the Court's Preliminary Approval Order enjoining further prosecution of their claims relating to AHS home service contracts, and the Edleson court has declined to stay that action and, instead, is continuing with adjudication of the Edleson Preliminary Injunction Motion. This is precisely the type of situation that the All Writs Act was designed to remedy. The All Writs Act expressly authorizes a federal district court to enjoin competing state court actions that interfere with federal court jurisdiction to oversee and decide upon a national class action settlement. Abundant federal precedent invokes the All Writs Act as the basis to enjoin any further prosecution of a state

court class action that interferes with the subject matter of a federal court national class action settlement.

### A. An Overview of the All Writs Act as a Basis to Enjoin a Competing State Court Class Action.

Under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has explained that, pursuant to the "necessary in aid of jurisdiction" provision, an injunction is appropriate when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970); *see also In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 234 (3d Cir. 2002) (quoting *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996)) (an injunction is necessary to aid the court's jurisdiction where "the state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation"). The Act allows federal courts to protect "ongoing proceedings . . . future proceedings . . . [and] already-issued orders and judgments." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004). Courts repeatedly invoke this statutory authority to enjoin

state courts from allowing class actions to continue that refer or relate to the subject matter of settlements entered in federal court.

The Ninth Circuit's decision in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), is instructive. In *Hanlon*, the federal court entered preliminary approval of a national class action settlement in a product liability case. As part of the preliminary approval order, the federal court enjoined settlement class members against any ability to "commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims described in . . . the Settlement Agreement." *Hanlon*, 150 F.3d at 1018. When counsel in a competing class action refused to stop prosecution of the state court class action proceeding, the federal district court enjoined it from proceeding. In affirming, the Ninth Circuit stated:

> [T]he temporary approval of the nationwide settlement stayed the state court class actions. The federal court had the power to issue an injunction against continued state proceedings under the All Writs Act, 28 U.S.C. § 1651.

*Id.* at 1025. *See also Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 203 (3d Cir. 1993) ("Our sister circuits have also identified impending and finalized settlements in federal actions as justifying 'necessary in aid of jurisdictions' injunctions of duplicative state actions"); *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d Cir. 1985) (All Writs Act injunction entered against 30 state attorneys general from pursuing state attorney general actions in contravention of national federal court

settlement); *In re Silicone Gel Breast Implant Prods. Liab. Litig.*, No. CV 92-P*11558-S, 1994 WL 114580, at *7 (N.D. Ala. April 1, 1994) (court entered temporary stay suspending all federal and state civil actions "to the extent that any classes proposed or certified in such actions purport to include persons and claims included in the complaint in the [instant actions]").

### B. An Injunction Is Necessary to Protect the Court's Jurisdiction over This Action.

This Court's jurisdiction over the Faught settlement cannot be protected in the absence of an All Writs Act injunction. The Faught settlement includes, among other items, a 24-month period during which AHS can improve its third-party contractor operations, including an opportunity to improve marketing materials, training materials, and other items. Yet the Edleson Preliminary Injunction Motion is a frontal assault on this aspect of the Faught settlement. The Edleson Preliminary Injunction Motion directly impinges on section 5.3 of the Faught settlement, which provides for the improvement of third-party contractor operations by AHS.

The Edleson Preliminary Injunction Motion threatens to interfere with the Faught settlement in other ways. The disclosures that the Edlesons would have AHS make to California consumers (Ex. 7 at 23-24) would interfere with the class notice plan ordered by this Court, and will likely cause confusion among those consumers and discourage at least some of them from participating in the

13

settlement. The "corrective announcement" that the Edlesons seek (*id.* at 24) likewise squarely conflicts with the corrective action that AHS will take under the settlement via the Review Desk process. The Edleson Preliminary Injunction Motion impinges on the releases in the Faught Stipulation of Settlement, pursuing claims that (if the settlement is approved) AHS has agreed to compromise and the Settlement Class Members will have agreed to release.

In addition, the general prosecution of the Edleson Action interferes directly with this Court's discretion to consider the Faught settlement terms. The Edleson Action overtly overlaps with the Faught settlement in every material element. Its very continuation therefore directly interferes with the ability of this Court to oversee the Faught settlement and to allow the parties an opportunity to voluntarily resolve the dispute. The essence of the All Writs Act is the ability to allow a federal court to enforce its jurisdiction over a federal court settlement without interference from a parallel state court proceeding. *See Hanlon*, 150 F.3d at 1025; *Carlough*, 10 F.3d. at 203; *In re Baldwin-United Corp.*, 770 F.2d at 339. This Court, should, accordingly, enjoin the Edleson Action from further proceedings.

### C.   The Edleson Plaintiffs' Arguments Against Invocation of the All Writs Act Make No Sense.

In opposition to the invocation of the injunction in the Preliminary Approval Order, plaintiffs in the Edleson Action argued that: 1) defense counsel failed to advise this Court of the Edleson Action and initiated settlement discussions only

14

after the preliminary injunction motion in the Edleson Action was on file; and 2) plaintiffs' counsel's appointment as lead counsel in a settlement that has been rejected by the California court and terminated offers him an exclusive monopoly to conduct settlement negotiations. (Ex. 10 at 2-3.) Each argument is meritless.

First, AHS's counsel recommenced settlement discussions in this case, and moved this case forward toward settlement, well before the plaintiffs in the Edleson Action filed their motion for preliminary injunction. Goodman Decl. at ¶ 12. The fact is, well before the Edleson Preliminary Injunction Motion was filed, AHS's counsel and plaintiffs' counsel in Faught had entered a class wide settlement, had advised this Court that the court in the Edleson Action rejected the settlement presented to it, had provided this Court with a copy of the Edleson court's ruling rejecting final approval of the settlement, and, in fact, had filed a motion for preliminary approval of the settlement in this case prior to the filing and serving of the Edleson Preliminary Injunction Motion.

An All Writs Act injunction would be appropriate if *none* of the foregoing had occurred because the Edleson Action is interfering with this federal court proceeding. But, here, the Edleson plaintiffs' claim that the instant settlement is *in response to the Edleson Preliminary Injunction Motion* (Ex. 10 at 2) and thus that this Court cannot enjoin the California case from proceeding is both nonsensical and belied by the facts.

Second, the Edleson plaintiffs' counsel's claim that his preliminary appointment in the Edleson Action as lead class counsel for the settlement in that case somehow provides him with an exclusive contract to negotiate any settlement in any case is wrong and contrary to the law. The Edlesons' counsel was appointed lead counsel *for a settlement class only*. Once the settlement agreement creating the settlement class was voided by the Minute Order of the judge in the Edleson Action (*see* Ex. 6), so was plaintiffs' counsel's designation as "lead counsel." (*See* Edleson Stipulation of Settlement (Ex. 3) ¶¶ 11.2-11.3 (Mr. Bottini's designation as Lead Class Counsel did not survive termination of settlement).) Right now, counsel in the Edleson Action represents the named plaintiffs only. There is no certified class in the Edleson Action, and the Edlesons' counsel has not filed a motion for class certification. In fact, this Court appointed lead counsel in the Faught case as part of the Faught settlement. But the key point here is that no one has an "exclusive" on settlement negotiations.

The Ninth Circuit recently addressed this issue, and soundly rejected the notion that one counsel can enjoy the exclusive right to negotiate a settlement. In *Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091 (9th Cir. 2008), the federal district court entered an order that any discussions of settlement must be conducted or authorized by co-lead counsel in that particular case, even though competing class actions were being prosecuted. Reversing that ruling, the Ninth Circuit stated:

16

> [T]here is simply no support for the proposition that a court may enjoin parties from participating in or reaching a bona fide settlement in another federal court that may dispose of claims before it particularly when there is no pending settlement in the enjoining court . . .

523 F.3d at 1099.

The same holds true here.

### D. Relief under the All Writs Act Is Separate from the Injunctive Relief Granted in the Preliminary Approval Order

As discussed above, the Preliminary Approval Order applies to the Edleson plaintiffs and expressly prohibits further prosecution of the Edleson Action. However, the All Writs Act provides additional relief where, as here, enjoined parties disregard a federal district court's order restricting their ability to prosecute related claims. *See Hanlon*, 150 F.3d at 1019 (where the district court enjoined all class members from prosecuting related claims as part of the preliminary approval order, additional relief under the All Writs Act was available when class member filed a purported class action complaint several weeks after preliminary approval). Injunctions under the All Writs Act are "grounded in entirely separate concerns" from the requirements of a traditional injunction. *Klay*, 376 F.3d. at 1100; *see also In re Baldwin-United Corp.*, 770 F.2d at 338. These concerns are present here, where a competing action threatens to undermine a preliminarily approved class settlement.

17

### E. An Expedited Ruling Is Necessary.

AHS respectfully requests that this court expedite the instant motion because an expedited order is necessary to stay proceedings in the Edleson Action. AHS's opposition to the Edleson Preliminary Injunction Motion is due on October 30, and the court in the Edleson Action has indicated its intent to proceed with the preliminary injunction hearing on November 20, absent a ruling from this court that specifically enjoins the Edleson Action from continuing. As explained above, supra at 13-14, the Edleson Preliminary Injunction Motion directly impinges on the settlement preliminarily approved by this Court and, in addition, the Edleson Action overlaps with the Faught settlement in almost every material aspect.

### III. CONCLUSION

Because the Edleson Action threatens the proposed settlement and this Court's jurisdiction over this proceeding, the Court should enjoin the Edleson Action under the All Writs Act pending final approval of the proposed settlement.

Dated: October 27, 2009

/s   John E. Goodman
One of the Attorneys for Defendant

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
205-521-8000

18

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

<div style="display:flex">

D. Frank Davis
John E. Norris
Wesley W. Barnett
Davis & Norris LLP
2145 Highland Avenue
Birmingham, AL 35205
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com

Lea Bone
Bates & Bone LLP
2151 Highland Avenue,
Suite 120
Birmingham, AL 35205
woowooindin@aol.com

</div>

and I hereby certify that I have served by facsimile and overnight mail the document to the following non-CM/ECF participants:

Frank A. Bottini, Esq.
JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, CA 92101
(619) 230-0063 (telephone)
(619) 233-5535 (facsimile)

Edward D. Chapman, Esq.
CHAPIN WHEELER LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
(619) 241-4810 (telephone)
(619) 955-5318 (facsimile)

Attorneys for Karon and L.B. Chip Edleson

/s/ John E. Goodman
John E. Goodman (GOO017)