FILED
2009 Oct-27 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

1  JOHNSON BOTTINI, LLP
   Francis A. Bottini, Jr. (CA 175783)
2  frankb@johnsonbottini.com
   Frank J. Johnson (CA 174882)
3  frankj@johnsonbottini.com
   Brett M. Weaver (CA 204715)
4  655 West Broadway, Suite 1400
   San Diego, California 92101
5  Telephone: (619) 230-0063
   Facsimile: (619) 233-5535
6
7  Counsel for Plaintiffs

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                       FOR THE COUNTY OF SAN DIEGO

10 KARON AND L.B. CHIP EDLESON, On      ) Case No. 37-2007-00071725-CU-BT-CTL
   Behalf of Themselves and All Others Similarly )
11 Situated,                            )
                                        )
12         Plaintiffs,                  )
                                        ) CLASS ACTION COMPLAINT FOR
13 v.                                   ) BREACH OF CONTRACT, VIOLATION OF
                                        ) THE CONSUMER LEGAL REMEDIES ACT,
14                                      ) AND VIOLATION OF BUS. & PROF. CODE
   AMERICAN HOME SHIELD OF              ) §17200
15 CALIFORNIA, INC., AMERICAN HOME      )
   SHIELD CORPORATION, THE              )
16 SERVICEMASTER COMPANY, AND DOES )
   1-20,                                )
17                                      )
           Defendants.                  ) JURY TRIAL DEMANDED
18                                      )

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. This action is brought as a class action on behalf of a plaintiff class (the "Class") consisting of all persons and entities in the United States that made a claim under a home warranty insurance plan obtained from Defendants during the period from approximately June 2001 through the present (the "Class Period").

2. Defendants are ServiceMaster and American Home Shield Corporation and its subsidiaries and wholly-owned corporations, who are engaged in the business of selling home warranty insurance plans in California and throughout the United States. Plaintiffs allege that during the Class Period, defendants failed to comply with their duty to properly adjust submitted claims under the home warranty insurance plans, resulting in improperly rejected claims and damages to Plaintiffs and the Class. By this action, Plaintiffs seek damages on their own behalf and an injunction on behalf of the Class requiring defendants to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans sold by Defendants to Plaintiffs and the Class, and to re-adjust claims which were submitted by Class members during the Class Period.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts. This action is not removable to federal court. The amount in controversy as to Plaintiffs does not exceed $75,000, exclusive of interest and costs. Moreover, Plaintiffs seek only declaratory and injunctive relief on behalf of the Class.

4. This Court retains general jurisdiction over each named defendants who is a resident of California. Additionally, this Court has specific jurisdiction over each named non-resident defendant because these defendants maintain sufficient minimum contacts with California to render jurisdiction by this Court permissible under the traditional notions of fair play and substantial justice. Defendant American Home Shield Corporation maintains one of its main service centers in Santa Rosa, California. Moreover, all Defendants' conduct was purposefully directed at California. In

- 1 -
CLASS ACTION COMPLAINT

1 addition, Plaintiffs' contracts with defendants were entered into in San Diego. Finally, exercising jurisdiction over any non-resident defendants is reasonable under these circumstances.

5. Venue is proper in this Court because plaintiffs' contracts with defendants were entered into here, because one or more of the defendants either resides or maintains executive offices in this County, a substantial portion of the transactions and wrongs complained of herein occurred in this County, and defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

## PARTIES

**Plaintiffs**

6. Plaintiffs Karon and L.B. Chip Edleson purchased at least two home warranty insurance plans from Defendants American Home Shield of California, Inc. and American Home Shield Corporation during the Class Period. A true and correct copy of such policies are attached hereto as Ex. A and are incorporated herein by reference.

**Defendants**

7. Defendant American Home Shield of California, Inc. is a California Corporation with its principal places of business in Memphis, TN and Santa Rosa, California. It is a wholly-owned subsidiary of American Home Shield Corporation. During the time period covered in this complaint, Defendant American Home Shield of California, Inc. sold home warranty insurance plans in the State of California and was in the business of selling insurance.

8. Defendant American Home Shield Corporation is a Delaware Corporation with its principal place of business at 889 Ridge Lake Blvd., Memphis, TN 38120. During the time period covered in this complaint, Defendant American Home Shield Corporation was licensed to conduct business in California and other states and sold home warranty insurance plans in the State of California and throughout the United States and was in the business of selling insurance. American Home Shield Corporation maintains one of its largest service center locations in Santa Rosa, California, which services calls from consumers throughout the United States who have purchased home warranty plans from defendants.

9. The ServiceMaster Company is a Delaware Corporation with its principal place of business at 860 Ridge Lake Blvd., Memphis, TN 38120. In 1989, ServiceMaster acquired American Home Shield, which was headquartered in Santa Rosa, California. During the time period covered in this complaint, Defendant ServiceMaster was the parent company of American Home Shield Corporation and owned and owns 100% of the stock of American Home Shield Corporation.

10. Various other individuals, partnerships, corporations, and other business entities, unknown to the plaintiffs, have participated in the violations alleged herein and have performed acts and made statements in furtherance thereof.

11. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named in this action as DOES 1-20, inclusive, are unknown to Plaintiff, which therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to show their true name(s) and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff injuries as herein alleged were proximately caused by conduct of these fictitiously named Defendants.

12. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein mentioned, each of the Defendants was the agent, principal, representative and/or employee of each of the other Defendants, and in doing the things mentioned herein, was acting within the scope of said agency, representation and/or employment with permission of each co-defendant.

13. The acts charged in this Complaint have been done by defendants or were ordered or done by defendants' officers, agents, employees, or representatives, while actively engaged in the management of defendants' affairs.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action both on behalf of themselves, and as a class action pursuant to California Code of Civil Procedure §382 on behalf of the following class (the "Class").

> All persons and entities in the United States who, during the period from approximately June 2001 through the present (the "Class Period"), made a claim under a home warranty insurance plan obtained from Defendants. Excluded from the class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

15. Plaintiffs do not know the exact number of class members because such information is in the exclusive control of defendants. Upon information and belief, Plaintiffs believe that there are most likely tens of thousands of class members, geographically dispersed throughout the United States such that joinder of all class members is impracticable.

16. Plaintiffs' claims are typical of the claims of the class in that plaintiffs are purchasers of a home warranty plan from Defendants who made a claim under the plan during the Class Period, that all class members were damaged by the same wrongful conduct of defendants and their co-conspirators as alleged herein, and the relief sought is common to the class.

17. Numerous questions of law or fact arise from defendants' unfair and anticompetitive conduct that is common to the class. Among the questions of law or fact common to the class are:

(a) whether defendants sold home warranty plans to Plaintiffs and the Class;

(b) whether Plaintiffs and the Class made claims under the home warranty plans during the Class Period;

(c) whether defendants failed to properly adjust the claims of Plaintiffs and the Class; and

(d) whether class-wide injunctive relief is appropriate and, if so, the proper measure of the injunctive relief.

18. These common questions of law or fact are common to the class, and predominate over any other questions affecting only individual class members.

19. Plaintiffs will fairly and adequately represent the interests of the class in that plaintiffs are typical purchasers of home warranty plans from defendants, plaintiffs made claims under the plans, and plaintiffs have no conflicts with any other member of the class. Furthermore, plaintiffs have retained competent counsel experienced in class action litigation.

20. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

21. Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the defendants.

22. Injunctive relief is appropriate as to the class as a whole because defendants have acted or refused to act on grounds generally applicable to the class.

23. Plaintiffs reserve the right to expand, modify or alter the class definition in response to information learned during discovery.

## STATEMENT OF FACTS

24. Defendant American Home Shield Corporation advertises itself as "America's oldest and largest home warranty provider" and that it is "part of ServiceMaster, a company with customer level revenue of $5.1 billion." The market for home warranty plans is a huge market in the California and throughout the United States.

25. Defendants state that their home warranty plans offer "the assurance of being protected by the industry leader." Defendants further state that "With American Home Shield, you won't have to spend hours trying to fix covered appliances and systems yourself – or devote large amounts of money to have others repair your protected equipment" and "Relax once again knowing . . . If we can't repair it we'll replace it."

26. Defendants state that their services and home warranty plan provide "Reliable repairs from carefully selected professionals." However, such statements omitted the fact that the professionals are also "carefully selected" and trained to deny legitimate claims, refuse to authorize replacement of appliances, and increase the number of necessary service calls so as to increase costs to the Class and decrease the costs to Defendants.

27. Defendants also offer "Protection From Large, Unforeseen Bills. Your home warranty helps protect many of the most expensive appliances and systems you own."

28. Defendants made uniform, written representations in their advertising brochures and contracts that "American Home Shield will take care of the rest" and that "we stand behind every job we do with our unique money-back guarantee: If for any reason you are not satisfied with our service, American Home Shield will work with you until you are satisfied or we'll refund the amount of the trade service call fee."

29. Defendants' uniform written advertisements and contracts also represented that "AHS will determine what repairs constitute an emergency" and that "we're uniquely committed to stand

- 5 -
CLASS ACTION COMPLAINT

behind you" and "we're uniquely equipped to protect you from unwelcome repair bills. Whether a covered claim costs us $200, or in exceptional cases $20,000, you can rest assured that we'll come through for you."

30. These representations were false and misleading because they did not disclose to the consumer that Defendants had failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans sold by Defendants to Plaintiffs and the Class, thus violating Cal. Ins. Code §790.03(h)(3).

31. An individual who purchased a home warranty plan from Defendants and desired to submit a claim was required under the terms of the plan to either call 1-888-247-4777 or visit the company's website at www.ahsservice.com.

32. After the individual contacted AHS, AHS's uniform home warranty plan (drafted by AHS) containing identical language for each member of the Class) represented that AHS would "contact one of our authorized AHS contractors, who will then contact you to arrange a mutually convenient appointment time." Each home warranty plan uniformly stated that "our reliable professionals are carefully selected and monitored to ensure that they uphold our standards for quality. Upon arrival at your home, your repair professional will require the $50 trade service call fee (or the actual cost of service, if less) by check or money order payable to the contractor/company. Additional charges apply to some repairs, but whether your covered repair or replacement costs hundreds or even thousands of dollars, American Home Shield will take care of the rest."

**DEFENDANTS' DUTY TO IMPLEMENT AND ADOPT REASONABLE STANDARDS FOR PROMPT INVESTIGATION AND PROCESSING OF CLAIMS**

33. Defendants had a duty to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans sold by Defendants. This is a non-delegable duty under the law.

34. Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans sold by Defendants. Instead of adjusting the claims of Plaintiffs and the Class, Defendants contracted with

third party laborers to visit the homes of Plaintiffs and the Class and analyze the reported problem/claim.

35. Defendants told the third party laborers that they should refuse to repair any problems that were marginal or which did not require immediate attention. Defendants also trained and encouraged the third party laborers that an appliance or other covered item under the home warranty plan should not be authorized to be replaced if there was any way to repair the item, even if the laborer knew the repair would only last for a very short period of time, after which additional repairs or replacement would be necessary. Defendants did this because, under the home warranty plans, *the consumer is obligated to pay a set fee (originally $35 and now $50) for each time that the laborer visits the consumer's home.*

36. Defendants also set guidelines and stipulations which penalize contractors for expending resources to resolve problems covered under the policies, thereby inducing contractors to fraudulently represent to policyholders that legitimate claims are not covered under the policy.

37. Defendants also rank and reward contractors higher if they have a larger ratio of denials of claims than those contractors who in good faith repair the problems.

38. Defendants' business plan includes a calculated, pre-determined, and uniform approach of maximizing "service calls" which require the Class to pay the $35 - $50 fee for each service call. Even when the appliance or other item covered under the home warranty plans should be replaced, Defendants instruct the third party laborers to instead attempt to fix the appliance, even if it is just a "band-aid" fix.

39. This conduct, of course, maximizes the amount of money the Class has to pay above and beyond what they have already paid for the home warranty plan, while at the same time minimizing or completely eliminating Defendants' obligation to pay anything under the home warranty plans.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

40. Plaintiffs repeat and reallege the allegations contained above as if fully stated herein.

41. Defendants have entered into contracts with plaintiffs and members of the Class under which defendants agreed to provide home warranty plans to Plaintiffs and the Class. True and correct copies of the contracts entered into between Plaintiffs and Defendants (the first contract being for the time period 3/20/2003 through 3/20/2004 and the second contract being for the time period 3/20/2004 through 3/20/2005) are attached hereto as Ex. A, and those terms and incorporated herein.

42. Defendants have breached the terms of their contracts with plaintiffs and members of the Class.

43. Plaintiffs complied with all their obligations under the contracts.

44. Plaintiff and members of the Class have been deprived of the benefits of their agreements with defendants.

45. Defendants breached both contracts with Plaintiffs by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans and by taking actions to deprive Plaintiffs of the benefits of the contracts.

46. Defendants further breached the second contract with Plaintiffs by failing to comply with the contract's terms and the duty of good faith and fair dealing with respect to a claim Plaintiffs submitted concerning their furnace. Defendants initially declined the claim through a third party contractor. Eventually, Defendants offered to pay $789 in response to Plaintiffs' claim, which offer was wholly inadequate since Plaintiffs had expended over $3000 to have the furnace repaired after Defendants refused to honor their obligations under the contract.

47. As a result of defendants' breach of contract, plaintiffs and members of the Class have suffered damages.

48. Defendants are accordingly liable to plaintiffs and members of the Class for breach of contract. Plaintiffs seek actual damages on their own behalf; on behalf of the Class, Plaintiffs seek an injunction ordering Defendants to comply with the obligations of the contracts entered into by the Class and Defendants and an injunction ordering Defendants to properly adjust claims submitted by the Class during the Class Period.

## SECOND CLAIM FOR RELIEF
(Violation of Cal. Civil Code §1790 -- Consumer Legal Remedies Act)

49. Plaintiffs reallege and incorporates by reference each and every allegation above as if fully set forth at this point.

50. This cause of action is brought on behalf of Plaintiffs and the Class pursuant to California Civil Code sections 1750 et seq. Pursuant to California Civil Code §1750 et seq., Plaintiffs are entitled to enjoin Defendants' wrongful practices by reason of Defendants' unlawful, unfair and/or deceptive acts and practices.

51. The Consumer Legal Remedies Act prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of goods and services.

52. Defendants sold goods and/or services to Plaintiffs and the Class by selling to Plaintiffs and the Class the home warranty plans.

53. Defendants violated the Consumer Legal Remedies Act by representing in connection with the sale of the home warranty plans to Plaintiffs and the Class that the home warranty plans had sponsorship, approval, characteristics, ingredients, uses, and benefits which they do not have, as alleged above.

54. Defendants violated the Consumer Legal Remedies Act by misrepresenting the source, sponsorship, approval or certification of the home warranty plans. As alleged above, Defendants had a duty to Plaintiffs and the Class to conduct and diligently pursue a thorough, fair and objective investigation of claims submitted by Plaintiffs and the Class. Because Defendants did not pursue any investigation on their own, but instead improperly delegated investigation of all claims submitted by Plaintiffs and the Class to third party laborers, Defendants failed to conduct and diligently pursue a thorough, fair, and objective investigation with regard to every submitted claim. Defendants misrepresented to Plaintiffs and the Class that Defendants themselves would perform the tasks related to determining whether a submitted claim was valid.

55. Defendants violated the Consumer Legal Remedies Act by advertising goods or services with intent not to sell them as advertised, for the same reasons noted in the preceding paragraph.

56. Defendants' unlawful, unfair, and fraudulent business acts and practices, and unfair, deceptive, untrue, and misleading advertising, as described above, present a continuing threat to members of the Class and of the general public in that Defendants continue to sell the home warranty plans in violation of the Consumer Legal Remedies Act. This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

57. By reason of the above-described violations of the Consumer Legal Remedies Act, Plaintiffs, and each member of the class consumers of which Plaintiffs are a member, have suffered damages. Plaintiffs seek an injunction barring Defendants' illegal and unfair business practices.

**THIRD CLAIM FOR RELIEF**
**(Violation of Bus. & Prof. Code §17200)**

58. Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

59. The Unfair Trade Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code §17200. Unfair competition also includes "unfair, deceptive, untrue or misleading advertising." *Id.* The Act also provides for injunctive relief and restitution for violations. *Id.* §17203.

60. This cause of action is brought on behalf of Plaintiffs, members of the Class, and members of the general public pursuant to California Business & Professions Code sections 17200 *et seq*. Pursuant to Business & Professions Code §17200 et seq., Plaintiffs are entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair and/or deceptive acts and practices.

61. As a direct and proximate result of the acts and practices alleged above, members of the Class and the general public who purchased home warranty plans from Defendants have been injured. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

62. Defendants' unlawful, unfair, and fraudulent business acts and practices as described above, present a continuing threat to members of the Class and of the general public in that Defendants are continuing, and will continue, unless enjoined, to commit violations of Business & Professions Code §17200. This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

63. Defendants' conduct as alleged in this Complaint violates California Insurance Code §790.03. As alleged above, Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans sold by Defendants to Plaintiffs and the Class, thus violating Cal. Ins. Code §790.03(h)(3). Defendants completely failed to adopt and implement any standards for the prompt investigation and processing of claims under the home warranty insurance policies they sold, and such failure was knowingly committed and performed with such frequency as to constitute a general business practice.

64. Defendants' conduct as alleged in this Complaint further violates California Insurance Code §790.03 because Defendants failed to "conduct and diligently pursue a thorough, fair and objective investigation," as required by 10 CCR §2695.7(d). Because Defendants did not pursue any investigation on their own, but instead improperly delegated investigation of all claims submitted by Plaintiffs and the Class to third party laborers, Defendants failed to conduct and diligently pursue a thorough, fair, and objective investigation with regard to every submitted claim.

65. Defendants conduct as alleged herein also violated California Ins. Code §790.034 in that Defendants did not make the required disclosures required by such section to those members of the Class residing in California

66. As alleged herein, Defendants' conduct also constitutes a breach of contract. Defendants breached the contracts by not complying with the written terms of the contract and also by not complying with the obligations of Defendants under the contracts imposed by the insurance code. Moreover, Defendants' conduct constitutes a violation of the implied covenant of good faith and fair dealing, which is an essential element of the contracts entered into between Plaintiffs and Defendants. The implied covenant of good faith and fair dealing obligated Defendants to refrain from doing anything to injure the right of Plaintiffs and the Class to receive the benefits under the

contracts. Defendants violated this implied covenant through their conduct of failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty insurance plans sold by Defendants to Plaintiffs and the Class. An insurer breaches the covenant of good faith and fair dealing when it fails to properly investigate its insured's claim. *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809 (1979). In investigating a claim, the insurer must give at least as much consideration to the interests of the insured as it gives to its own interests. Here, Defendants did not. Instead, Defendants adopted a uniform, consistent policy which it applied uniformly to Plaintiffs and the Class, pursuant to which Defendants failed to adopt and implement any standard for the investigation of claims, and instead merely contracting with third party laborers to perform house calls and instructing such laborers to act in Defendants' interests to the detriment of Plaintiffs and the Class.

67. As alleged herein, Defendants' conduct also violated California's Consumer Legal Remedies Act and constituted a breach of fiduciary duty.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

A. A declaration that this action is a proper class action under California Code of Civil Procedure §382 on behalf of the class as defined herein, and an Order directing that reasonable notice of this action, be given to each member of the class;

B. A declaration that the Defendants' conduct alleged herein constitutes a breach of contract, breach of fiduciary duty, and a violation of the Consumer Legal Remedies Act and Business & Professions Code §17200;

C. An injunction enjoining, preliminarily and permanently, defendants from continuing the unlawful conduct alleged herein, and requiring Defendants to properly adjust all claims submitted by the Class;

D. As to the named Plaintiffs only, an award of actual damages for breach of contract;

E. An award for Plaintiffs and the class for the costs of this suit (including expert fees), and reasonable attorneys' fees, as provided by law; and

F. An award for such other and further relief as the nature of this case may require or as this court deems just, equitable and proper.

## JURY DEMAND

Plaintiffs demand a jury trial of all triable issues.

DATED: July 24, 2007

JOHNSON BOTTINI, LLP

_____
FRANCIS A. BOTTINI, JR.

Francis A. Bottini, Jr. (CA 175783)
Frank J. Johnson (CA 174882)
Brett M. Weaver (CA 204715)
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 230-0063
Facsimile: (619) 233-5535

Counsel for Plaintiffs

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
American Home Shield of California, Inc., American Home Shield Corporation, The Servicemaster Company, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Karon and L.B. Chip Edleson, On Behalf of Themselves and All Others Similarly Situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hall of Justice
330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2007-00071725-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Francis A. Bottini, Jr.          Johnson Bottini, LLP
655 West Broadway, Suite 1400, San Diego, CA 92101          Tel: 619/230-0063   Fax: 619-233-5535

DATE: 2 4 2007                 Clerk, by _____ L. MCALISTER , Deputy
*(Fecha)*                      *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Francis A. Bottini, Jr., Cal. Bar No. 175783<br>Frank J. Johnson, Cal. Bar No. 174882<br>Brett M. Weaver, Cal. Bar No. 204715<br>Johnson Bottini, LLP 655 West Broadway, Suite 1400, San Diego, CA 92101<br>TELEPHONE NO.: 619/230-0063    FAX NO.: 619/233-5535<br>ATTORNEY FOR *(Name):* | | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | | |
| CASE NAME:<br>Karon and L.B. Chip Edleson v. American Home Shield of CA, Inc. et al. | | |
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2007-00071725-CU-BT-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   
   **Non-PI/PD/WD (Other) Tort**
   [✓] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2007
Francis A. Bottini, Jr., Cal. Bar No. 175783
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com