FILED
2009 Oct-27  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2

# DECLARATION OF JOHN E. GOODMAN

1. My name is John E. Goodman. I am over twenty-one years of age, am of sound mind, and am competent to make this declaration. This declaration is based upon my personal knowledge.

2. I am an attorney licensed to practice law in the State of Alabama. At all times relevant hereto I have been a member in good standing of the bar of the United States District Court for the Northern District of Alabama.

3. I have served as counsel for defendant American Home Shield Corporation ("AHS") in an action pending in the United States District Court for the Northern District of Alabama styled *Laura Faught and Steven Faught v. American Home Shield Corporation*, Case No.2:07-CV-1928-RDP. The *Faught* action was originally filed on October 22, 2007. The complaint in *Faught*, both as originally filed and as amended, asserted claims on behalf of a putative nationwide class; plaintiffs' claims in *Faught* at no time were confined to only Alabama residents.

4. The Court in *Faught* directed the parties to engage in mediation by order dated July 29, 2008 (the said order appended hereto as Exhibit A). I, as well as other attorneys in my firm, participated on AHS's behalf in extensive settlement negotiations with plaintiffs' counsel in *Faught*, pursuant to the Court's order. Appended hereto as Exhibit B is a letter from the mediator, G. M. Van Tassel, Jr., to the Honorable R. David Proctor, the judge presiding over the *Faught* case, dated October 20, 2008. Mr. Van Tassel accurately states in the letter that, as of that date, the parties had engaged in six separate mediation sessions with Mr. Van Tassel. Thereafter, the parties met with Mr. Van Tassel in at least ten additional mediation sessions. All told, settlement negotiations in the *Faught* case extended over a period of thirteen months.

5. The parties kept the Court in *Faught* advised of the status of the settlement in *Karon & L.B. Chip Edleson v. American Home Shield of California, et al.*, Case No. 37-2007-00071725-CU-BT-CTL, in the Superior Court of the State of California for the County of San Diego ("*Edleson*"). Appended hereto as Exhibits C, D and E are status reports that were provided to the *Faught* Court, and which reference the *Edleson* settlement.

6. The *Faught* case was originally settled on a classwide basis in a stipulation of settlement entered into on or about January 13, 2009. An executed copy of this stipulation of settlement was provided to plaintiffs' counsel in *Edleson*, Mr. Bottini, in early February. The initial *Faught* settlement was not confined to Alabama residents (nor was the originally-filed and publicly-available complaint), a fact determinable from a review of the stipulation. At no time did Mr. Bottini (or the *Edleson* plaintiffs) ever voice any objection or opposition to this settlement.

7. The parties in *Faught* agreed to postpone presentation of their initial class settlement to the U.S. District Court for the Northern District of Alabama for approval until after final

1

resolution of the settlement in *Edleson* (a fact of which they notified the Court in *Faught*). The *Edleson* Court rejected the settlement by order dated July 8, 2009, which AHS received on July 10, 2009. The parties in *Faught* notified the *Faught* Court of the denial on July 30, 2009, and provided the Court with a copy of the *Edleson* Court's denial order on that date. The parties in *Faught* also advised the *Faught* Court on that date of their intention to continue settlement negotiations (including the possibility of expanding the scope of the earlier-agreed settlement, in light of the rejection of the *Edleson* settlement). The next mediation session with Mr. Van Tassel following this meeting with the Court was scheduled for and occurred on August 18, 2009. The parties' continued discussions – including several more sessions with Mr. Van Tassel – ultimately resulted in a second classwide settlement in *Faught*, which superseded the original classwide settlement.

8. The parties announced the second classwide settlement in *Faught* to the *Faught* Court on October 6, 2009. Appended hereto as Exhibit F is the parties' Notice of Settlement of Class Action, filed on October 6, 2009, which announced publicly that the case had been settled on a classwide basis (with the exception of the issue of plaintiffs' counsel's attorneys' fees, as to which the parties had engaged in no negotiations as of that time).

9. The parties in *Faught* notified the Court that the *Edleson* settlement had failed of final approval (and provided the *Faught* Court with a copy of the *Edleson* Court's denial order) more than nine weeks prior to executing the stipulation of settlement in *Faught,* more than ten weeks before plaintiffs in *Edleson* filed their now-pending motion for preliminary injunction, and several weeks prior to any suggestion by counsel for the *Edleson* plaintiffs that he might file such a motion in the *Edleson* case.

10. The parties in *Faught* notified the Court, prior to the Court's preliminary approval order being entered, that plaintiffs had filed a motion for preliminary injunction in *Edleson*. Any statement that the parties misled the Court in *Faught* concerning the status of proceedings in *Edleson* is untrue.

11. The *Faught* preliminary approval order designated D. Frank Davis and John E. Norris of the firm of Davis Norris LLP as counsel for the class. At no time did Davis, Norris or their firm seek to be designated class counsel in *Edleson*, and they have confirmed to me that they have no intention of seeking to be so designated in the future.

12. It is my understanding that plaintiffs in *Edleson* filed a motion for preliminary injunction in that case on October 9, 2009. The following all occurred on or before that date: (a) the parties in *Faught* entered into a classwide settlement; (b) the parties in *Faught* filed a motion for preliminary approval of their settlement, which motion included the stipulation of settlement itself, proposed class notice, and proposed preliminary and final approval orders (which motion and accompanying documents have been publicly available through the Court's records and Pacer system since October 9, 2009); (c) the parties in *Faught* advised the Court that the *Edleson* settlement had been rejected; and (d) the parties in *Faught* provided the Court with a copy of the *Edleson* Court's order

rejecting the settlement (the *Edleson* Court's order was filed of record in the *Faught* case on October 9, 2009).

I declare under penalty of perjury that the foregoing is true and correct.    Executed on October 26, 2009.

John E. Goodman

FILED

2008 Jul-29 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

EXHIBIT

*tabbies*

*A*

**LAURA AND STEVEN FAUGHT,**            }
                                                              }
     **Plaintiffs,**                                     }
                                                              }
**v.**                                                       }          **Case No.:  2:07-cv-1928-RDP**
                                                              }
**AMERICAN HOME SHIELD CORP.,**    }
                                                              }
     **Defendant.**                                    }

## MEDIATION ORDER

This case is appropriate for mediation pursuant to Section IV. B. of this court's Alternative Dispute Resolution Plan, adopted December 1, 1993 (the "Plan"). The parties are **DIRECTED** to proceed promptly to select a mediator from the Court Panel of Neutrals in accordance with the requirements of the Plan or to select an alternate mediator agreed upon by the parties.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. All aspects of mediation are private, confidential and privileged from process and discovery. The process is treated as a compromise negotiation for purposes of the Federal Rules of Evidence and State Rules of Evidence. The mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process. No subpoenas, citations, writs, discovery paper, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

A current list of the court's Panel of Neutrals who are available for service as mediators is available from the Clerk of the Court or on the court's website at *www.alnd.uscourts.gov*. The parties are to agree upon a mediator within **ten (10) days** of the date on which this order is filed.

Once the parties have selected a mediator, they are to notify the court's Judicial Assistant, Sharon

Richards, at (205) 278-1982. If the parties are unable to agree on a mediator, the court will proceed

with Section IV.C.3.b.i. of the Plan. If the parties and mediator cannot agree on a date, the mediator

will select a date and the parties shall appear as directed by the mediator.

**Prior to informing the court of the selection of the mediator, the parties should contact**

**the proposed mediator to determine the existence of any potential conflicts of interest and his**

**or her willingness to serve. Unless otherwise agreed by the parties, the costs of mediation shall**

**be borne equally by the parties. See Section IV.B.12.b of the Plan.**

Counsel and the parties shall endeavor in **good faith** to resolve the case through mediation.

Each party who is a natural person must be present during the entire mediation. Each party that is

not a natural person must be represented at the mediation by a principal, partner, officer, or official

with full authority to negotiate a settlement. If one or more insurance companies are necessary to

a settlement of the case, a representative from each insurance company with authority to negotiate

a settlement shall be present in person during the entire mediation.

An Order sending the parties to mediation does not operate as a stay of the proceedings.[1]

When the case is sent to mediation the court will not delay any deadlines set in the court's Class

Certification Scheduling Order entered May 8, 2008. The mediation shall be completed on or before

September 12, 2008.

---

[1]  Although the Northern District of Alabama's ADR Plan provides for a stay of the
proceedings during mediation (ADR Plan IV.B.4.), this court does not stay the proceedings for
mediation underline unless extraordinary circumstances exist, and the court enters an order expressly staying
the proceedings.

Within **ten (10) days** following mediation, the mediator will report to the court only that a settlement was reached or mediation was conducted and no settlement agreements were reached, whether each party acted in good faith to resolve the matter, and nothing more.

**DONE** and **ORDERED** this _____29th_____ day of July, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

3

**G. M. Van Tassel, Jr.**

ATTORNEY - MEDIATOR

(205) 930-5303

*mvantassel@sirote.com*

S I R O T E

———— & ————

P E R M U T T

A PROFESSIONAL CORPORATION

October 20, 2008



Honorable R. David Proctor
United States District Court of Alabama
Hugo Black United States Courthouse
1729 5th Avenue North
Birmingham, AL  35203

Re:   Laura Faught, on behalf of themselves and others similarly situated vs. American Home
      Shield Corporation
      In the United States District Court of Alabama - Northern/Southern Division
      Civil Action No.: 2:07-cv-1928-RDP
      Our Client/Matter No.: 40349-1860

Dear Judge Proctor:

I have worked with the attorneys and the parties at numerous mediation sessions over the past five weeks. We have met in my office on September 8, September 15, September 26, October 1, October 7, and October 17th. The attorneys have worked very hard in an effort to craft a resolution in this complex class action matter. Much progress has been made, but more needs to be done. To this end, I understand that the attorneys will seek a 60 day time extension on all deadlines. From my perspective, I can say that the granting of such an extension has an excellent chance of resulting in substantial judicial economy.

The parties are currently scheduled to return to my office for another mediation session on October 31, 2008. However, it is my intention and theirs as well, to work between now and then so that our meeting that day will be productive.

Respectfully yours,

G. M. Van Tassel, Jr.
FOR THE FIRM

GMVTJR/st

c:   John E. Norris, Esq.
     D. Frank Davis, Esq.
     Michael D. McKibben, Esq.
     Michael R. Pennington, Esq.

DOCSBHM\1590328\1\

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH   BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727   BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE  |  205.930.5100      FAX  |  205.930.5101      URL  |  *http://www.sirote.com*

B i r m i n g h a m   |   H u n t s v i l l e   |   M o b i l e

**Parsons, Pamela D.**

| | |
|---|---|
| **From:** | Parsons, Pamela D. |
| **Sent:** | Wednesday, April 01, 2009 11:41 AM |
| **To:** | 'proctor_chambers@alnd.uscourts.gov' |
| **Cc:** | 'fdavis@davisnorris.com'; 'jnorris@davisnorris.com'; Goodman, John E. |
| **Subject:** | Faught v. American Home Shield Corp. - Civil Action No.: CV 07-P-1928 |
| **Attachments:** | Updated Report on Status of Settlement.pdf; image001.gif |

Judge Proctor,

Per your Order of 3/9/09, please see attached Updated Report on Status of Settlement in the Faught v. American Home Shield Corporation case.

Respectfully,
Pam Parsons for John E. Goodman



**BRADLEY ARANT**
**BOULT CUMMINGS** ᴸᴸᴾ

**Pamela D. Parsons**
*Secretary to John E. Goodman & John W. Smith T*

**Phone** 205-521-8471
**Fax** 205-488-6471
**Email** pparsons@babc.com

**One Federal Place**
1819 Fifth Avenue North
Birmingham, AL 35203-2119

**EXHIBIT**

tabbies*

*C*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LAURA AND STEVEN FAUGHT,    )
                                   )
    Plaintiffs,    )
                                     )
                                     )
v.    )    CIVIL ACTION NO.
                                     )    CV 07-P-1928
AMERICAN HOME SHIELD    )
CORPORATION,    )
                                     )
    Defendant.    )

## UPDATED REPORT ON STATUS
## OF SETTLEMENT

Plaintiffs Laura and Steven Faught ("plaintiffs") and defendant American Home Shield Corporation ("AHS") provide the following updated report on the status of their settlement:

The parties last provided a report to the Court on February 18, 2009. Since that time, the parties have had further discussions (and an additional mediation session with Mr. Van Tassel on February 24) directed to the issue of attorneys' fees, costs, and expenses to be paid to plaintiffs' counsel. The parties have not to date reached agreement concerning this issue.

One of the terms of the parties' Stipulation of Settlement (which resolves all issues in this case on a class-wide basis, except for attorney's fees and expenses) is that the filing and approval of the settlement may, at AHS's option, be delayed for

a time period not longer than immediately after the *Edleson* settlement is finally resolved including any appeals. (The *Edleson* settlement was preliminarily approved by the Superior Court of the State of California for the County of San Diego on December 31, 2008, and the final approval hearing is currently scheduled for April 24, 2009.) AHS has previously notified plaintiffs' counsel of its exercise of the right under the Stipulation of Settlement to delay filing and approval of the settlement until after final resolution of the *Edleson* settlement.

Plaintiffs' counsel has this week commenced a jury trial in Jefferson County Circuit Court that is anticipated to last two to three weeks. The parties anticipate communicating further with the Court following the conclusion of that trial, and following the final approval hearing in *Edleson*.

/s D. Frank Davis
D. Frank Davis

/s John E. Norris
John E. Norris

Attorneys for Plaintiffs

OF COUNSEL:

DAVIS & NORRIS, LLP
2151 Highland Avenue, Suite 100
Birmingham, Alabama 35205-4008
(205) 930-9900

/s John E. Goodman
John E. Goodman

One of the Attorneys for
Defendant

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
(205) 521-8000



**EXHIBIT**

**D**

BRADLEY ARANT
BOULT CUMMINGS LLP

One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119

January 28, 2009

John E. Goodman
Direct Dial: (205) 521-8476
Direct Fax: (205) 488-6476
jgoodman@ba-boult.com

**VIA FACSIMILE**
The Honorable R. David Proctor
United States District Court
Northern District of Alabama
Hugo Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Re:     *Laura and Steven Faught v. American Home Shield Corporation*
        Civil Action No.: CV-07-P-1928

Dear Judge Proctor:

Enclosed is the parties' updated Report on Status of Settlement in the above-styled case. As with our earlier report, we are not filing it but are providing it to the Court informally.

Please feel free to contact me if you have any questions.

Very truly yours,

John Goodman

John E. Goodman

JEG/pdp

Enclosure

cc:     D. Frank Davis, Esq. (w/encl.)
        John E. Norris, Esq. (w/encl.)
        Michael D. McKibben, Esq. (w/encl.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LAURA AND STEVEN FAUGHT,     )
     )
     Plaintiffs,     )
     )
v.     )     CIVIL ACTION NO.
     )     CV 07-P-1928
AMERICAN HOME SHIELD     )
CORPORATION,     )
     )
     Defendant.     )

## UPDATED REPORT ON STATUS
## OF SETTLEMENT

Plaintiffs Laura and Steven Faught ("plaintiffs") and defendant American Home Shield Corporation ("AHS"), provide the following updated report on the status of their settlement:

The parties last provided a report to the Court on December 10, 2008. Since that time, the parties executed a Stipulation of Settlement in this case on January 13, 2009. The parties are now in the process of attempting to negotiate an amount of attorneys' fees, costs and expense to be paid to plaintiffs' counsel; the parties have a mediation set before Mr. Marty Van Tassel on February 6, 2009.

The Stipulation of Settlement in this case provides AHS the option to postpone filing and approval of this Settlement until after *Edleson* (a related California case referenced in previous status reports to the Court) is finally

resolved, including any appeals (the settlement was preliminarily approved on December 31, 2008), and also provides AHS and plaintiffs with some additional rights concerning the procedural vehicle for filing and approval of the Settlement. The parties expect to provide a further update to the Court in due course after the negotiations concerning attorneys' fees are either concluded or reached an impasse. In the event of such an impasse, the parties have negotiated a framework in the Stipulation of Settlement to resolve any dispute about the attorneys' fee issue.

/s D. Frank Davis
D. Frank Davis

/s John E. Norris
John E. Norris
Attorneys for Plaintiffs

OF COUNSEL:

DAVIS & NORRIS, LLP
2151 Highland Avenue, Suite 100
Birmingham, Alabama  35205-4008
(205) 930-9900

/s Michael D. McKibben
Michael D. McKibben
One of the Attorneys for
Defendant

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

** JOB STATUS REPORT        AS OF   JAN 28  09 08:09     PAGE. 01

BRADLEY ARANT

JOB #397

|   | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | STATUS |
|---|---|---|---|---|---|---|---|
| 001 | 1/28 | 08:07 | 912052781986 | EC--S | 00′59″ | 005 | OK |

---

BRADLEY ARANT
BOULT CUMMINGS LLP

One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119

## FACSIMILE

**Date**              January 28, 2009
**Fax Operator**

### RECIPIENTS

| Name | Location | Phone | Fax |
|---|---|---|---|
| The Honorable R. David Proctor | United States District Court | (205) 278-1980 | (205) 278-1986 |

### FROM

| | | |
|---|---|---|
| **Name** | John E. Goodman | **Number of Pages**   5 |
| **Phone** | 205-521-8476 | Includes cover page. If you do not receive all |
| **E-Mail** | jgoodman@ba-boult.com | pages, please call Pam Parsons 205-521-8471 as |
| **Fax** | 205-488-6476 | soon as possible. |

### MESSAGE

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error and are not sure whether it is privileged, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service at our expense. Thank you.

```
**  JOB  STATUS  REPORT                    AS OF   JAN 28   '09  08:20      PAGE. 01

                                                    BRADLEY  ARANT

         JOB #398

         DATE   TIME          TO/FROM        MODE    MIN/SEC    PGS    STATUS
  001   1/28   08:18          2059309989     EC--S   00'59"     005    OK
```

---

**BRADLEY ARANT**
**BOULT CUMMINGS**
<small>LLP</small>

One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119

## FACSIMILE

**Date**              January 28, 2009
**Fax Operator**

### RECIPIENTS

| Name | Location | Phone | Fax |
|------|----------|-------|-----|
| John E. Norris, Esq. D. Frank Davis, Esq. | Davis & Norris, LLP — Birmingham, AL | (205) 930-9900 | (205) 930-9989 |

### FROM

| | | |
|---|---|---|
| **Name** | John E. Goodman | **Number of Pages**   5 |
| **Phone** | 205-521-8476 | Includes cover page. If you do not receive all |
| **E-Mail** | jgoodman@ba-boult.com | pages, please call Pam Parsons 205-521-8471 as |
| **Fax** | 205-488-6476 | soon as possible. |

### MESSAGE

---

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error and are not sure whether it is privileged, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service at our expense. Thank you.

## Owens, Christine F.

| | |
|---|---|
| **From:** | McKibben, Michael D. |
| **Sent:** | Wednesday, December 10, 2008 4:36 PM |
| **To:** | Owens, Christine F. |
| **Subject:** | FW: Faught v AHS status report |
| **Attachments:** | BHM-#1797168-v1-AHS_Faught_12-10_Report_to_Court.DOC |

Please print for correspondence file, including the attachment.   Place the attachment in pleadings but note on the index to pleadings that it was emailed to chambers, not filed with the clerk.
Mike

Michael D. McKibben
mmckibben@bradleyarant.com
Direct Dial: 205-521-8421

**From:** McKibben, Michael D.
**Sent:** Wednesday, December 10, 2008 4:29 PM
**To:** McKibben, Michael D.
**Subject:** Faught v AHS status report

Dear Judge Proctor,
Per my conversation with Sally Waudby this afternoon, here is the status update you requested from the parties regarding *Faught v. American Home Shield.*
Sincerely,
Mike McKibben



Michael D. McKibben
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Direct:  (205) 521-8421
Fax:     (205) 488-6421
Website:  www.bradleyarant.com
mmckibben@bradleyarant.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA AND STEVEN FAUGHT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | CV 07-P-1928 |
| AMERICAN HOME SHIELD | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES' REPORT ON STATUS
## OF SETTLEMENT NEGOTIATION

Plaintiffs Laura and Steven Faught ("plaintiffs") and defendant American

Home Shield Corporation ("AHS"), in keeping with the directive of the Court,

provide the following report on the status of settlement negotiation in this case:

As previously reported to the Court, the parties have entered into a

Memorandum of Understanding regarding settlement of this case, such settlement

being related to a prior-filed class settlement in an action styled *Karon & L.B. Chip*

*Edleson v. American Home Shield of California, et al.,* Case No. 37-2007-

00071725-CU-BT-CTL, pending in the Superior Court of the State of California

for the County of San Diego. Since the parties' last contact with the Court, counsel

for AHS has provided to counsel for plaintiffs a draft of a Stipulation of

Settlement. Counsel for plaintiffs presented to AHS's counsel proposed revisions

to the said Stipulation on December 8, 2008, and also made an initial proposal to AHS's counsel with regard to attorneys' fees. AHS is considering plaintiffs' counsel's proposed revisions to the stipulation and will respond to their attorneys' fees proposal in the near future. Appointed mediator Marty Van Tassel remains involved in the parties' negotiations.

/s D. Frank Davis
D. Frank Davis

/s John E. Norris
John E. Norris
Attorneys for Plaintiffs

OF COUNSEL:

DAVIS & NORRIS, LLP
2151 Highland Avenue, Suite 100
Birmingham, Alabama 35205-4008
(205) 930-9900

/s Michael D. McKibben
Michael D. McKibben
One of the Attorneys for
Defendant

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

**FILED**

2009 Oct-06  PM 05:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. CV-07-P-1928-S** |
| **v.** | ) ) | |
| **AMERICAN HOME SHIELD CORPORATION,** | ) ) ) | |
| **Defendant.** | ) ) | |

EXHIBIT

F

### NOTICE OF SETTLEMENT OF CLASS ACTION

    Plaintiffs Laura Faught and Steven Faught, and Defendant American Home Shield Corporation, hereby give the Court notice that they have settled this action and will shortly present their settlement to the Court for its consideration on a Motion for Preliminary Approval of the Settlement. While all terms as regards relief to the settlement class and to the named plaintiffs have been finalized, the parties state to the Court that they have not heretofore negotiated the issue of attorneys' fees in this settlement.


/s  John E. Norris
John E. Norris
One of the Attorneys for Plaintiffs


OF COUNSEL:

DAVIS & NORRIS LLP
2154 Highland Avenue South
Birmingham, Alabama  35205
(205) 930-9900

/s  John E. Goodman
John E. Goodman
One of the Attorneys for Defendant

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
(205) 521-8000