FILED
2009 Oct-27 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 4

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

RECEIVED
OCT 02 2008

777 South Figueroa Street
Los Angeles, California 90017

Martin R. Boles
To Call Writer Directly:
213 680-8428
mboles@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500
Dir. Fax: 213 680-8500

September 30, 2008

Frank Bottini, Esq.
Johnson Bottini LLP
655 W. Broadway, Suite 1400
San Diego, CA 92101

Re:   *Edleson v. American Home Shield et al.*

Dear Frank:

This letter memorializes our understanding between counsel in the wake of my proposal and your rejection of a suggestion to add the language attached to this letter to our Stipulation of Settlement. (*See* Attachment A.)

It is our mutual understanding that, should it prove necessary in order to satisfy a desire on Defendants' part to settle the *Faught* litigation pending in Alabama, Lead Class Counsel will approve a written request by counsel for Defendants to amend the Stipulation of Settlement in our California case to effectuate a carve out of an Alabama-only putative class that is made in writing and presented in accordance with paragraph 12.2 of the Stipulation of Settlement. If the Defendants choose to settle or carve out the Alabama case, the Defendants must obtain the agreement of the plaintiffs in the Alabama case neither to (i) object to any portion of the settlement in the California case (including but not limited to any award of attorneys fees, expenses, costs, and incentive payments) nor to (ii) seek to be appointed Class Counsel in the California case unless the Defendants have first obtained a prior written consent to such an appointment from Lead Class Counsel in the California case (as the terms Class Counsel and Lead Class Counsel are defined in the Stipulation of Settlement in the California case).

In addition, it is understood that Lead Class Counsel will consider and promptly respond to requests for other modifications to the Stipulation of Settlement (and exhibits, if necessary) that counsel for Defendants believes may be necessary to resolve the *Faught* litigation, and will consider promptly any such requests in good faith.

If you agree to the foregoing, please sign at the bottom and return to me.

KIRKLAND & ELLIS LLP

Frank Bottini, Esq.
September 30, 2008
Page 2

Sincerely,

Martin R. Boles

Agreed

Frank Bottini
Counsel for Plaintiffs
Karon and L.B. Chip Edleson

MRB/rvs

Enclosures

cc:   Robert Gasaway, Esq.

K&E 13442490.4

Exhibit A

| | | |
|---|---|---|
| Robert Gasaway/Washington DC/Kirkland-Ellis<br>09/24/2008 01:46 PM | To | <frankb@johnsonbottini.com> |
| | cc | Martin Boles |
| | bcc | |
| | Subject | Proposed Language |

*Confidential Settlement Communication*

x.x.   **Good Faith Mediation; Alabama Option.** While the parties were completing confirmatory discovery in this Action, American Home Shield Corporation was directed by court order to engage in good faith mediation in the Faught Case, a putative nationwide class action pending in Birmingham, Alabama that was filed later than this Action and encompasses a small subset of the Claims in this Action. Plaintiffs and Class Counsel understand that in order to satisfy its court-ordered obligation to mediate, AHS made a good faith proposal to resolve the Faught Case. Without disclosing confidential mediation communications, and in order to move forward with the execution of this Agreement while satisfying its obligation to mediate the Faught Case, AHS has asked for, and the parties have agreed to, an AHS option to exclude, via written notification to Lead Class Counsel, all Alabama customers from the definition of Class in paragraph 2.8. In addition, the parties have agreed that Plaintiffs and Class Counsel will promptly respond to any written request by AHS to change the geographic and/or definitional boundaries of this carve-out option in a manner that would exclude a substantially similar number of Class Members. Any such modification must be executed by a writing signed by both parties in accordance with paragraph 12.2. Defendants have informed Plaintiffs they recently made Class Action Fairness Act submissions regarding an unrelated class action settlement in which Alabama customers made up approximately 2.1 percent of the overall nationwide settlement class.

2.x.   "Faught Case" means the putative nationwide class action, captioned *Laura Faught and Steven Faught, on behalf of themselves and all others similarly situated, v. American Home Shield Corporation*, No. CV-07-P-1928-S, filed October 22, 2007 in the U.S. District Court for the Northern District of Alabama.