FILED
2009 Oct-27 PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 8

| | |
|---|---|
| **From:** | Frank Bottini [frankb@johnsonbottini.com] |
| **Sent:** | Tuesday, October 20, 2009 5:49 PM |
| **To:** | David J. Noonan; Edward Chapin; Frank J. Johnson; justice@howardwiener.com |
| **Cc:** | Feldman, Joel S.; Niewoehner, Rachel B.; Weber, Julie |
| **Subject:** | Re: Edleson/Faught |

This is a joke.  You have to be kidding.  This is an attempt at fraud by your client. We have never once been advised of any developments in the Faught case and the settlement is clearly inadequate and a thinly-veiled attempt by your client to avoid the vigorous prosecution of the case advanced by my firm and Mr. Chapin's firm and to sell-out the class to the lowest bidder.  Also, the Alabama court has no nationwide jurisdiction over this case.

   You can be assured that we will be raising your client's unconscionable conduct with Judge Bloom and that we intend for the preliminary injunction hearing to go forward.



Frank A. Bottini, Esq.
JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, CA  92101
(619) 230-0063 (telephone)
(619) 233-5535 (facsimile)
www.johnsonbottini.com
frankb@johnsonbottini.com



On 10/20/09 3:17 PM, "David J. Noonan" <DNoonan@knlh.com> wrote:

> Frank, Ed,
>
>         Attached (in two parts) is a copy of the Preliminary Approval Order, entered earlier today by Judge Proctor in
> the United States District Court for the Northern District of Alabama.  As you will see, the Class for this settlement is
> described as "All persons in the United States who purchased or were issued any Home Service Contract by
> American Home Shield or any of its affiliates between July 24, 2001 and October 19, 2009. Excluded from the Class
> are Defendant, its parents, subsidiaries, affiliates, officers, directors and employees; any judge, mediator or arbitrator
> who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the
> family of any such judge, mediator or arbitrator."  Additionally, Paragraph 11 of the Preliminary Approval Order states:
>
> Injunction Against Other Lawsuits.  The Named Plaintiffs and all Class Members are hereby enjoined from
> commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any Claims, including
> for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or
> repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the
> Released Parties' business practices, arising from Home Service Contracts concluded and events occurring during
> the Class Period and related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or
> reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and (ii) AHS's policies,
> procedures and/or practices respecting: the timing or promptness of responding to customer problems and situations,
> including expediting such responses; the diagnosis of customer problems and situations; authorizing repairs or
> replacements in response to customer requests; choosing between offering repairs and offering replacements;
> offering or requiring the acceptance of cash in lieu of repairs or replacements; denying claims (in part or in their
> entirety); applying contract limitations and exclusions; applying business rules for emergencies; responding to
> customer inquiries or escalating the attention given to such inquiries; or otherwise making decisions regarding either

the application of the terms and conditions of Home Service Contracts, or the authorization of repair and replacement services pursuant to Home Service Contracts, against Defendant, its, direct or indirect, subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including its predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date, either directly, representatively, or in any other capacity, without Defendant's consent, unless and until such time as the Settlement is either (i) terminated pursuant to ¶ 11.3 of the Agreement or (ii) is approved by the court and embodied in the Final Judgment. In the event this Settlement is approved by the Court, such injunction shall continue to the extent provided in the Final Judgment.

In light of the entry of the Preliminary Approval Order, all further litigation in the Edleson matter has been enjoined. Please contact me to discuss how this development should be presented to Judge Bloom.

Dave

David J. Noonan
KIRBY NOONAN LANCE & HOGE LLP
Diamond View Tower
350 Tenth Avenue, Suite 1300
San Diego, CA 92101
Telephone: 619 231-8666
Direct: 619 557-4403
Facsimile: 619 231-9593
E-Mail: dnoonan@knlh.com <mailto:dnoonan@knlh.com>
www.knlh.com <http://www.knlh.com/>

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual or entity named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@knlh.com and immediately delete this message from your system.