FILED
2009 Oct-27 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 9

David J. Noonan (State Bar No. 55966)
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-3387
Telephone: (619) 231-8666
Facsimile: (619) 231-9593

Joel S. Feldman
 jfeldman@sidley.com
Rachel B. Niewoehner
 rniewoeh@kirkland.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60657
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Defendants American Home Shield of California, Inc.
and American Home Shield Corporation

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| KARON AND L.B. CHIP EDLESON, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME SHIELD OF CALIFORNIA, INC., AMERICAN HOME SHIELD CORPORATION, THE SERVICE MASTER COMPANY AND DOES 1-20,<br><br>Defendants. | CASE NO. 37-2007-00071725-CU-BT-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS AMERICAN HOME SHIELD OF CALIFORNIA, INC. AND AMERICAN HOME SHIELD CORPORATION IN SUPPORT OF EX PARTE APPLICATION TO STAY THIS ACTION**<br><br>DATE: October 26, 2009<br>TIME: 8:30 a.m.<br>JUDGE: The Hon. Jay M. Bloom<br>DEPT. 70<br><br>Action Filed: 07/24/07 |

KNLH\659493.1

## 1. INTRODUCTION

This action has been enjoined and can proceed no further[1]. The October 21, 2009 Order[2] (the "Order") entered by the United States District Court for the Northern District of Alabama expressly enjoins any and all class members from commencing, prosecuting, participating in or continuing to prosecute any lawsuit that relates to the Settlement in the *Faught* Action. The Order applies here. The District Court preliminarily approved the settlement and set the fairness hearing for March 10, 2010 to determine whether to finally approve the settlement before it which, if finally approved, will require dismissal with prejudice of this case. While this Court could dismiss this action without prejudice now, at a minimum, this case should be stayed in its entirety.

## 2. FACTUAL BACKGROUND

Plaintiffs Karon and Chip Edleson filed this case on July 24, 2007. On October 22, 2007, Plaintiffs Laura and Steven Faught sued AHS in the United States District Court for the Northern District of Alabama in a case styled *Faught v. American Home Shield*, 2:07-CV-1928 (the "*Faught* Action"). Like the Edlesons here, the *Faught* plaintiffs asserted claims based on AHS's alleged failure to properly handle and pay claims pursuant to its written home service contracts, and sought certification of a class consisting of "[a]ll persons who, in the last six years, have purchased a residential home warranty contract from AHS applicable to a house within the United States and, within the original contract term of one year, had a claim denied for repair or replacement of a major home component based on an alleged failure to clean or maintain." *Compare Faught* Complaint at ¶ 19 with *Edleson* Complaint at ¶14. AHS has vigorously denied these allegations.

On October 20, 2009, Judge David Proctor entered an Order preliminarily approving the settlement of the *Faught* Action, and entered the Order, which enjoins all litigation against AHS

---

[1] Should the Edlesons wish to proceed individually, they – like any other class member – may opt-out from the *Faught* Action at an appropriate time as defined by the Order.

[2] Attached as Exhibit 1 is a copy of the October 21, 2009 Order entered by the United States District Court for the Northern District of Alabama, with exhibits. The Order granted preliminary approval of the *Faught* Settlement.

KNLH\659493.1

-1-

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS AMERICAN HOME SHIELD OF CALIFORNIA. INC. AND AMERICAN HOME SHIELD CORPORATION TO STAY THIS ACTION

relating to AHS's home service contracts. Pursuant to Fed. R. Civ. P. 65, the Order expressly enjoins all class members from prosecuting any claims related to those asserted in the *Faught* Action:

> <u>Injunction Against Other Lawsuits</u>. The Named Plaintiffs and all Class Members are hereby enjoined from commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any Claims, including for an accounting, for the rescission or reformation of contracts (or any equitable theory whatsoever), for restitution or repayment, and for prospective injunctive relief to mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices, arising from Home Service contracts concluded and events occurring during the Class Period and related to AHS's policies, procedures, and/or practices during the Class period as alleged in, or reasonably related to those alleged in, the Action . . . .

Order at ¶ 12. The Order further provides that the injunction "shall continue to the extent provided in the Final Judgment." *Id.*

### 3. ARGUMENT

#### A. The District Court Properly Issued the Injunction Under Rule 65

Judge Proctor considered the relevant factors and properly issued the injunction pursuant to Fed. R. Civ. P. 65. It is well-established that a party seeking a preliminary injunction in federal court must establish that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will result if the relief is not granted; (3) the threatened injury outweighs the harm that the requested relief may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *Raich v. Gonzales*, 500 F.3d 850, 858 (9th Cir. 2007) (outlining substantially similar factors).

Judge Proctor issued the injunction after the parties to the *Faught* Action demonstrated that these threshold factors weighed in favor of enjoining class members from pursuing related litigation while he considered whether the *Faught* Settlement should be finally approved. The parties established that there is a high likelihood that the District Court will conclude that the proposed settlement is fair and reasonable and grant final approval. The parties demonstrated that class members and AHS could suffer irreparable injury if a separate judgment were to undermine

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

the proposed recovery and relief agreed upon by the parties. The parties showed that class members would suffer little, if any, harm because they may choose to opt out of the class if they are dissatisfied with the proposed settlement. Finally, the parties proved that the public interest favored the entry of a preliminary injunction to allow the District Court to consider a settlement that would resolve numerous claims against AHS on a global basis to the benefit of all class members. In light of these factors, Judge Proctor properly issued an injunction that will allow the District Court to orderly proceed with the process of approving the settlement.

### B. Further Prosecution of This Case is Prohibited Expressly by the District Court's Order

The Order includes Plaintiffs' claims here, and expressly enjoins further prosecution of this action. The preliminarily certified class includes Plaintiffs, who allege that they purchased "at least two home warranty insurance plans" from AHS during the class period. *Edleson* Complaint at ¶ 6. Moreover, Plaintiffs assert claims that fall squarely within the class of claims enjoined by Judge Proctor's Order. Specifically, Plaintiffs allege that AHS expressly breached its obligations under the home service contracts, trained service providers to wrongfully deny legitimate claims, and failed to adopt reasonable standards to handle and process claims. As with the *Faught* Action, Plaintiffs here seek to require AHS to implement certain standards relating to claims processing and investigation and to re-adjust previously submitted claims.

All of Plaintiffs' claims "aris[e] from Home Service Contracts" and relate to "AHS's policies, procedures, and/or practices during the Class Period." *See* Order at ¶ 12; *see also Edleson* Complaint at ¶¶ 34-39. Accordingly, the claims here fit squarely within the class of claims expressly enjoined by the Order. Continued prosecution of those claims is inconsistent with the Order and the District Court's ability to oversee the *Faught* Settlement. Moreover, a failure to stay this litigation could adversely affect the rights of class members who will otherwise obtain substantial relief pursuant to the *Faught* Settlement. In light of the injunction currently in effect and the potential impact that this action could have on the prompt consideration and approval of the *Faught* Settlement, this Court must stay all further proceedings in this action.

KNLH\659493.1

-3-
MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS AMERICAN HOME SHIELD OF CALIFORNIA, INC. AND AMERICAN HOME SHIELD CORPORATION TO STAY THIS ACTION

## 4. CONCLUSION

In light of the District Court's Order, this Court should stay this action pending approval of the *Faught* Settlement.

DATED: October 23, 2009

KIRBY NOONAN LANCE & HOGE LLP

By: _____
David J. Noonan
Attorneys for Defendants American Home Shield of California, Inc. and American Home Shield Corporation

KNLH\659493.1

-4-

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS AMERICAN HOME SHIELD OF CALIFORNIA, INC. AND AMERICAN HOME SHIELD CORPORATION TO STAY THIS ACTION