FILED
2009 Oct-27 PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 10

1  JOHNSON BOTTINI, LLP
   Francis A. Bottini, Jr., Esq. (SBN 175783)
2  Frank J. Johnson, Esq. (SBN 174882)
3  Brett M. Weaver, Esq. (SBN 204715)
   655 West Broadway, Suite 1400
4  San Diego, California 92101
   Telephone:   (619) 230-0063
5  Facsimile:   (619) 233-5535

6  CHAPIN WHEELER LLP
   Edward D. Chapin, Esq. (SBN 053287)
7  Jill S. Houlahan, Esq. (SBN 185757)
   Jennifer M. Chapman, Esq. (SBN 253065)
8  550 West "C" Street, Suite 2000
   San Diego, California 92101
9  Telephone:   (619) 241-4810
   Facsimile:   (619) 955-5318
10
   Lead Class Counsel for Plaintiffs
11 KARON and L. B. CHIP EDLESON, On Behalf of
   Themselves and All Others Similarly Situated
12
13                    **SUPERIOR COURT OF CALIFORNIA**

14                     **FOR THE COUNTY OF SAN DIEGO**

15 | KARON AND L.B. CHIP EDLESON,              ) | Case No. 37-2007-00071725-CU-BT-CTL
   | On Behalf of Themselves and All Others    ) |
16 | Similarly Situated,                        ) | ***EX PARTE*** **APPLICATION AND**
   |                                            ) | **MEMORANDUM OF POINTS AND**
17 |                Plaintiffs,                 ) | **AUTHORITIES RE MOTION TO**
   |                                            ) | **PRECLUDE DEFENDANTS FROM**
18 | v.                                         ) | **ENGAGING IN FURTHER**
   |                                            ) | **SETTLEMENT EFFORTS WITH**
19 | AMERICAN HOME SHIELD OF                   ) | **ANYONE OTHER THAN LEAD CLASS**
   | CALIFORNIA, INC.; AMERICAN                ) | **COUNSEL OR, ALTERNATIVELY,**
20 | HOME SHIELD CORPORATION;                  ) | **FOR AN ORDER CONFIRMING**
   | THE SERVICEMASTER COMPANY;                ) | **HEARING ON MOTION FOR A**
21 | and DOES 1 through 20,                    ) | **PRELIMINARY INJUNCTION**
                                                )
22              Defendants.                    ) | Date:   October 26, 2009
                                                ) | Time:   8:30 a.m.
23                                              ) | Dept.:  70
                                                ) | Judge:  Hon. Jay M. Bloom
24

## *EX PARTE* APPLICATION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, on October 26, 2009, at 9:00 a.m., in Department 70 of the San Diego Superior Court, located at 330 West Broadway, San Diego, California 92101, Plaintiffs Karon and L.B. Chip Edleson will, and hereby do, move *ex parte* regarding a motion to preclude defendants from engaging in further settlement efforts with anyone other than Lead Class Counsel or, alternatively, for an order confirming the current hearing date of November 20, 2009 on Plaintiffs' motion for a preliminary injunction.

The *ex parte* application will be based on this notice, the accompanying memorandum of points and authorities, the declaration of Francis A. Bottini, and any other documentary or oral evidence the Court may consider at the hearing.

//

//

# MEMORANDUM

## I. INTRODUCTION

This ex parte application is necessary because Defendants:

- Are improperly attempting to settle the case without the involvement or approval of Lead Class Counsel;

- Have thumbed their noses at this Court's rejection of the proposed settlement in this case;

- Have engaged in blatant and improper forum shopping by taking the rejected settlement and re-submitting it to what they perceive to be a more defendant-friendly court in Alabama (which has no connection whatsoever to AHS or the claims of any class member outside of Alabama); and

- Are improperly attempting to avoid a ruling on Plaintiffs' Motion for Preliminary Injunction, currently set for hearing on November 20, 2009.

As demonstrated below, Defendants' conduct violates the law and this Court's orders and threatens irreparable harm and confusion to the Class. Thus, the Court should immediately order Defendants (sometimes collectively referred to as "AHS") to stop pursuing any further effort to effectuate any settlement of this case without the approval of Lead Class Counsel. The Court should also confirm that the hearing on Plaintiffs' Motion for Preliminary Injunction will go forward as noticed on November 20, 2009. As demonstrated in that motion, the Class is threatened with irreparable harm due to AHS's systematic and ongoing unfair business practices.

## II. BACKGROUND

The Defendants, recognizing the merits of Plaintiffs' pending Motion for Preliminary Injunction, rushed to Alabama in the dark of night, without advising Lead Class Counsel, this Court, or Justice Wiener (who has overseen all settlement negotiations in this case) and

purported to settle the case with lawyers who have no authority to settle this case and in a blatant attempt to effectuate an end run around this Court's previous denial of the same settlement and in an effort to avoid this Court's ruling on Plaintiffs' Motion for Preliminary Injunction.

The Defendants now have the chutzpah to come into this Court and waive a purported injunction issued by the Alabama court as the alleged basis upon which they seek to shield their conduct from any further review by this Court. The injunction issued by the Alabama court is of no effect since the Defendants improperly presented the settlement to the Alabama court without advising it that: (1) this Court appointed Lead Class Counsel on December 31, 2008, and Lead Class Counsel has exclusive authority to settle the case; (2) that Lead Class Counsel here has filed a Motion for Preliminary Injunction in this Court; and (3) that the Motion for Preliminary Injunction is based on substantial evidence demonstrating the inadequacy of the proposed settlement.

Defendants' egregious attempt to violate this Court's orders and engage in forum shopping should not be countenanced, and need not be, since the Court has broad power to issue any order necessary to administer justice and sanction parties over whom it has jurisdiction.

## III. ARGUMENT

### A. The Court Should Immediately Order Defendants To Stop Pursuing Any Further Effort To Effectuate Any Settlement Of This Case Without The Approval Of Lead Class Counsel

These consolidated class actions have been pending in this Court since July 24, 2007. By Order dated December 31, 2008, Judge Denton appointed Karon and L.B. Chip Edleson as Class Representatives, Chapin Wheeler LLP and Johnson Bottini, LLP as Class Counsel, and Frank A. Bottini of Johnson Bottini, LLP as Lead Class Counsel. As Lead Class Counsel, Mr. Bottini has exclusive authority to engage in settlement discussions with Defendants. Indeed, the leading class action treatise makes clear that class counsel has the exclusive right to negotiate settlement: "Without an official representative to speak for the

plaintiffs and the class, even before a class certification ruling, the Defendants are in a position to engage in attorney-shopping and negotiate a settlement with a second set of attorneys after the first set has declined the settlement offer." 3 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 9.35, p. 391 (4th Ed. 2006).

Here, Class Counsel negotiated a nationwide settlement that was preliminarily approved, but ultimately rejected by this Court at the final approval stage. Since then, Chapin Wheeler LLP and Johnson Bottini, LLP have taken the Court's comments at the final approval hearing to heart and have been working hard to litigate the case and obtain a better result for the Class.

Specifically, Lead Class Counsel marshalled the extensive evidence that has been gathered during the two-plus years that this case has been pending, including testimony from a deposition Lead Class Counsel conducted on September 30, 2009, and drafted and filed a cogent Motion for Preliminary Injunction designed to curtail Defendants' egregious and unfair business practices. That motion is supported by not only incriminating internal documents from AHS but also by an extensive declaration from Plaintiffs' expert. The expert declaration demonstrates that AHS enters into bargain-basement flat rate agreements with its contractors and that AHS only pays its contractors a fraction of what it actually costs to fix problems with the appliances, HVAC systems, and other home systems which are covered by AHS's home warranty plan. *See* Plaintiffs' Motion for Preliminary Injunction (attached hereto as Ex. A).

Faced with Lead Class Counsel's aggressive litigation of this case and presentation of the Motion for Preliminary Injunction, and unbeknownst to this Court and Lead Class Counsel, AHS surreptitiously began to negotiate an agreement with Alabama counsel who have no authority to negotiate on behalf of the Class.

In class action cases, appointed class counsel has exclusive authority to act on behalf of the class. That authority includes the exclusive authority to enter into any settlement negotiations on behalf of the class. *See Manual for Complex Litigation*, Fourth, § 21.11, at

- 4 -
EX PARTE APPLICATION

246 (Federal Judicial Center 2004) ("[D]esignation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as . . . negotiating settlement.").

Indeed, Defendants themselves recognized that Mr. Bottini has the sole authority to negotiate any settlement on behalf of the class. Defendants also specifically agreed in writing that AHS would not settle the *Faught* litigation in Alabama without the prior written consent of Lead Class Counsel and, even then, would only settle it as an *Alabama-only* class and *not* as a nationwide class action. Defendants' September 30, 2008 written agreement with Lead Class Counsel states that "should it prove necessary in order to satisfy a desire on Defendants' part to settle the *Faught* litigation pending in Alabama, Lead Class Counsel [*i.e.*, Mr. Bottini] will approve a written request by counsel for Defendants to amend the Stipulation of Settlement in our California case to effectuate a *carve out of an Alabama-only putative class.*" See September 30, 2008 letter from Martin Boles to Frank Bottini (attached hereto as Ex. B). Defendants further agreed that "[i]f the Defendants choose *to settle or carve out the Alabama case*, the Defendants must obtain the agreement of the plaintiffs in the Alabama case neither to: (i) object to any portion of the settlement in the California case . . . nor to (ii) seek to be appointed Class Counsel in the California case unless the Defendants have first obtained a prior written consent to such an appointment from Lead Class Counsel in the California case (as the term Class Counsel and Lead Class Counsel are defined in the Stipulation of Settlement in the California case)." *Id*. Of course, by purportedly settling this case by settling the Alabama litigation on a nationwide basis, as opposed to an Alabama-only class, Defendants have breached their agreement to obtain Lead Counsel's permission before negotiating settlement with Alabama counsel. Notably, Defendants misled the Alabama court by failing to disclose this letter in connection with their motion for preliminary approval of the Alabama settlement.

Moreover, when Defendants attempted to achieve an end-run around this Court's rejection of the settlement here, and re-submitted it to the Alabama court with the purported

- 5 -
EX PARTE APPLICATION

blessing of Alabama lawyers who have never been appointed lead class counsel, the settlement was of no effect and has no legal force. As explained by the court in *Breswick & Co. v. Briggs*, 135 F. Supp. 397, 405 (S.D. NY 1955):

> It is highly important that the Defendants not have the power to choose among the counsel . . . the one with whom they will deal. Neither should they have the power to halt the progress of the case which is moving rapidly and constructively in one court by compelling the concentration of attention upon a settlement submitted in another case where that settlement is not negotiated with the active parties to that case.

Thus, this Court should issue an order precluding AHS from violating its own letter agreement with Lead Class Counsel and violating this Court's December 31, 2008 Order and from pursuing any further attempts to effectuate any settlement of this case with anyone other than Lead Class Counsel appointed by this Court. The Court should also deny Defendants' attempt to stay this case based on the injunction issued by the Alabama court since the injunction is invalid due to the fact that its injunction is premised upon a settlement agreement, which is void and unenforceable because it was not authorized or entered into by Lead Class Counsel and also violates AHS's own binding letter agreement with Lead Class Counsel that the *Faught* litigation in Alabama could only be settled with Lead Class Counsel's prior written permission and then only as an Alabama-only class, *not* as a nationwide class.

### B. Alternatively, if the Court Decides to Honor the Injunction Issued by the Alabama Court, then Plaintiffs Karon and L.B. Chip Edleson Will Opt Out of the Class; the Alabama Injunction Will Therefore Not Apply to Them Since it Only Applies to "Class Members" and the Edlesons Will No Longer Be Class Members and Will Be Free to Pursue the Preliminary Injunction Motion

The proposed settlement in Alabama clearly provides for the right of class members to opt out of the settlement. *See* Stipulation of Settlement, Section 7.7 ("Any Class Member may request exclusion from the Settlement Class."). Further, AHS's Joint Motion for Preliminary Approval of Proposed Settlement (filed in Alabama on October 9, 2009, but not sent to Lead Class Counsel until October 20, 2009, the day after the Alabama court preliminarily approved the settlement), states: "In a class action, a Rule 65(d) injunction

applies to all class members *who do not opt out of participating in the class action.*"). See AHS's Joint Motion at p. 23 (attached hereto as Ex. C). Accordingly, if this Court declines to issue an order prohibiting AHS from attempting to effectuate a settlement with anyone other than Lead Class Counsel, then the Edlesons will immediately opt out of the Alabama Settlement Class.

The Edlesons took the Court's rejection of the settlement to heart, and now believe a better settlement must be achieved for the Class. To that end, they obviously do not believe that the settlement AHS is pursuing in Alabama is in the best interests of the Class since that settlement is a near mirror-image of the settlement rejected by this Court. Instead, the Edlesons firmly believe that a hearing on their Motion for Preliminary Injunction is the best way to protect the interests of all consumers currently threatened with irreparable harm due to AHS's unconscionable conduct. And they are free to pursue that injunction in their individual capacity since Plaintiffs' injunction is based on the CLRA and Bus. & Prof. Code Section 17200, both of which allow injunctive relief in individual, non-class cases. For example, the CLRA makes clear that "*any consumer* who suffers *any damage* as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: . . . (2) *an order enjoining the methods, acts, or practices.*" Cal. Civil Code Section 1780(a)(1)(2). Again, the injunctive remedy is available in individual actions and does not require that a class be certified. Indeed, there is a whole separate section of the statute (Section 1781, "Consumer's class actions") devoted to class actions as opposed to Section 1780 which deals with the right of any individual in any individual, non-class action to obtain injunctive relief.

### III.  CONCLUSION

For the reasons discussed above, the Court should order that: (1) Defendants are enjoined from pursuing any further effort to effectuate any settlement of this case without the approval of Lead Class Counsel, Francis A. Bottini; and (2) that Plaintiffs' Motion for

1 | Preliminary Injunction will be heard as noticed on November 20, 2009 at 11:00 a.m. In the
2 | event the Court will not grant the requested relief on an *ex parte* basis, Plaintiffs request the
3 | Court issue an order shortening time for a noticed motion.

5 | DATED: October 23, 2009          JOHNSON BOTTINI, LLP

                                     By: /s/ Francis A. Bottini, Jr.
                                         Francis A. Bottini, Jr.
                                         Lead Class Counsel

                                     CHAPIN WHEELER LLP
                                     Edward D. Chapin, Esq.
                                     Jill S. Houlahan, Esq.
                                     550 West "C" Street, Suite 2000
                                     San Diego, California 92101