IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | * * * * |
| Plaintiffs, | * * |
| v. | * *   Case No.: 2:07-CV-1928-RDP |
| AMERICAN HOME SHIELD CORPORATION, | * * * |
| Defendant. | * |

## EDLESON PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S EXPEDITED MOTION FOR INJUNCTION

Chip and Karon Edleson (the "Edlesons"), plaintiffs in *Edleson v. American Home Shield of California, Inc., et al.* (Case No. 37-2007-00071725-CU-BT-CTL) (the "*Edleson* Action"), respectfully submit this brief in opposition to American Home Shield Corporation's ("AHS") expedited motion seeking to enjoin the *Edleson* Action from proceeding in California state court.

### I.   INTRODUCTION

"[R]ooted in federalism concerns – a desire to avoid tension and preserve comity between the federal and state courts . . . [the] Anti-Injunction Act serves as 'an absolute prohibition against enjoining state court

>proceedings, unless the injunction falls within one of [the Act's] three specifically defined exceptions.'" *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 (11th Cir. 2006) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

The All Writs Act therefore must be "construed narrowly, in the direction of federal non-interference with orderly state proceedings." *Carter v. Ogden Corp.*, 524 F.2d 74, 76 (5th Cir. 1975). Contrary to these binding precedents, AHS seeks to have this Court exercise its power insouciantly by issuing another, superfluous injunction prohibiting the *Edleson* Action from going forward in the Superior Court of California, County of San Diego. AHS made this baseless request in a rush , allowing the Edlesons barely 40 hours to respond.

As explained below, the Court should deny AHS's requested relief for two reasons. First, AHS cannot establish that the *Edleson* Action interferes with this Court's jurisdiction because its proposed stipulation of settlement is invalid. To enter into a valid settlement in this action (the "*Faught* Action"), AHS is required by agreement to obtain the consent of Lead Class Counsel in the *Edleson* Action. Because AHS failed to obtain such consent, AHS cannot use the invalid proposed settlement as a basis for enjoining the orderly proceeding in the *Edleson* Action. Second, because numerous critical facts were absent in the record, the Court should reconsider, on a regularly noticed motion, its preliminary approval of the invalid stipulation of settlement.

## II.   BRIEF FACTUAL BACKGROUND

The Edlesons filed their class action in the Superior Court of California three months before the Faughts filed their case in this Court. The Edlesons settled their case more than a year before the Faughts purportedly settled this action. After the *Edleson* court denied final approval of that settlement, the Edlesons moved for preliminary injunction based on compelling evidence from AHS's own incriminating documents, numerous homeowner declarations about their negative experiences with Defendants and a detailed expert declaration. The evidence convincingly demonstrates that AHS engaged in unlawful and unfair business practices. (A true-and-correct copy of the Edlesons' motion and supporting exhibits are being filed with this Court under seal).

In order to prevent the Edlesons' motion from being heard, AHS rushed to settle the *Faught* Action on nearly identical terms as those rejected by the *Edleson* court. Indeed, the parties in the *Faught* Action signed their stipulation of settlement just three days before the Edlesons filed their motion, which the Defendants knew for weeks that the Edlesons were going to file on October 9, 2009. While AHS pretends that it has substantially improved that settlement, the improvements are mere window dressing (*e.g.*, keeping the review desk open four months instead of three).

In order to convince this Court to preliminarily approve the purported settlement, AHS failed to inform the Court of numerous, crucial facts, including:

- AHS specifically agreed that Lead Class Counsel in the *Edleson* Action (Francis A. Bottini) had the exclusive authority to settle on behalf of the nationwide class of AHS customers;

- Mr. Bottini's settlement authority ended only if the AHS filed a Notice of Termination of Settlement with the San Diego Superior Court;

- AHS did not file the required notice of termination until ***3 days after*** it purportedly settled this Action;

- There was a motion for preliminary injunction on file in the *Edleson* case, which unlike the settlement in this action, would actually prevent AHS from continuing to engage in their unfair business practices; and

- Approximately 5,000 class members opted out of the settlement agreement in the *Edleson* case because they found it to be inadequate. (A true-and-correct copy of a spreadsheet identifying those class members who opted out of the *Edleson* class is attached hereto as Exhibit A).

Armed with these facts, the Superior Court of California denied AHS's request to stay the *Edleson* Action or postpone the hearing on the motion for preliminary injunction. So AHS now seeks an extraordinary remedy from this Court — an injunction specifically prohibiting the *Edleson* Action from going forward.

Having received the "Expedited Unopposed Motion For Injunction Of Related Proceedings Under All Writs Act," at approximately 4:00 p.m. PST on October 27, 2009, the Edlesons have had just over 40 hours to prepare a response. That said, the Edlesons are able to show that the Court should not enjoin their case in California for the two reasons set forth below.

### III.   ARGUMENT

**A.   The All Writs Act Is Inapplicable Where, As Here, The *Edleson* Action Does Not Interfere With The *Faught* Action**

**1.   As AHS Concedes, Its Motion Is Entirely Predicated Upon The "Necessary In Aid Of Jurisdiction" Exception**

The All Writs Act Provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Anti-Injunction Act, on the other hand, prohibits a federal court from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its

jurisdiction, or to protect or effectuate judgments." 28 U.S.C. § 2283. Of these three narrow exceptions, AHS relies solely upon the "necessary in aid of jurisdiction" exception.

The Eleventh Circuit interprets this exception "narrowly." *Burr & Forman*, 470 F.3d at 1028. Under the narrow interpretation, the "necessary in aid of jurisdiction" exception arises only where the federal and state court proceedings involve the same *res* or are "analogous to proceedings *in rem*, such as where enjoining the state court proceeding is necessary to protect an earlier federal court injunction." *Id.* at 1028-29.

### 2. No "Necessary In Aid Of Jurisdiction" Exception Exists Because AHS Lacked Authority To Enter Into The Settlement Agreement

There is no basis to find a "necessary in aid of jurisdiction" exception because the *Edleson* Action and the *Faught* Action do not involve the same *res*. Nor are these two actions analogous to proceedings *in rem* because the *Edleson* settlement has been terminated and the proposed *Faught* settlement is invalid. *See Piambino v. Bailey*, 610 F.2d 1306, 1333 (5th Cir. 1980) (finding no exception because the state and federal court have concurrent jurisdiction to decide the underlying claims).

Here, AHS failed to advise the Court of one critical fact – that AHS did not terminate the settlement agreement in the *Edleson* Action until October 9, 2009 –

6

three days *after* AHS entered into the settlement agreement in the *Faught* Action, which the Court preliminarily approved and which serves as the basis for the injunction issued by the Court. (*See* October 9, 2009 Notice of Termination of Settlement filed by Defendants in *Edleson* action, attached hereto as Exhibit B).

This is crucial because AHS was still bound by all the terms of the *Edleson* settlement at the time it entered into the *Faught* settlement, including the key fact that AHS could only settle the *Faught* Action as an Alabama-only class and *not* as a nationwide settlement. *See* September 30, 2008 side letter to *Edleson* Stipulation of Settlement, attached as Ex. 4 to Expedited Unopposed Motion for Injunction of Related Proceedings Under All Writs Act. As the side letter explicitly states, AHS bound itself, as an integral part of the *Edleson* settlement, to only settle the *Faught* Action with the written permission of Lead Class Counsel Francis A. Bottini, and then only as "***an Alabama-only putative class***." *See* Ex. 4 to Expedited Unopposed Motion.

AHS attempts, however, to avoid its contractual agreement, contending that the side letter terminated when the San Diego Superior Court denied final approval to the settlement. *See* Expedited Unopposed Motion at p. 3, n.1. This contention is without merit. The *Edleson* settlement explicitly states:

> [T]his Agreement may also be terminated by Defendant, in their sole discretion, in the event that . . . a motion seeking the Court's final or preliminary approval or final approval of this Settlement is denied . . . Any termination pursuant to this

7

>paragraph shall be accomplished by filing with the Court a notice of termination, which shall be served on Lead Class Counsel.  Upon the filing of such a termination notice, this Settlement shall be deemed to be terminated.

*See* Section 11.2 of the Stipulation of Settlement, attached as Ex. 3 to the Expedited Unopposed Motion.

Obviously, by filing the Notice of Termination, AHS acknowledged it had to file a formal termination notice in order to effectuate any termination of the *Edleson* settlement.  However, it did not do so until October 9, 2009.  Thus, when AHS entered into the settlement in the *Faught* action on October 6, 2009 (*see* Declaration of John E. Goodman, ¶8), it was bound by all terms of the *Edleson* settlement, including the requirement that it could only settle *Faught* as an Alabama-only class.

AHS also violated the requirement that it obtain the written approval of Lead Class Counsel to settle the *Faught* action (even as an Alabama-only class).  AHS does not contend that it sought or received the permission of Mr. Bottini to settle the *Faught* action with respect to the October 6, 2009 settlement.  It only contends that it provided a copy of the January 13, 2009 settlement to Mr. Bottini, and that Mr. Bottini allegedly did not object.  *See* Declaration of John E. Goodman, ¶6.  Such contention is irrelevant and without merit for two reasons.

First, the January 13, 2009 settlement is not before this Court, and AHS indicates it never presented it to the Court.  Goodman Decl., ¶7.  Second, any

8

"presentation" of either of the two *Faught* settlements to Mr. Bottini was not enough to satisfy AHS's contractual obligation under the side letter.  Instead, AHS was clearly obligated to effectuate any settlement of the *Faught* Action by both submitting a written request and complying with "paragraph 12.2 of the Stipulation of Settlement" in the *Edleson* Action.  *See* Ex. 4 to Expedited Unopposed Motion. Section 12.2 of the *Edleson* settlement clearly provides that any amendment or modification to it may be accomplished "only be a written instrument, signed by both Class Counsel and Counsel for the Defendants, and subject to Court approval."  *See* Ex. 3 to Expedited Unopposed Motion.  AHS undeniably never complied with this requirement, and thus both the attempted January 13, 2009 and October 6, 2009 settlements of the *Faught* action are invalid, void, and unenforceable.  As a result, the Court should withdraw its preliminary approval of the *Faught* settlement as well as the injunction that was issued in connection with the preliminary approval.

The absence of a valid settlement before this Court is fatal to AHS's claim of a "necessary in aid of jurisdiction" exception.  Where, as here, parallel class actions in both state and federal courts over the same claims do not interfere with one another, this Court should refrain from enjoining the state court proceedings. *Corley v. Entergy Tech. Holding Co.*, 297 F. Supp. 2d 915, 919 (E.D. Tex. 2003).

9

**B.     The Court Should Allow the Edleson Plaintiffs an Opportunity to Submit the Missing, Critical Facts for the Court to Reconsider the Preliminary Approval**

The Court's preliminary approval is an interlocutory order and thus "may be revised at any time before the entry of a judgment."  FED. R. CIV. P. 54(b). Accordingly, the Court has the inherent authority to reconsider the preliminary approval.  *See*, *e.g.*, *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922) ("if an interlocutory decree be involved, a rehearing may be sought at any time before final decree"); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991) (an "interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment").  Here, the Court should reconsider the preliminary approval for two reasons.

First, the Court granted the preliminary approval without considering the following critical facts because AHS failed to submit them:

- AHS violated the terms of the September 30, 2008 side letter by reaching the proposed settlement in *Faught*;

- AHS rushed into the proposed settlement in order to avoid the preliminary injunction proceedings in *Edleson*; and

- AHS's proposed settlement is substantively similar to the *Edleson* settlement that (1) according to the California state court, lacked

10

>substantial benefit to the class; and (2) caused over 5,000 class members to opt out.

The absence of these facts in the record prevented the Court from properly considering AHS's motion for preliminary approval and thus requires reconsideration. *See Godby v. Electrolux Corp.*, Nos. 93-cv-0353-ODE, 93-cv-1260-ODE, 1994 U.S. Dist. LEXIS 10760, at *3 (N.D. Ga. May 25, 1994) (reconsideration is proper in the event of "the availability of new evidence, and the need to correct clear error or prevent manifest injustice"). Because the Edlesons did not have sufficient time or adequate opportunity to present these facts to the Court, they respectfully request leave to submit additional briefing to support a motion for reconsideration of the preliminary approval.

Second, reconsideration is particularly appropriate here because, if the preliminary approval is allowed to take effect, the proposed class notice will cause confusion among and burden to the class members. The class members received notice of the settlement in the *Edleson* Action. AHS has never notified the class members that the *Edleson* settlement was rejected. Now AHS intends on sending the class members notice of the *Faught* settlement. The class members will invariably be confused as to why they are receiving a second class settlement notice and, even worse, many of the class members who opted out of the *Edleson* settlement will not realize that they need to opt out again. This confusion will

prejudice the class and thus requires reconsideration of the preliminary approval. *See Lee v. ABC Carpet & Home*, No. 00 Civ. 0984 (DAB), 2008 U.S. Dist. LEXIS 38725, at *3 (S.D.N.Y. May 9, 2008) (granting defendants' motion for reconsideration of approval of class notice because the approval was given without considering defendants' objections).

### IV.   CONCLUSION

AHS's expedited request lacks a legal and factual basis and should therefore be denied.

Respectfully submitted,

/s/Kirkland E. Reid
Kirkland E. Reid (REIDK9451)
Counsel for  Chip and Karon Edleson

OF COUNSEL:

JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE, L.L.P.
Post Office Box 46
Mobile, Alabama 36601
Telephone:  (251) 439-3513
Facsimile:  (251) 433-4106
kreid@joneswalker.com

                                              Frank A. Bottini, Esq.
                                              Brett M. Weaver, Esq.
                                              Counsel for Chip and Karon Edleson

OF COUNSEL:

JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing has been filed via the Court's CM/ECF System, on this 29th day of October, 2009, to the following parties of record:

John E. Goodman
Bradley, Arant, Boult, Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Frank Davis
John E. Norris
Wesley W. Barnett
Davis & Norris, LLP
2145 Highland Avenue
Birmingham, Alabama 35205

Lea Bone
Bates & Bones, LLP
2151 Highland Avenue
Suite 120
Birmingham, Alabama 35205

                                              /s/Kirkland E. Reid