

BRADLEY ARANT
BOULT CUMMINGS LLP

John E. Goodman

Direct Dial: 205 521-8476
Direct Fax: 205 488-6476
jgoodman@babc.com

j

October 29, 2009

VIA EMAIL

Honorable R. David Proctor
United States District Judge
U.S. District Court for the Northern District of Alabama
Hugo L. Black U.S. Courthouse
1729 Fifth Avenue North
Birmingham, Alabama  35203

> RE:   *Faught v. American Home Shield Corp.,*
>          Case No.: 2:07-CV-1928-RDP

Dear Judge Proctor:

American Home Shield Corporation ("AHS") writes to the Court in brief reply to the arguments made by counsel for Karon and L.B. Chip Edleson, in their filing made several hours ago opposing the pending Motion for Injunction of Related Proceedings Under All Writs Act. I apologize for the informality of this letter (and will file a formal pleading if the Court desires it), but given the urgency of the pending Motion, and the currently-existing deadlines in the California case (AHS is presently required to respond to the Edlesons' wide-ranging motion for preliminary injunction by tomorrow, October 30), I thought it important to reply as promptly as I could.  I will endeavor to avoid repeating points made in our motion.

The arguments advanced by the Edlesons are transparent attempts to mask their clear interference with this Court's proper jurisdiction to consider the parties' settlement in this case.

- The Edlesons twist the rejected settlement agreement to contend that the *Edleson* settlement was not terminated until AHS formally filed a notice of termination in the California.  This ignores the glaring reality of Judge Bloom's denial of the settlement three months earlier; the **Court** terminated the settlement.  California Rule of Court 3.769(a) requires court approval of any settlement of a class action, and Judge Bloom declined to do so.  The Edlesons grasp at straws in arguing otherwise.  Furthermore, their **own conduct** belies their assertion:  if a valid settlement still existed, what on earth were they doing threatening and then filing a motion for preliminary injunction against AHS, with whom they allegedly had a valid settlement?  The fact is, they have litigated the case since the *Edleson* court rejected the settlement, even without the formal notice of termination they now piously contend was required.

Hon. R. David Proctor
October 29, 2009
Page 2

---

- The side letter on which the Edlesons place such reliance is also a red herring. It was part of a judicially rejected settlement, and as such is as dead a letter as the *Edleson* settlement agreement itself. Furthermore, as explained in AHS's motion at footnote 1, the side letter (even if it still had any vitality) required the **Edlesons' counsel** to agree to an Alabama-only class; it did not require AHS to deliver one. AHS's duty, in turn, was to assure that plaintiffs' counsel in *Faught* not appear in *Edleson*, object to *Edleson*, or try to be appointed class counsel in *Edleson*. It is undisputed that none of these things ever happened.

- The Edlesons' counsel continue to insist that they are somehow "class counsel," with the exclusive right to negotiate a settlement. But it is obvious that they were rejected as class counsel, contemporaneous with the rejection of the *Edleson* settlement. There is no certified class in *Edleson*, nor even a motion for class certification pending. The Court has appointed Class Counsel in this case, but they are **not** the lawyers opposing the All Writs Act motion. The Edlesons' arguments are palpably without merit.

- The Edlesons attempt to make much of the fact that "5,000" class members opted out of the *Edleson* settlement (the total number was just over 4,000, of whom more than 700 expressly opted out because they were satisfied with their AHS contracts). The opt outs actually represent approximately **0.1%** of the class members in *Edleson* (and now here)[1]. Of course, there is no way to know how many of those opt outs did so for perceived deficiencies in the *Edleson* settlement that have been improved here (such as, for example, Edlesons' counsel's bloated attorneys' fee). In any event, it is clear that these arguments are altogether irrelevant now, but instead bear on final approval of *this* settlement (which the Edlesons are trying to end-run and frustrate through their continued California litigation).

- The Edlesons suggest that somehow class members will be confused by class notice in this case, given the notice they received of the *Edleson* settlement. But apparently they have not read the proposed (and Court-approved) notice in this case, which specifically advises class members that this case is distinct from *Edleson*, and that the *Edleson* settlement was terminated (see Exhibit C to Preliminary Approval Order, p. 2).

- The Edlesons' makeweight arguments demonstrate exactly why prosecution of that case must be enjoined: they are trying to litigate their case, not only in California in derogation of this Court's interim injunction included in the preliminary approval order, but also where the Court has already preliminarily approved a class wide settlement. It is the Edlesons' obligation, as members of the certified class in this

---

[1] The motion for final approval in *Edleson* provided the California court with details about the opt-outs, and is publicly available in the California court's files. Please let me know if those pleadings would be helpful to the Court.

Hon. R. David Proctor
October 29, 2009
Page 3

case, to abide by this Court's orders, not flout them by continuing to litigate matters that will be resolved if the Court finally approves this settlement. The preliminary approval order and notice approved by the Court set out the procedures that are to be followed if the Edlesons should elect to object to the settlement or exclude themselves. What is not permitted by that order, or by the All Writs Act itself, is activity in another court in derogation of this Court's properly-acquired jurisdiction.

- The Edlesons' opposition is intended to allow them to continue to pursue their injunction motion (and other claims directed squarely at AHS's alleged business practices, which are at the center of the settlement in this case). Continued prosecution of the *Edleson* case – and the Edlesons have made no bones about their intention to do so – if "left unchecked, would have . . . the practical effect of diminishing [this] court's power to bring the litigation to a natural conclusion." *ITT Comm. Dev. Corp. v. Barton*, 569 F. 2d 1351, 1359 (5th Cir. 1978); *see also United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (a federal court is authorized to enjoin competing proceedings "to effectuate and prevent the frustration of orders [the court] has previously issued in its exercise of jurisdiction otherwise obtained"). Precedent in this Circuit and from the United States Supreme Court empowers this Court to protect its own jurisdiction and orders from just such depredations as the Edlesons are attempting.

- The Edlesons' argument that the settlement here does not differ from the rejected *Edleson* settlement is not only without merit (AHS has previously demonstrated the significant distinctions between the two), but it has no bearing at all on whether the All Writs injunction should issue. The Edlesons have every right, at the appropriate time and in the appropriate manner, to object to this settlement. The inescapable point, though, is such objections are to be made to and considered by **this** Court; the Edlesons cannot end-run that process by continuing to litigate (whether under the auspices of their existing case, or in some new filing) in California or elsewhere.

- If the All Writs injunction is not issued by this Court, AHS will, in essence, be deprived of the benefits of the settlement it has, at great length, negotiated with Messrs. Davis and Norris, without the benefit of a final hearing and despite this Court's findings in its preliminary approval order. Furthermore, should the Edlesons be allowed to proceed, there is a real risk that the California court may interfere with this Court's decision-making. Certainly exposing AHS to an injunction by the California court, on the very issues that are the subject of this settlement, threatens to saddle AHS with inconsistent obligations as regards its business practices, and forces it to defend claims that it has settled. Such a result would be particularly ironic because the Edlesons are not current AHS customers – and have not been since 2005 – and have no personal interest in any of the business practice issues.

Hon. R. David Proctor
October 29, 2009
Page 4

_____

As many courts have recognized, settlements are strongly favored in the law, and the very purpose of a settlement is to avoid the need to determine sharply contested issues and to dispense with wasteful and expensive litigation and discovery:

> The compromise of complex litigation is favored both by strong judicial policy and public policy. Due to their uncertainty, difficulty of proof, and length, and in the interest of judicial economy, class action [lawsuits] should be settled whenever possible, as soon as possible.

*In re Corrugated Container Antitrust Litig.,* 566 F. Supp. 1117, 1157 (S. D. Tex. 1982), *aff'd,* 687 F. 2d 52 (5th Cir. 1982) (citations omitted). The Edlesons' continued prosecution of their case is in clear contravention of this Court's preliminary approval order, of the policies cited above, and of this Court's ability to consider the parties' settlement in an orderly fashion. The parties to this case agreed to "stand down" while the *Edleson* settlement was being considered; the Edlesons should now be required to do the same.

For the foregoing reasons, and for the reasons set forth in AHS's motion, I would respectfully request the Court to enter the All Writs Act injunction forthwith.

Very truly yours,

John E. Goodman
One of the Attorneys for Defendant

cc:  D. Frank Davis, Esq. (via emailed pdf and U.S. mail)
     John E. Norris, Esq. (via emailed pdf and U.S. mail)
     Wes Barnett, Esq. (via emailed pdf and U.S. mail)
     Kirkland E. Reid, Esq. (via emailed pdf and U.S. mail)
     Frank A. Bottini, Esq. (via emailed pdf and U.S. mail)
     Brett M. Weaver, Esq. (via emailed pdf and U.S. mail)