IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | } } } } | |
| Plaintiffs, | } } | |
| v. | } } } | Case No.: 2:07-CV-1928-RDP |
| AMERICAN HOME SHIELD CORPORATION, | } } } | |
| Defendant. | } | |

## MEMORANDUM OPINION

Merriam-Webster defines the term consistency as follows: "3a: agreement or harmony of parts or features to one another or a whole ... ability to be asserted together without contradiction b: harmony of conduct or practice with profession." (http://www.merriam-webster.com/dictionary/consistency).

B. R. Ambedkar, the political and social reformer and architect of India's Constitution, had this to say about consistency:

> Emerson has said that consistency is a virtue of an ass. No thinking human being can be tied down to a view once expressed in the name of consistency. More important than consistency is responsibility. A responsible person must learn to unlearn what he has learned. A responsible person must have the courage to rethink and change his thoughts. Of course there must be good and sufficient reason for unlearning what he has learned and for recasting his thoughts. There can be no finality in rethinking.

Aldous Huxley has opined that "consistency is contrary to nature, contrary to life. The only completely consistent people are dead." And Henry David Thoreau is reported to have said that, "The lawyer's truth is not Truth, but consistency or a consistent expediency." A survey of Karon and L.B. Chip Edleson's lawyers' arguments and filings in this court makes one thing abundantly clear: they are more in the camp of Ambedkar and Huxley and do not appear to share Thoreau's view that a lawyer's

truth is consistency. That is, the positions they have taken in this case – and in the California state court – have shifted more than the sands of the Sahara Desert.

Just by way of example, the Edlesons have taken irreconcilable positions on the issue of whether due process is satisfied in this case and in the California case. In this case, they argue that the settlement is invalid as to them at least in part because of due process concerns. In contrast, in California they represented to the court that "procedural due process concern of a nationwide litigation class *is not implicated in the settlement context, and need not be considered, ...*" (*Compare* Doc. # 45 *with* Doc. 47, Ex. 3). Furthermore, the Edlesons have made the following misrepresentations to the California court: (1) the Edlesons asserted that this court is an Alabama court, rather than a United States District Court; (2) the Edlesons asserted that their California counsel have the exclusive authority to settle any class action with AHS, despite the fact that the California court had already rejected the settlement preliminarily approved in that case, thus effectively vacating the order appointing them Lead Class Counsel; (3) the Edlesons asserted that the settlement of this matter was hastily negotiated, rather than negotiated over an extended period of time with substantial assistance from one of the neutrals appointed to the court's ADR panel; and (4) the Edlesons asserted that the settlement in this matter is essentially the same as the one previously agreed to by the Edlesons but rejected by the California court. (*See* Doc. # 39, Ex. 10 at pp. 2-3). Notwithstanding the fact that this court has already determined that there is no factual basis for these assertions, the court takes judicial notice that the Edlesons continue to make them. (*Compare* Doc. # 43 *with* Appellants Karon and L.B.

Chip Edleson's Motions to Stay Injunctions and to Expedite Appeal, filed in the Eleventh Circuit Court of Appeals, 09-15954-J).[1]

This matter is before the court on Karon and L.B. Chip Edleson's Notice Regarding Briefing Schedule (Doc. # 55), filed November 25, 2009. Although styled a "Notice," the document is actually a motion because it seeks affirmative relief regarding the briefing schedule under which the parties and the Edlesons find themselves. In order to clarify the issues related to the Edlesons' motion, the court will briefly summarize the history of the Edlesons' participation in this court and their requests for relief.

## I.   PROCEDURAL HISTORY

On October 20, 2009, the court entered an Order preliminarily approving the parties' classwide settlement in this action and providing for notice to the class. (Doc. # 37). The Order enjoined all Class Members from commencing, prosecuting, participating in or continuing the prosecution of any action asserting any claims covered by the Stipulation of Settlement. Despite this court's October 20, 2009 Order, the court was advised that the lawsuit styled *Karon and L.B. Chip Edleson v. American Home Shield of California, Inc., et al.*, Case No. 37-2007-00071725-CU-BT-CTL, a putative and uncertified class action pending in the Superior Court of California for the County of San Diego, continued to be prosecuted. (Doc. # 39).

---

[1] The court is aware that, in their Motion to Stay filed in the Eleventh Circuit (of which this court takes judicial notice), the Edlesons' counsel on appeal (who do not include their attorney in this court) complain of the expedited nature of this court's second injunction as compared to the briefing schedule they now seek to stay. What they have not acknowledged is this: (1) the expedited nature of the court's second injunction was caused in large part by the misrepresentations they made to the California court (which were brought to this court's attention by AHS), and (2) the briefing schedule in this case was appropriate because the Edlesons' counsel in this case agreed to maintain the *status quo* during the parties face-to-face meeting and, if it became necessary (and it has), briefing on their request for relief and further told this court that they desired the court to rule on the relief they requested.

On October 27, 2009, Defendant AHS filed an Expedited Unopposed[2] Motion for Injunction of Related Proceedings Under All Writs Act. (Doc. # 39). On October 29, 2009, Class Members Karon and L.B. Chip Edleson, through their local counsel, filed an opposition to the motion. (Doc. # 40).[3] On October 30, 2009, this court issued an Order clarifying its earlier October 20 Order. In particular, the October 30 Order found that the Edlesons' continued prosecution of a purported class action in California stood to interfere with the court's ability to determine whether the classwide settlement reached by the parties in this case should be ultimately approved. The court made this finding particularly in light of the fact that the Edlesons were then seeking interim injunctive relief in California that (1) was filed on behalf of "Plaintiffs [Edlesons] and the Class," (emphasis added), (2) was nationwide in scope, (3) was related to Defendant AHS's corporate business practices (including outside of California), and (4) would have substantially interfered with the terms of the settlement preliminarily approved in this case.[4] (Doc. # 44-2).

On November 4, 2009, the Edlesons filed their "Brief of Karon and L.B. Chip Edleson in Support of Expedited Motion to Stay the October 30, 2009 Order for Lack of Personal Jurisdiction." (Doc. # 45). The court, by Order dated November 5, 2009, set the matter for a Status Conference.

---

[2] To be clear, the motion was unopposed by Class Counsel and Plaintiffs in this case.

[3] The Edlesons' initial appearance in this matter contained no reservation or limitation on the purposes for which the appearance was made and did not raise any *in personam* jurisdiction defense. (Doc. # 40). In a subsequent filing, the Edlesons indicated they were "specially appearing for the sole purpose of contesting personal jurisdiction." (Doc. # 45).

[4] In any event, the court is, quite frankly, puzzled as to how the Edlesons, who – according to Defendant AHS – have not had a contract or business relationship with AHS since approximately 2005, even have standing to seek prospective injunctive relief; however, that is – at least at this point in time – not a matter before this court.

On November 10, 2009, the court conducted a Status Conference with regard to the status of the Edlesons' lawsuit and their objections to this court's injunctions. At the November 10, 2009 status conference, the Edlesons' counsel asserted that all they were interested in doing was pursuing individual claims – which included the preliminary injunction referenced above – in the California court. (*E.g.*, Doc. # 53 at 24). Again, this was the case even though their motion claimed they and "the Class" were being "irreparably harmed" by AHS. (Doc. # 44-2). The Edlesons' counsel and all other counsel present confirmed that maintaining the current *status quo* was acceptable to their clients in order to allow counsel the opportunity to resolve, either by mutual agreement or further briefing, the issues currently under consideration by the court – *i.e.,* the appropriate scope of the injunction against the Edlesons' lawsuit. (Doc. # 53 at 44-47).

On November 12, 2009, the court ordered the parties and the Edlesons to confer and thereafter submit a joint written status report to chambers regarding efforts to reach a stipulation as to the Edlesons' objections to this court's injunction and, if no agreement could be reached, a briefing schedule on those objections. After receiving *separate* Status Reports – one from Class Counsel and Defendant and another from the Edlesons indicating not only that no stipulations were reached, but also that the parties could not even agree upon a briefing schedule – the court set one for the parties.[5]

---

[5] The court is fully aware that, in their separate Status Report, the Edlesons stated that their proposed briefing schedule was proffered due to the fact that they felt compelled to file a Notice of Appeal by a certain date. Nevertheless, as explained more fully below, the Edlesons' counsel made clear (1) at the November 10 status conference that they wished to maintain the *status quo* and work with the parties in this case toward a stipulation that would aid the court in resolving their request for relief, and (2) in the November 20 telephone conference that they understood that the court had jurisdiction to rule on the relief they had requested and wished that the court would do so. Any contrary position now is simply a pound of shifting sand.

On November 19, 2009, during the briefing period and despite the fact that the court was still considering the Edlesons' request to modify the scope of the earlier injunctions to allow them to proceed on solely individual claims, the Edlesons filed a Notice of Appeal of those injunctions contained in the court's October 20, 2009 and October 30, 2009 Orders. (Doc. # 51). In light of the Notice of Appeal, the court conducted another telephone conference with the parties on November 20, 2009. During that telephone conference, counsel for the Edlesons represented to the court that the Notice of Appeal was filed in an abundance of caution and that the Edlesons still wanted the court to rule on their request to modify the scope of the injunction. (Doc. # 54 at 5, 8-9, 11-12).

On November 25, 2009, in a complete about face, the Edlesons filed the document currently under the court's consideration, a "Notice Regarding Briefing Schedule," in which they request that the court stay the briefing schedule in light of their Notice of Appeal. Contrary to their position clearly stated just five days before, the Edlesons argued that their Notice of Appeal divests the court of jurisdiction. (Doc. # 55).

## II.   DISCUSSION

The court's attempts to address the Edlesons' request for a modification of the scope of the injunction against their California lawsuit have been confounded by a number of inconsistencies, including (but not limited to) discrepancies between the posture of their California lawsuit and the omnifarious positions they have taken before this court. For example, counsel for the Edlesons in this matter made *abundantly clear* before the court that the Edlesons "simply want[] to have the right to pursue individual relief in the State Court of California." (Doc. # 53 at 7).[6] The request to allow the

---

[6] The California court "will not be entertaining class allegations; it's only entertaining the Edlesons' individual action ... ." (Doc. # 53 at 12 (by Mr. Reid)).

Edlesons to pursue individual relief, however, is wholly at odds with the fact that their complaint in the California case is a putative class complaint, they have never indicated any desire to dismiss the class allegations, and the motion they desire to prosecute explicitly references harm to "the Class." (Docs. # 44-2, 53 at 7).

Nevertheless, based upon the request by the Edlesons' counsel to *this* court to allow them to pursue individual relief in California, on November 10, 2009, the court agreed to reconsider the scope of its injunction against the California lawsuit: "Well, let me be very clear. I am not trying to prevent the Edlesons from pursuing their claims on their [own] behalf." (Doc. # 53 at 26). The court further stated, "I don't want to do anything that would prevent the Edlesons from pursuing truly individual remedies, their individual claims, ... ." (Doc. # 53 at 47). At the suggestion of the Edlesons' counsel, the court allowed the parties the opportunity to determine whether there was "some stipulation, something that needs to be filed in this court that would alleviate [its] concerns" about whether the relief sought by the Edlesons in California would interfere with the settlement currently under consideration by this court. (Doc. # 53 at 27; *see also* 43-44). To that end, the court set a briefing schedule to allow the parties to argue what areas of relief would be appropriate for the Edlesons to be able to pursue on an individual basis, in light of the preliminarily-approved class settlement. (Doc. # 53 at 47-49). Specifically, the court ended the November 10, 2009 Status Conference by accepting the Edlesons' invitation to alter or amend the previously issued injunction against their lawsuit:

> I think in any event, I'm going to have to put a sharper pencil to my Order that I've got out, and -- because I didn't understand the Edlesons' position that they were wanting only to litigate individual claims. But now that's stated clearly on the record in open court. I think that gives us an opportunity to go back and make sure that the Order fits that.

(Doc. # 53 at 49).

The chronology of events referenced in the Procedural History section of this Order makes readily apparent that the Edlesons have put forth a series of moving targets and do not wish to be pinned down on anything. Although it is clear that they have *moved* for affirmative relief from this court, they have carefully attempted to avoid actually filing any "motions" in this case. But that does not alter the fact that they have *requested relief from this court.* If it walks like a duck, quacks like a duck, and swims like a duck, it's a duck, no matter how the Edlesons may attempt to characterize (or, more to the point, mischaracterize) it.

The Brief of Karon and L.B. Chip Edleson in Support of Expedited Motion to Stay the October 30, 2009 Order For Lack of Personal Jurisdiction (Doc. # 45) – just like the Notice Regarding Briefing Schedule (Doc. # 55)[7] which is also currently before the court – is, in reality, a motion. The "Brief" seeks relief from this court's injunction. Indeed, that the Edlesons have requested relief from this court's injunction is made clear not only on the face of their filings (*e.g.*, Docs. # 40, 45) but also based upon the following dialogue between the court and their counsel during the November 20 conference call:

> The Court: ... Now, I am going to understand that I have jurisdiction and that the parties are going to stay on the briefing schedule and that *there is a request that's been made of me to modify my All Writs injunction* and that I am favorably considering it to the extent that I don't want to do anything that limits the Edlesons' ability to pursue individual relief, that's not dressed up as what really is class relief, and would not tend to interfere during a very short period of consideration of a settlement of the class action here. ...

---

[7] The court notes that the Edlesons misconstrue (or more likely misrepresent) the court's reference during the November 20, 2009 telephone conference to a motion to stay as an invitation for such a motion with regard to the briefing schedule on the issue of whether to amend the previously issued injunctions. (*See* Doc. # 55 at ¶ 6). In context, the court's reference during the telephone conference to a "stay" was actually related to the court and parties remaining on track to timely evaluate the preliminarily approved settlement. The court had already considered the parties' positions with regard to the briefing schedule.

|            |                                                                                                                                                                                                                                                |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| The Court: | Mr. Reid, do you understand that?                                                                                                                                                                                                              |
| Mr. Reid:  | Absolutely, your Honor. And I don't think we've asked Your Honor to stay. I mean since I'm the one on the record, regardless of what California counsel says, *I think that Your Honor has correctly articulated what we still wish it to do.* |

(Doc. # 54 at 8-9) (emphasis added). Thus, the "Brief" (which was filed *following* the court's issuance of the October 30, 2009 Order) viewed in light of the requests made and positions taken by their counsel at the Status Conference on November 10, 2009 as well as the telephone conference on November 20, 2009 – *i.e.*, requesting that the court modify or amend the scope of (rather than vacate or stay) the previously issued injunction – is properly viewed as nothing other than a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e).[8]

This point is critical as it relates to the issue of whether this court currently has jurisdiction to afford the relief the Edlesons have requested (but apparently have now decided it is tactically to their advantage to pretend they did not). Because their Rule 59(e) motion was still pending when the Edlesons filed their Notice of Appeal, the appeal was premature. "While plaintiff has filed a Notice of Appeal [] from the judgment and other orders, a district court has jurisdiction to rule on the pending motions because the premature notice of appeal does not become effective until the order disposing of the motions is entered." *Rosa v. City of Fort Myers*, 2008 WL 398975 (M.D. Fla. 2008) (citing Fed.R.App.P. 4(a)(4)(B); *Williams v. Pettiford*, 238 Fed. Appx. 459, 461 (11th Cir. 2007) ("A premature notice of appeal does not divest the district court of jurisdiction to rule upon a timely-filed Rule 59(e) motion.")). Because this court was – *and still is* – considering what amounts to a Rule 59 motion, the Edlesons' Notice of Appeal does not divest this court of jurisdiction. *Gibbs v. Maxwell House, Div. of*

---

[8] The injunction is a judgment. Rule 54(a), Fed.R.Civ.P. ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

*Gen. Foods Corp.*, 701 F.2d 145, 147 (11th Cir.1983) (concluding that the "notice of appeal filed before the district court decides [a] Rule 59 motion is ineffective, [and the appellate court] lacks jurisdiction until the Rule 59 motion is decided").

"If it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice and proceed with the case. . . . [A] notice of appeal that is defective because it is premature cannot transfer jurisdiction to the circuit court." 20 Moore's Federal Practice – Civil § 303.32 (2009). Because the Edlesons' Notice of Appeal (Doc. # 51) was filed while the court was considering what amounts to a Rule 59(e) motion to alter or amend, it was premature and does not divest this court of jurisdiction to consider the Edlesons' request to be allowed to pursue individual relief despite the previously issued injunctions.

### III.    CONCLUSION

As this court still has jurisdiction over this matter, the scheduling order related to briefing is still in place. The relief requested in the Edlesons' Notice Regarding Briefing Schedule (Doc. # 55) – that the court hold in abeyance the briefing schedule on their motion to alter or amend – is due to be denied. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ___1st___ day of December, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE