FILED
2009 Dec-01 PM 05:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:07-CV-1928-RDP<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT AMERICAN HOME SHIELD CORPORATION'S BRIEF REGARDING THE APPROPRIATE SCOPE OF THIS COURT'S ALL WRITS ACT INJUNCTION

Karon and L.B. Chip Edleson ("the Edlesons") have previously asked this Court to vacate, at least as regards them, its October 30, 2009 Order on Expedited Unopposed Motion for Injunction of Related Proceedings Under All Writs Act (the "All Writs Order"). (*See* Doc. 45.) After two hearings on the appropriate scope of the All Writs Order, the Edlesons still believe that they should not be enjoined from pursuing their claims for monetary, injunctive and other equitable relief in California state court. (*See* Doc. 49.)[1] While American Home Shield Corporation

---

[1] The Edlesons on November 25, 2009 filed a "Notice Regarding Briefing Schedule" (Doc. 55) with this Court, and within several hours also filed "Motions to Stay Injunctions and to Expedite Appeal" with the Eleventh Circuit. In both Doc. 55 and the Motions with the Eleventh Circuit, the Edlesons – contrary to their recent representations made to this Court and to counsel – have stated that this Court has "*de facto*" denied their motion to stay the All Writs Injunction, and that their appeal has divested this Court of jurisdiction to consider the motion to stay the injunction.

("AHS" or "Defendant") does not dispute that the Edlesons may pursue their individual claims for monetary damages once they have appropriately excluded themselves from the *Faught* Class, any further pursuit of injunctive or other equitable relief that impacts AHS's business practices, whether couched as an individual or a class claim, is properly enjoined by this Court's All Writs Order. Any request by the Edlesons to vacate or amend the All Writs Order to allow the continuation of their action for anything other than individual monetary relief should therefore be denied.

## I. This Court Continues to Possess Jurisdiction to Consider and Decide the Edlesons' Motion.

The Edlesons maintain that their Eleventh Circuit appeal has divested this Court of jurisdiction to consider and decide their request to stay the All Writs Injunction. Doc. 55 at 3 (requesting that the briefing order on such motion "be held in abeyance" because the Court has allegedly been divested of jurisdiction to consider it). Under Eleventh Circuit precedent and the Federal Rules of Appellate Procedure, however, the Edlesons are wrong.

While it is true that "[a]s a general matter, the filing of a notice of appeal divests the district court of jurisdiction over all issues involved in the appeal," *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003), the Edlesons ignore well-

---

Doc. 55 at 3; Exh. A at 13, n.6. As discussed *infra*, the Edlesons are mistaken; their premature appeal does not preempt this Court's consideration of the pending motion concerning the All Writs Act Injunction.

established precedent, and the Rules themselves, in their unfounded assertions concerning jurisdiction. Specifically, "any notice of appeal filed before the district court decides [a] Rule 59 motion is ineffective, [and] the court of appeals lacks jurisdiction until the Rule 59 motion is decided." *Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 701 F.2d 145, 147 (11th Cir. 1986); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) (under the 1979 amendment to Federal Rule of Appellate Procedure 4(a)(4), a "district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal [has] been filed"); *see also* Fed. R. App. P. 4(a)(4)(B)(i) (If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any of the motions listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered"); *Hatten v. United States*, 5 F.3d 529, 1993 WL 373520, *2 (5th Cir. 1993) (Table) (holding appellant's unilateral attempt to withdraw pending post-judgment motion did not divest district court of jurisdiction); *Northwestern Nat'l Ins. v. Alberts*, 937 F.2d 77, 82 (2d Cir. 1991) (holding withdrawal of post-judgment motion was not effective until district court entered order allowing withdrawal) (applying prior version of Rule 4(a)(4)); *Brae v. Coopers & Lybrand*, 790 F.2d 1439, 1442 (9th Cir. 1986) (same); 20 *Moore's Federal Practice*, § 303.32[2][c][ii] (2003) ("[t]he

filing of a timely motion under [Rule 59] suspends the finality of the judgment and delays the effectiveness of the previously-filed notice of appeal").

The Edlesons' filing that is the subject of the instant briefing – while styled a "brief" - is a Rule 59 motion. "Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label." *In re Yulin Ma*, 2009 WL 3022138, at *2 (11th Cir. Sept. 23, 2009) (citing *United States v. E. Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986)). The Edlesons sought in their brief to have the Court amend the All Writs Order to provide that it would not apply to them once they have opted out of the class, Doc. 45 at 11, and further sought to have it not apply to them at all pending the opt-out deadline. *Id.* at 11-12 ("[T]he Order is invalid. Accordingly, the Court should stay the execution of the Order and modify the Order to reflect its expiration upon the Edlesons' filing of an Exclusion Request"). Because the Edlesons requested that the All Writs Order be altered or amended, their notice of appeal of that Order is ineffective until the Court passes on their request and rules on the instant motion.

Furthermore, the Court's All Writs Order is interlocutory. The order states that "[t]he Edlesons are now required to stand down while the settlement in this case is being considered," Doc. 43 at 9, thus making clear its preliminary nature. It is hornbook law that "[o]rdinarily an interlocutory injunction appeal under [28

4

U.S.C.] § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case." C. Wright, A. Miller and E. Cooper, 16 *Federal Practice and Procedure: Jurisdiction 2d* § 3921.2 at 53 (1996). The Court's continuing authority extends not only to a ruling on the Edlesons' motion as indicated above, but also to consideration of final approval of the class settlement. *See id.* at 56 ("The power to act pending appeal from preliminary injunction rulings is illustrated by district court rulings that explain the preliminary injunction itself and on matters of pleading, discovery, summary judgment, settlement, trial, and contempt") (citations omitted).

## II. Factual Background.

The factual background of the instant motion is well known to the Court, and AHS will not repeat all of the salient facts here. (*See* Docs. 39, 47.) AHS reiterates below certain facts as being particularly germane to the propriety of the Court's All Writs Order.

The Edlesons (or their counsel) have made quite clear their desire to change AHS's alleged business practices in wholesale fashion, whether via class or individual litigation. In their last filing in the California action, opposing AHS's request to stay the California suit pending this Court's consideration of the settlement in this case, the Edlesons explicitly argued that they can opt out of the

settlement and continue to pursue class-wide relief in their capacity as individual litigants:

> [T]he Edlesons firmly believe that a hearing on their Motion for Preliminary Injunction is the best way to protect **all consumers** currently threatened with irreparable harm due to AHS's unconscionable conduct. **And they are free to pursue that injunction in their individual capacity** since Plaintiffs' injunction is based on the CLRA and Bus. & Prof. Code Section 17200, both of which allow injunctive relief in individual, non-class cases. . . . **[T]he injunctive remedy is available in individual actions and does not require that a class be certified.**

(Doc. 39, Ex. 10 at 7 (emphasis added).)

It is also clear that the Edlesons' proposed injunction in the California action is class-wide in its scope (regardless of how the Edlesons attempt to describe it now). The Edlesons requested the California court to (1) order AHS to provide actual notice to **all** of its "current and potential customers" of how it compensates its contractors (Doc. 39, Ex. 7 at 24); (2) enjoin AHS from entering into agreements with **any** contractor that does not guarantee a profit for that contractor (*id.*); and (3) require AHS to make all its contractors disclose how much those contractors charge to AHS customers (*id.* at 25). Despite their characterization of this relief as "individual," the relief the Edlesons have stated they intend to seek is, instead, on behalf of <u>all</u> of AHS's actual and potential customers, not just the Edlesons themselves (indeed, as has been pointed out repeatedly by AHS and never contested by the Edlesons, an injunction will be of no benefit at all to the

6

Edlesons individually). Each of the Edlesons' requested injunctive orders would impact the ability of AHS to comply with the business practices changes contemplated by the settlement in this Action, and would therefore interfere with this Court's jurisdiction to consider whether to finally approve this settlement.

### III. The Edlesons Should Be Permitted to Pursue <u>Only</u> Individual Claims for Monetary Damages After They Appropriately Exclude Themselves from This Settlement.

AHS does not dispute that the Edlesons should be permitted to pursue their individual claims for damages at the appropriate time -- i.e., when they have excluded themselves from the *Faught* Class in accordance with the instructions in the Class Notice approved by this Court. AHS therefore does not object to a modification of the All Writs Order providing for such a limited right for the Edlesons to continue their California state court suit. The All Writs Order, however, should continue to contain an injunction prohibiting the Edlesons from pursuing any equitable relief that would impact AHS's business practices in order to protect this Court's jurisdiction over the *Faught* settlement.

The settlement in this case authorizes AHS to implement changes to its internal business practices within a 24-month period following the Effective Date of the settlement, obligates AHS to take immediate corrective action through the Review Desk process, and requires AHS to make a written distribution of training materials to its contractor network. Each of these steps provides benefits to the

class that they would not receive in the absence of the settlement. Without an order enjoining the Edlesons from pursuing further injunctive or other equitable relief directed at AHS's business practices, the continued prosecution of the *Edleson* action (for relief other than monetary damages) threatens to interfere with the steps under the *Faught* settlement outlined above and preliminarily approved by this Court.

The All Writs Act permits federal district courts to enjoin state court litigation when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As AHS has previously demonstrated, a district court may enjoin cases brought by non-parties under the All Writs Act if such litigation threatens the jurisdiction of the court. *See United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("[t]he power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action … , are in a position to frustrate the implementation of a court order or the proper administration of justice"); *In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) ("[a]n important feature of the All Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed"). While federal courts often enjoin competing proceedings in their entirety under the All Writs Act, the court may also prevent a party from obtaining a specific type of relief that threatens to undermine

prior relief granted by the district court. *See Newby v. Enron*, 338 F.3d 467 (5th Cir. 2003).

The Fifth Circuit's decision in *Newby v. Enron* is instructive. In *Newby*, a federal district court was presiding over an MDL of Enron-related litigation. The district court coordinated discovery, issued a comprehensive pre-trial scheduling order, and ruled on a number of preliminary motions. *Newby*, 338 F.3d at 469. Shortly thereafter, thirteen individual plaintiffs filed suit in state court against numerous defendants who were also parties to the federal MDL. *Id.* at 470. The state court issued several discovery-related injunctions, allowed plaintiffs to commence immediate discovery, and denied defendants' request to coordinate discovery with the *Newby* action. *Id.* The state court orders were largely duplicative of the district court's pre-trial scheduling order and related instructions. In response, the district court issued an injunction under the All Writs Act nullifying the state court's injunctions and requiring plaintiffs in the state court action to petition the district court for any additional injunctive relief they might seek in the state court. *Id.* The Fifth Circuit affirmed, stating:

> [T]he district court found that the injunctions sought in state court threatened to interfere with the federal court's determinations as to whether or not injunctions should issue, that there was a danger of both duplicative and inconsistent injunctive relief that could expose the [state court] defendants to serious risk, and that some of the relief requested in state court injunctions duplicated relief granted by the federal court and thus collaterally attacked the district court's ruling. The district court also stated that [the state court plaintiffs' attorney's]

9

> actions appeared to be "a deliberate one designed to taunt the parties and the court and to flout the Court's jurisdiction."

*Id.* at 475. *See also Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989) (upholding district court order enjoining plaintiffs in three state court proceedings from pursuing claims that were substantially similar to those claims settled by a final judgment in a federal antitrust class action lawsuit); *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 501 F.2d 383, 384 (4th Cir. 1974) (upholding injunction under the "in aid of jurisdiction" exception to the Anti Injunction Act that prohibited prosecution of state court action challenging the board of education's application of a statute because "the state suit could affect the Board's efforts to comply with previous federal desegregation orders"); *Teas v. Twentieth Century Fox-Film Corp.*, 413 F.2d 1263, 1267 (5th Cir. 1969) (upholding All Writs Act injunction barring defendant from obtaining declaratory relief in state court that would "by direct or indirect means, vary or terminate" the terms of the district court judgment); *United States v. Washington*, 459 F. Supp. 1020, 1032 (W.D. Wash. 1978) (nullifying state court injunction that interfered with defendant's compliance with an earlier district court order because "the state court proceedings instituted by nonparties to this lawsuit cannot be allowed to frustrate either final determinations . . . or the jurisdiction of" the federal court).

Likewise, the All Writs Order in this case can and should enjoin the Edlesons from pursuing any injunctive or other equitable relief that would threaten

this Court's jurisdiction over the preliminary-approved settlement. The injunctive relief sought by the Edlesons in California would squarely impact AHS's business practices, and thus would collaterally attack this Court's contemplation of the settlement achieved in this case. As the *Newby* court noted, "This is no matter of rules of fine etiquette. Rather, it is the matter of lawyers as officers of the court conducting themselves in ways that do not impede the work of the courts – the genuine and not false service to their clients." *Id.* at 475. Given that the Edlesons have not been customers of AHS for several years, their attorneys' "genuine" service to them can easily be achieved by the pursuit of claims for monetary damages stemming from their alleged grievances with AHS; the Edlesons stand to gain no benefit whatsoever from any prospective injunctions aimed at AHS's business practices.

While the Edlesons have repeatedly advised this Court that they do not intend to proceed on a class-wide basis (despite their contrary representations in briefs filed with the California state court), any relief sought by the Edlesons in connection with their individual claims that attempts to alter AHS's business practices interferes with the *Faught* settlement. And, in fact, the Edlesons have made their intentions clear. Time and again, the Edlesons have stated that, under the guise of an individual lawsuit, they intend to seek--if not specifically enjoined by this Court-- relief that goes to the very heart of the settlement under

consideration by this Court. As discussed above, the specific injunctive orders the Edlesons have requested in their California action would directly impact AHS's ability to thoughtfully consider and implement the business practices changes contemplated in the *Faught* settlement.

Accordingly, an injunction under the All Writs Act enjoining the Edlesons from pursing any relief that threatens to impact AHS's business practices is necessary to allow AHS to implement the changes required by the settlement and to prevent a collateral attack on this Court's jurisdiction over the settlement.

## IV.  Conclusion.

For the foregoing reasons, AHS respectfully submits that any modification of the All Writs Order be limited to providing the Edlesons with the right to pursue their individual claims for monetary relief after they have appropriately excluded themselves from the *Faught* settlement in accordance with the instructions in the Class Notice to be disseminated later this month. The All Writs Order should otherwise remain in full force and effect and should specifically enjoin the Edlesons from pursing any injunctive or other equitable relief that seeks to affect AHS's business practices.[2]

---

[2] As set forth in AHS' prior brief, Doc. 47, at 2-3, the Edlesons have shown no entitlement whatever to a stay of the All Writs Order (whether pending the opt-out deadline, or pending their appeal), as they have shown no realistic chance of success on the merits, and will in any event suffer no prejudice from not being able to litigate against AHS during the opt-out period or during their appeal. AHS respectfully requests the Court, as part of any ruling it makes on the subject request by the Edlesons, to deny their request for a stay of the All Writs Injunction.

Dated: December 1, 2009

/s   John E. Goodman
jgoodman@babc.com

One of the Attorneys for Defendant
American Home Shield Corporation

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 521-8000
Facsimile:   (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

D. Frank Davis
John E. Norris
Wesley W. Barnett
Davis & Norris LLP
2145 Highland Avenue
Birmingham, AL 35205
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com

Lea Bone
Bates & Bone LLP
2151 Highland Avenue,
Suite 120
Birmingham, AL 35205
woowooindin@aol.com

Kirkland E. Reid, Esq.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
Post Office Box 46
Mobile, Alabama  36601
kreid@joneswalker.com

and I hereby certify that I have served by email and facsimile the document to the following non-CM/ECF participants:

Frank A. Bottini, Esq.
JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, CA 92101
(619) 230-0063 (telephone)
(619) 233-5535 (facsimile)

Edward D. Chapman, Esq.
CHAPIN WHEELER LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
(619) 241-4810 (telephone)
(619) 955-5318 (facsimile)

David J. Worley, Esq.
PAGE PERRY LLC
1040 Crown Pointe parkway, Suite 1050
Atlanta, Georgia 30338
Telephone:    (770) 673-0047
Facsimile:    (770) 673-0120

/s/ John E. Goodman
John E. Goodman