FILED

2010 Jan-25  PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

1    longer binding.

2        7.3.    ***Methods of Notifying Class Members.*** No later than fifty (50) days after the

3    entry of the Preliminary Approval Order, the parties shall notify Class Members of the Settlement in

4    the following manner:

5        a.     Defendants will send a Class Notice via first-class U.S. mail, postage

6    prepaid to the last known address of each Class Member, as this information has been retained by

7    AHS in the ordinary course of business. Defendants may distribute Class Notice using any bulk rate

8    or pre-sorted mail rate made available by the United States Postal Service.

9        b.     Defendants will make available on an internet website, to be selected by

10    Defendants and disclosed in the Class Notice, copies of the following items: the Class Notice, this

11    Agreement, a Submittal Form and information about the Review Desk process described in

12    paragraph 5.1.

13        c.     Defendants will make available to Class Members, upon request received

14    by mail at a mailing address to be identified in the Class Notice, copies of the following items: (i) the

15    Class Notice; (ii) this Agreement, (iii) a Submittal Form; and (iv) a summary of the Review Desk

16    process described in paragraph 5.1.

17        d.     Following notice to the Class Members, as described in paragraph 7.3.a.,

18    Defendants and/or their affiliates may communicate with Class Members by e-mail or any other

19    cost-effective means of communication.

20        7.4.    At least seven (7) days prior to the Fairness Hearing, counsel for Defendants will

21    provide Lead Class Counsel and the Court with a declaration from a competent declarant stating that

22    the Class Notice Date has occurred.

23        7.5.    ***Exclusions from the Settlement Class.*** Any Class Member may request

24    exclusion from the Settlement Class. Any Class Member who would like to request exclusion from

25    the Settlement Class must make the request in accordance with the procedures and requirements set

26    forth in the Class Notice. Beginning on the Friday immediately following the Class Notice Date and

27    on every Friday until the time for requesting exclusion has expired, Class Counsel shall provide to

28

1   Defendants complete and accurate copies of all exclusion requests received during the week ending
2   on the previous Friday.  In addition, within ten (10) days after expiration of the deadline for Class
3   Members to request exclusion from the Settlement Class, Class Counsel shall furnish the Opt-Out
4   List to counsel for Defendants.

5       7.6.    *Written Objections to the Settlement.*  Any Settlement Class Member may
6   present written objections explaining why the Settlement should not be approved as fair, reasonable,
7   or adequate, or why attorneys fees, costs, and expenses should not be awarded to Class Counsel in
8   the amount or in the manner set forth herein and in Exhibit F.  Written objections must be submitted
9   in accordance with the procedures and requirements set forth in the Class Notice.

10      7.7.    *Appearances at Fairness Hearing.*  Any Settlement Class Member may appear at
11  the Fairness Hearing for purposes of supporting or objecting to the Settlement.   Any Settlement
12  Class Member who would like to make an appearance at the Fairness Hearing must make a Fairness
13  Hearing appearance request in accordance with the procedures and requirements set forth in the
14  Class Notice.  Any Settlement Class Member who does not file and serve a written objection, as
15  described in paragraph 7.6, or make a Fairness Hearing appearance request, as described in this
16  paragraph 7.7, in a timely fashion and in the appropriate manner, shall be foreclosed from objecting
17  to or seeking review of this Settlement whether by appeal or otherwise.

18      7.8.    *Final Judgment and Order.*  Upon the approval of the Settlement by the Court
19  after the Fairness Hearing, Defendants will make a motion (which Plaintiffs will support) for entry
20  of a Final Judgment and Order.   This Final Judgment and Order shall, among other things,
21  permanently foreclose and bar all Released Claims (including Claims for additional recovery,
22  penalties, interest, attorneys fees, costs, and expenses) and all other Claims that any Settlement Class
23  Members have alleged or could have alleged in connection with this Action.

24      7.9.    *Retention of Jurisdiction.*  The parties shall request that the Court shall retain
25  jurisdiction over this Settlement for twenty-four (24) months after the Effective Date for purposes of
26  implementing the Settlement.  After 24 months from the Effective Date, this Action shall be deemed
27  concluded and the Court's jurisdiction shall be relinquished.

28

# VIII.  DETERMINATION OF ATTORNEYS FEES, COSTS, AND EXPENSES

8.1.        The parties have separately executed a stipulation regarding an award of attorneys fees, costs, and expenses in this Action, attached hereto as Exhibit F. The parties recognize that the Court has ultimate authority to approve or disapprove any award of attorneys fees, costs, and expenses. Because this Settlement is for the benefit of the Settlement Class, however, the parties further agree that any downward adjustment in attorneys fees, costs, and expenses that may be ordered by the Court will not be a basis or reason for terminating the Settlement under any provision hereof.

8.2.        Defendants shall, no later than ten (10) days after entry of the Final Judgment and Order, deposit by wire transfer the sum of attorneys fees, costs, and expenses, approved by the Court and as reflected in the Final Judgment and Order, as payment for any and all services that have been or will be rendered by Class Counsel in this Action other than activities to be undertaken in connection with the Contractor Relations Initiative (the "Attorneys Fees & Expenses"). This wire transfer will be made into a segregated, identified interest bearing money market or similar account (the "Escrow Account") under the control of First Tennessee Bank, or such other agent mutually agreed upon by counsel for the parties (the "Escrow Agent"), to be held by it and disbursed pursuant to the terms hereof.

8.3        No later than ten (10) days after Lead Class Counsel transmits wiring instructions pursuant to paragraph 9.1, Defendants shall send by wire transfer to Lead Class Counsel the Named Plaintiffs Payment. Lead Class Counsel shall be responsible for ensuring that each Named Plaintiff receives the appropriate allocation of the Named Plaintiffs Payment. Defendants will have no obligation, liability, or responsibility whatsoever (i) for any taxes or other charges relating to the Named Plaintiffs Payment, or (ii) to ensure that the funds are allocated among the Named Plaintiffs fairly, correctly, or appropriately.

8.4        The Attorneys Fees & Expenses and the Named Plaintiffs Payment, together with any court-approved amounts to be paid to Class Counsel for activities to be undertaken in connection with the Contractor Relations Initiative, plus accrued interest on any such deposits, shall be the sole,

-21-

aggregate, maximum, and gross amount Defendants or any Released Party will owe or pay to Named

Plaintiffs, the Class, and Class Counsel for any attorneys fees, costs, and expenses and/or any other

amounts of any kind whatever incurred in connection with this Action, or for any other reason

related to this Action.  Defendants shall be reimbursed for any such taxes or charges that they are

required to pay on Class Counsel's or any Settlement Class Members' behalf.

## IX.    PAYMENT METHOD AND INSTRUCTIONS

9.1.    No later than ten (10) days after the Effective Date, Lead Class Counsel will transmit wiring instructions to the Escrow Agent for the payment of attorneys fees, costs, and expenses from the Escrow Account to Class Counsel.

9.2.    Once Lead Class Counsel's wiring instructions have been received by the Escrow Agent, the Escrow Agent may cause funds on deposit in the Escrow Account to be reduced and paid out in accordance with this paragraph 9.2.

a.  Funds may be paid out of the Escrow Account for the benefit of Class Counsel only upon a payment instruction from Lead Class Counsel, addressed to the Escrow Agent with copies to Defendants, that is in accordance with the Final Judgment and Order, or as otherwise directed by the Court.

b.    The Escrow Agent shall make no payment pursuant to a payment instruction from Lead Class Counsel unless at least three (3) Business Days have elapsed since the receipt of the instruction and Defendants have interposed no objection to the payment.  In the event of an objection, the dispute between the parties shall be resolved by the Escrow Agent, with the involvement of the Court as necessary.

c.    Any accrued interest remaining in the Escrow Account after a payment instruction from Lead Class Counsel has been executed will be paid out of the Escrow Account, after deduction of the costs of the Escrow Agent, to Lead Class Counsel for the benefit of Class Counsel.

d.    Any funds remaining in the Escrow Account after a payment instruction from Lead Class Counsel has been executed, and any accrued interest thereon has been paid out, and any costs of the Escrow Agent have been deducted, shall be paid out by the Escrow Agent to

-22-

1    Defendants, for their benefit.

2        9.3.      Lead Class Counsel shall be responsible for ensuring that Class Counsel receives

3 the appropriate allocation of the funds in the Escrow Account. Defendants will have no obligation,

4 liability, or responsibility whatsoever (i) for any taxes or other charges relating to money paid out of

5 the Escrow Account, or (ii) to ensure that the funds are allocated among Class Counsel fairly,

6 correctly, or appropriately. To the extent any attorney or firm serving as Class Counsel or otherwise

7 contests their or its portion of the total award for attorneys fees, costs, and expenses provided for

8 hereby or approved by the Court, such attorney or firm must look solely to Lead Class Counsel, and

9 not to Defendants, for their remedy. Under no circumstances will Defendants have any obligation

10 whatsoever arising from this Action to any attorney or firm serving as Class Counsel or otherwise

11 representing Class Members other than the obligations set forth herein.

12        9.4.      Should the Agreement be terminated after the deposit of money into the Escrow

13 Account but before the Effective Date, the Escrow Account shall be closed and its funds (including

14 any interest remaining in the Escrow Account after deduction of any costs of the Escrow Agent)

15 disbursed to the Defendants, as directed by Defendants, without any further order of the Court or any

16 countersignature by any escrow agent other than the Escrow Agent.

17        9.5.      Not later than thirty (30) days following the final closing of the Escrow Account,

18 the Escrow Agent shall file with the Court a statement disclosing the distribution of funds from the

19 Escrow Account.

20        9.6.      Upon disbursement of all funds in the Escrow Account upon any termination of

21 the Agreement, the Escrow Agent shall be released and relieved of all liabilities and obligations, if

22 any, arising out of or relating to the administration of the Escrow Account and any such liabilities

23 and obligations shall become the liabilities of Defendants.

24 **X.      RELEASE, COVENANT NOT TO SUE, AND DISMISSAL OF CLAIMS**

25        10.1.      Named Plaintiffs covenant and agree, and the entire Settlement Class will be

26 deemed to have covenanted and agreed, that Named Plaintiffs and all Settlement Class Members

27 will, by operation of the Final Judgment and Order and as of the Effective Date, have fully,

28

-23-

1   unconditionally, irrevocably, and completely released, waived, relinquished, and forever discharged

2   all of the Released Parties from any and all Claims, including for an accounting, for the rescission or

3   reformation of contracts (or any equitable theory whatsoever), and for prospective injunctive relief to

4   mandate, cease, reform, or otherwise modify in any way the Released Parties' business practices,

5   arising from Home Warranty Contracts concluded and events occurring during the Class Period and

6   related to AHS's policies, procedures, and/or practices during the Class Period as alleged in, or

7   reasonably related to those alleged in, the Action, including (i) Contractor Relations Practices; and

8   (ii) AHS's policies, procedures and/or practices respecting the timing or promptness of responding to

9   customer problems and situations, including expediting such responses, the diagnosis of customer

10   problems and situations, authorizing repairs or replacements in response to customer requests,

11   choosing between offering repairs and offering replacements, offering or requiring the acceptance of

12   cash in lieu of repairs or replacements, denying claims (in part or in their entirety), applying contract

13   limitations and exclusions, applying business rules for emergencies, responding to customer

14   inquiries or escalating the attention given to such inquiries, or otherwise making decisions regarding

15   either the application of the terms and conditions of Home Warranty Contracts, or the authorization

16   of repair and replacement services pursuant to Home Warranty Contracts.

17       10.2.     Named Plaintiffs covenant and agree, and the entire Settlement Class will be

18   deemed to have covenanted and agreed, that Named Plaintiffs and all Settlement Class Members

19   will, by operation of the Final Judgment and Order and as of the Effective Date, have fully,

20   unconditionally, irrevocably, and completely released, waived, relinquished, and forever discharged

21   all of the Released Parties from any and all Claims, including for damages based on theories of

22   breach of express contract, breach of implied contract, reformation of contract, breach of warranty,

23   fraud, misrepresentation, concealment, failure to disclose, fraudulent misrepresentation, negligent

24   misrepresentation, bad faith failure to pay claims, breach of covenant or good faith and fair dealing,

25   breach of local, state, or federal consumer protection laws or regulations, including Section 1750 and

26   associated provisions of the California Civil Code and Sections 17200, 17500, and associated

27   provisions of the California Business and Profession Code and other similar provisions of the laws

28

1  of California and of other states, or any other legal theory whatsoever, based on events occurring
2  during the Class Period and allegedly caused by AHS's generalized policies, procedures, and/or
3  practices as described in paragraph 10.1; provided, however, that the release contained in this
4  paragraph shall not encompass any AHS customer's breach of Home Warranty Contract claim that is
5  individualized and does not depend on any allegation of generalized AHS policies, procedures,
6  practices, or any other reasonably disputed allegation of fact that applies in common across any
7  subset of the Class.

8       10.3.    Named Plaintiffs covenant and agree, and the Settlement Class will be deemed to
9  have covenanted and agreed, that Named Plaintiffs and each Settlement Class Member will, by
10  operation of the Final Judgment and Order as of the Effective Date, have covenanted not to
11  participate in any Suit with respect to any Released Party arising from or related to the Claims in
12  equity released in paragraph 10.1 for a period of twenty-four (24) months beginning on the Effective
13  Date, except as to any claims for breach of this Agreement.  Each Settlement Class Member
14  covenants not to participate in any Suit against the Defendants during this twenty-four (24) month
15  period unless such Settlement Class Member has first complied with the terms hereof.

16       10.4.    In consideration of the benefits described herein, Named Plaintiffs agree, and
17  each Settlement Class Member shall be deemed to have agreed, to the dismissal with prejudice of
18  this Action.

19       10.5.    Nothing in this Agreement is intended to, or will operate to, release or
20  compromise in any way any claims that have been brought, or may in the future be brought through
21  amendments to pleadings filed by the State of Texas or otherwise, against AHS by the State of Texas
22  in Cause No. 2006-21887, *American Home Shield of Texas, Inc. v. State of Texas* in the 295th
23  Judicial District Court of Harris County, Texas.  This paragraph shall not be read to diminish or cast
24  into question the participation in this Settlement of any Settlement Class Member, including
25  Settlement Class Members from Texas.

26
27
28

## XI.    ENFORCEMENT AND TERMINATION

11.1.    Upon any alleged material breach by AHS of its obligations hereunder, Plaintiffs may, after giving AHS reasonably specific notice of the alleged material breach, and allowing a period no less than forty-five (45) days for AHS to correct the alleged breach, seek an order from the Court finding that AHS is in material breach of its commitments hereunder.  In the event the Court makes a finding of material breach, the Court shall direct AHS to come into compliance with this Agreement within forty-five (45) days or such other period of time that the Court deems appropriate. In seeking such an order from the Court, Plaintiffs must not oppose any AHS request to be allowed a fair opportunity to present evidence and argument to the Court.

11.2.    Defendants will have the option to terminate this Settlement, in their sole discretion, if the number of requests for exclusion from the Settlement exceeds five percent (5%) of the total number of Class Members. Defendants will have thirty (30) days from their receipt of the Opt-Out List in which to exercise, in their sole discretion, this right to terminate.  In addition, this Agreement may also be terminated by Defendants, in their sole discretion, in the event that any of the following occur: (i) a motion seeking the Court's preliminary approval or final approval of this Settlement is denied or is granted but later reversed on appeal; or (ii) the entry of the Final Judgment and Order is reversed on appeal; or (iii) the Preliminary Approval Order is modified by the Court, or the Final Judgment and Order is modified by the Court or on appeal, in either case without the consent of Defendants.  Notwithstanding the foregoing, any downward modification of the Final Judgment and Order either by the Court or on appeal, regarding the amount of attorneys fees, costs, and expenses to be awarded to Class Counsel shall not give Defendants, Plaintiffs, or Class Counsel the option to terminate this Agreement.  Any termination pursuant to this paragraph shall be accomplished by filing with the Court a notice of termination, which shall be served on Lead Class Counsel.  Upon the filing of such a termination notice, this Settlement shall be deemed to be terminated.

11.3.    Notwithstanding any termination of this Agreement, paragraphs 4.3, 5.3.f, 6.2, 6.3, 11.3, 12.4, 12.12, 12.17, 12.19, 12.20, 12.21, 12.22, and 12.23 (and the defined terms used

therein) shall remain in full force and effect.  In the event this Settlement is terminated before the Effective Date for any reason, all other paragraphs of this Agreement, and the Settlement itself, shall be deemed null and void *ab initio* and without force or effect.  In such event, this Agreement shall not be offered in evidence or used in this or any other Suit for any purpose including the existence, suitability for certification, or maintenance of any purported class.  In such event, this Agreement and all negotiations, statements, proceedings, and documents prepared in connection herewith (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to the Defendants for any purpose whatsoever in any Suit.  In the event of such termination, all parties to this Action shall stand in the same position as if this Agreement had not been negotiated, signed, or filed with the Court, except as expressly provided in this paragraph.

11.4    The Named Plaintiffs on behalf of themselves and each Settlement Class Member covenant and agree that if any Claims are filed against any Released Party that violate any injunction entered by the Court in this Action, the Released Party shall be entitled to reimbursement from the Settlement Class Member of any reasonable attorneys fees, expenses or costs actually incurred in seeking and obtaining the enforcement of such injunction as against such Claim.

## XII.  MISCELLANEOUS PROVISIONS

12.1.  *Entire Agreement.*  This Agreement, and all Exhibits attached hereto and hereby incorporated by reference, shall supersede any previous agreements or understandings between the parties with respect to the subject matter hereof.  The exemplar of the FlexPlan Contract attached as Exhibit C is provided solely for illustrative purposes, and its inclusion herein is not intended to suggest that the specific contractual terms and language appearing in Exhibit C are necessary or required for FlexPlan Contracts generally.  This Agreement is the entire agreement of the parties and may not be changed, modified, or amended except in writing signed by counsel on behalf of all parties, subject to Court approval.

12.2.    *Modification By Writing Only.*  This Agreement may be amended or modified only by a written instrument, signed by both Class Counsel and Counsel for the Defendants, and

-27-

subject to Court approval.  Each party will promptly consider and respond to any other party's written request to modify the Settlement or this Agreement.

12.3.   *Recommendation to Plaintiffs.*  Class Counsel shall immediately recommend the Settlement to Named Plaintiffs and Class Members, and shall use their best efforts to obtain their approval of, support for, and participation in this Settlement.

12.4.   *Expenses.*  Except as otherwise expressly set forth herein, each party hereto will pay all costs and expenses incident to its negotiation and preparation hereof and to its performance and compliance with all agreements and conditions contained herein on its part to be performed or complied with, including the fees, expenses, and disbursements of its counsel, independent public accountants, and other advisors, whether or not the Final Judgment and Order shall have been entered by the Court.  Nothing herein shall require Defendants to pay out or expend any monies other than as expressly provided herein.

12.5.   *Illegality or Unenforceability of Provisions.*  In the event that any one or more of the provisions contained herein shall for any reason be held in whole or in part to be invalid or unenforceable in any respect by any federal, state, administrative, judicial, arbitral, or other forum, bar association, or committee of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof if the parties hereto agree in writing to proceed as if such invalid or unenforceable provision had never been included herein.  Absent such agreement, this Agreement shall be deemed terminated.

12.6.   *Amount Paid Not a Penalty.*  No consideration or amount or sum paid, credited, offered, or expended by Defendants in the performance hereof constitutes a penalty, fine, punitive damages, or other form of penalty for any alleged Claim or offense.

12.7.   *Agreement Mutually Prepared; Construction.*  This Agreement shall be deemed to have been mutually prepared by the parties and shall not be construed against any one of them by reason of authorship.  Accordingly, no party hereto shall be considered to be the drafter of any of its provisions for the purpose of any statutes, case law, or rule of interpretation or construction that might otherwise cause any provision or paragraph hereof to be construed against its purported

-28-

drafter. Otherwise, this Agreement shall be construed in accordance with the four corners of the agreement and otherwise in accordance with the contract construction rules applicable to contracts made within the State of California. References in this Agreement to: (1) "herein," "hereto," "herewith" and "hereunder" shall refer to this Agreement as a whole; (2) any paragraph or section shall be to a paragraph hereof, unless otherwise specified; (3) Exhibits shall refer to Exhibits attached hereto; and (4) "including" shall be deemed to be immediately followed by "without limitation." The preamble is hereby incorporated herein by reference.

12.8.   *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. For purposes hereof, a facsimile signature shall be deemed an original.

12.9.   *Binding Effect.* This Agreement shall be binding upon and inure to the benefit of the parties, the Defendants, the Named Plaintiffs, the other Settlement Class Members, and their representatives, heirs, successors, and assigns. The parties expressly agree that the terms hereof, including all promises and covenants stated herein, are contractual and shall survive the execution hereof and entry of the Final Judgment and Order and shall continue in full force and effect thereafter in accordance with their terms.

12.10.   *Headings and Recitals.* The headings and subheadings (if applicable) hereof are included for convenience only and shall not be deemed to constitute part hereof or to affect its construction.

12.11.   *Waiver.* Any party may waive rights belonging to it hereunder or defaults or breaches hereof committed by the opposing party. No waiver by any party of any provision hereof or any default or breach hereunder, whether intentional or not, shall be valid, however, unless the same shall be in writing and signed by the party making such waiver. Nor shall such waiver be deemed to extend to any prior or subsequent default or breach hereunder or affect in any way any rights arising by virtue of any prior or subsequent such default or breach.

12.12.   *Full Authority.* All counsel executing this Agreement or any related documents warrant and represent that they have full authority to do so and that they have the authority to make

-29-

1   binding commitments in regards to the actions required or permitted to be taken hereunder in order

2   to effectuate its terms.

3       12.13.    *Receipt of Advice of Counsel.*  The parties acknowledge, agree, and specifically

4   warrant to each other that they have fully read this Agreement, received independent legal, tax, and

5   financial advice with respect to the advisability of entering into it and with respect to the legal effect

6   hereof.  The parties further acknowledge, agree, and specifically warrant that they fully understand

7   the legal effect hereof.

8       12.14.    *Opportunity to Investigate.*  The parties acknowledge, agree, and specifically

9   warrant to each other that they and their counsel have had adequate opportunity to make whatever

10  investigation and inquiries are deemed necessary or desirable in connection with the subject matter

11  of the Settlement and the advisability of entering into this Agreement.

12      12.15.    *Good Faith Settlement.*  The parties acknowledge, agree, and specifically warrant

13  to each other that they are entering into this Agreement freely, without duress, in good faith, and at

14  arms length.  The benefits, procedures and offers set forth in this Agreement constitute the entire

15  consideration provided the Settlement Class Members under this Agreement and are agreed by all

16  parties to constitute fair, reasonable and adequate consideration for the Releases and the other

17  agreements and obligations of the Settlement Class Members reflected in this Agreement.  Neither

18  AHS nor any of the Released Parties shall have any obligations to any Settlement Class Member in

19  respect of the Released Claims, except as expressly provided for in this Agreement.

20      12.16.    *Unknown Claims.*  The parties acknowledge, agree, and specifically warrant to

21  each other that they are familiar with California Civil Code Section 1542, which provides:

22          A general release does not extend to claims which the creditor does not
23          know or suspect to exist in his favor at the time of executing the
            release, which if known by him must have materially affected his
24          settlement with the debtor.

25  Being aware of California Civil Code Section 1542, all parties releasing claims hereby expressly

26  waive any and all rights they may have under this law and under any other federal or state law of

27  similar effect with respect to the matters released herein.

28

-30-

12.17.   *Notices.*   Unless otherwise provided herein, any notice, request, waiver, instruction, application for Court approval, or application for Court order sought in connection herewith or other document to be given by any party or to the other party shall be in writing and delivered personally or sent by registered or certified mail, postage pre-paid, with copies by facsimile to the attention of Plaintiffs' counsel or Defendants' counsel (as well as to any other recipients that the Court may specify).  As of the Settlement Date, the respective representatives are as follows:

> For Defendants:    **Martin R. Boles**
> KIRKLAND & ELLIS LLP
> 777 South Figueroa Street
> Los Angeles, California 90017
> Telephone:  (213) 680-8400
> Facsimile:  (213) 680-8500

> For Plaintiffs:    **Francis A. Bottini, Jr.**
> JOHNSON & BOTTINI, LLP
> 655 W. Broadway, Suite 1400
> San Diego, CA 92101
> Telephone:  (619) 230-0063
> Facsimile:  (619) 233-5535

12.18.   *Extensions of Time.*   The parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions hereof.

12.19.   *No Beneficiaries.*   No portion hereof shall provide any rights to, or be enforceable by, any Person other than Named Plaintiffs, Class Members, Class Counsel, or Defendants.  No third party beneficiaries are created or intended to be created hereby.  No Plaintiff or Class Member may assign or otherwise convey any right to enforce any provisions hereof.

12.20.   *Preservation of Privilege.*   Nothing contained herein or in any order of the Court, and no act required to be performed pursuant hereto or any order of the Court, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege.

12.21.   *No Public Announcement.*   Except as provided herein, none of the Named Plaintiffs, Class Counsel, or Defendants shall, without prior written approval, make any press release

1   or other public announcement concerning this Agreement, except as and to the extent that any such

2   party shall be so obligated by law, in which case the other party shall be advised and the parties shall

3   use their reasonable efforts to cause a mutually agreeable release or announcement to be issued;

4   provided, however, that the foregoing shall not apply to communications or disclosures necessary to

5   implement the provisions hereof or to accounting and/or the Securities and Exchange Commission

6   disclosure provisions or the rules of any stock exchange.

7       12.22.    *Confidentiality and Return of Documents.*  With respect to all information and

8   documents obtained by, through, or from Defendants, through formal and informal discovery, Class

9   Counsel and Named Plaintiffs represent that they have not shared such information with any

10  individuals or third parties, other than the Named Plaintiffs, their legal and support staff and retained

11  experts, Judge Steven R. Denton, and the Honorable Howard B. Wiener (Ret.).  All information

12  related to this Action including that reflected in Class Counsel's files shall be maintained in the

13  strictest confidence to be used only in carrying out the express terms hereof.  Within forty-five (45)

14  days of the conclusion of the 24-month Contractor Relations Initiative, the Named Plaintiffs and

15  Class Counsel will return to Defendants any and all documents, data, and other materials provided

16  by Defendants in their files, including those provided in connection with the Contractor Relations

17  Initiative and all copies thereof.  Upon satisfaction of this duty and responsibility, Class Counsel will

18  certify in writing that all such data, documents, and materials, and all copies thereof, have been

19  returned.  Nothing herein is intended to or shall operate to prohibit: (1) disclosures by Named

20  Plaintiffs and/or Class Counsel that, after reasonable notice to Defendants, are legally required to

21  respond to legal processes or requests from government agencies, nor of any legally required

22  disclosure not specified herein; (2) disclosures to the Named Plaintiffs' and Class Counsels'

23  fiduciaries, insurers, attorneys, or financial representatives, provided an express agreement to

24  maintain the confidentiality of such information is in place and being adhered to; and (3) Class

25  Counsel from filing all documents necessary to obtain approval and confirmation of the Settlement

26  and/or to enforce the Settlement.

27      12.23.    *Governing Law.*   This Agreement shall be governed by and construed in

28

1  accordance with the domestic laws of the State of California without giving effect to any choice or

2  conflict of law provision or rule (whether of the State of California or any other jurisdiction) that

3  would cause the application of the laws of any jurisdiction other than the State of California.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IN WITNESS WHEREOF, Plaintiffs and Defendants have executed this Stipulation of

2    Settlement on this 30 day of September, 2008.

3

4                                         DEFENDANTS

5                                         American Home Shield of California, Inc.
6                                         American Home Shield Corporation

7

8

9                                         By:
                                          Martin R. Boles, Esq.
10                                        KIRKLAND & ELLIS LLP
                                          777 South Figueroa Street
11                                        Los Angeles, CA 90017-5800
                                          Telephone: (213) 680-8428
12                                        Facsimile: (213) 680-8500

13

14                                        NAMED PLAINTIFFS, CLASS COUNSEL,
                                          AND CLASS MEMBERS
15

16

17                                        By:
18                                        Francis A. Bottini, Jr., Esq..
                                          JOHNSON & BOTTINI, LLP
19                                        655 W. Broadway, Suite 1400
                                          San Diego, CA  92101
20                                        Telephone: (619) 230-0063
                                          Facsimile: (619) 233-5535
21

22

23

24                                        By:
                                          Edward D. Chapin, Esq.
25                                        CHAPIN WHEELER LLP
                                          550 West "C" Street. Suite 2000
26                                        San Diego, CA  92101
                                          Telephone: (619) 241-4810
27                                        Facsimile: (619) 955-5318

28

                                  -34-

1    IN WITNESS WHEREOF, Plaintiffs and Defendants have executed this Stipulation of

2    Settlement on this 30th day of September, 2008.

3

4                                    DEFENDANTS

5                                    American Home Shield of California, Inc.

6                                    American Home Shield Corporation

7

8

9    By:
                                         Martin R. Boles, Esq.
10                                       KIRKLAND & ELLIS LLP
                                         777 South Figueroa Street
11                                       Los Angeles, CA 90017-5800
                                         Telephone: (213) 680-8428
12                                       Facsimile: (213) 680-8500

13

14                                   NAMED PLAINTIFFS, CLASS COUNSEL,
                                     AND CLASS MEMBERS
15

16

17
     By:
18                                       Francis A. Bottini, Jr., Esq.
                                         JOHNSON & BOTTINI, LLP
19                                       655 W. Broadway, Suite 1400
                                         San Diego, CA 92101
20                                       Telephone: (619) 230-0063
                                         Facsimile: (619) 233-5535
21

22

23
     By:
24                                       Edward D. Chapin, Esq.
                                         CHAPIN WHEELER LLP
25                                       550 West "C" Street, Suite 2000
                                         San Diego, CA 92101
26                                       Telephone: (619) 241-4810
                                         Facsimile: (619) 955-5318
27

28

                                         -34-

1
2
3            By: _____
4                Karon Edleson
5
6
7            By: _____
8                L.B. Chip Edleson
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-35-

1

2

COUNSEL LIST
EDLESON v. AMERICAN HOME SHIELD OF CALIFORNIA, INC
CASE NO. 37-2007-00071725-CU-BT-CTL

3

4

5

6

Francis A. Bottini, Jr., Esq.
JOHNSON & BOTTINI, LLP
655 W. Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 233-5535

Attorney for Plaintiffs
KARON and L.B. CHIP EDLESON

7

8

9

10

11

Robert R. Gasaway, Esq.
Ashley C. Parrish, Esq.
Matthew E. Papez, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Attorneys for Defendants
AMERICAN HOME SHIELD OF
CALIFORNIA, INC. and AMERICAN HOME
SHIELD CORPORATION

12

13

14

15

Martin R. Boles, Esq.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800
Telephone: (213) 680-8428
Facsimile: (213) 680-8500

Attorney for Defendants
AMERICAN HOME SHIELD OF
CALIFORNIA, INC. and AMERICAN HOME
SHIELD CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

-36-