FILED

2010 Jan-25  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT E

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

**MINUTE ORDER**

RECEIVED

JUL 1 0 2009

KIRBY NOONAN LANCE & HOGE LLP

Date: 07/08/2009                    Time: 11:00:00 AM          Dept: C-70

Judicial Officer Presiding: Judge Jay M. Bloom
Clerk: Lynn Rockwell

Bailiff/Court Attendant:
ERM: Not Reported

Case Init. Date: 07/24/2007

Case No: 37-2007-00071725-CU-BT-CTL    Case Title: Edleson vs. American Home Shield of California, Inc

Case Category: Civil - Unlimited       Case Type: Business Tort

Event Type: Motion Hearing (Civil)

Causal Document & Date Filed:

Appearances:

The Court, having taken the above-entitled matter under submission on 07/02/2009 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

**THE MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLMENT IS DENIED.** ALL EVIDENTIARY OBJECTIONS ARE OVERRULED.

The motion for final approval of the class action settlement is denied. While the court respects the views of Justice Wiener and learned counsel in this case, the court cannot justify approval of the settlement. Plaintiffs, other than the two lead plaintiffs, really get nothing more than a right to submit or resubmit claims to a defendant that has allegedly not acted in good faith on prior occasions. There are no guarantees claims will now be accepted or properly serviced, or that if improperly denied, plaintiffs have any realistic remedy. They may have the right to sue in the future, but that is subject to the applicable statute of limitations in each jurisdiction in the United States. The court has no information as to what the applicable limitations are or what other limits may exist to preclude filing of a lawsuit.

The settlement also allows defendant to essentially sell more insurance to plaintiffs at an unspecified price. This allows defendant to make additional money from the settlement rather than paying it out to plaintiffs. The contractor relations initiative also does not provide plaintiffs with any realistic guarantees. The entire settlement essentially asks plaintiffs to give up many viable and realistic rights in return for the hope that defendant will act in good faith. Without more concrete guarantees, plaintiffs, other than the lead plaintiffs, have gotten very little in return for a waiver of claims against defendant. In the face of this illusory result for plaintiffs, counsel receive $2.75 million and defendants substantially limit their liability for past conduct. The court cannot accept this result. Any settlement must give the plaintiff class some tangible benefits or an unfettered right to bring legal claims against defendant.

**Plaintiffs' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES is DENIED.**

Case No: 37-2007-00071725-CU-BT-CTL   Case Title: Edleson vs. American Home Shield of California, Inc

It is so ordered.

Jay M. Bloom

Jay M. Bloom

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FORT THE NORTHERN DISTRICT OF ALABMA
SOUTHERN DIVISION

LAURA FAUGHT and STEVEN )
FAUGHT, on behalf of themselves and )
all others similarly situated, )
  )
   Plaintiffs, )   CIVIL ACTION NO.:CV-07-P-1928-S
  )
v. )
  )
AMERICAN HOME SHIELD )
CORPORATION, )
  )
   Defendant. )

## DECLARATION OF JOHN E. NORRIS

John E. Norris declares as follows:

1.    I am an attorney licensed to practice law in Alabama.  I was a partner at Burr & Forman, LLP, in Birmingham.  In 2003, I became one of the founders of Davis & Norris LLP.

2.    I am a member of the bars of the United States Supreme Court, the Eleventh Circuit Court of Appeal, and all United States District Courts in Alabama. I have been admitted *pro hac vice* to a great many other federal and state courts throughout the United States.

3.    A substantial portion of my practice has been devoted to class action

litigation for more than 15 years. I also have substantial experience in mass tort

litigation. I was an attorney representing parties in a significant number of class

action cases resulting in important decisions on class action law in this Circuit,

including *Pettway v. American Cast Iron Pipe Co.*, *Cox v. USX*, and *Beavers v.*

*American Cast Iron Pipe Co.* I have tried class action cases and settled class action

cases. I have represented plaintiffs and defendants in class action cases.

     4.     I was co-lead counsel in one of the largest toxic tort mass cases in the

history of the United States. I am currently co-lead counsel in the litigation on

behalf of the people of Viet Nam.

     5.     Until we reached an agreement as to the relief to be given the class in

this class action settlement, there were no discussions, either in the mediator's

presence or outside his presence, with counsel for AHS concerning the amount of

fees to be awarded to Class Counsel in connection with this settlement.[1] The

negotiations were prolonged and at times contentious. On at least three occasions

Class Counsel left mediation sessions convinced that the parties were at an impasse

and that further negotiations would be fruitless. In fact, at one point when AHS

---

[1] As accurately stated in the Declaration of the mediator, George M. Van Tassel, III, there had been inconclusive discussions concerning fees relating to the agreement reached as to the original, narrower <u>Faught</u> class. <u>See</u> Van Tassel Declaration ¶¶ 3-4. No discussions concerning fees as to this narrower class occurred until after an agreement had been reached as to the relief to be awarded to that class. The fee discussions were tabled when, after the California court rejected the settlement in <u>Edelson</u>, the parties began negotiations in <u>Faught</u> to expand the <u>Faught</u> settlement to include a broader class. As to that broader class, no discussions as to fees occurred until after an agreement was reached as to the relief to be awarded to the broader class.

took a position that Class Counsel frankly found to be outrageous, Class Counsel

formally terminated the mediation and so informed the Court, and filed an

adversarial motion for class certification. Class Counsel only withdrew this motion

and agreed to resume negotiations when AHS reversed its position on an important

issue. Counsel for both parties negotiated at arms length, zealously advocating the

respective positions of their clients. In addition to the 17 formal mediation sessions

conducted by Marty Van Tassel, counsel for the parties met in person and spoke on

the phone numerous times during the negotiations, and exchanged many versions of

the draft that eventually became the Stipulation of Settlement.

     6.    In light of the defenses asserted by AHS, the merits of plaintiffs'

claims, and the uncertainty of litigation, it is my opinion that the proposed

settlement is fair, reasonable, and adequate for the class. I am further of the opinion

that the fee requested by Class Counsel's petition for attorneys' fees is reasonable,

consistent with Eleventh Circuit law, and modest in comparison with fees that have

been awarded in this Circuit and affirmed by the Court of Appeals.

     7.    The plaintiffs in this case, Laura and Steven Faught, have performed

valuable services for the class. They agreed to function as class representatives

even though they knew that they could personally receive relief in an Alabama

district court much faster than by being class representatives in a class action filed

in federal court.  We never promised or guaranteed them any particular result or

benefit to them.  They understood their duty to be fair to the class, and to advocate

the position of the class.  They have performed their duties admirably and at

substantial sacrifice to themselves.

I hereby declare, under penalty of perjury, that the foregoing is true and

correct.

EXECUTED on this 25th day of January, 2010.

John E. Norris
Class Counsel

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LAURA FAUGHT and STEVEN )
FAUGHT, )
)
    Plaintiffs, )
)
v. )    CIVIL ACTION NO.
)    2:07-CV-1928-RDP
AMERICAN HOME SHIELD )
CORPORATION, )
)
    Defendant. )

## DECLARATION OF JOHN E. GOODMAN

John E. Goodman hereby declares as follows:

1. I am an attorney licensed to practice law in Alabama. I am one of the attorneys representing the defendant, American Home Shield Corporation ("AHS"), in the above-styled case.

2. I have actively participated in the representation of AHS in this case since its inception, and have been the primary Alabama lawyer representing AHS in this case since approximately late October of 2008. I have participated in more than a dozen mediation sessions with counsel for the Faughts and the mediator, Mr. George M. Van Tassel, Jr., as well as extended settlement negotiation meetings and phone calls with counsel for the Faughts. In all, settlement negotiations in this matter extended for a period of thirteen months, from the time of the parties' first negotiations to the final Stipulation of Settlement preliminarily approved by the Court.

3. Counsel for the parties commenced settlement negotiations in this case after being directed to mediation by order of the Court dated July 29, 2008. After a series of mediation sessions with Mr. Van Tassel, which commenced in September, 2008, counsel for the parties agreed

1

to a class-wide settlement (as to all matters except class counsel's attorneys' fees). This agreement was memorialized in a Stipulation of Settlement executed on or about January 13, 2009. The Stipulation reflected no agreement as to attorneys' fees, and counsel for the parties had engaged in no negotiation as to attorneys' fees as of that time.

4.   Later in January of 2009 and into the following month, counsel for the parties engaged in negotiations regarding attorneys' fees for class counsel, but were unable to reach agreement concerning the same.

5.   The parties agreed to postpone presentation of their initial class settlement to the U.S. District Court for the Northern District of Alabama for approval until after final resolution of the class-wide settlement in *Karon & L.B. Chip Edleson v. American Home Shield of California, et al.,* Case No. 37-2007-00071725-CU-BT-CTL, in the Superior Court of the State of California for the County of San Diego ("*Edleson*"). The class encompassed by the settlement in the *Faught* case was a subset of the class encompassed by the settlement in *Edleson*.

6.   The *Edleson* Court rejected the class action settlement in that case by order dated July 8, 2009. Counsel for the parties in the *Faught* case thereafter resumed settlement discussions, including the possibility of enlarging the size of the class and expanding the scope of relief from their original settlement. The next mediation session with Mr. Van Tassel occurred on August 18, 2009. Counsel for the parties' continued discussions – including several more sessions with Mr. Van Tassel – ultimately resulted in a second classwide settlement in *Faught*, which superseded the original classwide settlement.

7.   The parties' agreement was memorialized in a Stipulation of Settlement executed on or about October 6, 2009. The Stipulation reflected no agreement as to attorneys' fees, and counsel

2

for the parties engaged in no negotiation concerning attorneys' fees with regard to the settlement until after the Stipulation was entered into.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 22, 2010.


_John E. Goodman_

John E. Goodman

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FORT THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.:CV-07-P-1928-S ) |
| v. | ) ) |
| AMERICAN HOME SHIELD CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**DECLARATION OF PETER BURKE**

Peter Burke declares as follows:

1.      I am an attorney licensed to practice law in Alabama.  Since 1994, I have

primarily focused my practice in the area of plaintiffs' work, including class actions and

complex commercial cases.

2.      I am familiar with the lawyers of Davis & Norris, LLP.  I worked with

Frank Davis when I was an attorney with Burr & Forman and he was Chair of the

Litigation Section.  Since then I have worked with Mr. Davis and John Norris on several

plaintiffs' cases.  I am of the opinion that they are accomplished, competent plaintiff

lawyers with substantial experience prosecuting class actions and mass tort cases.

3.      I have been provided with certain facts concerning the above-referenced

case.  I understand that it is a class action asserting state law claims against American

Home Shield, a national home warranty company.  I understand that the parties engaged

in active litigation and discovery for over a year, including the successful defeat of a

substantive motion to dismiss filed by AHS. I understand that the parties engaged in

protracted mediation and settlement negotiations for over a year, including 17 separate

mediation sessions. I understand that there are approximately 4.3 million individuals in

the plaintiff class. I understand that the settlement gives each class member the right to

submit previously denied or underpaid claims to AHS for review, and that AHS is

obligated to review these claims in good faith, with substantial monetary penalties and

potential attorneys' fees awards available to claimants whose claims are not treated in

good faith by AHS during the settlement process.

      4.     I am told that Class Counsel has estimated that it will have expended

attorney and paralegal time worth at least $1.5 million at rates prevailing in the

Birmingham area for work on similar cases that are not handled on a contingency.

      5.     In these circumstances, I believe that a fee paid by the defendant of $1.5

million plus 25% of any monetary benefits paid to the class members is fair and

reasonable to the point of being modest. The 25% portion of the fee is at the low end of

what courts in this Circuit have awarded in similar cases. The $1.5 million paid by AHS

will not burden the class in any way. The structure of the fee, which incentivizes Class

Counsel to ensure that AHS reviews claims in good faith during the review process,

actually enhances the value of the settlement much more than fee awards I have seen in

other cases where attorneys are award a fixed percentage of a "fund" that may or may not

be paid to the class. See, e.g., Waters v. International Precious Metals Corp., 190 F.3d

1291 (11th Cir. 1999) (affirming district court's awarding percentage of fund established

to pay claims even though district court acknowledged that the claims submitted would

be less than the fund established to pay them). A fee that is tied directly to amounts

actually paid to the class members is unusual and provides Class Counsel with the

maximum incentive to ensure that the class members are treated fairly in this settlement.

I hereby declare, under penalty of perjury, that the foregoing is true and correct.

EXECUTED on this _____25+4_____ day of January, 2010.

Peter Burke

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FORT THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARUA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.:CV-07-P-1928-S |
| v. | ) ) | |
| AMERICAN HOME SHIELD CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## JOINT DECLARATION OF LAURA AND STEVEN FAUGHT

Laura and Steven Faught declare as follows:

1.      We are Laura and Steven Faught and are the named Class Plaintiffs in this case.  This joint declaration, which is based on our personal knowledge of the facts stated herein, is submitted in support of the class settlement that has been presented to the Court for its approval, and in support of plaintiffs' petition for an incentive payment in connection with their efforts as class representatives.

2.      In July 2007, the HVAC system in our home failed.  We contacted the Defendant, American Home Shield Corporation ("AHS") to correct the problem in accordance with the home warranty we had purchased from them.  AHS denied our

claim and we were left without air conditioning in our home. This was complicated by the fact that Laura had just given birth to our first child. Once winter arrived, we later realized that the problems associated with the HVAC system had also affected the heating exchange. We were given an estimate of $7,374.00 by Alabama Heating and Air to replace the HVAC system and to restore proper air conditioning and heat to our home.

3.      Because it was not in our budget to pay over $7000.00 to replace the HVAC, we had to purchase three window units and several box fans to make it through the summer months. This purchase was approximately $500.00. Additionally, in the winter we had to purchase space heaters to make the home habitable. We had to eat out more in the summer because the kitchen was uncooled, which constituted an additional expense we could not afford. We had to spend our days outside the house and our nights at Steven's parents house to avoid the heat and the cold. Our lives were inconvenienced in the extreme for the past two years.

4.      Subsequently, we learned that other people like our family believed their claims had been wrongly denied by AHS. We understood we had the option of pursuing our claims against AHS in an Alabama district court, which would have been resolved within a reasonable amount of time. However, we chose to pursue

this matter not only on our own behalf, but also on behalf of others who similarly had claims wrongfully denied.

5.    We were advised that if we pursued the claim as a class action it could take potentially years before the claim was resolved; and that there would be a substantial time commitment on our part as class representatives. Additionally, we were advised there are no guaranteed outcomes. We have never been promised or guaranteed any amount of money to compensate us for our personal claim against AHS or to compensate us for our services as class representatives.

6.    We each have expended many hours in meeting with Class Counsel, both in person and by telephone; reviewing documents and providing input on behalf of the class members. We each discussed with Class Counsel all serious settlement proposals which were offered during the mediation process and purposefully set aside our own interest in deference to the class. We rejected any offers which we felt did not provide an adequate remedy to the class, even if the offer would have made us, personally, whole as to our individual claim.

7.    Once the Settlement Notice was sent out we received several telephone calls and emails regarding the claim to which we directed to Class Counsel. We have several friends who received the Notice who have also contacted us.

8.    We have been fully involved in this litigation from the very beginning

8.    We have been fully involved in this litigation from the very beginning and take serious our jobs as class representatives on behalf of all members of the class.  We have suffered through heat waves and cold spells without proper heating and air conditioner, like many of the class members, with the full understanding that we may never receive any compensation.  However, it is important to make people aware of the problem that existed with AHS's claims-handling practices, and to ensure that the class as a whole is treated with fairness, and to any relief awarded to the class, whether by judgment or settlement, is fair, adequate, and reasonable.

9.    We understand that, under the Stipulation of Settlement, the Court may approve the settlement but refuse to award us the incentive payment for which we have petitioned, even though AHS has agreed not to object to a request for an incentive payment not to exceed $5,000 for each of us.  We nevertheless support this settlement and urge the Court to approve it regardless of whether the Court decides to award us any incentive payment in the requested amount or any other amount.

We each declare, under penalty of perjury, that the foregoing is true and correct.

EXECUTED on this _18_ day of January, 2010.

Page **4** of **5**

_Laura Faught_
Laura Faught

_Steven Faught_
Steven Faught