FILED
2010 Feb-08 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME SHIELD CORPORATION, <br><br> Defendant. | CASE NO. <br> CV-07-P-1928-S |

STATE OF TEXAS' SPECIAL APPEARANCE,
PRELIMINARY OBJECTIONS TO CLASS SETTLEMENT, AND
NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, the State of Texas, and files its special appearance, preliminary objections to class action settlement, and notice of intent to appear at fairness hearing. In support thereof, the State of Texas shows the following:

## I. SPECIAL APPEARANCE[1] AND BACKGROUND

The State of Texas is appearing in this cause under the authority of the Class Action Fairness Act ("CAFA"). See Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.). The State of Texas, through the Consumer Protection & Public Health Division of the Office of the Texas Attorney General, sued Defendant American Home Shield ("AHS") in Texas

---

[1] The Texas Attorney General is not submitting to the Court's jurisdiction except as *amicus curiae* and the submission of this document and the forthcoming brief is without prejudice to the State's ability to enforce its consumer protection laws and investigative claims relating to the issues under dispute.

State court alleging numerous violations of the Texas Deceptive Trade Practices Act. That suit was filed April 12, 2006 – well before the present *Faught* suit was filed. Consequently, the State of Texas is appearing as *amicus curiae* regarding this proposed settlement and is not subjecting itself to the jurisdiction of this Court.[2]

## II. PRELIMINARY OBJECTIONS TO CLASS SETTLEMENT

The State of Texas will be presenting the following objections to the *Faught* Class settlement at the fairness hearing. The State of Texas will be submitting an *Amicus* Brief Opposing Settlement in support of these objections prior to the fairness hearing. Further, the State of Texas is currently in discussions with other States' Attorneys General concerning their desire to join in the State of Texas' opposition to this proposed settlement.

### 1. ABSTENTION

The State of Texas intends to argue that this Honorable Court should defer to the lawsuit that the Texas Attorney General has filed in Harris County, Texas, involving the same Defendant and many of the same issues as the *Faught* case. More particularly, every *Faught* class member residing in Texas is already affected by the Attorney General's lawsuit, as suits brought under the Texas Deceptive Trade Practices Act are *de facto* class actions.

---

[2] Despite the fact that the State of Texas has been litigating with Defendant for several years concerning the same factual matters contained in the case *sub judice*, the State of Texas was not served with notice of this *Faught* proposed class settlement. Rather, counsel in this action served the required "CAFA" notice on a relatively small regulatory agency in Texas, the Texas Real Estate Commission ("TREC"). The CAFA notice was not forwarded to the Attorney General until six days ago (February 2, 2010), when the undersigned Assistant Attorney General inquired whether TREC had received any documents related to the *Faught* litigation. Had an affirmative inquiry not been made, the State of Texas who is simultaneously litigating with the Defendant over these same matters in Texas State would not have known about the CAFA notice.

Under the doctrine of abstention, a court may decline to exercise its jurisdiction, which is appropriate when questions of state law should be resolved by the affected states. See *Railroad Co. v. Pullman Co.*, 312 U.S. 486, 501 (1941). Also, federal courts should abstain from interfering with pending state civil suits. See *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

## 2. MERITS OF PROPOSED SETTLEMENT

### A. Claims Desk Review by American Home Shield

This proposed class action settlement is subject to heightened scrutiny both because it was negotiated prior to class certification and does not involve the payment of any monetary compensation to members of the class. See *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In fact, in a prior attempt at settling a nationwide class action in State Court in California, the Honorable Jay M. Bloom described the "claims desk" settlement as follows:

> The court cannot justify approval of the settlement. Plaintiff, other than the two lead plaintiffs, **really get nothing more than a right to submit or resubmit claims to a defendant that has allegedly not acted in good faith on prior occasions. There are no guarantees claims will now be accepted or properly serviced**, or that if improperly denied, plaintiffs have any realistic remedy. They may have the right to sue in the future, but that is subject to the applicable statue of limitation in each jurisdiction.

*Edleson v. American Home Shield of California, Inc.*, No. 37-2007-00071725-CU-BT-CTL, in the Superior Court of California, San Diego (emphasis added). Further, because the second review must be initiated by the class member, requiring some action on their part, certainly there will be low participation, as many class members will not be inclined to go to the trouble of re-submitting a claim that AHS has already denied – under the same circumstances and procedures that applied the first time. The consumers are forced to deal again with the very company whose conduct was unfair and deceptive in the first instance.

### B. No Money to Consumers

While the fair, adequate and reasonable language in CAFA mirrors the language of Federal Rule of Civil Procedure 23(e), it is clear that Congress envisioned subjecting non-monetary settlements to a higher level of scrutiny than previously employed in pre-CAFA decisions interpreting Rule 23(e), because CAFA sets a higher standard or strictest scrutiny to coupon settlements (those in which the consumer gets no monetary damages from the wrongful conduct). See S. Rep. 109-14 at 31 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 32. (Senate Judiciary Committee Report on CAFA)  The concern is that in many cases "counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value." *Synfuel Technologies, Inc. v. DHL Expresss, Inc.*, 463 F.3d 646, 654 (7th Cir. 2006).

### C. Defendants' Ill-Gotten Gains are Not Disgorged

The Texas Deceptive Trade Practices Act provides a remedy that the Defendant shall disgorge all ill-gotten gains.  American Home Shield Corporation does not give up a dime of ill-gotten gains, unless you consider the attorney-fees paid to counsel for the *Faught* Plaintiff Class.

### D. Consumers Have a Strong Case Against American Home Shield

The Attorney General will provide the Court with expert reports showing that there is essentially no plumbing coverage under American Home Shield's home warranty.  To be fair, it may cover replacement of the rubber-flapper in your toilet, perhaps the only repair that about anyone could make on their own (without AHS's mandatory $35 fee for the service call).  The Attorney General will likewise show that the exclusions to HVAC coverage generally swallow the inclusions.  Further, the Attorney General will show how American Home Shield has been making illegal kickback payments to real estate brokers, as a commission on the sale of home

warranties to the brokers' clients, a clear violation of law.

### 3. BROAD WAIVER OF CONSUMER RIGHTS

The proposed settlement mandates the class members to waive all claims that could have risen out of, or been related in any way to, Defendant's business practices.

#### A. Restitution for Texas Consumers

Most troubling is the fact that counsel for the Plaintiff Class has Texas consumers waive any right to restitution, which the State of Texas is currently seeking on their behalf. Attempting to hinder enforcement actions collaterally through settlement releases violates basic public policy, in addition to a legally-untenable approach.

#### B. Waiver of Rights under the Deceptive Trade Practices Act

The Texas Deceptive Trade Practices Act prohibits the waiver of rights under the act unless the consumer is represented by counsel of their own choosing at the time they acquire the goods or services and the wavier is signed by the consumer.

#### C. Waiver of Right to Participate in a Class Action

There is no legitimate need to have consumers waive any rights to participate in or to bring a class action lawsuit against Defendant. Through well-established principles of collateral estoppel and *res judicata*, the consumers would not be allowed to bring the same claims again against this Defendant. It seems likely that this waiver is a veiled attempt to absolve the Defendant from other wrongs committed against these consumers, for which they are presently unaware. Given that there is no monetary compensation paid to the *Faught* class members it is inconceivable that it is necessary to have the consumers waive so many rights.

### 4. QUALIFICATIONS OF CLASS COUNSEL

Counsel for the Plaintiff Class has filed another consumer class-action lawsuit involving the same Defendant American Home Shield Corporation. See *Rudd v. American Home Shield Corp.*, Cause No. 2:09-CV-01018-RDP, in the District Court, Northern District Of Alabama (Southern). The *Rudd* class action asserts a violation of the Real Estate Settlement Procedures Act, for which the remedy is monetary damages (trebled), plus attorney fees. The *Faught* class settlement – with all its unnecessary waivers – appears designed to prevent the consumers from participating in the *Rudd* case – the case with drop-dead liability and substantial damages.[3]

Further, counsel for the *Faught* Plaintiff Class appear to be former partners of a large law firm that lists on its website Terminex as a client; the firm appears to have represented Terminex at the same time that counsel was a partner at the firm. Terminex is a subsidiary of ServiceMaster Corporation, just like American Home Shield Corporation is a subsidiary of ServiceMaster Corporation. These matters require full airing before the Court approves any settlement.

### 5. THE COURT SHOULD DECLINE CAFA JURISDICTION OVER TEXAS RESIDENTS

There have now been two attempts at a nationwide class action settlement giving the consumers no money and an illusory promise that their wrongfully-denied claims will be treated differently on a second review, despite the fact that there is no tangible reason for any consumer to believe that fact. The Texas Attorney General filed a lawsuit against American Home Shield of Texas, Inc., American Home Shield Corporation, and the ServiceMaster Corporation, making

---

[3] The claims made in Rudd are also included in the State of Texas' litigation against American Home Shield, pending in Texas State court.

all the allegations of both the Faught case and the Rudd case. In the Texas litigation, the Attorney General is vigorously fighting for real monetary benefit to consumers in the form of damages, restitution, disgorgement . . . whatever it takes to provide the consumers of Texas with tangible relief for wrongs perpetrated against them over many years. At a minimum, this Honorable Court should remove the Texas residents from the class definition.

### III. NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

The State of Texas hereby provides its Notice of Intent to Appear at the Fairness Hearing on March 10, 2010. The State will be filing its brief supporting this pleading in a reasonable time before the fairness hearing.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID MORALES
Deputy Attorney General for Litigation

PAUL D. CARMONA
Assistant Attorney General
Chief, Consumer Protection and
Public Health Division

PAT TULINSKI
Texas State Bar No. 20283485
Assistant Attorney General
Consumer Protection and Public Health Division
300 W. 15th Street, 9th Floor, MC 010
Austin, Texas 78701
Tel. 512.463.2185
Fax 512.473.8301

## CERTIFICATE OF SERVICE

I certify that, on February 8, 2010, a copy of this document was served on the following persons as indicated below:

D. Frank Davis                                                          *Via Fax*
John E. Norris
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Fax: 205-930-9989

D. Leal McCall, III
HILL HILL CARTER FRANCO COLE & BLACK PC    *Via Fax*
425 South Perry Street
P. O. Box 116
Montgomery, Alabama 36101-0116
Fax: 334-832-7419

Michael D. McKibben
BRADLEY ARANT BOULT CUMMINGS LLP            *Via Fax*
One Federal Place
1819 Fifth Avenue North, 7th Floor
P. O. Box 830709
Birmingham, AL 35283-0709
Fax: 205-521-8800

*Pat Tulinski*
Pat Tulinski

w/ permission
ps.