IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>Defendant. | Case No: 2:07-CV-1928-RDP |

**OBJECTIONS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING**

COMES NOW, Objectors John Howe, Jenny Hill and Jennifer Deachin ("The Howe Objectors"), holders of policies issued by American Home Shield Corporation, *et al.*, by and through their undersigned counsel of record, and hereby file these Preliminary Objections to the Proposed Settlement Of American Home Shield of Corporation, and in support thereof, state as follows:

**PROOF OF CLASS MEMBERSHIP**

John Howe, 2525 NW 21st Avenue, Gainesville, Florida, 32605, (352) 665-9835, contract No. 85199141, referred to undersigned counsel by N. Albert Bacharach, Jr., a Florida Attorney, received the "NOTICE OF CLASS ACTION AND SETTLEMENT." John Howe is a policy holder of home owner's warranty

policies issued by American Home Shield Corporation, et al. John Howe's unsworn declaration previously filed in *Edleson,v. American Home Shield of California, Inc., et al.* is attached hereto as Exhibit "A."

_____Jenny Hill, 1645 NW 31st Place, Gainesville, Florida, 32605, (352) 214-2126, Contract No. 71282751, referred to undersigned counsel by N. Albert Bacharach, Jr., a Florida Attorney, received the "NOTICE OF CLASS ACTION AND SETTLEMENT." Jenny Hill is a policy holder of home owner's warranty policies issued by American Home Shield of California, Inc., et al. Jenny Hill's unsworn declaration previously filed in *Edleson,v. American Home Shield of California, Inc., et al.* is attached hereto as Exhibit "B."

Jennifer Deachin, 4932 SW 19th Street, Gainesville, Florida, 32608, Contract No. 81542361, referred to undersigned counsel by N. Albert Bacharach, Jr., a Florida Attorney, received the "NOTICE OF CLASS ACTION AND SETTLEMENT."  Jennifer Deachin is a policy holder of home owner's warranty policies issued by American Home Shield Corporation., et al. Jennifer Deachin's unsworn declaration previously filed in *Edleson,v. American Home Shield of California, Inc., et al.* is attached hereto as Exhibit "C."

_____              **NOTICE OF INTENT TO APPEAR**

OBJECTORS HOWE, HILL and DEACHIN, (hereinafter "The Howe Objectors") hereby give notice they intend to appear, by undersigned counsel, at

the Fairness Hearing that is presently scheduled to be held in this matter at 10:00 a.m/ on Wednesday, March 10th, 2010, before the Honorable R. David Proctor, District Judge, in Courtroom 7A of the United States District Court for the Northern District of Alabama, located at 1729 Fifth Avenue North, Birmingham, Alabama 35203. Objectors do not intend to offer documents into evidence or to call witnesses.

## OBJECTIONS

The proposed Settlement is unfair, inadequate and unreasonable for the following reasons:

1. A substantially similar settlement in *Edelson, etc. v. American Home Shield Corporation*, Superior Court of California, County of San Diego, Case No.: 37-2007-00071725-CV-BT-CTL was found not to be fair, adequate and reasonable.

2. The Settlement is not fair, adequate or reasonable because the Defendant is not required to do anything pursuant to the settlement that wasn't required under its warranty agreements with Class Members.

3. The Settlement fails to provide the value of the Settlement. As a result, class members and this Court can not determine the fairness, adequacy and reasonableness of the Settlement.

4. Although, the Defendant has agreed to review previously denied claims through the Review Desk, the Defendant, in its sole discretion, may again deny those claims previously submitted and denied. Fairness demands that there be a third-party administrator to review denied claims.

5. Given the sole discretion granted to Defendant over the reviewing of claims submitted by Class Members, the Settlement provides the class with no benefit whatsoever.

6. The Settlement will not deter Defendant's improper business practices in the future because, although, the Settlement provides that Defendant will distribute training materials to address any issues that Defendant determines require further training, the Defendant may solicit and consider, but need not implement, recommendations from Class Counsel regarding changes to their business practices.

7. The two-year window within which Defendant will either deny or make an offer on all submitted claims is facialy unreasonable.  Two years is an excessive amount of time to undertake settlement administration.  As a result, Class Members who have not opted out will wait up to two years before being able to bring an individual action.

8. The Settlement Notice does not provide sufficient information to allow Class Members to decide whether to opt out of the settlement or remain part of the class and submit their claim to the Review Desk. Because Defendant has such enormous discretion in denying submitted claims, and because after a denial of a claim, that Class Member would be in the same position as if they had opted out, except that they would have lost the time it took Defendant to decide to deny their claim, Class Members cannot determine whether it would be more beneficial to remain part of the settlement and submit a claim to the Review Desk or to opt out and immediately bring an individual action against Defendant.  This deficiency in the Settlement might have been eliminated if the Settlement and Notice had described the criteria that Defendant planned to use when evaluating claims, however, the neither the Settlement nor the Notice include any information regarding the criteria to be used by Defendant when reviewing claims, nor any information that would allow a Class Members to predict whether their claim would be denied, and therefore whether it would be more beneficial to opt out and bring an individual action immediately.

9. The amount of attorney's fees are unreasonable and excessive, given the negligible value of the settlement to the Class Members. The Notice describes the award of attorney's fees as $1.5 million, plus 25% of any amount paid out by Defendant on claims submitted pursuant to the Settlement. Normally, that would be a relatively small fee for representing Class Members in a national class. But, in this case, it is a very large fee for settlement with no value to the Class Members.

10. Objectors hereby incorporates any and all other properly-filed objections not inconsistent with the foregoing.

WHEREFORE, The Howe Objectors respectfully request that this Court to sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

DATED this 8th day of February, 2010.

/s/Frank H. Tomlinson
Frank H. Tomlinson
AL Bar No. ASB-7042-T66F
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203
Telephone:  (205) 326-6626
Facsimile:  (205) 328-2889

>htomlinson@bellsouth.net
>
>*Attorney for John Howe, Jenny Hill and Jennifer Deachin*

## CERTIFICATE OF SERVICE

  I hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing, and service via CM/ECF has been made upon all parties who have entered appearances in this case by electronic means, this 8th day of February, 2010.

s/Frank H. Tomlinson
Frank H. Tomlinson
