# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>Defendant. | Case No: 2:07-CV-1928-RDP |

## PRELIMINARY OBJECTIONS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

COMES NOW, Objectors Jeff Williams and Sabrina Williams f/k/a/ Sabrina Habib, and Janet K. Wood ("Objectors"), holders of policies issued by American Home Shield Corporation, et al., by and through their undersigned counsel of record, and hereby file these Preliminary Objections to the Proposed Settlement of American Home Shield of Corporation, and in support thereof, state as follows:

## PROOF OF CLASS MEMBERSHIP

Jeff Williams and Sabrina Habib, 2002 NW 39th Dr., Gainesville, Florida, 32605, (352) 262-5908, Contract No. 9895982 & 13499074, referred to

1

undersigned counsel by a Florida Attorney, received the "NOTICE OF CLASS ACTION AND SETTLEMENT." Jeff Williams is a policy holder of home owner's warranty policies issued by American Home Shield Corporation, et al.

Janet K. Wood, 713 Turkey Creek, Alachua, Florida, 32615, Contract No. to be provided, was referred to undersigned counsel by a Florida Attorney. Janet K. Wood is a policy holder of home owner's warranty policies issued by American Home Shield Corporation, et al.

## NOTICE OF INTENT TO APPEAR

OBJECTORS WILLIAMS, HABIB, and WOOD, (hereinafter "Objectors") hereby give notice they intend to appear, by undersigned counsel, at the Fairness Hearing that is presently scheduled to be held in this matter at 10:00 am on Wednesday, March 10th, 2010, before the Honorable R. David Proctor, in courtroom 7A of the United States District Court for the Northern District of Alabama, located at 1729 Fifth Avenue North, Birmingham, Alabama 35203. Objectors do not intend to offer documents into evidence or to call witnesses.

## OBJECTIONS

The proposed Settlement is unfair, inadequate and unreasonable for the following reasons:

1.  The relief that the Settlement purports to afford Class Members is

merely illusory, because Defendant is not required to do any more than what was required of it under various warranty agreements with Class Members.

2. The terms of the Settlement do not declare any value of the Settlement whereby this Court could determine the fairness, adequacy and reasonableness of the Settlement, nor according to which this Court could justify an award of attorney's fees.

3. Defendant has agreed to review previously denied claims through the Review Desk, however, Defendant may, in its sole discretion, deny again those claims previously denied and submitted by Class Members. Such discretion is excessive and unreasonable. Fairness demands that there be a third-party administrator to review *at least* those claims submitted to the Review Desk pursuant to the Settlement and by Defendant, if not all of the claims submitted to the Review Desk.

4. The Settlement requires Class Members to submit an application in order to have their claims reviewed, a process which they presumably had to go through before Defendant denied their claim the first time. This application is burdensome and unnecessary and serves only as another hurdle Class Members have to jump through to receive the "privilege" of Defendant's review of their already improperly denied claims.

5. Given the excessive and unreasonable discretion granted to Defendant over the reviewing of claims submitted to the Review Desk, and the burdensome claims procedures, the Settlement will function merely as a mechanism to funnel attorney's fees to Class Counsel while providing the class no valuable benefit whatsoever.

6. The Settlement will not have any effect on Defendant's improper business practices. The Settlement provides that Defendant will distribute training materials to address any issues that Defendant determines require further training, and that Defendant may solicit and consider, but need not implement, recommendations from Class Counsel regarding changes to their business practices. Such discretion granted to Defendants renders absolutely no benefit to the Class Members or to future consumers of Defendants services.

7. The two-year time limit within which Defendant will either deny or make an offer on all submitted claims is excessive and unreasonable. Two years is an excessive amount of time to undertake a settlement administration, especially given the unreasonable degree of discretion Defendant has in reviewing the claims. This unreasonably protracted time limit only serves to make the benefits under the Settlement more illusory, in that it stretches valueless benefits over an unreasonable length of time, and forces those Class Members who have not opted out to wait two

years before bringing any individual action.

8.	The Settlement Notice does not provide sufficient information to allow Class Members to decide whether to opt out of the settlement or remain part of the class and submit their claim to the Review Desk.  Because Defendant has such enormous discretion in denying submitted claims, and because after a denial of a claim, that Class Member would be in the same position as if they had opted out, except that they would have lost the time it took Defendant to decide to deny their claim, Class Members cannot determine whether it would be more beneficial to remain part of the settlement and submit a claim to the Review Desk or to opt out and immediately bring an individual action against Defendant.  This deficiency in the Settlement might have been eliminated if the Settlement and Notice had described the criteria that Defendant planned to use when evaluating claims, however, the neither the Settlement nor the Notice include any information regarding the criteria to be used by Defendant when reviewing claims, nor any information that would allow a Class Members to predict whether their claim would be denied, and therefore whether it would be more beneficial to opt out and bring an individual action immediately.

9.	The amount of attorney's fees are unreasonable and excessive, given the illusory value to the Class Members, and the calculation of attorney's fees is

nearly an admission by Class Counsel that the settlement will yield very little, if any, value to the Class.  The Notice describes the award of attorney's fees as $1.5 million, plus 25% of any amount paid out by Defendant on claims submitted pursuant to the Settlement.  Although Class Counsel have made part of their fee contingent upon the value received by the Class Members, a practice of which Objector approves, they still stand to receive $1.5 million, even if the Class, because of Defendant's excessive discretion, receives absolutely no value from the settlement.  Additionally, the Notice is ambiguous regarding the award of attorney's fees in that it does not specify whether Defendant will pay 25% of the value of all amounts it pays out to Class Members pursuant to the Settlement, or whether each Class Member who receives an amount under the Settlement will have 25% of that amount deducted and paid to Class Counsel.  Such clarity is necessary to allow Class Members to evaluate the fairness of the Settlement and make an informed decision regarding whether to opt out.

10. A settlement substantially similar to this Settlement has been denied in Edelson, etc. v. American Home Shield Corporation, Superior Court of California, County of San Diego, Case No.: 37-2007-00071725-CV-BT-CTL.

11. Objectors hereby incorporates any and all other properly-filed objections not inconsistent with the foregoing.

WHEREFORE, Objectors respectfully request that this Court upon proper hearing sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

DATED this 8th day of February, 2010.

/s/Frank H. Tomlinson
Frank H. Tomlinson
AL Bar No. ASB-7042-T66F
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL 35203
Telephone: (205) 326-6626
Facsimile: (205) 328-2889
htomlinson@bellsouth.net

*Attorney for Jeff Williams and Sabrina Williams f/k/a/ Sabrina Habib, and Janet K. Wood*

### CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing, and service via CM/ECF has been made upon all parties who have entered appearances in this case by electronic means, this 8th day of February, 2010.

s/Frank H. Tomlinson
Frank H. Tomlinson