

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, | ) CLASS ACTION<br>) Case No. 2:07CV1928-RDP<br>) Judge R. David Proctor |
| Plaintiffs, | ) |
| v. | )<br>) |
| AMERICAN HOME SHIELD CORPORATION, | )<br>) |
| Defendants. | )<br>) |

## OBJECTION TO THE PROPOSED SETTLEMENT

COMES NOW, Thomas Arrington, ("Objector"), an Alabama resident, 3343 Dresden Drive, Montgomery, AL, 36111, and hereby files this objection and as allowed by the Courts notice of class action dated December 18, 2009. In support thereof, Objector states as follows:

This Proposed settlement is a second known attempt to secure a settlement for Defendant that will allow it to continue a practice of subterfuge for claims made on Defendant's home warranties. Although this settlement is intended to benefit all Class Members consistent with applicable law, it is far from fair, adequate and reasonable to those class members.

BACKGROUND

Thomas Arrington purchased an AHS Home Warranty on about January 30, 2007, contract# 76916332. He tried to make a claim under his warranty in the summer of 2008 because his air conditioner was not cooling properly. The AHS selected/trained service man told him his air conditioner was simply inadequate for his home, repairs would not help, the warranty was not applicable, and he just needed to buy a new unit.

On December 31, 2008, a California State Court in San Diego gave preliminary approval

to a proposed national class action settlement. The settlement terms were very similar to the terms of this case. AHS will make available a "Claims Review Desk" to take a second look at denied claims. But class members must file the claim within a strict time frame and comply with the stringent information requirements. Said "review" was to be done at the "sole option" (discretion) of Defendant.

Objections came in from all over the country calling the benefits illusory and the settlement unfair. Thomas Arrington was one of those class members who objected. Ultimately, the California State Court in San Diego agreed issuing an order denying the proposed settlement. The Court in that case stated the settlement gave the class "nothing more than the right to submit or resubmit claims to a Defendant that has allegedly not acted in good faith". (order attached)

The current proposed settlement is brought in another state, and in federal court rather than state court. This time, the settlement keeps the illusory "Claims Review Desk" but seems to eliminate a proposed marketing scheme in the previous settlement called a "FlexPlan offer" which was dubbed a "benefit" to the class; and allows the class member to bring suit under severely limited conditions if his claim should be denied.

OBJECTION

1. Objector is a Member of the defined Class during the applicable period .

2. On December 18, 2009, the Court gave conditional approval to an agreement between the Defendant and the latest class representatives chosen by Defendant to settle this matter ("the Proposed Settlement.").

3. Objector received notice in the mail, and has become sufficiently acquainted with the Proposed Settlement and believes as well as alleges that the Proposed Settlement is not fair,

adequate, or reasonable, all of which criteria are legal standards to be applied by this Court, in determining whether to approve the Proposed Settlement as presented to the Court by adverse litigating parties. The parties moving for class certification have the burden of proving that all the criteria for class certification are satisfied. *Rule 23 FRCP*

It is the duty of this Court to assure itself, the class and the public that the applicable and governing criteria material to the Proposed Settlement are present.

4. Objector, through his undersigned counsel, now enters his appearance in this cause to participate in further proceedings in this Court and to prosecute this action to the end purpose that any settlement or resolution proposed or approved by the Court is, in all respects, fair, adequate and reasonable.

5. On the basis of the information ascertained from the Notice of Settlement conditionally approved by the Court, your Objector identifies the following specific deficiencies which should be addressed and corrected in order for any settlement to be fair and reasonable to the Settlement Class Members and provide adequate consideration for the general release of their substantial claims against Defendant:

(a) The benefits allegedly conferred upon the class are not meaningful. First, the benefits are to be conferred at the sole option of AHS. The "second look" review of previously denied claims is all within the discretion of American Home Shield. Thus, the benefit is one-sided and is devoid of equity. Second, the allowed benefits fail to address an important claim of the class. The allegations against AHS include not only a propensity to deny claims without justification; but also that AHS trains associated contractors to steer customers toward new purchases rather than warranty repairs. The "Claims Review Desk" does not contemplate

resolving a steering issue. The San Diego California State Court Judge called these "viable and realistic rights". Third, the settlement has no "checks and balances" to protect the class. The class member is allowed to sue AHS on a limited basis if their claim is denied. But the class member really has no real recourse if AHS denies the claim again. The opportunity to fight (sue) AHS is undercut by limitations which insure the claim is limited to the cost of repairs and is cost prohibitive since such litigation will require hiring a lawyer for such a $1000 claim. So the right to sue is cost prohibitive and Defendant knows it. Objector prays this Court will require sufficient information to weigh the benefits contemplated by the settling parties. The Court must find that the proposed settlement is fair to class members. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).

(b)     The claim of attorneys' fees in this case is $1,500,000.00 dollars plus 25% of monetary amounts paid out in settlement. Objector shows the Court that this blended formula for attorney fees has a blended result: first, the base fee of $1.5 million dollars is excessive for a settlement with illusory benefits and essentially a copy of the one attempted in San Diego. Second, the percentage fee unfairly diminishes the value of the settlement (if there is one) to the class and is excessive. The Court should not rubberstamp Class counsel's fee request without comparing fee awards in other class action settlements, and examination of time, records and a rational assessment of whether the fee requested is reasonable. The Court should delay a final decision on attorney fees until it can determine what benefits were actually conferred on the class. This would include a recapitulation of all claims reviewed (including non-monetary claims allowed) and the resulting return to the class. Any fee awarded in this case should bear some relationship to the adequacy of the result and benefit conferred upon the class.

    (c)    Your Objector adopts any other bona fide objections by other Class Members.

    (d)    Your objector plans to attend the Fairness Hearing to present his arguments to the Court on March 10, 2010.

    6.    For all the forgoing reasons, Objector respectfully submits that the terms of the Proposed Settlement are insufficient, unfair, unjust, unreasonable and inadequate to the absent Class Members.

**WHEREFORE**, having demonstrated the unfairness, inadequacy and unreasonableness of the Proposed Settlement, the Objector requests appropriate general relief as follows:

    1.    That the Court deny the proposed motion for approval.

    2.    That the Court disallow the attorneys' fees as requested.

    3.    That the Court enter such other further Orders as may be necessary and just, so as to effect substantial justice in this cause between the parties and the absent Class Members.

Respectfully submitted,

/s/ Kearney Dee Hutsler
KEARNEY DEE HUTSLER, ESQ
Attorney for Thomas Arrington
2700 Hwy. 280, Suite 320W
Birmingham, AL 35223
Phone No. (205) 414-9979
Fax No. (205) 879-9229
Email kdhlaw@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2010. I have forwarded a true and correct copy of the foregoing objection via_____ and fax , to the following:

**CLERK OF THE COURT**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
1729 Fifth Avenue North
Birmingham, AL 35203

D. FRANK DAVIS
JOHN E. NORRIS
WESLEY W. BARNETT
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Fax (800) 439-0240
Lead Class Counsel

**John E. Goodman, Esq.**
Bradley Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile: (205) 521-8800
Counsel for Defendants

/s/ Kearney Dee Hutsler
Kearney Dee Hutsler

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

Date: 07/08/2009                    Time: 11:00:00 AM                    Dept: C-70

Judicial Officer Presiding: Judge Jay M. Bloom
Clerk: Lynn Rockwell

Bailiff/Court Attendant:
ERM: Not Reported

Case Init. Date: 07/24/2007

Case No: 37-2007-00071725-CU-BT-CTL    Case Title: Edleson vs. American Home Shield of California, Inc

Case Category: Civil - Unlimited    Case Type: Business Tort

Event Type: Motion Hearing (Civil)

Causal Document & Date Filed:

**Appearances:**

The Court, having taken the above-entitled matter under submission on 07/02/2009 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

**THE MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLMENT IS DENIED.** ALL EVIDENTIARY OBJECTIONS ARE OVERRULED.

The motion for final approval of the class action settlement is denied. While the court respects the views of Justice Wiener and learned counsel in this case, the court cannot justify approval of the settlement. Plaintiffs, other than the two lead plaintiffs, really get nothing more than a right to submit or resubmit claims to a defendant that has allegedly not acted in good faith on prior occasions. There are no guarantees claims will now be accepted or properly serviced, or that if improperly denied, plaintiffs have any realistic remedy. They may have the right to sue in the future, but that is subject to the applicable statute of limitations in each jurisdiction in the United States. The court has no information as to what the applicable limitations are or what other limits may exist to preclude filing of a lawsuit.

The settlement also allows defendant to essentially sell more insurance to plaintiffs at an unspecified price. This allows defendant to make additional money from the settlement rather than paying it out to plaintiffs. The contractor relations initiative also does not provide plaintiffs with any realistic guarantees. The entire settlement essentially asks plaintiffs to give up many viable and realistic rights in return for the hope that defendant will act in good faith. Without more concrete guarantees, plaintiffs, other than the lead plaintiffs, have gotten very little in return for a waiver of claims against defendant. In the face of this illusory result for plaintiffs, counsel receive $2.75 million and defendants substantially limit their liability for past conduct. The court cannot accept this result. Any settlement must give the plaintiff class some tangible benefits or an unfettered right to bring legal claims against defendant.

**Plaintiffs' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES is DENIED.**