### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** | } } } } | |
| **Plaintiffs,** | } } | |
| v. | } } | Case No.: 2:07-CV-1928-RDP |
| **AMERICAN HOME SHIELD CORPORATION,** | } } } } | |
| **Defendant.** | } | |

## ORDER

This matter is before the court on the Motion to Intervene of Class Member Thomas Arrington (Doc. # 86), filed on February 22, 2010. Mr. Arrington filed his motion to intervene pursuant to Rule 24(a) and 24(b), Fed. R. Civ. P. Mr. Arrington is a members of the conditionally certified class in this case and previously timely filed objections to conditionally approved class action settlement. He seeks to intervene in order to ensure that he can preserve his appellate rights with regard to the proposed settlement.

Mr. Arrington argues that he meet the requirements for "intervention of right." *See* Fed.R.Civ.P. 24(a)(2). In the alternative, he contends that the elements for "permissive intervention" are also met. See Rule 24(b), Fed.R.Civ.P. The standards for permissive intervention are more lenient. The relevant portions of Rule 24(b) provide,

> (b) **Permissive Intervention**.
>
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
> > ...
> > (B) has a claim or defense that shares with the main action a common question of law or fact.

Rule 24(b).

"[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) ... ." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).  Relying on Eighth Circuit precedent, District Courts within this Circuit have held that "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor." *Adams Offshore, Ltd. v. Con-Dive, LLC*, 2009 WL 2971103, * 1 (S.D. Ala. 2009) (internal quotation marks omitted); *Thomas v. Henderson*, 297 F.Supp.2d 1311, 1326 (S.D. Ala. 2003); *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999).  "Permissive intervention under Fed.R.Civ.P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Prop ., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

Mr. Arrington has objected to the proposed settlement which will be considered at the fairness hearing set on March 10, 2010.  Allowing his intervention and appearance at that hearing will not cause any delay in the consideration of the preliminarily approved settlement.  Therefore, the Motion (Doc. # 82) is **GRANTED**.

**DONE** and **ORDERED** this       23rd       day of February, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE