IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>Defendant. | } } } } } } } } } } } } } } } | Case No.:  2:07-CV-1928-RDP |

## ORDER

This matter is before the court on the Motion to Intervene of Class Members John Howe, Jenny Hill, Jennifer Deachin, Michael McKerley, Kenneth R. Behrend, Pamela Behrend, Jeff Williams, Sabrina Williams, and Janet K. Wood ("Objectors") (Doc. # 87), filed on February 23, 2010.  The Objectors filed their motion to intervene pursuant to Rule 24(a) and 24(b), Fed. R. Civ. P.  The Objectors are members of the conditionally certified class in this case and previously timely filed objections to conditionally approved class action settlement.  They seek to intervene in order to ensure that they can preserve their appellate rights with regard to the proposed settlement.

The Objectors argue that they meet the requirements for "intervention of right." *See* Fed.R.Civ.P. 24(a)(2). In the alternative, they contend that the elements for "permissive intervention" are also met.  See Rule 24(b), Fed.R.Civ.P.  The standards for permissive intervention are more lenient. The relevant portions of Rule 24(b) provide,

  (b) **Permissive Intervention**.

      (1) In General. On timely motion, the court may permit anyone to intervene who:
         ...

>>(B) has a claim or defense that shares with the main action a common question of law or fact.

Rule 24(b).

"[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) ... ." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991). Relying on Eighth Circuit precedent, District Courts within this Circuit have held that "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor." *Adams Offshore, Ltd. v. Con-Dive, LLC*, 2009 WL 2971103, * 1 (S.D. Ala. 2009) (internal quotation marks omitted); *Thomas v. Henderson*, 297 F.Supp.2d 1311, 1326 (S.D. Ala. 2003); *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999). "Permissive intervention under Fed.R.Civ.P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Prop ., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

The Objectors have objected to the proposed settlement which will be considered at the fairness hearing set on March 10, 2010. Allowing their intervention and appearance at that hearing will not cause any delay in the consideration of the preliminarily approved settlement. Therefore, the Motion (Doc. # 87) is **GRANTED**.

**DONE** and **ORDERED** this ____23rd____ day of February, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE