IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>        Defendant. | Case No: 2:07-CV-1928-RDP |

**SUPPLEMENTAL OBJECTIONS TO PROPOSED SETTLEMENT**

COME NOW, Objectors Jeff Williams and Sabrina Williams f/k/a/ Sabrina Habib, and Janet K. Wood ("Objectors"), holders of policies issued by American Home Shield Corporation, et al., by and through their undersigned counsel of record, and hereby file these Supplemental Objections to the Proposed Settlement of American Home Shield of Corporation, and in support thereof, state as follows:

**PROOF OF CLASS MEMBERSHIP**

Jeff Williams and Sabrina Habib, 2002 NW 39th Dr., Gainesville, Florida, 32605, (352) 262-5908, Contract No. 9895982 & 13499074, referred to undersigned counsel by a Florida Attorney, received the "NOTICE OF CLASS ACTION AND SETTLEMENT." Jeff Williams is a policy holder of home

owner's warranty policies issued by American Home Shield Corporation, et al.

Janet K. Wood, 713 Turkey Creek, Alachua, Florida, 32615, Contract No. to be provided, was referred to undersigned counsel by a Florida Attorney. Janet K. Wood is a policy holder of home owner's warranty policies issued by American Home Shield Corporation, et al.

## SUPPLEMENTAL OBJECTIONS

Objectors hereby incorporate by reference all of their previously filed Preliminary Objections as if fully set forth herein, and state that furthermore, the Proposed Settlement is unfair, inadequate and unreasonable for the following reasons:

1.  Not only are the Review Desk procedures nearly identical to those contained in the proposed settlement previously found to be unfair and inadequate in a California court, but those procedures do not provide for consequential damages, and are in fact an attempt by Defendant to rewrite the policies of class members to keep class members from bringing claims denied by the Review Desk as a class action.

2.  The changes in business practices, which Objectors have previously criticized as providing no real value to the class given Defendant's immense discretion in deciding how or whether to alter its practices, are the only relief

available for class members who do not have a denied claim to submit to the Review Desk.

      3.     The benefits conferred upon Representative Plaintiffs are excessive. Representative Plaintiffs will receive $8,000 jointly for their claims without having to submit to the review procedures that all other class members must undergo; additionally, class counsel will seek $5,000 as an incentive award for each Representative Plaintiff.  Given that the class members receive nothing of value under the Proposed Settlement, the amounts received by the Representative Plaintiffs are clearly excessive, and the disparity between the relief offered to the class members and that granted to the Representative Plaintiffs creates a strong presumption of the unfairness of the settlement.

      4.     The Proposed Settlement does nothing to address the claims of class members that Defendant's contractors were steering consumers towards new purchases rather than warranty repairs.

      5.     The class members have no recourse if their claims are denied. Ostensibly, they have the right to sue Defendant on their claim, however, such suits are limited by the terms of the Proposed Settlement to the cost of repairs. This coupled with the fact that class members may not bring their denied claims as a class action makes suit on any denied claim prohibitively costly.  Thus,

Defendant has complete discretion in its review of the claims, and no check on that discretion, despite the nominal right to sue Defendant retained by class members, which is too limited to be effective. Defendant knows that the right to sue on denied claims is of no value, and counts on that fact being true.

6. The attorney's fees under the proposed settlement are unfair because they purport to award $1.5 million in fees to class counsel before the Court has any information about the benefits actually awarded to class members under the Review Desk procedures. Thus, the Court should delay deciding the amount or distribution of attorney's fees until the benefit to class members becomes clear. The award of attorney's fees must bear some relationship to the actual benefit realized by the class members.

7. Objectors hereby incorporate any and all other properly-filed objections not inconsistent with the foregoing.

WHEREFORE, Objectors respectfully request that this Court upon proper hearing sustain these Supplemental Objections and the Preliminary Objections heretofore filed and enter such Orders as are necessary and just to adjudicate all these Objections and to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

DATED this the 1st day of March, 2010.

        Respectfully submitted,


        /s/Frank H. Tomlinson
        Frank H. Tomlinson
        AL Bar No. ASB-7042-T66F
        Attorney at Law
        15 North 21st Street, Suite 302
        Birmingham, AL  35203
        Telephone:  (205) 326-6626
        Facsimile:  (205) 328-2889
        htomlinson@bellsouth.net

        *Attorney for Jeff Williams, Sabrina Williams, and Janet K. Wood ("Objectors")*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing, and service via CM/ECF has been made upon all parties who have entered appearances in this case by electronic means, on March 1, 2010.

                                                    s/Frank H. Tomlinson
                                                    Frank H. Tomlinson