IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:07-CV-1928-RDP<br>)<br>)<br>)<br>)<br>)<br>) |

## STATUS REPORT REGARDING BUSINESS PRACTICE CHANGES

Pursuant to Paragraph 5.3A of the Stipulation of Settlement (the "Settlement") herein, plaintiffs Laura and Steven Faught ("the Faughts") and defendant American Home Shield Corporation ("AHS") hereby advise the Court that they have consulted, by and through counsel and with the assistance of Court-appointed mediator George M. Van Tassel, Jr., concerning AHS's communications, business practices, training materials and other AHS business concerns. The following summarizes the parties' discussions and agreements to date concerning these issues:[1]

---

[1] Capitalized terms, unless otherwise defined, have the meaning ascribed to them in the Settlement. Any agreement made by AHS as reflected in this Status Report

1

1. AHS agrees to use commercially reasonable efforts to, within 12 months after the Effective Date, instruct and train its employees involved in handling requests for service, and to communicate to its contractor network, that AHS shall not refuse to authorize a repair or replacement service under a Home Service Contract when, to the best of AHS's actual knowledge and information, there is no causal connection between the malfunction of a structural component, appliance or home system not being repaired or replaced and the reason provided by AHS to the customer for refusing to provide such repair or replacement.

2. AHS agrees to use commercially reasonable efforts to ensure that, within 12 months after the Effective Date, its written marketing materials shall, whenever statistical information is utilized therein: (i) identify the source of such statistical information; and (ii) disclose whether such statistical information is based on national or on local data.

3. AHS agrees that it shall continue its policy that compensation for any contractor within its contractor network shall not be calculated based on the contractor's actual or relative percentage or number of denied claims for repair or replacement service.

---

shall be subject to the notice and opportunity to cure provisions of Paragraph 11.1 of the Settlement.

4. AHS agrees to use commercially reasonable efforts to, within 24 months after the Effective Date, institute a process whereby AHS sends to each customer, as to whom a claim has been denied (in whole or in part), a reason or reasons in writing (whether by letter or email) for the denial.

5. AHS agrees to use commercially reasonable efforts to, within 24 months after the Effective Date, institute a process whereby, for any claim reasonably estimated by AHS at $1,000 or greater as to which AHS authorizes a denial based on an exclusion or exception from coverage under a Home Service Contract, AHS will require (to the extent reasonably practicable) a photograph of the affected system, appliance or component, which photograph will be collected and maintained in the request for service ("claim") file, or otherwise maintained in accordance with AHS's standard business practices.

6. AHS agrees to use commercially reasonable efforts to, within 24 months after the Effective Date, institute a process whereby, for a claim in which a denial is recommended by an authorization representative based on (i) the affected system, component or appliance being not within applicable legal or regulatory code, (ii) lack of capacity in existing system or appliance, or (iii) improper mismatching in terms of capacity or efficiency, such claim will be reviewed by a claims reviewer with

particular technical expertise or experience as to the subject matter of such claim.

7. AHS agrees to use commercially reasonable efforts to, within 24 months after the Effective Date, amend or modify its Home Service Contracts (where to do so would not conflict with any applicable legal or regulatory requirements or approvals) to permit each customer to cancel the same at any time upon oral or written request to AHS, with such cancellation to be effective as of 12:01 a.m. the following business day. Each customer who so cancels his or her Home Service Contract shall receive a pro rata refund for the remaining portion of the Contract period, less (i) any applicable administrative fee representing AHS's costs associated with the Contract cancellation, not to exceed the cost (calculated pro rata, if applicable) of one month's coverage under the Contract, and (ii) amounts theretofore incurred or paid by AHS under the Contract. Each customer shall further be allowed to cancel his or her Home Service Contract within the first thirty (30) days after it becomes effective, without any administrative fee, so long as no claim has been made under the said Contract. AHS further agrees to use commercially reasonable efforts to, within 24 months after the Effective Date, revise its written marketing materials (where applicable) and its Home Service Contracts (in each

case where not in conflict with applicable legal or regulatory requirements and approvals) to disclose and clarify the terms contained within this paragraph. Notwithstanding the foregoing, AHS shall in any event retain the right to collect any amounts owing from the customer that have accrued as of the time of the cancellation.

8. AHS agrees to use commercially reasonable efforts to, within 24 months after the Effective Date, disclose prominently in its Home Service Contracts (where not in conflict with any applicable legal or regulatory requirements or approvals) (a) any and all exclusions or exceptions from coverage under the terms of the Contract; and (b) that a service call fee will be charged to a customer even if AHS determines that a repair or replacement should or will be denied under the terms of the Contract.

9. AHS agrees to provide the Court and Named Plaintiffs' Counsel with annual status reports (which AHS may file under seal with the Court) addressing its progress toward making the business practice changes referenced herein. AHS's obligation to provide such reports shall commence twelve (12) months after the Effective Date, and conclude twenty-four (24) months after the Effective Date. AHS's obligation to continue any of the business practice changes referenced herein shall conclude twenty-four (24) months after the Effective Date. AHS

reserves the right to adopt substantially similar alternate business practice changes or policies to those listed above where it reasonably determines the above changes to be commercially impracticable or contrary to applicable law or regulation.

10. AHS confirms that, for a period of two years following the Effective Date, it intends to continue to solicit and consider, in keeping with Paragraph 5.3A of the Settlement, suggestions and comments from Named Plaintiffs' Counsel concerning communications, business practices, training materials or other business concerns, in connection with AHS's ongoing efforts to improve its business practices.

/s/ John E. Goodman
One of the Attorneys for Defendant
American Home Shield Corporation

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

/s/   John E. Norris
One of the Attorneys for Plaintiffs

OF COUNSEL:

DAVIS & NORRIS, LLP
2154 Highland Avenue
Birmingham, AL 35205
Telephone: (205) 930-9900
Facsimile: (205) 930-9989

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Lea Bone, Esq.
>Bates & Bone LLP
>2154 Highland Avenue
>Birmingham, AL 35205
>lbone@batesbone.com
>*Attorney for Plaintiffs: Laura Faught and Steven Faught*
>
>Kirkland E. Reid, Esq.
>Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
>Post Office Box 46
>Mobile, Alabama  36601
>kreid@joneswalker.com
>*Attorney for L.B. Chip Edleson and Karon Edleson*
>
>John W. Davis
>Law Office of John W. Davis
>501 W. Broadway, Suite 800
>San Diego, CA 92101
>john@johnwdavis.com
>*Attorney for Intervenors: John Chapon and Miriam Chapon*

>R. Stephen Griffis
>R. Stephen Griffis PC
>2100 Riverhaven Drive, Suite 1
>Hoover, AL 35244-2532
>rsglaw@bellsouth.net
>*Attorney for Intervenors: John Chapon and Miriam Chapon*
>
>Charles M. Thompson
>Charles M. Thompson PC
>5615 Canongate Lane
>Birmingham, AL 35242
>mchapmanlaw@bellsouth.net
>*Attorney for Intervenor: Charles M. Thompson*
>
>Kearney D. Hutsler
>Hutsler Law Firm
>2700 Highway 280, Suite 320W
>Birmingham, AL 35223
>kdhlaw@hutslerlawfirm.com
>*Attorney for Objectors: Connie Pentz, John Pentz, Sharon Lee, Thomas Arrington and Todd Pettitt*

and I hereby certify that I have served by facsimile and U.S. Mail the document to the following non-CM/ECF participants:

>Francis A. Bottini, Jr., Esq.
>Brett M. Weaver, Esq.
>JOHNSON BOTTINI, LLP
>501 W. Broadway, Suite 1720
>San Diego, CA  92101
>Telephone: (619) 230-0063
>Facsimile:  (619) 238-0622
>*Attorneys for Karon Edleson and L.B. Chip Edleson;*
>*Objectors: Vivian F. Johnson, Janet Tzendzalian, Rosalyn Urbanek, Merlyn D. Ling, Donald P. Leach, Robert W. Shepard, and Luz A. Shepard*

David J. Worley, Esq.
Page Perry LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
Telephone: (770) 673-0047
Facsimile: (770) 673-0120
*Attorney for Karon and L.B. Chip Edleson*

Edward D. Chapman, Esq.
CHAPIN WHEELER LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318
*Attorney for Karon and L.B. Chip Edleson*

Frank H. Tomlinson, Esq.
15 North 21st Street, Suite 302
Birmingham, AL 35203
Telephone: (205) 326-6626
Facsimile: (205) 328-2889
*Attorney for Objectors: John Howe, Jenny Hill, Jennifer Deachin, Michael McKerley, Kenneth R. Behrend, Pamela Behrend, Jeff Williams, Sabrina Williams f/k/a Sabrina Habib, and Janet K. Wood*

Pat Tulinski
Assistant Attorney General
Consumer Protection and Public Health Division
300 W. 15th Street, 9th Floor, MC 010
Austin, Texas 78701
Telephone: (512) 463-2185
Facsimile: (512) 473-8301
*Attorney General of Texas*

/s/ John E. Goodman
John E. Goodman