FILED

2010 Mar-24 PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LAURA FAUGHT and STEVEN              )
FAUGHT, on behalf of themselves and  )
all others similarly situated,       )
                                     )
        Plaintiffs,              )
                                     )
v.                                   )    Case No.: 2:07-CV-1928-RDP
                                     )
AMERICAN HOME SHIELD                 )
CORPORATION,                         )
                                     )
        Defendant.               )

## MOTION FOR CONTINUATION AND MODIFICATION
## OF ALL WRITS ACT INJUNCTION

Defendant American Home Shield Corporation ("AHS") moves the Court, in the event of final approval of the Settlement in this case, to confirm and continue the injunction entered against Karon and L.B. "Chip" Edleson on October 30, 2009 (Doc. 43), as modified as requested in this motion. As grounds for this motion, AHS shows as follows:

1.    AHS will not recite the full history of the competing action, *Edleson v. American Home Shield, et al.,* Case No. 37-2007-00071725-CU-BT-CTL (Superior Ct. San Diego Co., Cal.), with which the Court is familiar, nor will AHS recount the competing and conflicting positions taken by the Edlesons and their counsel in this Court. But one thing is clear:   the Edlesons' counsel have

unequivocally stated to this Court that they should be permitted to pursue class remedies in California (because the proposed class action settlement here is allegedly invalid), as well as supposedly individual remedies that would impact AHS's business practices company-wide for the alleged benefit of a multitude of customers with whom AHS has already settled.   *See, e.g.,* Doc. 40 at 2, 8 (attacking settlement on grounds that it did not have the consent of "Lead Class Counsel" in *Edleson*), Hearing Transcript, Nov. 10, 2009 at 27-28, 37, 39.[1]  At no time have any of those positions been retracted or withdrawn, and they continue to be pressed in the appellate court.

2.    The Settlement presently pending before the Court on final approval contemplates significant business practice changes by AHS pursuant to Paragraph 5.3A of the Stipulation of Settlement.   These changes have been specifically documented and were presented to the Court in connection with the Final Fairness Hearing.  Purported classwide or individual injunctive relief, as suggested by the Edlesons and their counsel, would conflict and interfere with the Settlement agreed to by AHS and the Settlement Class in this case, should the Settlement be finally approved by the Court.   Additionally, should the Court finally approve the Settlement, injunctive relief in a California court impacting AHS's business

---

[1] The Edlesons' counsel - when not appearing on behalf of Settlement Class Members to argue *inter alia* for a fee award in this case – have likewise so argued in their motions and briefs to the Eleventh Circuit (of which filings the Court may take judicial notice).

practices and relationships with any customers other than the Edlesons[2] would place obligations on AHS not only in conflict with the relief afforded under the Settlement, but would place AHS in the position of litigating claims against Class Members who have, by not opting out, agreed to settle with AHS.

3.     The Edlesons and their counsel have asked the Court to stay, vacate or modify the injunction currently in place against the continued prosecution of the Edleson case. Doc. 45. The Edlesons and their counsel then appealed the Court's injunction without awaiting any ruling on their request, and have since taken the position that this Court lacks jurisdiction to make such a ruling. That position is wrong; the Court possesses jurisdiction to rule on the Edlesons' request. *See Fed. R. App. P.* 4(a)(4)(B)(i); *Communist Party of Ind. v. Whitcomb*, 414 U.S. 441, 445, 94 S. Ct. 656 (1974).

4.     As it has previously advised the Court (*see, e.g.,* Doc. 49 at 2; Hearing Transcript, Nov. 10, 2009 at 41, 44), AHS does not challenge the Edlesons' ability – having now opted out of the Settlement - to pursue solely their own individual claims for monetary damages (as opposed to class claims, or claims for equitable or injunctive relief aimed at AHS's business practices under, *inter alia,* Cal. Civil Code § 1780 or Bus. & Prof. Code §§ 17200 and 17535). Simply put, the Edlesons' $3000 claim regarding their furnace (*see Edleson* Complaint at

---

[2] As the Court is aware, the Edlesons are not now and have not for years been AHS customers.

3

¶ 46, appended hereto as Exhibit A) does not impact other Class Members or the business practice changes included in the Settlement. For that reason, AHS believes that the injunction should be modified to permit the Edlesons and their counsel to pursue only their individualized breach of contract claim, and requests the Court to continue the injunction against them with respect to their other claims.[3] A continuation of the injunction as modified would remove at least a part of the Edlesons' appellate objection; would dispose of their unruled-upon request for modification of the injunction; should leave them free otherwise to continue their presently premature appeal; and would (if the Court elects to approve the Settlement) resolve all issues now before the Court.

5.      Should the Court elect to finally approve the Settlement, it will possess the authority to enjoin competing cases where necessary to protect or effectuate the Court's judgments. *See, e.g., Battle v. Liberty National Life Ins. Co.*, 877 F.2d 877, 881-83 (11th Cir. 1989); *see also Burr & Forman v. Blair*, 470 F.3d 1019, 1027-28 (11th Cir. 2006) (; *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 261 F.3d 355, 364-69 (3rd Cir. 2001) (affirming injunction preventing opt-outs from using evidence pertaining to settled claims in individual lawsuits); *In re Diet Drugs Products Liability Litig.*, 123 Fed. Appx. 465, 470-71 (3rd Cir. 2005)

---

[3] The Court is in fact empowered to order the dismissal of the *Edleson* case with prejudice as to all claims that interfere with the Settlement. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 n. 1 (2002) (proponents of an approved class action settlement may petition the federal court approving the settlement for an injunction requiring the dismissal of the rival action).

(enforcing injunction against litigation of opt-out claims inconsistent with final settlement). Claims of the kind promised to be asserted by the Edlesons and their counsel will, if not restrained, interfere with the Settlement and this Court's final approval order. Continuation of the Court's All Writs injunction is appropriately extended not only to those who are actively "engaged in wrongdoing" but also who "are in a position to frustrate the implementation of a court order or the proper administration of justice, and . . . even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174, 98 S. Ct. 364 (1977).

WHEREFORE, AHS respectfully requests, should the Court finally approve the Settlement in this case, after notice and an opportunity to be heard to the Edlesons and their counsel, that the Court modify its injunction dated October 30, 2009, to prohibit the Edlesons and their counsel from initiating or prosecuting any claim against AHS, except insofar as any such claim is confined to an individual claim seeking individual monetary relief.

/s/  John E. Goodman
One of the Attorneys for Defendant
American Home Shield Corporation

5

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

D. Frank Davis, Esq.
John E. Norris, Esq.
DAVIS & NORRIS, LLP
2154 Highland Avenue
Birmingham, AL 32505

Lea Bone, Esq.
Bates & Bone LLP
2154 Highland Avenue
Birmingham, AL 35205
lbone@batesbone.com
*Attorneys for Plaintiffs: Laura Faught and Steven Faught*

Kirkland E. Reid, Esq.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kreid@joneswalker.com
*Attorney for L.B. Chip Edleson and Karon Edleson*

John W. Davis
Law Office of John W. Davis
501 W. Broadway, Suite 800
San Diego, CA 92101
john@johnwdavis.com
*Attorney for Intervenors: John Chapon and Miriam Chapon*

R. Stephen Griffis
R. Stephen Griffis PC
2100 Riverhaven Drive, Suite 1
Hoover, AL 35244-2532
rsglaw@bellsouth.net
*Attorney for Intervenors: John Chapon and Miriam Chapon*

Charles M. Thompson
Charles M. Thompson PC
5615 Canongate Lane
Birmingham, AL 35242
mchapmanlaw@bellsouth.net
*Attorney for Intervenor: Charles M. Thompson*

Kearney D. Hutsler
Hutsler Law Firm
2700 Highway 280, Suite 320W
Birmingham, AL 35223
kdhlaw@hutslerlawfirm.com
*Attorney for Objectors: Connie Pentz, John Pentz, Sharon Lee,*
*Thomas Arrington and Todd Pettitt*

and I hereby certify that I have served by facsimile and U.S. Mail the document to
the following non-CM/ECF participants:

Francis A. Bottini, Jr., Esq.
Brett M. Weaver, Esq.
JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622
*Attorneys for Karon Edleson and L.B. Chip Edleson;*
*Objectors: Vivian F. Johnson, Janet Tzendzalian, Rosalyn Urbanek,*
*Merlyn D. Ling, Donald P. Leach, Robert W. Shepard, and Luz A.*
*Shepard*

David J. Worley, Esq.
Page Perry LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
Telephone: (770) 673-0047
Facsimile: (770) 673-0120
*Attorney for Karon and L.B. Chip Edleson*

Edward D. Chapman, Esq.
CHAPIN WHEELER LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: (619) 241-4810
Facsimile:  (619) 955-5318
*Attorney for Karon and L.B. Chip Edleson*

Frank H. Tomlinson, Esq.
15 North 21st Street, Suite 302
Birmingham, AL 35203
Telephone: (205) 326-6626
Facsimile: (205) 328-2889
*Attorney for Objectors: John Howe, Jenny Hill, Jennifer Deachin,*
*Michael McKerley, Kenneth R. Behrend, Pamela Behrend, Jeff*
*Williams, Sabrina Williams f/k/a Sabrina Habib, and Janet K. Wood*


/s/ John E. Goodman
John E. Goodman

8