UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT,<br><br>   Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>   Defendant. | Case No. 2:07CV1928:RDP<br><br>DECLARATION OF C. BENJAMIN NUTLEY IN SUPPORT OF OBJECTING CLASS MEMBERS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS |

I, C. Benjamin Nutley, affirm the following:

1. I am a member of the firm Kendrick & Nutley, representing Objectors Todd Pettitt, *et al.*, who have appeared before this Court and are represented before this Court by attorney Kearney Dee Hutsler, 2700 Hwy. 280 Suite 320W, Birmingham, Alabama, 35223. I am not presently admitted to the Bar of this Court, but intend to seek admission *pro hac vice* prior to the hearing of this Motion.

2. I make this declaration on personal knowledge and, if called to testify about the matters asserted herein, would and could do so competently. My firm represented several coordinated objectors in the case *Edleson v. American Home*

DECL. OF C. BENJAMIN NUTLEY ISO FEE APPLICATION         CASE NO.2:07CV1928:RDP

1

*Shield*, Case No. 37-2007-0007125-CU-BT-CTL in the San Diego, California, Superior Court, and represents the same objectors in the above-captioned case. Two of the three objections my firm filed in *Edleson* have previously been put before this Court as attachments to the objection filed February 8, 2010.

3.  I believe that the objections my firm drafted and submitted in the *Edleson* case made a substantial contribution to identifying the issues upon which the trial court relied in rejecting that settlement.

4.  In addition, the Coordinated Objectors met several times, both telephonically and in-person, with counsel for Defendant AHS prior to the final approval, discussing not only the unusual procedural developments in that case but, more importantly, the infirmities in that settlement and potential changes to the settlement that would render it approvable.   In the context of those negotiations, I played a liaison role between counsel for Defendant and Plaintiffs, on the one hand, and counsel for the several objectors, on the other.

5.  I therefore believe that the efforts of my firm made a substantial contribution to the result obtained before this Court, in that the denial of the *Edleson* settlement paved the way for the negotiation and approval of this settlement, with what this Court has held embodies improvements that render the settlement fair, adequate and reasonable.  Most, if not all, of the beneficial

DECL. OF C. BENJAMIN NUTLEY ISO FEE APPLICATION                             CASE NO.2:07CV1928:RDP
2

differences between this settlement and the one rejected in *Edleson* are traceable to the objections made, and the work accomplished by, the Coordinated Objectors in the *Edleson* case.

6.  The following is a chart setting forth the categories of work my firm accomplished in this case and in the *Edleson* case, prepared by reference to contemporaneously-kept time records and broken down by timekeeper. Excluded from the following tabulations are hours expended in relation to this fee application, as well as any other time the firm believes is not compensable in connection with this matter.

7.  The regular hourly rates for services provided by the members of my firm for the majority of the period of its work on this case are: C. Benjamin Nutley – $550/hour; J. Garrett Kendrick – $575/hour. These are the rates customarily charged by my firm for work in class actions.

8.  As indicated by the Firm Profile of my firm, attached hereto as Exhibit A, my firm has extensive experience in complex commercial class action litigation, including long experience as class counsel in consumer, antitrust, and securities actions, and has also achieved excellent results in prosecuting objections to proposed class action settlements.

| Activity Category | Timekeeper | |
| --- | --- | --- |
| | Kendrick | Nutley |
| Initial communications with clients and client representatives.  Review of case file and selection of relevant documents, background research on case and parties. | 1.2 | 15.7 |
| Drafting and filing of initial objections in *Edleson*, legal research re: same, communications among co-counsel concerning legal theories and strategy.  Drafting and filing of evidentiary objection (expert declaration). | 2.4 | 18.3 |
| Communications and coordination efforts with counsel for other appearing objectors; review of other objectors' submissions.  Conferences regarding procedural issues/judicial reassignment. | 1.7 | 3.6 |
| Several telephone conferences and in-person meeting with counsel for Defendant AHS re: bases for objections and potential changes to settlement.  Conferences with plaintiffs' counsel re: bases for objections, evidentiary issues.  Conferences among cocounsel and several objectors' counsel re: same. | 1.5 | 11.0 |
| Review of final approval submissions, responses to objections, fee application and application for incentive awards.  Legal research re: same.  Preparation for, travel to, and argument at final approval hearing. | 0.5 | 7.6 |
| Review of USDC (*Faught*) settlement notice and settlement documents, composition of objection in *Faught* case. | 2.0 | 7.5 |
| Conferences, e-mails and memoranda among co-counsel, other than those related to specific tasks above, re: administrative and organizational issues, case status and strategy. | 1.2 | 1.2 |

|  |  |  |
|---|---|---|
| Total Hours: | 10.5 | 64.9 |
| Hourly Rate: | $575 | $550 |
| Lodestar Subtotals: | $6,038 | $35,695 |
| **Total Lodestar:** | $41,733 ||

I hereby affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed May 11, 2010, at Los Angeles, California.

_____
C. Benjamin Nutley

**EXHIBIT A**

KENDRICK & NUTLEY

ATTORNEYS AT LAW

1055 E. Colorado Blvd., 5th Floor
Pasadena, CA 91106
Tel: 626-204-4060
Fax: 626-204-4061

# FIRM PROFILE

KENDRICK & NUTLEY specializes in the representation of consumers, investors and businesses in complex and commercial litigation, including antitrust, securities and consumer class action litigation. The partners of the firm have represented plaintiffs in class and representative actions in state and federal courts throughout the United States, serving as lead or liaison counsel in many cases. Its partners have participated in some of the largest antitrust, securities, and consumer class actions in the United States. The firm also brings its experience to bear by evaluating the fairness of proposed class action settlements, and has had success in overturning or correcting several such settlements.

## FIRM MEMBERS

J. GARRETT KENDRICK received his B.A. from the University of California, Los Angeles in 1971 and his J.D. from Loyola University School of Law in 1974. A member of the State Bar of California since 1974, he is also admitted practice in all California courts, the United States District Courts for the Northern, Central and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit. From 1986 to 1993, Mr. Kendrick served as an arbitrator with the Los Angeles County Bar Association's Fee Arbitration Program. In 1995 he was selected to serve on the bench and bar committee appointed by the San Diego Superior Court to draft class action rules for the San Diego Superior Court, which were adopted in 1998. Mr. Kendrick has specialized in antitrust, consumer and other complex class action litigation for over 25 years and has served as lead, co-lead or liaison counsel in a number of complex class actions.

C. BENJAMIN NUTLEY received his B.A. in Politics, Philosophy and Economics from Claremont McKenna College in 1989 and his J.D. in 1994 from the University of San Diego. Mr. Nutley is a Member of the San Diego Law Review and served as Executive Comments Editor on the Editorial Board of that journal. He is the author of *Triggering One-Year Limitations on Section 10(b) and Rule 10b-5 Actions: Actual or Inquiry Discovery?*, 30 San Diego L. Rev. 917 (Fall 1993); quoted with approval, *Berry v. Valence Technology Inc.*, 175 F.3d 699, n.6 (9th Cir. 1999) and discussed in *Betz v. Trainer Wortham*, 504 F.3d 1017, 1024 (9th Cir. 2007). Before he joined the Kendrick firm in November 1996, Mr. Nutley was an associate with the San Diego

office of Milberg, Weiss, Bershad, Hynes & Lerach, LLP (now Coughlin, Stoia, Geller, Rudman & Robbins, LLC). A member of the State Bar of California, he is admitted to practice in all California courts, the United States District Courts for the Northern, Central and Southern Districts of California, and the United States Courts of Appeal for the Third, Eighth, and Ninth Circuits.

## RECENT AND PENDING CASES

***Rodriguez, et al. v. West Publishing Corp., et al.*** (U.S.D.C. Central District CA No. CV-05-3222) (settlement evaluation, antitrust class action) Kendrick & Nutley represents several class members in this antitrust class action. In accord with the objection the firm prosecuted on their behalf, the district court declined to award any incentive award to the representative plaintiffs in the case (who had sought, pursuant to a contingent agreement, a total of $350,000). The firm then obtained before the Ninth Circuit a reversal of the district court's denial of its fee application, as well as a reversal of the fee award to class counsel. *Rodriguez, et al. v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009).

***Marootian, et al. v. New York Life Insurance Company, Inc.*** (U.S.D.C. Central Dist. CA No. CV-99-12073) (settlement evaluation, insurance bad-faith class action) The firm represented several individual class members who objected to the scope of notice and the settlement of a class action relating to unpaid insurance policies written prior to the Armenian Genocide of 1915. The firm intervened at the preliminary approval stage and obtained court-ordered changes to the class and settlement notice prior to its dissemination. The firm then prosecuted additional objections to the terms of the settlement, as well as the content and dissemination of the notice.

The firm ultimately secured the agreement of the settling parties to additional publicity of the settlement in the Republic of Armenia, as well as other foreign countries in which Armenian class members resided, to ensure adequate notice of the settlement and claims process. The firm also obtained the close cooperation of the Armenian Ministry of Justice, which further publicized the settlement through print and television announcements, translated the policyholder lists and claim forms into the Armenian language, and assisted numerous individual class members with the claims process. The additional public notices and publicity featured the term "Armenian Genocide" prominently, which term had been entirely avoided in the prior court-approved notice on the grounds that it was too "controversial."

***Chavez, et al. v. NetFlix, Inc.*** (San Francisco Sup. Ct. No. CGC-04-434884) (settlement evaluation, consumer class action) Representing a class member in the case, the firm (along with the Federal Trade Commission and others) successfully objected to the "negative option" feature of the settlement there, resulting in a renegotiation to eliminate the problem and a large increase in the number of class members taking advantage of the settlement offer. The firm also successfully argued for a reduction in class counsel's lodestar in the case, and was itself awarded a fee by the trial court for its objection work, a result that was upheld on appeal against the challenge of another objector whose counsel was not paid. *Chavez, et al. v. NetFlix, Inc.* (2008) 162 Cal.App.4th 43, 62.

***American Environmental Safety Institute v. Procter & Gamble Distributing Co.***, (Los Angeles Sup. Ct. No. BC334309) (representative action, representing defendant) The firm represented defendant Kiss My Face Corporation in this Proposition 65 case involving allegations of lead content in silicates used in toothpaste.

***Edelson v. American Home Shield of California, Inc.***, (San Diego Sup. Ct. No. 37-2007-00071725) (settlement evaluation, consumer class action)  The firm represents several groups of objectors who successfully opposed final approval of a proposed nationwide settlement.

***Heverly, et al. v. Symantec Corp.*** (Santa Clara Sup. Ct. No. 1-05-CV-053711)  The firm was one of several representing a class of purchasers of computer security and antivirus software in this case alleging false advertising, UCL and CLRA violations.   The case was successfully resolved by a classwide settlement.

***In re Cendant Corp. Securities Litig.***, ( U.S.D.C. Central Dist. NJ No. 98-1664) (settlement evaluation, securities class action).  Appeal reported at *In re Cendant Corp. Litigation*, 264 F.3d 201 (3d Cir. 2001).  In its appeal of the district court's approval of the settlement and attorneys' fees, the firm obtained important judicial clarifications on the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, and on the quality of the settlement with the primary defendant.  Though the settlement was upheld on appeal, the Third Circuit Court of Appeal found the firm's objections to the settlement had "considerable merit."  In particular, the Court agreed that the record-setting $2.85 billion settlement with the primary defendant was too low given the clarity of liability – a position the Lead Plaintiff pension funds had vehemently contested.   Further, the Third Circuit overturned the fee awarded and ruled that, in evaluating the fee award on remand, the district court should consider the objections made to the settlement.  On remand, the fee was reduced from $262 million to $55 million, and the Lead Plaintiff pension funds agreed to the payment of attorneys' fees to K&N for their work in the case.

***Consumer Cause, Inc. v. Whole Foods Markets, et al.*** (Los Angeles Sup. Ct. No. BC251579) (settlement evaluation, class action).  The firm represented the sole objector to the settlement of this Proposition 65 case brought by an unaffected organization, which was preliminarily approved as a state-wide class settlement.  The Court cited K&N's objection as "focused and persuasive" in concluding that:
• the class definition and release of claims was overbroad,
• class treatment was inappropriate when it benefitted the parties to the case rather than the class as a whole, and
• the class notice had not met minimum due process requirements.
    Based upon the objection prepared by K&N, the Court denied final approval of the settlement it had preliminarily approved, and decertified the class it had certified for settlement.  The appeal from the denial of the firm's application for attorneys' fees is reported at: *Consumer Cause v. Mrs. Gooch's Natural Food Markets, Inc.* (2005) 127 Cal.App.4th 387.

***Kim, et al. v. Sony Computer Entertainment America, Inc.*** (San Mateo Sup. Ct. No. CIV427336) (consumer class action) The firm is one of several that represented the plaintiff class in this class action alleging defects in the PlayStation II video game system.  The case was successfully resolved through a settlement.

3

***Exquisite Caterers v. Popular Leasing, USA, Inc. et al.***, (NJ Sup. Ct. No. L-3686-04) (consumer class actions); ***Fusionist, LLC, et al. v. Popular Leasing USA, Inc., et al.*** (Los Angeles Sup. Ct. No. BC 323433).  The firm is one of several that successfully represented small businesses in class actions against leasing companies attempting to enforce equipment leases obtained in the NorVergence telecommunications fraud scandal.

***Berry, et al. v. Brookstone Co., Inc.*** (Los Angeles Sup. Ct. No. BC268875) (settlement evaluation, overtime law class action) In this class action settlement involving overtime pay for employees, the firm challenged on appeal the award of attorneys' fees and the "incentive" awards to the class representatives.  The appeal was settled by an amendment to the judgment reducing the amounts to be paid to the class representatives, and increasing the amount to be paid to absent class members an average of over $100 per class member.

In addition, class counsel in the case agreed to an amendment to the judgment by which they are ordered to abide by specific guidelines in future cases regarding the recording and reporting of their lodestar information, to ensure its accuracy in presentation to courts.  To the firm's knowledge, this type of relief is unprecedented in the context of an objection in a class case, though many objections in class cases concern themselves with the accuracy and character of class counsel's reported time.

***Vroegh v. Eastman Kodak Company, et al.*** (San Francisco Sup. Ct. No. CGC-04-428953) (settlement evaluation, consumer class action) The firm represented an objecting class member through appeal in connection with the settlement of this case.

***Talarico, et al. v. VistaPrint USA, Inc., et al.*** (L.A. Sup. Ct. No. BC 321402) (settlement evaluation, consumer class action).  In this case the firm represented an objector to the settlement of a consumer case alleging that the defendant charged unlawful "shipping and handling" fees. The settlement – by which the defendant agreed to use the term "processing" instead of "handling" – was approved over objection, and upheld on appeal.

***Ross v. FirstUSA Bank*** (Orange County Sup. Ct. No. 02CC00294) (settlement evaluation, consumer class action) The firm represented an objector to the nationwide settlement of a case involving allegedly unlawful credit card fee practices.  The trial court agreed with the firm's argument that the fee requested by plaintiffs' counsel was too high, ultimately awarding approximately $1.25 million less than the $3.5 million requested, but disagreed with the objections to the settlement itself.   This result was upheld on appeal.

***MacBeth, et al. v. Barneys New York*** (San Diego Sup. Ct. No. GIN 022990) (settlement evaluation, consumer class action).  The firm represented the sole objector to a class settlement in this case involving the collection of personal information in credit transactions.  The Court refused to grant final approval to the settlement, agreeing with the objector's arguments that:
• the lack of any compensation for the members of the proposed class cut against class treatment;
• there was insufficient information from which to determine whether publication was a proper means of notice to the class members;
• the published notice was deficient because it did not properly apprise the class members of the terms of the settlement and failed to provide adequate information to enable class members to decide rationally whether to accept its terms, object, or "opt-out"; and

4

• the stipulated procedures forming the injunctive relief in the case still violated the law the defendant had allegedly broken.

After the Court overturned the class settlement, the firm assisted the parties in restructuring the settlement as a non-class, representative settlement with injunctive relief that complied with the law.

***Miller, et al. v. Shoe Pavilion, Inc.*** (San Diego Sup. Ct. No. GIC 764457) (settlement evaluation, consumer class action). In this consumer class action, the firm obtained the agreement of the settling parties to modifications in the settlement and judgment. Those modifications included expanded dissemination of the settlement notice and the Price Reduction Vouchers forming part of the relief in the case, both at the defendant's retail locations and on the internet. By agreement of the parties and order of the Court, the firm served as consultant on the form and content of the Price Reduction Vouchers.

***Mayemura, et al. v. Chase Manhattan Bank, NA. et al.*** (U.S.D.C. Central Dist. CA No. CV-00-753 LGB). (settlement evaluation, consumer class action). In this settlement evaluation of a case involving credit card billing practices, the firm successfully moved for the disclosure of evidence filed under seal in support of the settlement.

***Papendieck, et al. v. MP3.COM, Inc., et al.*** (U.S.D.C. Central Dist. CA No. CV 00-1873-K) (securities fraud class action). The firm was one of several representing plaintiffs in this class action, which settled for $34.1 million in cash and 2.5 million shares of MP3.com stock.

***Look-Look, Inc. v. Claudine Murphy, et al.*** (Los Angeles Sup. Ct. No. BC 255430) (unfair competition, trade secret). The firm was one of two firms that successfully represented a business in its suit against a former executive alleging misappropriation of trade secrets, breach of contract and unfair competition.

***Nguyen, et al. v. First USA Bank, NA, et al.*** (Los Angeles Sup. Ct. No. BC222846) (settlement evaluation, consumer class action). In this class action on behalf of California residents, K&N obtained the agreement of the settling parties to changes in the fluid recovery relief provisions of the settlement so that the fund would be used to the greatest extent possible for the benefit of Californians.

***Pollack, et al. v. The Iams Co.*** (Los Angeles Sup. Ct. No. BC246118) (settlement evaluation, consumer class action). In this class action alleging unfair business practices, the firm obtained the agreement of the settling parties to narrow the breadth of the settlement release of claims, including the express provision that the settlement would not bar class members any relief obtained in pending federal litigation between the defendant and its competitors.

***Rueda, et al. v. Schlumberger Resc. Mgmt. Svcs., Inc.*** (Los Angeles Sup. Ct. No. BC235471) (settlement evaluation, consumer class action) In this case involving water meters allegedly containing excessive lead alloy, the firm obtained the agreement of the settling parties to modifications in the settlement that (1) restricted the use of fluid recovery funds so that funds used for educational programs by the Los Angeles Department of Water and Power would be used to address the matters alleged in the case; (2) specifically excluded personal injury claims

from the release, eliminating the risk that the Settlement's broad release of negligence-related claims could later be construed to bar the litigation of personal injury claims related to lead exposure; and (3) resolved an ambiguity in the discounted sales program set forth in the settlement, so that the defendant could not use a loophole to eliminate its obligations under the settlement.

## OTHER PENDING AND COMPLETED CASES

Between November of 1996 and December of 1999, the partners of the firm operated in association with other partners, first as Kendrick Bonas Hancock & Nutley and later as Kendrick Bonas & Nutley, which firms prosecuted the following cases:

## ANTITRUST ACTIONS

1. *In re Synthroid Marketing Litigation*

(Master File No. 97 C 6017; MDL Docket No. 1182) Kendrick Bonas & Nutley filed the first state indirect-purchaser monopolization case, and the first direct-purchaser federal antitrust case, against BASF Corporation, Knoll Pharmaceutical Company and others alleging unlawful monopolization of the market for the pharmaceutical levothyroxine sodium. The ultimate settlement in the consolidated cases ultimately resulted in a recovery of $87,400,000.00 for consumers of Synthroid.

2. *NASDAQ Market-Maker Antitrust and Securities Litigation*

(MDL Docket No. 1023). The firm is one of numerous firms that successfully represented a national class of investors who purchased certain stocks on the NASDAQ system. This action for violations of the Sherman Antitrust Act and the Securities Exchange Act of 1934 was brought against major market-makers in over the counter stocks alleging that the market makers conspired to set artificially inflated bid and ask spreads by refusing to offer stocks at "odd-eighth" prices. The case was settled for in excess of $1 billion.

3. *In re Methionine Cases and Methionine Cases II*

(Judicial Council Coordination Proceeding Nos. 4090 & 4096) The firm is one of several that successfully represented plaintiffs in a price-fixing action involving methionine, an enzyme used in human and animal food.

4. *In re: Vitamins Cases*

(Judicial Council Coordination Proceeding No. 4076) The firm is one of several that successfully represented plaintiffs in a case involving the price fixing of vitamin products.

5. *In re Cosmetics Cases*

(Judicial Council Coordination Proceeding No. 4056) The firm is one of several representing plaintiffs in this price fixing action involving cosmetics sold in department stores.

6. *In re Lorazepam & Clorazepate Antitrust Litigation*

6

(D.C. Cir., No. 01-7163) The firm, along with several others, filed an action against Mylan pharmaceuticals and other companies alleging violations of California antitrust and consumer laws concerning the drugs Lorazepam and Clorazepate. Various cases were consolidated on a national level and resulted in a settlement returning approximately $67 million to consumers of the drugs nationwide.

7. *California Indirect Purchaser Auction House Cases*

(JCCP 4145); Lang, et al. v. Christies International, PLC et al. (San Francisco Sup. Ct. No. 310616) (antitrust class action). The firm was one of several firms representing plaintiffs in this antitrust class action alleging unlawful price fixing in auctions.

8. *In re Warfarin Sodium Antitrust Litigation*

(Judicial Council Coordination Proceeding No. 4057; MDL Proceeding 98-1232). The firm was one of several that represented a class of consumers in this group of cases against DuPont Merck Pharmaceutical Co. alleging the unlawful monopolization by of the market for the pharmaceutical warfarin sodium ("Coumadin"). The case was settled for $44.5 million for Coumadin consumers.

9. *In re Commercial Paper Indirect Purchaser Antitrust Litigation*

(Judicial Council Coordination Proceeding No. 4019) Kendrick Bonas & Nutley successfully represented plaintiffs in this action alleging that the price fixing in the market for businesses that purchased paper and tissue products for commercial use.

10. *Southern California Retail Egg Price Fixing Litigation*

(McCampbell, et al. v. Ralphs Grocery Company, et al.; San Diego Sup. Ct. No. CV 703666). Kendrick Bonas & Nutley represented a class of retail egg purchasers in a Cartwright Act case involving retail price fixing claims against three supermarket chains operating in the Southern California area. The case was lost to a divided jury after an eight-week trial, a result upheld on appeal.

11. *C.D. Retailers Antitrust Litigation*

(Independent Music Retailers Association, et al. v. CEMA Distribution et al., C.D. Cal., No. CV-93-4579-SVW (Ex)). Mr. Kendrick was counsel to independent music retailers in this antitrust action brought to prohibit certain of the largest distributors of music compact disc recordings from restraining competition in the emerging market for used CD's.

12. *Los Angeles Retail Milk Price Fixing Litigation*

(Barela, et al. v. Ralphs Grocery Company, et al., Los Angeles Sup. Ct. No. BC 070061). Kendrick Bonas & Nutley successfully represented a class of consumers in the Cartwright Act case involving price fixing claims against the 7 largest supermarket chains in the Los Angeles area. Counsel in the case secured settlements exceeding a value of $10 million.

13. *Catfish Product Cases*

(Judicial Council Coordination Proceeding No. 2793). Kendrick Bonas & Nutley was one of two lead counsel in this successful Cartwright Act price fixing action brought on behalf a statewide class of catfish products purchasers.

  14.  *In Re Liquid Carbon Dioxide Cases*

(Judicial Council Coordination Proceeding No. 3012). Kendrick Bonas & Nutley represented a class of indirect purchasers of liquid carbon dioxide. Mr. Kendrick held the lead role in this action which alleged that Archer Daniels Midland and other defendants conspired to fix the wholesale prices of liquid carbon dioxide. The case resulted in a settlement in excess of $3 million.

  15.  *California Waste Disposal Litigation*

(C.D. Cal., No. CV 87-0403 WDK (Gx)). Mr. Kendrick served as plaintiffs' lead counsel in this class action filed under the Sherman Antitrust Act on behalf of direct purchasers of waste disposal services in Los Angeles.

  16.  *California Indirect Purchaser Infant Formula Litigation*

(Judicial Council Coordination Proceeding No. 2557). Mr. Kendrick was one of plaintiffs' class counsel in this Cartwright Act price fixing action brought on behalf of a state wide class of infant formula consumers. Over $19.8 million was recovered for the class, including $13.9 million in nutritional products to be distributed free of charged to needy families throughout California.

  17.  *Los Angeles Billboard Antitrust Litigation*

(Bannerjee, et al. v. Outdoor Advertising, et al., C.D. Cal., No. CV 89-0018 TJH (Ex.)). Mr. Kendrick served as counsel in this Sherman Antitrust Act class action on behalf of businesses leasing billboard sites in the Los Angeles area.

## CONSUMER ACTIONS

  1.  *Allergan Eye-Drops Litigation*

(Bruno v. Allergan, S.D. Sup. Ct. No. 698435) Kendrick Bonas & Nutley successfully represented plaintiffs in a class action alleging that defendant violated California consumer laws in its marketing of identical solutions as different eye-care products at vastly discrepant prices.

  2.  *McKesson Water Products Late Fee Litigation*

(Manos v. McKesson Water Products Company, Los Angeles Sup. Ct. No. BC-179151) Kendrick Bonas & Nutley successfully represented consumers in six states in a multi-state class action brought to recover illegal and excessive late fee charges imposed by a company offering drinking water delivery services.

  3.  *Jones Intercable Cable TV Late Fee Litigations*

Kendrick Bonas & Nutley successfully represented consumers in three separate class actions

against a cable television provider alleging that the company charged consumers excessive late fees in violation of various California consumer protection laws. (Vittengl v. Jones Intercable, Inc., Ventura Superior Ct. No. 160769 and Nilsen v. Jones Intercable, Inc., Los Angeles Sup. Ct. No. BC135871; Cobian v. Jones Intercable, Inc., 16th Judicial Circuit Court, Jackson County Missouri, at Independence, No. 99-CV-221370).

    4. ***Multivision Cable TV Late Fee Litigation***

(Avalos v. M.L. Media Partners, L.P., Orange Co. Sup. Ct. No. 762974) Kendrick Bonas & Nutley successfully represented consumers in a class action to recover excessive late fees imposed by a cable television company. After class claims were satisfied, over $30,000.00 of the settlement fund in this case was returned to the community through donation to local public television to support children's educational programming.

    5. ***TCI Cable TV Late Fee Litigation***

(Nissenbaum v. United Cable Television of Los Angeles, Los Angeles Sup. Ct. No. BC 069216) Kendrick Bonas & Nutley successfully represented a class of consumers in an action to recover excessive late fees imposed by a cable television company. As a result of this case and other litigations brought by the Firm, the California legislature enacted Gov. Code §§53088.5-.8, which limited charges to $4.75 and set notification, warning and grace-period standards.

    6. ***Storage Facility Late Fee Litigations***

The firm was counsel for plaintiffs in several representative actions and one class action brought to recover illegal and excessive late fee charges imposed by companies offering storage services.

    7. ***Childcare Late Fee Litigations***

The firm successfully prosecuted several representative cases and one class action brought to recover illegal and excessive late fee charges imposed by companies offering childcare services.

    8. ***Residential Rental Property Late Fee Litigations***

The firm has successfully prosecuted several representative and putative class actions brought to recover illegal and excessive late fee charges imposed by landlords and management companies.

## OTHER ACTIONS

Other antitrust, consumer and securities class actions in which members of the firm have been involved include the following:

    1. ***In Re Pretrial Proceedings in Petroleum Industry Antitrust Litigation*** (MDL Docket No. 150, C.D. Cal.) (Kendrick, antitrust class action).

    2. ***In Re Sugar Antitrust Litigation*** (MDL Docket No. 201, N.D. Cal.) (Kendrick, antitrust class action).

    3. ***In Re Corrugated Container Antitrust Litigation*** (MDL Docket No. 140, S.D.

9

Tex.) (Kendrick, antitrust class action).

4. *In Re Kodak Copiers Antitrust Litigation* (N.D. Cal. C-94-0524) (Kendrick, antitrust class action).

5. *In Re Corn Derivatives Litigation* (MDL Docket No. 414, D. N.J.) (Kendrick, antitrust class action).

6. *In Re Coconut Oil Antitrust Litigation* (MDL Docket No. 474, N.D. Cal.) (Kendrick, antitrust class action).

7. *In Re Gupta Corp. Securities Litigation* (N.D. Cal. Master File No. C-94-1517 FMS) (Nutley, securities class action).

8. *In re Sybase, Inc. Securities Litigation* (N.D. Cal. Master File No. C-95-1144 WHO) (Nutley, securities class action).

9. *Cordova v. Liggett Group Inc., et al.* (San Diego Sup. Ct. C-651824) (Nutley, consumer action).

10. *Mangini v. R.J. Reynolds Tobacco Co., et al.* (San Francisco Sup. Ct. No. C-939359) (Nutley, consumer action).

11. *Park, et al. v. Taco Cabana, Inc., et al.* (W.D. Tex. SA-95-CA-0847) (Nutley, securities class action).

12. *In Re California Armored Car Litigation* (MDL Docket No. 387; C.D. Cal.) (Kendrick, antitrust class action).

13. *In Re Panelized Roofing Antitrust Litigation* (Los Angeles Sup. Ct. No. CA 000722) (Kendrick, antitrust class action).

14. *In Re Health Food Antitrust Litigation* (C.D. Cal., Civ. No. 81-927 TJH) (Kendrick, antitrust class action).

15. *In re: Crop Growers Corp. Securities Litigation*, (U.S.D.C. D. Montana, CV-95-58-GF-PGH) (Nutley, securities class action).

16. *In re: Styles on Video Securities Litigation*, (U.S.D.C. Central District CA No. CV-94-8342-R) (Nutley, securities class action).

17. *In Re Sliding Glass Door Litigation* (C.D. Cal. Civ. No. 76-2128 IH) (Kendrick, antitrust class action).

10