IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No.: 2:07-CV-1928-RDP |
| ) | |
| AMERICAN HOME SHIELD CORPORATION, ) ) ) | |
| Defendant. ) | |

### AHS'S OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES BY OBJECTORS CHAPON, PETITT ET AL.

Defendant American Home Shield Corporation ("AHS") submits the following opposition to the Application For An Award of Attorneys' Fees and Costs of Coordinated Objecting Class Members (Doc. 109). For the reasons that follow, these objectors' counsel's ("Objectors' Counsel") application should be denied.

### Introduction and Background

As the Court correctly stated to Objectors' Counsel at the Fairness Hearing, "a page of history is worth a few . . . volumes of logic." (Doc. 103 at 78).[1] AHS will show that Objectors' Counsel's request for a fee is hardly logical (and

---

[1] "Upon this point a page of history is worth a volume of logic." *New York Trust Co. v. Eisner*, 256 U.S. 345, 349 (1921) (Holmes, J).

1

certainly unsupported by the law). But in any event the fee request – premised on the notion that Objectors' Counsel's objections both to this and the *Edelson* settlements somehow afforded a benefit to the Class – is squarely refuted by the history of this litigation.

Every objection made by Objectors' Counsel[2] in this case was overruled by the Court (with the exception of objection to the compensatory settlement payment to the Faughts, which objection, as explained below, has resulted in no benefit to the Class). Objectors' Counsel simply accomplished nothing in this case that could even arguably entitle them to a fee.

Nor does the fact that attorneys Davis, Nutley and Kendrick[3] objected in *Edleson* merit any fee award. There is no indication at all in this record that those lawyers' arguments in *Edleson* led to rejection of that settlement. Even had they been the only objectors in *Edleson* (and they were not), determining at this remove what led Judge Bloom to reject the *Edleson* settlement is simply not possible. The

---

[2] Objectors Miriam and John Chapon are represented in this case by attorneys John W. Davis and R. Stephen Griffis. (Doc. 69). Attorney Griffis did not represent any objector in the *Edleson* case, did not otherwise participate in that matter, and is apparently not seeking a fee related to *Edleson*. Doc. 112. Attorneys C. Benjamin Nutley, J. Garrett Kendrick and the firm of Kendrick & Nutley profess to represent "Objectors Todd Pettitt, *et al.*," but acknowledge that "Todd Pettitt *et al.*" are in fact represented in this case by attorney Kearney Dee Hutsler. Doc. 111, at 1; Doc. 77. Any appearance on behalf of Class Members by attorneys Nutley and Garrett is clearly untimely; this Court's order of preliminary approval required any attorney representing a Class Member to file a Notice of Appearance no later than February 17, 2010, which attorneys Nutley and Garrett did not do. Doc. 37 at 13. Hutsler, who did timely file a notice of appearance for Class Members Todd Pettitt, Sharon Lee, and John and Connie Pentz, has not filed a request for attorneys' fees in this case.

[3] As noted above, attorney Griffis had no involvement in *Edleson*.

2

speculation in which Objectors are inviting this Court to engage affords no basis to reverse the "American rule" as regards attorney's fees in litigation.

Objectors' Counsel's fee request founders for an equally important reason: the most signal improvements of this settlement over *Edleson* – standards for claims review of first-year lack of maintenance HVAC claims, and the "penalty" provisions in the event of erroneous Review Desk determinations – were both part of the original *Faught* settlement, which *predated* Objectors' Counsel's objections and the California court's rejection of the *Edleson* settlement. Doc. 105 at 9 – 10.  The limits on AHS's discretion in operation of the Review Desk came about as a result of the negotiations in *this* case, and have nothing to do with objections to *Edleson* filed later.

Ignoring all of this, Objectors' Counsel claim that by advancing losing arguments, they somehow benefited the Class simply by virtue of participating in a process where they appeared as self-proclaimed adversaries.  This is simply nonsense.  Indeed, if accepted it would turn the American rule on its head.  Under Objecting Counsel's view of the world, it is the losing side that is somehow presumptively entitled to fees, merely by virtue of being participants.  Neither law nor logic supports such a view.

Finally, even were the Court to conclude that Objectors' counsel are entitled to some fee (which they are not), it is clear that AHS would not be responsible to

pay it. Ordering AHS to do so would not only be inconsistent with pertinent legal principles, it would also require the Court to rewrite the parties' settlement agreement, which the Court has already approved. Doc. 37-2 at 32, 40. AHS agreed not to object to a request by Class Counsel for an award of *their* attorneys' fees; it in no way agreed to pay Objectors' Counsel or anyone else an attorneys' fee.

## Argument

### I. Objectors' Counsel Have Not and Cannot Demonstrate That They Are Entitled to Recovery Of Fees and Costs.

As a case cited by Objectors' Counsel makes clear, "an objector to a class action settlement is not generally entitled to an award of counsel fees." *In re Domestic Air Transportation Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993). Rather, objectors' counsel's fees are *only* warranted where the objections benefited the class or the proceedings in some way. *See Viczinano v. Microsoft Corp.*, 240 F.3d 1043, 1051-52 (9th Cir. 2002) (affirming district court's denial of fees to objectors' counsel because of "absence of a showing that objectors substantially enhanced the benefits to the class under the settlement").[4] Thus, in

---

[4] Other cases cited by Objectors' Counsel also make clear that some benefit to the class or court is required. *See Domestic Air Transportation*, 148 F.R.D. at 358-59 (objections resulted in changes in the settlement terms and assisted court in calculating appropriate fee award to class counsel); *Great Neck Capital Appreciation Investment Partnership, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 413-415 (E.D. Wis. 2002) (objector made sure that certain class members were protected and negotiated a revised release that reduced vulnerability of settlement). *See also Bowling v. Pfizer, Inc.*, 922 F. Supp. 1261, 1285 (S.D. Ohio 1996) (objectors participated in negotiations that enhanced the settlement terms and helped court conclude that class counsel's fee should be substantially lower than the amount requested).

4

assessing a request for fees by objectors' counsel, courts consider whether the objectors' counsel "'improved' the settlement, 'assisted the court,' and/or 'enhanced the recovery' in any discernible fashion." *Great Neck*, 212 F.R.D. at 413 (internal citation omitted). Consideration of these factors mandates denial of the instant application.

### *Faught Objections.*

At the outset, procedural problems plague the request for a fee of attorneys C. Benjamin Nutley, J. Garrett Kendrick and the firm of Kendrick & Nutley. Although they profess in their application to represent "Objectors Todd Pettitt, *et al.*," Doc. 111 at 1, such objectors are in fact represented in this case by Kearney Dee Hutsler, who has *not* made a fee application in this case. Doc. 77. If Nutley, Kendrick and their firm wished to represent Class Members in this case, they were required under the Court's preliminary approval order to have filed and served a Notice of Appearance not later than February 17, 2010, which they did not do. Doc. 37 at 13.[5] Nor did they timely assert any objection on behalf of a Class Member to the settlement itself by the required deadline. Having made no timely appearance or any objection on behalf of an objector, Nutley, Kendrick and their firm have no standing to seek a fee in this case. *See, e.g., Fleury v. Richemont*

---

[5] The Court's order also advised that "[s]trict compliance with these procedures [regarding objections] shall be required." Doc. 37 at 12.

*North America, Inc.*, 2008 WL 4829868, at *1 (N.D. Cal. Nov. 4, 2008) (denying objector's motion for fees on grounds, *inter alia,* of untimeliness).

Apart from this procedural defect, and considering the objections raised by Objectors' Counsel as a whole, such objections not only did not improve the settlement in any way, they were in fact (with one exception discussed below) all overruled by the Court. Doc. 105 at 42. Certain of those objections – for example, the contention by attorneys Davis and Griffis that AHS had "shop[ped] an unfair settlement around the country until [it] found a court . . . willing to approve it," Doc. 69 at 3 – were plainly based on a disregard of the actual facts underlying the negotiations in this case, and further ignored the "valuable aspects of this Settlement that were not present in the previously-rejected *Edleson* settlement." Doc. 105 at 23. The objections of Objectors' Counsel were a meritless distraction, not an aid to the Court. *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 743 (3rd Cir. 2001) (sustaining district court's denial of fees with respect to objectors' counsel's objections before it where its findings were not based on their input). Exceptions to the rule that each litigant bears its own fees and expenses are to be construed narrowly, *see First Alabama Bank of Montgomery v. First State Ins. Co.*, 899 F.2d 1045, 1069 (11th Cir. 1990). Objectors' Counsel, whose objections to this settlement were denied, make no case at all for departing from this established principle.

The one objection the Court did sustain, to the non-incentive-based settlement payment to the Faughts, Doc. 107 at 13, clearly does nothing to benefit the Class, and on that account affords no basis for an attorney's fee. (Indeed, there is certainly no assurance that the Faughts' compensation under the Review Desk will be lower than the amount the parties negotiated.) That provision, in the context of the settlement's overall scope and magnitude, is simply not significant; objectors should not be awarded a fee if the benefit they produced is merely "technical or coincidental." *In re Leapfrog Enterprises, Inc. Securities Litig.*, 2008 WL 5000208, at *3 (N.D. Cal. Nov. 21, 2008).[6] There is no small irony in the fact that Objectors' Counsel succeeded in requiring the Faughts to use the Review Desk process, given that Objectors' Counsel spilled much ink over the alleged insufficiency of the Review Desk itself. That one objection to the settlement affords no basis for the hundreds of thousands of dollars Objectors' Counsel are seeking.

### *Edleson Objections.*

That some of Objectors' Counsel[7] filed objections in *Edleson* is likewise insufficient to support their request for a fee. This is so, first, because it is simply impossible to tell that those objections had any influence at all on the California

---

[6] In order to be entitled to a fee, class action settlement objectors must produce an improvement to the settlement that is worth more to the Class than the fee they are seeking. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002). Here, requiring the Faughts to utilize the Review Desk process represents at best a *de minimis* benefit to the Class, and could not possibly justify the sums that Objectors' Counsel seek.

[7] Attorney Griffis did not participate in *Edleson* and apparently seeks no fee based on that case.

7

court's rejection of the *Edleson* settlement. Judge Bloom's order is silent on these points. Even if the rejection of the *Edleson* settlement were a sufficient basis for an award of attorneys' fees in this case – and Objectors' Counsel cite no authority for the novel proposition that one court may award a fee based on activities undertaken in another court in a separate case – Objectors' Counsel have not shown and cannot show that their activities were the cause of *Edleson* being rejected. The Court should decline Objectors' Counsel's invitation to speculate about why Judge Bloom did what he did.[8]

Perhaps just as importantly, Objectors' Counsel's efforts did not result in a better settlement.[9] To the contrary, the most important provisions differentiating this settlement from *Edleson* - standards for claims review of first-year lack of maintenance HVAC claims, and the "penalty" provisions in the event of erroneous Review Desk determinations – were in fact part of the original *Faught* settlement. Doc. 105 at 9 – 10. The fact of that settlement was announced to the Court in January of 2009, *id.* at 32, more than two months before Objectors' Counsel filed their objections in *Edleson*, and nearly six months before Judge Bloom rejected the settlement in California. That the settlement class here was subsequently expanded

---

[8] There were numerous objectors to the *Edleson* settlement. It should be noted that none of the other "successful" objectors' counsel in *Edleson* (some of whom also objected to the *Faught* settlement) have filed a request for an attorney's fee in this case. While Objectors' Counsel are perhaps in line for an award for temerity, they should not be in line for an award of attorney's fees.

[9] AHS notes the stark inconsistency in Objectors' Counsel's position that they may seek a fee here while continuing to argue that the settlement should have been rejected.

8

does not change the fact that this settlement is and always has been materially different from *Edleson*, and not because of any alleged "contributions" by Objectors' Counsel.

Objectors' Counsel claim that "the settling parties specifically adopted Objectors' proposed enhancements prior to the fairness hearing in *Faught* and, for the most part, prior to filing their Joint Motion for Preliminary Approval of Proposed Settlement." Doc. 109 at 7. They make this claim without any evidence to support it; and indeed, without even bothering to describe the alleged "enhancements" that they were allegedly responsible for. Given the total absence of a showing that their suggestions resulted in any beneficial changes, Objectors' Counsel are simply not "a catalyst for improvement to the settlement," as they contend. Doc. 109 at 7. Their request for attorneys' fees should be denied.

## II. Assuming *Arguendo* That It Is Appropriate To Award Fees And Costs, There Is No Basis For Requiring AHS To Pay Them.

Even if, *arguendo*, Objectors' Counsel were entitled to recovery of some or all of their requested fees and costs – which they are not – their request that AHS be required to pay some portion of those fees and costs must be denied. In their application, Objectors' Counsel ask the Court to order their fees paid from "Plaintiffs' attorneys' fee fund, or by the defendant, or both." Doc. 109 at 10. But no legitimate legal basis exists for requiring AHS to pay any additional amounts to

Objectors' Counsel where, as here, Objectors' Counsel have no direct claim against AHS and no statute or agreement provides for such recovery.

It is well established that litigants generally may not recover attorneys' fees from other parties absent some statute or agreement to the contrary. *See Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1671 (2010); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 270-71 (1975).[10] Objectors' Counsel point to no statute or contract pursuant to which AHS could possibly be required to pay Objectors' Counsel a fee.

To the contrary, an award of fees payable by AHS would require the Court to rewrite the parties' settlement. Paragraph 8.8 of the Stipulation of Settlement provides in pertinent part:

> The Attorneys' Fees and the Named Plaintiffs' Payment, together with any payments made to a Settlement Class Member under Paragraphs 5.2(K), 5.2(R), and 5.2(S) shall be the sole, aggregate, maximum, and gross amount Defendant or any Released Party will owe or pay to Named Plaintiffs, the Class, and Named Plaintiffs' Counsel for any Attorneys' Fees[11] and/or any other amounts of any kind whatever incurred in connection with this Action, or for any other reason related to this Action.

---

[10] An equitable exception to this principle – known as the "common fund doctrine" – exists where a person has helped create, increase or preserve a fund for the benefit of others. *See Camden I Condominium Ass's, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). Here, however, Objectors' Counsel acknowledge that "[t]here is necessarily no class fund from which fees can be taken." Doc. 109 at 14.

[11] "Named Plaintiffs' Counsel" is defined as "Davis & Norris LLP, together with any successor, replacement or *additional counsel*," Doc. 37-2 at 8 (emphasis added). "Attorneys' Fees" is defined as "reasonable attorneys' fees, costs and expenses to be paid to Named Plaintiffs' Counsel for their past, present, and future work, efforts, and expenditures in connection with this Action." *Id.* at 2.

Doc. 37-2 at 32. The Stipulation also provides that "[n]othing herein shall require Defendant or any Released Party to pay out or expend any monies other than expressly provided herein." *Id.* at 40. An award of fees to Objectors' Counsel payable by AHS, in short, would violate the terms of the Settlement which the Court has now finally approved (and which Objectors' Counsel has *not* asked the Court to modify).

Objectors' Counsel cite two district court decisions in which fees were awarded to an objector to be paid by class counsel and the settling defendant, *as part of final approval of the settlement*. *See Shaw v. Toshiba Info. Sys., Inc.*, 91 F. Supp. 2d 942, 974 (E.D. Tex. 2000); *Great Neck*, 212 F.R.D. at 417. Apart from the questionable reasoning and legal basis for those decisions,[12] the fee awards were requested when the class settlements themselves were still under judicial consideration. In this case, by contrast (and as a later court found in distinguishing *Shaw* and *Great Neck*), "[b]y the time [objector's] fee motion was filed, the Settlement Agreement had already been finalized and approved. Thus, the Court lost the ability to condition its approval of the settlement upon the Settling Parties agreement to pay [the objector's] fees." *Fleury*, 2008 WL 4829868, at *2. Even the questionable authority cited by Objectors' Counsel thus does not help them.

---

[12] The *Great Neck* court candidly acknowledged that it might "lack the authority to order defendants to share the burden of paying the objector's fees with class counsel." *Great Neck*, 212 F.R.D. at 417.

11

Objectors' Counsel have done nothing that merits a fee award in this case, and have made no legal, equitable or factual showing that any award could properly be payable by AHS. For the foregoing reasons, AHS respectfully requests that the instant fee petition be denied.

/s/ John E. Goodman
One of the Attorneys for Defendant
American Home Shield Corporation

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> D. Frank Davis, Esq.
> John E. Norris, Esq.
> DAVIS & NORRIS, LLP
> 2154 Highland Avenue
> Birmingham, AL 32505
>
> Lea Bone, Esq.
> Bates & Bone LLP
> 2154 Highland Avenue
> Birmingham, AL 35205
> lbone@batesbone.com
> *Attorneys for Plaintiffs: Laura Faught and Steven Faught*

Kirkland E. Reid, Esq.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kreid@joneswalker.com
*Attorney for L.B. Chip Edleson and Karon Edleson*

John W. Davis
Law Office of John W. Davis
501 W. Broadway, Suite 800
San Diego, CA 92101
john@johnwdavis.com
*Attorney for Intervenors: John Chapon and Miriam Chapon*

R. Stephen Griffis
R. Stephen Griffis PC
2100 Riverhaven Drive, Suite 1
Hoover, AL 35244-2532
rsglaw@bellsouth.net
*Attorney for Intervenors: John Chapon and Miriam Chapon*

Charles M. Thompson
Charles M. Thompson PC
5615 Canongate Lane
Birmingham, AL 35242
mchapmanlaw@bellsouth.net
*Attorney for Intervenor: Charles M. Thompson*

Kearney D. Hutsler
Hutsler Law Firm
2700 Highway 280, Suite 320W
Birmingham, AL 35223
kdhlaw@hutslerlawfirm.com
*Attorney for Objectors: Connie Pentz, John Pentz, Sharon Lee, Thomas Arrington and Todd Pettitt*

Pat Tulinski
Assistant Attorney General
300 West 15th Street, 9th Floor, MC 010
Austin, Texas 78701
Telephone: (512) 463-2185
Facsimile: (512) 473-8301
*Attorney for Purported Amicus Curiae, Attorney General of the State of Texas*

and I hereby certify that I have served by facsimile and U.S. Mail the document to the following non-CM/ECF participants:

Francis A. Bottini, Jr., Esq.
Brett M. Weaver, Esq.
JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, CA 92101
Facsimile: (619) 238-0622
*Attorneys for Karon Edleson and L.B. Chip Edleson;*
*Objectors: Vivian F. Johnson, Janet Tzendzalian, Rosalyn Urbanek, Merlyn D. Ling, Donald P. Leach, Robert W. Shepard, and Luz A. Shepard*

David J. Worley, Esq.
Page Perry LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
Facsimile: (770) 673-0120
*Attorney for Karon and L.B. Chip Edleson*

Edward D. Chapman, Esq.
CHAPIN WHEELER LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Facsimile: (619) 955-5318
*Attorney for Karon and L.B. Chip Edleson*

Frank H. Tomlinson, Esq.
15 North 21st Street, Suite 302
Birmingham, AL 35203
Facsimile: (205) 328-2889
*Attorney for Objectors: John Howe, Jenny Hill, Jennifer Deachin, Michael McKerley, Kenneth R. Behrend, Pamela Behrend, Jeff Williams, Sabrina Williams f/k/a Sabrina Habib, and Janet K. Wood*

/s/ John E. Goodman
John E. Goodman