IN THE UNITED STATES DISTRICT COURT
FORT THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION CV-07-P-1928-S ) |
| v. | ) ) |
| AMERICAN HOME SHIELD CORPORATION, | ) ) ) |
| Defendant. | ) |

**OPPONENTS' RESPONSIVE SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER**

**PLAINTIFFS' OPPOSITION TO APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS OF COORDINATED OBJECTING CLASS MEMBERS**

Because their objections did not result in a change of so much as a single word of the settlement agreement approved by this Court, and because their claim to fees based on objections filed in another case pending in another court is unsupported by the law or competent evidence, the objecting class members' application for attorneys' fees should be denied.

**I.**

**PROCEDURAL BACKGROUND**

A group of plaintiffs represented by counsel who objected to the *Edleson* case have filed an application to be paid a substantial sum of attorneys' fees based principally on their work objecting to the failed *Edleson* settlement. These objector lawyers also claim fees based on their work in this case.

This Court is of course familiar with the nature of the settlement and the substance of the objections filed in this case. The Court approved the settlement as presented to the Court, without requiring the parties to make a single modification to the settlement – not so much as a word. Indeed, the only way in which the Court took any objectors' viewpoint into account had nothing to do with the terms of the settlement itself, but rather concerned only the plaintiffs' application for an award of an incentive payment, which the Court refused to award without requiring the named plaintiffs to submit their claim to the Review Desk just like the rest of the class members. This was not a change to the settlement and did not affect the class members' relief in the least.

This Court did not preside over the *Edleson* settlement fairness hearing. This Court was never provided with the *Edleson* objections, nor were the *Edleson* objections argued before this Court. This Court was never asked to and never in fact made findings as to the fairness or reasonableness

of the failed *Edleson* settlement. This Court did not observe the quality of representation or arguments provided on behalf of the objectors to the *Edleson* settlement. This Court did not review or weigh the other objections to the *Edleson* settlement which were filed by multiple counsel who are not seeking fees from this Court.

In their fee application, objectors' counsel do not provide any information from which this Court could make any determinations as to their particular contribution, if any, to the *Edleson* court's decision to disapprove that settlement agreement. Objectors' counsel claims that the parties adopted "certain enhancements" as a result of their efforts in *Edleson* but do not so much as hint as to what those enhancements might be, much less how their efforts resulted in those enhancements. Objectors' counsel have submitted no evidence whatsoever as to which, if any, of their proposed changes to the *Edleson* settlement resulted in that court's decision to disapprove that settlement. Objectors' counsel have likewise submitted nothing from which this Court could divine the judicial decisionmaking process of a judge sitting across the continent from Birmingham, Alabama. Objectors' counsel have not, because they cannot, demonstrated whether there particular objections had any impact on the *Edleson* court's decision to disapprove that settlement.

## II

## ARGUMENT

"An objector to a class action settlement is not generally entitled to an award of counsel fees." *In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 297, 358 (N.D. Ga. 1993). While objectors are occasionally awarded attorneys' fees where their objections resulted in substantial improvements in the settlement favorable to the class, the law is clear that the burden of proof for the entitlement of attorneys' fees rests at all times on the party claiming such fees. *In Re Excess Value Ins. Coverage Litig.,* 598 F. Supp.2d 380, 385 (S.D.N.Y 2006)*, quoting Savoie v. Merchants Bank,* 166 F.3d 456, 463 (2d Cir. 1999) (The party seeking attorneys' fees bears the "burden of 'establishing entitlement to an award . . . .'").

So in order to be entitled to any fees, the objectors' counsel bear the burden at all times to prove, with evidence, that their efforts in *this case* resulted in a substantial improvement to the terms of the settlement favorable to the class. *In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. at 358. This they have failed utterly to do.

First, it is without dispute that this Court in *this case* approved a settlement that is unchanged from the settlement as to which these parties lodged objections. All objections were overruled, including those advanced

by the objectors seeking fees.  The class is not receiving one single benefit as a result of the objections in this case.  As a result, any fee request based on work done in *this case* must be overruled.

Second, to the extent the objectors' counsel seeks fees based on their work on an entirely separate case, their request is without precedent in the law and is unsupported by the evidence.  As to the law, objectors' counsel have not cited a single case supporting the notion that a court presiding over a class action may award attorneys' fees to lawyers representing objectors based on those objectors' efforts in an entirely separate case in a different jurisdiction.  Every single case cited in the objectors' counsel's application deals with the more common situation where the objectors efforts in the case before the court resulted in a meaningful change to the relief afforded to the class.  We are unaware of any cases supporting the objectors' counsels' position in this case that they should enjoy a fee award based on work they did in a case that was never before this Court.

It only makes sense that courts have not made a habit (or even a single occasion) of doling out fees based on cases pending before other courts.  After all, a court, including this one, can only make findings based on the evidence before it.  There simply is no evidence before this Court on which it could base a reasoned finding that the efforts of these particular

5

overlapping objectors resulted in the decision by the *Edleson* court to disapprove that settlement.

As we have mentioned, this Court did not preside over the *Edleson* settlement fairness hearing, was never provided with the *Edleson* objections, nor were the *Edleson* objections argued before this Court.  This Court did not make any findings as to the fairness or reasonableness of the failed *Edleson* settlement.  This Court did not observe the quality of representation or arguments provided on behalf of the objectors to the *Edleson* settlement.  This Court did not review or weigh the other objections to the *Edleson* settlement which were filed by multiple counsel who are not seeking fees from this Court.

In their fee application, objectors' counsel do not provide any information from which this Court could make any determinations as to their particular contribution, if any, to the *Edleson* court's decision to disapprove that settlement agreement.  Objectors' counsel claims that the parties adopted "certain enhancements" as a result of their efforts in *Edleson* but do not so much as hint as to what those enhancements might be, much less how their efforts resulted in those enhancements.  Objectors' counsel have submitted no evidence whatsoever as to which, if any, of their proposed changes to the *Edleson* settlement resulted in that court's decision to

6

disapprove that settlement. Objectors' counsel have likewise submitted nothing from which this Court could divine the judicial decisionmaking process of a judge sitting across the continent from Birmingham, Alabama. Objectors' counsel have not, because they cannot, demonstrated whether there particular objections had any impact on the *Edleson* court's decision to disapprove that settlement.

In these circumstances, a finding that these particular objectors contributed value to this settlement through their alleged "defeat" of the *Edleson* settlement would be based on nothing more than rank speculation. For aught appearing before this Court, other objectors who do not seek fees were principally responsible for the disapproval of the *Edleson* settlement. Likewise, for aught appearing in this record, these particular objectors principally sought "other enhancements" that were never made part of any settlement at all. In sum, to place a value on the services provided to the class in this case would necessarily be based on supposition, and not any evidence that is before the Court.

              ___/s John E. Norris_____
              Class Counsel and Attorney for
              Laura and Steven Faught

Of Counsel:
D. Frank Davis

Davis & Norris LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama  35205
Voice: 205.930.9900
Fax: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing to be served on all counsel of record via electronic mail. I further certify that I have filed a copy with the Court's electronic filing system on this the 19th day of May, 2010 which will provide copies to the following:

John E. Goodman
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL. 35203
jgoodman@babc.com

Kirkland E. Reid
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
Post Office Box 46
Mobile, AL. 36601
kreid@joneswalker.com

John W. Davis
Law Office of John W. Davis
501 W. Broadway, Suite 800
San Diego, CA 92101
john@johnwdavis.com

R. Stephen Griffis
R. Stephen Griffis PC
2100 Riverhaven Drive, Suite 1
Hoover, AL 35244
rsglaw@bellsouth.net

Charles Thompson
Charles M. Thompson PC
5615 Canongate Lane
Birmingham, AL 35242
Mchapmanlaw@bellsouth.net

Kearney D. Hutsler
Hutsler Law Firm
2700 Highway 280, Suite 320W
Birmingham, AL 35223
kdhlaw@hutslerlawfirm.com

And I hereby certify that I have served by U.S. Mail the document to the following non-CM/ECF participants:

Francis A. Bottini, Jr.
Brett Weaver
JOHNSON BOTTINI, LLP
501 W. Broadway, Suite 1720
San Diego, CA 92101
frankb@johnsonbottini.com
brett@johnsonbottini.com

David J. Worley
Page Perry LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, GA 30338
dworley@pageperry.com

Edward D. Chapin
CHAPIN WHEELER LLP
550 West "C" Street, Suite 2000
San Diego, CA 92101
echapin@cfslawfirm.com

Frank Tomlinson
15 North 21st Street, Suite 302
Birmingham, AL 35203

htomlinson@bellsouth.net

                                            \_\_\_\_/s John E. Norris_____
                                            Of Counsel