UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>      Defendant. | Case No.  2:07CV1928:RDP<br><br>**SUPPLEMENTAL DECLARATION OF JOHN W. DAVIS IN SUPPORT OF OBJECTING CLASS MEMBERS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS** |

I, John W. Davis, affirm the following:

1.	I am a duly licensed attorney qualified to practice law before all courts of the State of California, all courts of the State of Florida, the Supreme Court of the United States, the United States Second Circuit Court of Appeals, the United States Eighth Circuit Court of Appeals, the United States Ninth Circuit Court of Appeals, the United States Eleventh Circuit Court of Appeals, the United States Central District Court of California, the United States Southern District Court of California and the United States Northern District Court of California.  I have been admitted to practice before this Court *pro hac vice*, and am counsel for Miriam and John Chapon in this matter.  I am submitting this declaration in support of my firm's application for an award of attorney's fees for services rendered in the above-captioned matter, and for reimbursement of expenses reasonably incurred in connection with this litigation.  The following statements are based on my personal knowledge and the files and records in this case of which I am aware and, if called on to do so, I could and would testify competently thereto.

2.	Attached hereto as **Exhibit A** is a true and correct copy of the objection I filed on behalf of my clients in *Edleson v. American Home Shield, et al.*, San Diego Superior Court case number 37-2007-00071725-CU-BT-CTL.

This declaration has been signed under penalty of perjury under the laws of the United States of America.  It was executed on the 20th day of May, 2010 in the County of San Diego, California.

/s/ John W. Davis                       .
John W. Davis

# Exhibit A

John W. Davis, State Bar # 200113
LAW OFFICE OF JOHN W. DAVIS
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.4870
Facsimile: 619.342.7170

Steven F. Helfand, State Bar # 206667
HELFAND LAW OFFICES
582 Market Street, Suite 1400
San Francisco, CA 94104
Telephone: 415.397.0007
Facsimile:  415.397.0009

Attorneys for Objector Miriam Chapon

F I L E D
Clerk of the Superior Court
MAR 2 6 2009
By: A. SEAMONS, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| KARON and L.B. CHIP EDLESON, on behalf of themselves and all others similarly situation,<br><br>v.<br><br>AMERICAN HOME SHIELD OF CALIFORNIA INC., AMERICAN HOME SHIELD CORPORATION, and DOES 1-20, | Case No. 37-2007-00071725-CU-BT-CTL<br><br>Judge Steven R. Denton<br><br>**OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date:   April 24, 2009<br>Time:   10:30 a.m.<br>Judge: Hon. Steven R. Denton<br>Dept.:   73 |

**PLEASE TAKE NOTICE** that class member Miriam Chapon (hereinafter "Objector"), by and through her undersigned counsel, intends to appear and be heard at the fairness hearing to discuss the following objections:

## I. INTRODUCTION

Class action settlements, unlike typical settlements, require court approval for the protection of those class members whose rights may not have been given due regard by the negotiating parties. As guardian of absent class members, the Court cannot approve the

settlement without independently evaluating the evidence and finding that the settlement is "fair, adequate and reasonable." *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 128 (Cal. App. 1st Dist. 2008). Moreover, the case at bar demands heightened scrutiny because American Home Shield of California, Inc. and American Home Shield Corporation (hereinafter "AHS") have stipulated to class certification for settlement purposes only. *See Settlement Agreement* ¶ VI. Accordingly, the parties are no longer in an adversarial posture. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 240 (2001); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997) (holding that the rights of absent class members "demand undiluted, even heightened, attention in the settlement context").

While the court is not to try the case, it is "called upon to consider and weigh the nature of the claim, the possible defenses, the situation of the parties, and the exercise of business judgment in determining whether the proposed settlement is reasonable." *Kullar, supra.* at 133. The parties seeking approval bear the burden of showing that the settlement is fair, reasonable and adequate. *Oldham v. Cal. Capital Fund, Inc.*, 109 Cal. App. 4th 421, 434 (2003). They have failed to meet this burden.

## II. PROOF OF CLASS MEMBERSHIP

Objector obtained a home warranty from American Home Shield on her home located at 11589 Frisco Drive, Farmington, AR 72730. The Declaration of Miriam Chapon affirming class membership is filed concurrently herewith.

## III. OBJECTIONS TO SUBSTANTIVE SETTLEMENT

**A.    The Proposed Settlement Offers No Certain Monetary Restitution to Class Members.**

The Stipulation of Settlement provides no guarantee of restitution to class members who have been damaged by Defendants. Class members are being asked to release their valuable claims with no assurance of meaningful compensation. Cal. Bus. & Prof. Code § 17535 authorizes a trial court to order a defendant, who carefully exploited an unfair trade

1 practice so that the individual victims suffered only minor losses, to disgorge the resulting
2 large and illicit sum of money. Moreover, a court of equity may exercise its full range of
3 powers in order to accomplish complete justice between the parties, restoring if necessary
4 the *status quo ante* as nearly as may be achieved. *Fletcher v. Sec. Pac. Nat'l Bank*, 23 Cal.
5 3d 442, 452 (1979).

6 Here, rather than pursue substantial restitution and disgorgement claims available to
7 the class, the lead plaintiffs are proposing a settlement which gives the Defendant the
8 exclusive option to determine what it will pay under the Settlement Agreement.

### B. The Proposed Injunctive Relief Provides Little Real Value or Assurances to Class Members.

The settlement is illusory in that it vests authority for claims administration with AHS. In other words, the only obligation of AHS under the Agreement is to revisit previously denied claims and determine, in its sole discretion, whether or not the claim was properly denied. *See Settlement Agreement*, pp. 10-12. This is unacceptable. As one AHS customer explained, "If one reads the small print in the warranty they can get out of paying about everything." The same seems to hold true for this settlement agreement.

The proposed settlement gives AHS the exclusive option of deciding what, if any, obligations it has under the settlement agreement. Even the loosest definition of "fair, adequate, and reasonable" could not encompass such a scenario. Indeed, ¶ V(5.1)(i) of the Stipulation of Settlement states that AHS may provide, "Any other compensation deemed to be reasonable by AHS" in lieu of other forms of relief potentially available under the Settlement.

If the lack of certain compensation were not sufficiently disappointing, AHS requires class members to submit to an onerous claims process in order to have their previously denied claims reviewed. Despite AHS' prior review and denial of class members' claims, the same class members are now subjected to an additional claims process as if they had never submitted a claim in the first place. *See Settlement Agreement* ¶ V(5.1)(f).

### C. The Class Notice Fails to Provide Sufficient Information to Class Members in Order to Allow Them to Decide Whether to Opt Out of the Settlement.

The class notice fails to provide an analysis of damages or any indicia of the extent of damages suffered by individual class members. Consequently, class members have no way of knowing whether the proposed relief adequately compensates for harm resulting from AHS' conduct. Accordingly, class members do not possess sufficient information to determine if they should remain in the class or opt out. At the present time, the settling parties have presented no evidence that class members will receive value under the settlement commensurate with the value of their underlying claims. *See* C.Wright, A.Miller, & M.Kane, Federal Practice & Procedure Sec. 1797.1, at 392 (1986) (settling parties must offer evidence to demonstrate fairness and adequacy of settlement).

### D. The Release is Overly Broad.

Any class member who does not opt-out of the proposed settlement releases all claims against AHS except for individualized claims for breach of contract. Moreover, class members are precluded for a period of 24 months for bringing *any* legal challenge "that requests a court order changing the way AHS performs its obligations under Home Warranty Contracts to provide repair and replacement services to customers, or requests other, similar relief." *Notice of Class Action and Settlement*, p. 8, ¶ V(B). This covenant not to sue goes beyond the four corners of the complaint and encompasses conduct that is arguably unrelated to the underlying complaint. The term "similar relief" is vague and ambiguous and results in a release which is overly broad. Given the broad release provided by the proposed Settlement Agreement, this Court should, prior to approving this settlement, carefully scrutinize released claims and the compensation (or lack thereof) being offered to class members for releasing these claims.

## IV. REQUESTED ATTORNEYS FEES ARE EXCESSIVE.

The class relief is inadequate in light of class counsel's requested fee. That the parties agreed to pay class counsel in excess of $2,500,000.00 in attorneys' fees when

the class is guaranteed no monetary compensation further cements the inadequacy of the class relief. The amount of requested attorneys' fees is an important factor in assessing the reasonableness of the class relief, since every dollar that goes to class counsel is a dollar less that is available to compensate class members:

> Although under the terms of [a] settlement agreement, attorneys' fees technically derive from the defendant rather than out of the class recovery, in essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal. Even if the fees are paid directly to the attorneys, those fees are still best viewed as an aspect of the class recovery.

*Apple Computer v. Superior Court,* 126 Cal. App. 4th 1253, 1269 (2005) (quoting *Lealao v. Beneficial Cal., Inc.,* 82 Cal. App. 4th 19, 33-37 (2000)); *see also Lealao,* 82 Cal. App. 4th at 37 ("The value of the benefit a settling defendant is willing to confer on the class . . . will . . . invariably be influenced by the amount of fees it would be obliged, or estimates it would be obliged to pay class counsel . . . .")

The parties' agreed-upon fee raises even greater suspicions about the adequacy of the class relief than in a typical settlement. First, the parties' negotiation of a "clear sailing provision," whereby Defendants agree not to challenge class counsel's fee request[1] triggers heightened scrutiny of the settlement's fairness because of the risk that class counsel may have bargained away valuable relief for the class "in exchange for red carpet treatment on fees."[2]

Second, the proposed attorneys' fee is distinct from the class relief, which decouples class counsel's interest from that of the class. Because class counsel will get paid regardless of whether class members actually submit claims, class counsel only has an incentive to create an appearance of valuable relief, so as to justify their attorney fee, but no incentive to ensure that the class actually obtains any relief. *See* Judge Thomas A. Dickerson, *Consumer Class Actions and Coupon Settlements: Are Consumers Being Shortchanged?,* ADVANCING THE CONSUMER INTEREST at 6 (Sept. 2000). Objector

---

[1] Class Notice, p. 6 ¶ V(A)
[2] *See Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 524-25 (1st Cir. 1991).

expressly reserves the right to comment on and/or object to attorneys' fees when the matter of fees is considered and class counsel present their fee requests.

### V. THE MERE RIGHT FOR CLASS MEMBERS TO REQUEST EXCLUSION DOES NOT MITIGATE THE INADEQUATE RELIEF OFFERED TO CLASS MEMBERS.

As representatives of the class, class counsel had a fiduciary duty to protect the interests of *all* class members at *all* stages of the case - but especially during settlement negotiations. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). The opportunity to exclude oneself from the class cannot cure inadequate representation at any point. Nor does it permit a court to overlook such inadequacies when passing on the fairness of a proposed settlement. Notwithstanding the right to opt-out, courts must carefully scrutinize class settlements to assure that absent class members' rights are not lost, prejudiced, or sold out too cheaply through inadequate representation.

### VI. ADDITIONAL OBJECTIONS

Objector adopts all bona fide objections filed by other objectors in this case.

### VII. CONCLUSION

For the foregoing reasons, Objector respectfully requests that the Court withdraw its conditional approval of the Proposed Settlement and enter orders requiring further proceedings so as to effect substantial justice in this cause between the parties and the absent class members. Objector hereby reserves the right to amend and refine her objections as more information is made available.

Respectfully submitted this 25th day of March, 2009.

LAW OFFICE OF JOHN W. DAVIS

by: _____
John W. Davis
Counsel for Objector
Miriam Chapon