UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>　　　　　　　　　Defendant. | Case No.  2:07CV1928:RDP<br><br>**REPLY TO OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES BY OBJECTORS CHAPON, PETTITT, ET AL.** |

Pursuant to this Court's order of May 12, 2010 (Doc. 113), Coordinated Objector fee petitioners John W. Davis ("Davis") and Kendrick & Nutley ("K&N") herein file the following Reply to the Oppositions to their Application for Attorneys' Fees.

I. **THE DEFEAT OF THE *EDLESON* SETTLEMENT WAS A NECESSARY CONDITION OF THE APPROVAL OF THE *FAUGHT* SETTLEMENT**

From the start, American Home Shield Corporation's ("AHS") fee opposition extols history over logic; in the end, it employs neither to good effect. AHS's attempted history lesson (Doc. 116 at 3) only highlights the rationale

behind the fee request and the invocation of this Court's equitable power. The assertion that the terms of the "original" *Faught* settlement predated the *Edleson* settlement reinforces the fee request. The *Edleson* settlement, had it been approved, would have foreclosed the *Faught* settlement entirely. The "signal improvements" that supposedly existed in the *Faught* settlement would have been absolutely moot if Davis and K&N had not prosecuted objections in California. For their part, the *Faught* plaintiffs and their counsel were content to let the *Edleson* settlement stand, and did nothing to prevent it from mooting the supposedly superior settlement that they had in the wings. Instead, it was the efforts of K&N and Davis that cleared the way for the "original" settlement and its "signal improvements."

AHS's quip that K&N and Davis "should be in line for an award for temerity" instead of being "in line for attorneys' fees" (Doc. 116 at 8) would be considerably funnier if K&N and Davis had not handed AHS's phalanx of eminent lawyers such a thorough drubbing in California, unequivocally defeating the inadequate settlement they tried to foist upon the class. AHS advocated for the approval of the *Edleson* settlement with passionate intensity, and overcoming that advocacy required skill and effort. AHS's attempt at comedic misdirection therefore falls flat. For the same reason, AHS's charge that Davis and K&N essentially want to be paid for losing (i.e., because they did not succeed in

completely destroying the *Faught* settlement as they did the *Edleson* settlement) would be more compelling if it came from an opponent less bruised and bloodied by their work.

History, logic, and the law of the case all establish the compensable role of Davis and K&N. It is established beyond question that the *Edleson* settlement was not good for the class. This Court has ruled that the *Faught* settlement is good for the class. Davis and K&N have never claimed to be solely responsible for the entire difference, but they played a crucial role in making it possible. The settling parties' post-hoc attempt to write them out of the case is unavailing.

## II. DAVIS AND K&N ARE PRESUMPTIVELY RESPONSIBLE FOR THE RESULT IN *EDLESON*

AHS says that it is "impossible to tell" whether the objections K&N and Davis brought in *Edleson* were responsible for the result there. This is both false and, under the circumstances of this case, irrelevant. This Court can easily compare the objections made in *Edleson* (Doc. 77, Exhibits B and C; Doc. 118, Exhibit A) to the ultimate order issued there (Doc 77, Exhibit A). Plaintiff's contention that this Court was never provided with the *Edleson* objections (Doc. 117 at 2) is of course simply wrong, and so the arguments that follow about this Court's inability to analyze the *Edleson* case are not only a day late, but a dollar short.

It is likewise impermissible to infer that Judge Bloom might have reached the same conclusion in the absence of objections. *Green v. Transitron Electronics Corp.*, 326 F.2d 492, 498-99 (1st Cir. 1964) (it is an abuse of discretion for a district court to deny an award of attorney's fees to counsel for an objector who raises arguments ultimately adopted by the court, even if the court's decision was assertedly driven by the court's pre-existing misgivings); *Reynolds v. Beneficial Nat'l. Bk.*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) (incorrect to deny a fee to objectors on the ground that the court independently decided beforehand to adopt course recommended by objection: "[O]bjectors must decide whether to object without knowing what objection may be moot because they have already occurred to the judge.").

AHS notes that none of the other objectors from the *Edleson* case (some of whom were present in *Faught*) has sought a fee, which AHS appears to believe casts doubt on the fee application of K&N and Davis. But the opposite is true. That no other objectors have claimed a fee does not mean that no objectors are entitled to fees; it instead suggests that no other objectors believe that they are entitled to a fee. There is no force to the apparent suggestion that the merit of the present fee application would be enhanced if other objectors had also sought fees. If they had, AHS would be spinning the inference the opposite way, complaining that the flood of fee applications indicated a general lack of merit. Instead, it is

faced with the fee application of two firms that unquestionably had an influence on the proceedings both in observable fact and in reasonable inference.

Plaintiffs contend that this Court did not "observe the quality" of Davis' and K&N's work in the *Edleson* case (Doc. 117 at 3). That is only partly true, inasmuch as this Court has seen both the work (Doc. 77, Exhibits B and C) and the effects of that work, firsthand. And, while it is ordinarily true that the judge presiding over the work as rendered is in the best position to evaluate the financial value of the work, objectors' counsel from *Edleson* cannot apply to Judge Bloom for fees because this Court has (thoroughly and unequivocally) enjoined all proceedings in that case.

Therefore, to the extent that this Court would permit the California state court to proceed on the fee application as it relates to work in the *Edleson* case, Davis and K&N would ask that this motion be to that extent construed as one to modify the injunction to permit them to pursue the relevant aspects of their fee request before that court.

At this point, with the information available to this Court, Davis and K&N are entitled to a presumption that their efforts caused the denial of the settlement in *Edleson*, and the opposing parties have given no reason for this Court to find otherwise.

## III. THIS COURT MAY COMPENSATE COUNSEL FOR WORK IN A PRIOR RELATED CASE

Plaintiffs' contention that courts have not awarded fees on "even a single occasion" (Doc. 117 at 5) for work done in other courts is, as might be anticipated from its absolute formulation, totally incorrect. *Gordon v. Heimann*, 715 F.2d 531 (11th Cir. 1983), involved exactly that situation. See also, e.g., *Simi Investment Co., Inc. v. Harris County Tex.*, 236 F.3d 240 (5th Cir. 2000) (collecting cases) ("[W]here a state proceeding is a necessary preliminary action to the enforcement of a federal claim, these attorneys' fees may be available in some circumstances, subject to the discretion of the district court."). Plaintiffs' non-existent rule would deprive the courts of their equitable powers and responsibilities, for while there certainly are many cases in which there could be no award of attorneys' fees for work in a prior proceeding, there are other cases (such as this one) where an award of attorneys' fees would be appropriate. It is the province of courts to distinguish the two situations.

## IV. OBJECTORS' COUNSEL CAN BE COMPENSATED FOR THEIR WORK IN THE *FAUGHT* CASE

Both AHS and Plaintiffs claim that Davis and K&N cannot be compensated for work relating to the *Faught* case because this Court changed only the incentive payment scheme and the overly-favorable treatment to be afforded to the class

representatives, otherwise approving the settlement. Both Davis and K&N expressly pressed objections to that scheme in *Faught*. Yet, the settling parties say that change did not benefit the class.

First, as already pointed out, much of the benefit to the class in the *Faught* settlement was brought about by the defeat of the *Edleson* settlement. But the parties also disregard the actual law on fee awards to objectors, well discussed in the fee petition, which permits district courts to recognize the efforts of objectors where they assist the Court in analyzing the settlement or otherwise contribute adversarial context to the proceedings. This Court indeed has already acknowledged Mr. Davis' contribution in this case. See Doc. 105 at 36 n.14 ("The court was very impressed with Mr. Davis and fully appreciates both his candor and advocacy."). There is no question that fee petitioners here did that, and they request that it be recognized through a reasonable fee. [1]

---

[1] In the particular case of K&N, AHS's byzantine description of which lawyers appeared in *Faught*, for which objector, when, with what local counsel, and which of those are seeking fees, appears at first glance to be a run-up to a hyper-technical argument of some kind. See Doc. 116 at 2, n.2. Yet it never even gets to that level – none of the settlement terms or orders of this Court that AHS cites applies to the situation presented by this fee petition. There is no procedural irregularity of some kind that the parties can invoke to eliminate entitlement to fees in this situation.

## V. THIS COURT HAS THE JURISDICTION AND DISCRETION TO DO EQUITY AMONG THE PARTIES AND THEIR COUNSEL, PREVENTING UNJUST ENRICHMENT OF AHS AND PLAINTIFFS' COUNSEL

AHS argues that it did not contract to pay more under the *Faught* settlement, and that the Court cannot now condition settlement upon the payment of objectors' counsel's fees because it has already entered judgment, so that the request for fees is untimely. That is demonstrably incorrect. An award of attorneys' fees after judgment is expressly contemplated in a case such as this, does not involve changing the judgment, and is a predictable consequence of the judgment. *Gordon v. Heimann*, 715 F.2d 531, 536-37 (11th Cir. 1983).

Further, the argument misses the mark because it ignores the fact that AHS has, under the new settlement, saved approximately $1 million in attorneys' fees, or the difference between what it had committed to pay to the plaintiffs' lawyers in *Edleson* and what it is now committed to paying the plaintiffs' lawyers in *Faught*. In addition, the plaintiffs' lawyers in the *Faught* case would presumably have gone entirely unpaid if the *Edleson* settlement had not been disapproved. They literally owe their payday to the efforts of K&N and Davis. Both AHS and Plaintiffs' counsel will be unjustly enriched if they are permitted to benefit financially from Objectors' counsel's work without compensating them.

This Court has continuing jurisdiction over the parties, and over the attorneys' fee fund already generated, and to any funds to be generated. It clearly

has the discretion to recognize in equity the contributions of Davis and K&N, which are clearly evident despite the parties' attempts to minimize them.

Dated:  May 21, 2010                              Respectfully submitted,

                                                            /s/  John W. Davis                                .
                                                            John W. Davis (admitted *pro hac vice*)
                                                            Law Office of John W. Davis
                                                            501 W. Broadway, Ste. 800
                                                            San Diego, California  92101
                                                            Telephone:  (619) 400-4870
                                                            Facsimile:  (619) 342-7170