FILED

2010 May-26  PM 01:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated, } | |
| Plaintiffs, } | |
| v. } | Case No.: 2:07-CV-1928-RDP |
| AMERICAN HOME SHIELD CORPORATION, } | |
| Defendant. } | |

## ORDER

The court has before it the Application for an Award of Attorneys' Fees and Costs of Coordinated Objecting Class Members (Doc. # 109), filed May 11, 2010. The matter has now been fully briefed.  (Docs. # 110, 111, 112, 116, 117, 118 and 119).

The subject motion was filed by Attorney John W. Davis ("Davis") on behalf of himself and other attorneys representing certain parties and class members who not only objected to the Settlement in this case ("the *Faught* Settlement"), but also to the ultimately-rejected settlement in *Karon and L.B. Chip Edleson v. American Home Shield of California, Inc., et al.*, Case No. 37-2007-00071725-CU-BT-CTL pending in the Superior Court of California for the County of San Diego ("the *Edleson* settlement").  Specifically, Davis seeks an award of fees on behalf of (1) himself for representing the Chapon Objectors, (2) the firm Kendrick & Nutley, which filed objections on behalf of the Pettitt Objectors (*see* Doc. # 77),[1] and (3) R. Stephen Griffis, PC, which

---

[1] The Pettitt objectors were represented at the fairness hearing by Kearney Dee Hutsler who, to date, has not sought an award of attorneys fees.

acted as local counsel for Davis in representing the Chapon Objectors. (Collectively "the Objectors."). (Docs. # 109, 110, 111, 112).

"An objector to a class action settlement is not generally entitled to an award of counsel fees." *In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 358 (N.D. Ga. 1993). However, where an attorney's actions in objecting to a settlement have "conferred a benefit" upon the class, such an award may be appropriate. *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PRICEWATERHOUSECOOPERS, L.L.P.*, 212 F.R.D. 400, 413 (E.D. Wis. 2002); *see also Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 855 (10th Cir.1993) (awarding fees to objecting counsel because the court found that the objection was valid and conferred a net benefit on the class); *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1098 (2d Cir.1977) (the court should consider "whether the efforts of objectors' counsel 'improved' the settlement, 'assisted the court,' and/or 'enhanced the recovery' in any discernible fashion."); *In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. at 358 ("Where the objections filed, however, produced a beneficial effect upon the progress of the litigation, an award of fees in appropriate."). However, objectors' requests for fees are appropriately denied where the evidence does not support a showing that the objectors "substantially contributed" to the settlement. *In re Holocaust Victim Assets Litigation,* 424 F.3d 150, 158 (2nd Cir. 2005); *see also Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288-89 (7th Cir. 2002) (the fact that changes in the settlement at issue were not directly attributable to the objectors' counsel's efforts was a "compelling ground for denying the objectors a fee").

Thus, the Objectors' entitlement to an award of attorneys' fees is dependent upon their ability to show that they have either (1) conferred some benefit on the class or (2) substantially improved the settlement under consideration.

2

I.     **The Objectors Have Not Shown that They Were Responsible for the Rejection of the** *Edleson* **Settlement and Thereby Paved the Way for the** *Faught* **Settlement**

The Objectors request an award of fees incurred not only in connection with their objections to the *Faught* Settlement, but also because they objected to the *Edleson* settlement.  (*See, e.g.* Docs. # 110 and 111).  This court did not preside over the *Edleson* case or the fairness hearing conducted in that matter.  The only information this court has been provided related to that hearing are (1) the objections filed by Todd Pettitt (Doc. # 77, Ex. B); (2) the objections filed by Sharon Ann Lee, and John and Connie Pentz (Doc. # 77, Ex. C); (3) the objections filed by Miriam Chapon (Doc. # 118, Ex. A); and (4) Judge Bloom's July 8, 2009 Minute Order denying final approval of the *Edleson* settlement.  (Doc. # 77, Ex. A).

Although it is clear from Judge Bloom's July 8, 2009 Minute Order that he flatly rejected the proposed *Edleson* settlement, his Order is absolutely silent as to rulings on any objections to the settlement and as to whether any of the objections formed the basis for his decision.  (Doc. # 39-6).  The Objectors argue that because they objected to the *Edleson* settlement and the court rejected it, their efforts are "presumptively" responsible for that result which paved the way for the *Faught* Settlement to be approved.  The court disagrees, at least on the record before it.

The burden is on the Objectors to establish that *their* efforts conferred a benefit on the class.  However, the record is devoid of information relating to how many objectors appeared in the *Edleson* matter or whether the *only* objections made to the settlement were made by Mr. Pettitt, Ms. Lee, the Pentzes and Ms. Chapon.  The court cannot *a fortiori* conclude that merely because the Objectors filed objections in *Edleson*, the *Edleson* court disapproved the settlement.  First, the record evidence is insufficient for this court to conclude that the Objectors are solely responsible for the

rejection of the *Edleson* settlement.  *See, e.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d at 288-89 (where other lawyers made the same objections, the objectors at issue "added nothing.").  Second, the *Edleson* settlement was so devoid of any benefit to the class that the court cannot say with any confidence that Judge Bloom would have approved the settlement even if there had been no objections made to it.  Accordingly, this court declines the invitation to engage in the rank speculation necessary to conclude that the Objectors here were the catalyst for Judge Bloom's decision rejecting the *Edleson* settlement.

## II.     The Objectors Did Not Improve the *Faught* Settlement

### A.     The Objectors Contributed to No Changes in the *Faught* Settlement

Furthermore, even if it could be said that the Objectors were responsible for the rejection of the *Edleson* settlement, the record does not support a finding that the rejection of the *Edleson* settlement produced any improvements in the *Faught* settlement, much less substantial ones.  From the time records submitted by Davis, it appears that work on objections to the *Edleson* settlement began in mid-February 2009.  (Doc. # 111).  The objections were not filed until the end of March 2009. (Docs. # 77, Exs. B and C; Doc. # 118, Ex. A).  However, the terms of the *Faught* Settlement had been agreed upon by that time.  (*See* Docs. # 23, 29, 109 at ¶ 2).[2]

During the latter part of 2008, parallel settlement negotiations were proceeding in *Faught* and in *Edleson*, with the negotiations in *Faught* being limited to an Alabama class, and the negotiations in *Edleson* proceeding on the presumption of a nation-wide class.  (Docs. # 23, 29, 109 at ¶ 2).  The *Edleson* settlement was preliminarily approved on December 31, 2008.  (Doc. # 39-5).  Despite the

---

[2] The time records submitted by the firm of Kendrick & Nutley do not appear to be contemporaneous time records. The time records appear in summary fashion and contain no indication of the date or dates on which sometimes large blocks of time are to have occurred.

preliminary approval of *Edleson*, the *Faught* negotiations continued.  On January 28, 2009, the parties notified the court that they had executed a Stipulation of Settlement in *Faught* which resolved all issues except attorneys' fees.  (*See, e.g.* Doc. # 116 at 3; Exhibit A hereto).  Nonetheless, the *Faught* counsel postponed seeking approval of the *Faught* Settlement while the *Edleson* settlement was under consideration by the court in California.

As soon as this court was notified that the California court had rejected the *Edleson* settlement, it held a status conference in this case. (Minute Entry dated July 30, 2009).  At that status conference, counsel reiterated to the court that the *Faught* settlement reached in January was firm as to all terms except attorneys' fees, and that the terms were different and more favorable than those rejected in *Edleson*.  During that status conference, counsel reviewed with the court the differences between the *Faught* settlement and the *Edleson* settlement.  Those differences discussed on July 30, 2009 are embodied in the Settlement approved by this court.  (*See, e.g.* Doc. # 43).

On October 6, 2009, subsequent to the demise of the *Edleson* settlement, the parties in *Faught* filed a Notice of Settlement of Class Action. (Doc. # 35).  That same day, Class Counsel in *Faught* filed an Amended Complaint reflecting a revised definition of the proposed class to reflect a nationwide class. (Doc. # 34).  Therefore, although the class was expanded, the terms and class relief that had already been negotiated (before the *Edleson* settlement was disapproved) remained the same.  Thus, any objections asserted in *Edleson* could not have been a catalyst to improving those terms and relief.  Thereafter they negotiated regarding a request for attorneys fees for Class Counsel.  Once that matter was resolved, on October 9, 2009, the *Faught* parties filed a Joint Motion for Preliminary Approval of Proposed Settlement.  (Doc. # 36).

Thus, the Objectors' argument that they improved the *Faught* settlement by objecting to the *Edleson* settlement is at best speculative, and in any event is unsupported by the record before the court.[3]

### B.    The One Objection Sustained Did Not Benefit the Class

The Objectors also request fees for objecting to the *Faught* Settlement on the theory that their objections benefitted the class.  This argument is wholly without merit.  With a single exception all objections made in this case were overruled.  (Doc. # 105).  The only objection sustained merely denied the Faughts' claim for compensation and required them to go through the Review desk process which their settlement established.  Because claims are not paid from any segregated pool of funds, this objection did not benefit the class as a whole in any way.   Therefore, the record is devoid of any benefit to the class resulting from the objections made by the Objectors.  "Because objectors did not increase the fund or otherwise substantially benefit the class members, they were not entitled to fees."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002).

### III.   Conclusion

For the foregoing reasons, the Application for an Award of Attorneys' Fees and Costs of Coordinated Objecting Class Members (Doc. # 109) is **DENIED**.

---

[3] No argument can be made that the different fee request in the *Faught* Settlement, as compared to the request in the *Edleson* settlement, had any beneficial effect on the class.  Because this is not a common fund settlement, the award of fees does not come from a common fund that would otherwise go to the Class.

**DONE** and **ORDERED** this _____26th_____ day of May, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE