IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, | CLASS ACTION |
| | Case No. 2:07CV1928-RDP |
| Plaintiffs, | Judge R. David Proctor |
| v. | |
| AMERICAN HOME SHIELD CORPORATION, | |
| Defendants. | |

## NOTICE OF APPEAL

Objecting Class Members Todd Pettitt, Sharon Lee, Miriam Chapon and John Chapon

("Objectors) hereby appeal to the United States Court of Appeals for the Eleventh Circuit from

this Court's Final Judgment Granting Final Approval of the Class Action Settlement Agreement

Between the Class and Defendant American Home Shield Corporation (Doc. No. 106) filed

April 27, 2010 and additionally appeal from the Order filed May 26, 2010 (Doc No. 121)

denying Objectors' counsel's motion for an award of attorneys' fees and costs. Copies of the

Judgment and Order being appealed are attached hereto as Exhibits 1 and 2 respectively.

Dated: May 26, 2010

                                             __/s/ John W. Davis__

                                                  John W. Davis

                                     Law Offices of John W. Davis
                                     501 West Broadway, Suite 800
                                     San Diego, California 92101
                                     Telephone: (619) 400-4870
                                     Facsimile: (619) 342-7170

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | } } } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | Case No.: 2:07-CV-1928-RDP |
| | } | |
| AMERICAN HOME SHIELD CORPORATION, | } } | |
| | } | |
| Defendant. | } | |

## FINAL JUDGMENT GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT BETWEEN THE CLASS AND DEFENDANT AMERICAN HOME SHIELD CORPORATION

In accordance with the Memorandum Opinion entered this day, the court hereby **ORDERS**[1] the following:

1.      The court **CONCLUDES** that it has jurisdiction over the subject matter of the Action and over all Class Members.

2.      Pursuant to Federal Rule of Civil Procedure 23, the court hereby **CERTIFIES**, for purposes of effectuating the Settlement only, a Settlement Class consisting of all Persons in the United States who purchased or were issued any Home Service Contract during the period beginning on July 24, 2001, up to and including October 20, 2009.  Excluded from the Settlement Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator, or arbitrator who has jurisdiction over or will serve in connection with this matter now or

---

[1]This Final Judgment and Order incorporates by reference the definitions in the Agreement, and all applicable terms used herein shall have the same meanings as set forth in the Agreement.

in the future, and any member of the family or staff of any such judge, mediator, or arbitrator, and those who filed timely and valid requests for exclusion from the Settlement Class pursuant to this court's orders.

3.     With respect to the Settlement Class, the court **FINDS** and **CONCLUDES** that:  (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) under  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997), the manageability of a nationwide class, such as manageability issues arising from legal and factual variation, is not implicated in the settlement context, and need not be considered, because "the proposal is that there be no trial"; (c) because legal and factual variation are not considered in deciding whether a Settlement Class should be certified for settlement purposes, there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (d) claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (e) the Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (f) a class action is superior for the fair and efficient adjudication of this action.

4.     Laura Faught and Steven Faught are **APPOINTED** as Class Representatives.

5.     D. Frank Davis, John E. Norris, and the firm of Davis & Norris LLP are **APPOINTED** as Class Counsel.

6.     The court **FINDS** that the Class Notice has been disseminated to the Class pursuant to and in the manner directed by the Scheduling Order, and a declaration from Becky Geelan (Doc. # 85, Attachment 1) attesting to the proof of the mailing of the Class Notice to the Class has been filed with the court.  The court finds that the Class Notice fully, fairly, and accurately informed all

Class Members of the material elements of this Action and the proposed Settlement, and constituted: (i) the best practicable notice; and (ii) notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of this Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; and (iii) notice in conformity with the requirements of Fed. R. Civ. P. 23(c)(2).  Notice was also sent to appropriate state and federal authorities pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.  (Doc. # 92, Attachment 1).

7.      The proposed Settlement, attached as Exhibit A to the Order Preliminarily Approving Settlement and Providing for Notice (Doc. # 37) is **APPROVED** as fair, adequate and reasonable, and not the product of collusion among the parties.

8.      The parties to the Settlement are **AUTHORIZED** and **DIRECTED** to comply with and to consummate the Settlement in accordance with its terms and provisions.[2]

---

[2]Pursuant to the parties' express agreement, in the event the Settlement does not become effective in accordance with the terms of the Agreement, this Final Judgment and Order shall be rendered null and void and shall be vacated, except to the extent provided by, and in accordance with, the Agreement; provided further, that in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

Also pursuant to the parties' express stipulation, neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, including any of the negotiations or proceedings connected with it: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendant; or (b) is or may be deemed to be or used as an admission of, or evidence of, any fault or omissions of the Defendant in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Agreement or the Settlement provided therein, or this Judgment, except that Defendant may file the Agreement, this Judgment or any other document filed of record in this Action in any action or proceeding that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

9.      The Status Report Regarding Business Practice Changes (Doc. # 97), filed March 9, 2010, is **INCORPORATED** as part of this Final Judgment, and such Report is to be given effect according to its terms as part of the Settlement and being subject to the terms of the Settlement;

10.     The Named Plaintiffs and each of the Class Members **SHALL** be deemed to have, and by operation of this Final Judgment, fully, finally, and forever released the Released Claims in accordance with the terms of the Agreement.

11.     The Named Plaintiffs, all Class Members, their counsel and anyone claiming through or for the benefit of any of them, are **ENJOINED** from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or prosecution of any Suit asserting any of the Released Claims against the Released Parties, either directly, representatively, or in any other capacity. Furthermore, all Class Members who failed to file a timely and valid objection to the Agreement are deemed to have waived and forfeited any such objections and are bound by all terms of the Agreement, including the Releases and this Final Judgment and Order. Attached to this Order is Defendant's Exhibit # 4 which is a list of all Class Members who have filed a timely and valid request for exclusion from the Class.

12.     All objections to the Settlement filed herein (Docs. # 68, 69, 71, 72, 73, 74, 75, 76, 77, 78 and 79) are **OVERRULED** and the court notes that each Settlement Class Member covenants not to participate in any Suit against Defendant unless such Settlement Class Member has first complied with the terms of the Agreement.

13.     This action is **DISMISSED WITH PREJUDICE**; however, the court **RETAINS JURISDICTION** to enforce the terms of the Settlement Agreement, and **RESERVES** ruling on the

issue of attorney's fees and the outstanding motions regarding the court's All Writs Act Injunction (Doc. # 43).

14.     Except as expressly provided in the Settlement, each of the parties, including each Class Member, **SHALL** bear his/her/its own costs, fees and expenses.

     **DONE** and **ORDERED** this _____27th_____ day of April, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

5

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated, | } } } } | |
| Plaintiffs, | } } | |
| v. | } } } | Case No.: 2:07-CV-1928-RDP |
| AMERICAN HOME SHIELD CORPORATION, | } } } | |
| Defendant. | } } | |

## <u>ORDER</u>

The court has before it the Application for an Award of Attorneys' Fees and Costs of Coordinated Objecting Class Members (Doc. # 109), filed May 11, 2010. The matter has now been fully briefed.  (Docs. # 110, 111, 112, 116, 117, 118 and 119).

The subject motion was filed by Attorney John W. Davis ("Davis") on behalf of himself and other attorneys representing certain parties and class members who not only objected to the Settlement in this case ("the *Faught* Settlement"), but also to the ultimately-rejected settlement in *Karon and L.B. Chip Edleson v. American Home Shield of California, Inc., et al.*, Case No. 37-2007-00071725-CU-BT-CTL pending in the Superior Court of California for the County of San Diego ("the *Edleson* settlement").  Specifically, Davis seeks an award of fees on behalf of (1) himself for representing the Chapon Objectors, (2) the firm Kendrick & Nutley, which filed objections on behalf of the Pettitt Objectors (*see* Doc. # 77),[1] and (3) R. Stephen Griffis, PC., which

---

[1] The Pettitt objectors were represented at the fairness hearing by Kearney Dee Hutsler who, to date, has not sought an award of attorneys fees.

acted as local counsel for Davis in representing the Chapon Objectors.   (Collectively "the Objectors.").  (Docs. # 109, 110, 111, 112).

"An objector to a class action settlement is not generally entitled to an award of counsel fees." *In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 358 (N.D. Ga. 1993).  However, where an attorney's actions in objecting to a settlement have "conferred a benefit" upon the class, such an award may be appropriate.  *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PRICEWATERHOUSECOOPERS, L.L.P.*, 212 F.R.D. 400, 413 (E.D. Wis. 2002); *see also Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 855 (10th Cir.1993) (awarding fees to objecting counsel because the court found that the objection was valid and conferred a net benefit on the class); *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1098 (2d Cir.1977) (the court should consider "whether the efforts of objectors' counsel 'improved' the settlement, 'assisted the court,' and/or 'enhanced the recovery' in any discernible fashion."); *In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. at 358 ("Where the objections filed, however, produced a beneficial effect upon the progress of the litigation, an award of fees in appropriate.").  However, objectors' requests for fees are appropriately denied where the evidence does not support a showing that the objectors "substantially contributed" to the settlement.  *In re Holocaust Victim Assets Litigation,* 424 F.3d 150, 158 (2nd Cir. 2005); *see also Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288-89 (7th Cir. 2002) (the fact that changes in the settlement at issue were not directly attributable to the objectors' counsel's efforts was a "compelling ground for denying the objectors a fee").

Thus, the Objectors' entitlement to an award of attorneys' fees is dependent upon their ability to show that they have either (1) conferred some benefit on the class or (2) substantially improved the settlement under consideration.

I.      **The Objectors Have Not Shown that They Were Responsible for the Rejection of the** *Edleson* **Settlement and Thereby Paved the Way for the** *Faught* **Settlement**

The Objectors request an award of fees incurred not only in connection with their objections to the *Faught* Settlement, but also because they objected to the *Edleson* settlement. (*See, e.g.* Docs. # 110 and 111). This court did not preside over the *Edleson* case or the fairness hearing conducted in that matter. The only information this court has been provided related to that hearing are (1) the objections filed by Todd Pettitt (Doc. # 77, Ex. B); (2) the objections filed by Sharon Ann Lee, and John and Connie Pentz (Doc. # 77, Ex. C); (3) the objections filed by Miriam Chapon (Doc. # 118, Ex. A); and (4) Judge Bloom's July 8, 2009 Minute Order denying final approval of the *Edleson* settlement. (Doc. # 77, Ex. A).

Although it is clear from Judge Bloom's July 8, 2009 Minute Order that he flatly rejected the proposed *Edleson* settlement, his Order is absolutely silent as to rulings on any objections to the settlement and as to whether any of the objections formed the basis for his decision. (Doc. # 39-6). The Objectors argue that because they objected to the *Edleson* settlement and the court rejected it, their efforts are "presumptively" responsible for that result which paved the way for the *Faught* Settlement to be approved. The court disagrees, at least on the record before it.

The burden is on the Objectors to establish that *their* efforts conferred a benefit on the class. However, the record is devoid of information relating to how many objectors appeared in the *Edleson* matter or whether the *only* objections made to the settlement were made by Mr. Pettitt, Ms. Lee, the Pentzes and Ms. Chapon. The court cannot *a fortiori* conclude that merely because the Objectors filed objections in *Edleson*, the *Edleson* court disapproved the settlement. First, the record evidence is insufficient for this court to conclude that the Objectors are solely responsible for the

rejection of the *Edleson* settlement. *See, e.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d at 288-89 (where other lawyers made the same objections, the objectors at issue "added nothing."). Second, the *Edleson* settlement was so devoid of any benefit to the class that the court cannot say with any confidence that Judge Bloom would have approved the settlement even if there had been no objections made to it. Accordingly, this court declines the invitation to engage in the rank speculation necessary to conclude that the Objectors here were the catalyst for Judge Bloom's decision rejecting the *Edleson* settlement.

## II.   The Objectors Did Not Improve the *Faught* Settlement

### A.   The Objectors Contributed to No Changes in the *Faught* Settlement

Furthermore, even if it could be said that the Objectors were responsible for the rejection of the *Edleson* settlement, the record does not support a finding that the rejection of the *Edleson* settlement produced any improvements in the *Faught* settlement, much less substantial ones. From the time records submitted by Davis, it appears that work on objections to the *Edleson* settlement began in mid-February 2009. (Doc. # 111). The objections were not filed until the end of March 2009. (Docs. # 77, Exs. B and C; Doc. # 118, Ex. A). However, the terms of the *Faught* Settlement had been agreed upon by that time. (*See* Docs. # 23, 29, 109 at ¶ 2).[2]

During the latter part of 2008, parallel settlement negotiations were proceeding in *Faught* and in *Edleson*, with the negotiations in *Faught* being limited to an Alabama class, and the negotiations in *Edleson* proceeding on the presumption of a nation-wide class. (Docs. # 23, 29, 109 at ¶ 2). The *Edleson* settlement was preliminarily approved on December 31, 2008. (Doc. # 39-5). Despite the

---

[2] The time records submitted by the firm of Kendrick & Nutley do not appear to be contemporaneous time records. The time records appear in summary fashion and contain no indication of the date or dates on which sometimes large blocks of time are to have occurred.

4

preliminary approval of *Edleson*, the *Faught* negotiations continued. On January 28, 2009, the parties notified the court that they had executed a Stipulation of Settlement in *Faught* which resolved all issues except attorneys' fees. (*See, e.g.* Doc. # 116 at 3; Exhibit A hereto). Nonetheless, the *Faught* counsel postponed seeking approval of the *Faught* Settlement while the *Edleson* settlement was under consideration by the court in California.

As soon as this court was notified that the California court had rejected the *Edleson* settlement, it held a status conference in this case. (Minute Entry dated July 30, 2009). At that status conference, counsel reiterated to the court that the *Faught* settlement reached in January was firm as to all terms except attorneys' fees, and that the terms were different and more favorable than those rejected in *Edleson.* During that status conference, counsel reviewed with the court the differences between the *Faught* settlement and the *Edleson* settlement. Those differences discussed on July 30, 2009 are embodied in the Settlement approved by this court. (*See, e.g.* Doc. # 43).

On October 6, 2009, subsequent to the demise of the *Edleson* settlement, the parties in *Faught* filed a Notice of Settlement of Class Action. (Doc. # 35). That same day, Class Counsel in *Faught* filed an Amended Complaint reflecting a revised definition of the proposed class to reflect a nationwide class. (Doc. # 34). Therefore, although the class was expanded, the terms and class relief that had already been negotiated (before the *Edleson* settlement was disapproved) remained the same. Thus, any objections asserted in *Edleson* could not have been a catalyst to improving those terms and relief. Thereafter they negotiated regarding a request for attorneys fees for Class Counsel. Once that matter was resolved, on October 9, 2009, the *Faught* parties filed a Joint Motion for Preliminary Approval of Proposed Settlement. (Doc. # 36).

Thus, the Objectors' argument that they improved the *Faught* settlement by objecting to the *Edleson* settlement is at best speculative, and in any event is unsupported by the record before the court.[3]

### B.     The One Objection Sustained Did Not Benefit the Class

The Objectors also request fees for objecting to the *Faught* Settlement on the theory that their objections benefitted the class.  This argument is wholly without merit.  With a single exception all objections made in this case were overruled.  (Doc. # 105).  The only objection sustained merely denied the Faughts' claim for compensation and required them to go through the Review desk process which their settlement established.  Because claims are not paid from any segregated pool of funds, this objection did not benefit the class as a whole in any way.   Therefore, the record is devoid of any benefit to the class resulting from the objections made by the Objectors.  "Because objectors did not increase the fund or otherwise substantially benefit the class members, they were not entitled to fees." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002).

## III.   Conclusion

For the foregoing reasons, the Application for an Award of Attorneys' Fees and Costs of Coordinated Objecting Class Members (Doc. # 109) is **DENIED**.

---

[3] No argument can be made that the different fee request in the *Faught* Settlement, as compared to the request in the *Edleson* settlement, had any beneficial effect on the class.  Because this is not a common fund settlement, the award of fees does not come from a common fund that would otherwise go to the Class.

**DONE** and **ORDERED** this _____26th_____ day of May, 2010.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2010, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the

following:

John E. Goodman
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

Lea Bone
BATES & BONE LLP
2154 Highland Avenue
Birmingham, AL 35205

D. Frank Davis
DAVIS & NORRIS, LLP
2154 Highland Avenue
Birmingham, AL 35205

Kirkland E. Reid
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
Post Office Box 46
Mobile, AL 36601

Charles M. Thompson
CHARLES M. THOMPSON, PC
3615 Canongate Lane
Birmingham, AL 35242

Pat Tulinski
Assistant Attorney General
300 West 15th Street, 9th Floor, MC010
Austin, TX 78701

and I hereby certify that I have served by facsimile and U.S. Mail the document to the following non-CM/ECF participants:

Francis A Bottini, Jr.
JOHNSON BOTTINI, LLP
501 Wes Broadway, Suite 1720
San Diego, CA 92101
Facsimile: 619-238-0622

David J. Worley
PAGE PERRY LLC
1040 Crown Pointe Parkway, Suite 1050
Atlanta, GA 30338
Facsimile: 770-673-0120

Edward D. Chapman
CHAPIN WHEELER, LLP
550 West C Street, Suite 2000
San Diego, CA 92101
Facsimile: 619-955-5318

Frank Tomlinson
15 North 21st, Suite 302
Birmingham, AL 35203
Facsimile: 205-328-2889

/s/ John W. Davis
John W. Davis