FILED
2010 May-27 PM 01:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT and STEVEN FAUGHT, <br><br> Plaintiffs, <br> v. <br><br> AMERICAN HOME SHIELD CORPORATION, <br><br> Defendants. | ) CLASS ACTION <br> ) Case No. 2:07CV1928-RDP <br> ) Judge R. David Proctor <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF APPEAL OF CLASS MEMBER
### THOMAS ARRINGTON

Comes now Thomas Arrington, Objector and class member, and hereby appeals to the United States Court of Appeals for the Eleventh Circuit from this Court's <u>Final Judgment Granting Final Approval of the Class Action Settlement Agreement Between the Class and Defendant American Home Shield Corporation</u> (Doc. No. 106) filed April 27, 2010. A copy of the Final Judgment being appealed is attached.

This is an appeal taken as of right pursuant to Rule 4(a)(3) FRAP.

Dated: May 27, 2010

                                                      Respectfully submitted,
                                                      *Kearney Dee Hutsler*
                                                      Kearney Dee Hutsler
                                                      Attorney for Objector/ Class member
                                                      2700 Hwy. 280, Suite 320W
                                                      Birmingham, Alabama 35223
                                                      Phone No. (205) 414-9979
                                                      Fax No. (205) 879-9229

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>Defendant. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>} Case No.: 2:07-CV-1928-RDP<br>}<br>}<br>}<br>}<br>}<br>} |

## FINAL JUDGMENT GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT BETWEEN THE CLASS AND DEFENDANT AMERICAN HOME SHIELD CORPORATION

In accordance with the Memorandum Opinion entered this day, the court hereby **ORDERS**[1] the following:

1.  The court **CONCLUDES** that it has jurisdiction over the subject matter of the Action and over all Class Members.

2.  Pursuant to Federal Rule of Civil Procedure 23, the court hereby **CERTIFIES**, for purposes of effectuating the Settlement only, a Settlement Class consisting of all Persons in the United States who purchased or were issued any Home Service Contract during the period beginning on July 24, 2001, up to and including October 20, 2009. Excluded from the Settlement Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator, or arbitrator who has jurisdiction over or will serve in connection with this matter now or

---

[1] This Final Judgment and Order incorporates by reference the definitions in the Agreement, and all applicable terms used herein shall have the same meanings as set forth in the Agreement.

in the future, and any member of the family or staff of any such judge, mediator, or arbitrator, and those who filed timely and valid requests for exclusion from the Settlement Class pursuant to this court's orders.

3.  With respect to the Settlement Class, the court **FINDS** and **CONCLUDES** that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) under *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997), the manageability of a nationwide class, such as manageability issues arising from legal and factual variation, is not implicated in the settlement context, and need not be considered, because "the proposal is that there be no trial"; (c) because legal and factual variation are not considered in deciding whether a Settlement Class should be certified for settlement purposes, there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (d) claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (e) the Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (f) a class action is superior for the fair and efficient adjudication of this action.

4.  Laura Faught and Steven Faught are **APPOINTED** as Class Representatives.

5.  D. Frank Davis, John E. Norris, and the firm of Davis & Norris LLP are **APPOINTED** as Class Counsel.

6.  The court **FINDS** that the Class Notice has been disseminated to the Class pursuant to and in the manner directed by the Scheduling Order, and a declaration from Becky Geelan (Doc. # 85, Attachment 1) attesting to the proof of the mailing of the Class Notice to the Class has been filed with the court. The court finds that the Class Notice fully, fairly, and accurately informed all

Class Members of the material elements of this Action and the proposed Settlement, and constituted: (i) the best practicable notice; and (ii) notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of this Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; and (iii) notice in conformity with the requirements of Fed. R. Civ. P. 23(c)(2). Notice was also sent to appropriate state and federal authorities pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. (Doc. # 92, Attachment 1).

7. The proposed Settlement, attached as Exhibit A to the Order Preliminarily Approving Settlement and Providing for Notice (Doc. # 37) is **APPROVED** as fair, adequate and reasonable, and not the product of collusion among the parties.

8. The parties to the Settlement are **AUTHORIZED** and **DIRECTED** to comply with and to consummate the Settlement in accordance with its terms and provisions.[2]

---

[2]Pursuant to the parties' express agreement, in the event the Settlement does not become effective in accordance with the terms of the Agreement, this Final Judgment and Order shall be rendered null and void and shall be vacated, except to the extent provided by, and in accordance with, the Agreement; provided further, that in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

Also pursuant to the parties' express stipulation, neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, including any of the negotiations or proceedings connected with it: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendant; or (b) is or may be deemed to be or used as an admission of, or evidence of, any fault or omissions of the Defendant in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Agreement or the Settlement provided therein, or this Judgment, except that Defendant may file the Agreement, this Judgment or any other document filed of record in this Action in any action or proceeding that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

9.      The Status Report Regarding Business Practice Changes (Doc. # 97), filed March 9, 2010, is **INCORPORATED** as part of this Final Judgment, and such Report is to be given effect according to its terms as part of the Settlement and being subject to the terms of the Settlement;

10.     The Named Plaintiffs and each of the Class Members **SHALL** be deemed to have, and by operation of this Final Judgment, fully, finally, and forever released the Released Claims in accordance with the terms of the Agreement.

11.     The Named Plaintiffs, all Class Members, their counsel and anyone claiming through or for the benefit of any of them, are **ENJOINED** from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or prosecution of any Suit asserting any of the Released Claims against the Released Parties, either directly, representatively, or in any other capacity.  Furthermore, all Class Members who failed to file a timely and valid objection to the Agreement are deemed to have waived and forfeited any such objections and are bound by all terms of the Agreement, including the Releases and this Final Judgment and Order.  Attached to this Order is Defendant's Exhibit # 4 which is a list of all Class Members who have filed a timely and valid request for exclusion from the Class.

12.     All objections to the Settlement filed herein (Docs. # 68, 69, 71, 72, 73, 74, 75, 76, 77, 78 and 79) are **OVERRULED** and the court notes that each Settlement Class Member covenants not to participate in any Suit against Defendant unless such Settlement Class Member has first complied with the terms of the Agreement.

13.     This action is **DISMISSED WITH PREJUDICE**; however, the court **RETAINS JURISDICTION** to enforce the terms of the Settlement Agreement, and **RESERVES** ruling on the

issue of attorney's fees and the outstanding motions regarding the court's All Writs Act Injunction (Doc. # 43).

    14.    Except as expressly provided in the Settlement, each of the parties, including each Class Member, **SHALL** bear his/her/its own costs, fees and expenses.

    **DONE** and **ORDERED** this   27th   day of April, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE