IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated, } } } } | |
| Plaintiffs, } | |
| v. } | Case No.: 2:07-CV-1928-RDP |
| AMERICAN HOME SHIELD CORPORATION, } } } | |
| Defendant. } | |

### MEMORANDUM OPINION

The court has before it the Brief of Karon and L.B. "Chip" Edleson in Support of Expedited Motion to Stay the October 30, 2009 Order for Lack of Personal Jurisdiction (Doc. #45) filed in this court on November 4, 2009. The Brief (Doc. #45) is clearly a motion in that while it is not so labeled it seeks relief under Federal Rule of Civil Procedure 59(e) for dissolution and/or modification of the court's preliminary injunction (Doc. #43) entered on October 30, 2009.

### I.    Relevant Procedural History

On October 20, 2009, the court entered an Order which preliminarily approved a classwide settlement in the *Faught* action before this court under Federal Rule of Civil Procedure 23, and provided for notice to the class. (Doc. # 37). The Order enjoined "[t]he named Plaintiffs and all Class Members" from "commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any claims" covered by the Stipulation of Settlement. (Doc. #37 at 11-12, ¶ 12). At that time, the Edlesons were members of the class. Despite the clear injunction language, however, the Edlesons continued to prosecute the lawsuit styled *Karon and L.B. Chip Edleson v. American Home*

*Shield of California, Inc., et al.*, Case No. 37-2007-00071725-CU-BT-CTL, a putative and uncertified class action, in the Superior Court of California for the County of San Diego. (Doc. # 39). Counsel for American Home Shield immediately filed a Motion for Injunction of Related Proceedings under All Writs Act (Doc. #39), to which counsel for the Plaintiffs in the action before this court, the *Faught* action, concurred. (Doc. #41). Counsel for the Edlesons filed a brief in opposition to the motion for injunction, which set forth the following arguments: (1) that AHS cannot establish that the *Edleson* action interferes with the *Faught* court's jurisdiction; and (2) that because "numerous critical facts" were absent in the record, the court should reconsider its preliminary approval of the classwide settlement. (Doc. #40 at 2).

On October 30, 2009, this court issued its ruling on the Motion for Injunction of Related Proceedings under All Writs Act. (Doc. #43). Specifically, the court found that "[w]ithout question, the continued prosecution of the *Edleson* action interferes (and would continue to interfere) with this court's final consideration of the Stipulation of Settlement." (*Id.*) The court made clear that it considered enjoining the *Edleson* action not only a proper exercise of its authority under the All Writs Act, but also appropriate given that no final determination had been made as to whether the settlement reached by the parties in *Faught* was fair, adequate, and reasonable. (*Id.* at 2-3).

> The Edlesons' continued prosecution of their California case is a clear violation of this court's preliminary approval order. The parties to this case had previously agreed to "stand down" while the *Edleson* settlement was being considered. The Edlesons are now required to stand down while the settlement in this case is being considered.

(*Id.* at 9).

The Brief (Doc. #45) currently before the court for review was then filed. Referencing a separate motion that was never filed, the Brief seeks a stay of execution with respect to the court's

2

October 30 order enjoining the *Edleson* action.  In their Brief, the Edlesons argued *for the first time* that this court did not have *in personam* jurisdiction over them[1] for purposes of the preliminary

---

[1] The Brief seeks to blame the court for the Edlesons' failure to address the issue of *in personam* jurisdiction in its initial Brief in Opposition to Defendant's Expedited Motion for Injunction.  (Doc. #40).  "Chambers staff instructed the Edlesons' counsel to limit their discussion to the All Writs Act . . ."  (Doc. #40 at 6).  However, in reality, the instruction given was that, in responding to Defendant's Unopposed Motion (Doc. #39), counsel were to *make sure that* they addressed the All Writs Act.  (Doc. #46).  Counsel for the Edlesons conceded this point at the hearing on November 10, 2009:

> THE COURT:  All right. Fair enough. Why have the Edlesons -- let's start with this. Why have the Edlesons not waived their personal jurisdiction arguments -- and, quite frankly, I'm going to get to the point where I'm going to suggest to you that I don't think the personal jurisdiction arguments are going to be dispositive in any event. But let's start off with something preliminary. They made an appearance here without raising personal jurisdiction, right?
>
> MR. REID: Your Honor, we did. We filed an objection to an expedited, unopposed motion to enjoin their action in California, and given the circumstances, I think we got that on the 27th, 28th maybe. We had to file a brief by noon of the 28th. And it was my understanding in speaking with chambers that we were to focus on just the All Writs Act.
>
> THE COURT: Now, did anybody tell you that?
>
> MR. REID: In speaking with Sally and from your clerk, I thought that's what she said to focus on. And I do not mean to --
>
> THE COURT: <u>You sure she didn't just say make sure you address that</u>?
>
> MR. REID: <u>She absolutely could have said that, and I'm not about to make that any type of an issue whatsoever</u>. If that was my misunderstanding, that was my misunderstanding.
>
> THE COURT: I mean at a minimum you could have just dropped a footnote saying that while we understand we're supposed to address the All Writs Act and the Anti-Injunction Act, we're still preserving our objection to personal jurisdiction, right?
>
> MR. REID: We certainly could have done that, and clearly did not, being under that impression. But more importantly, it seemed to me that that issue was not

3

injunction[2] and asked for the court to "hear this motion on an expedited basis." (Doc. #45 at 12). The day after the Brief (Doc. #45) was filed, the court set the matter for a Status Conference, ordering all counsel of record to attend. (Doc. #46). On November 10, 2009, that conference was held, during which counsel for the Edlesons asserted that all the Edlesons and their California counsel were

---

      ready or ripe until Your Honor enjoined in the action. It would have been a
      moot argument, it seems to me, if Your Honor had not issued the injunction.

(Doc. #53 at pp. 3-4) (emphasis added).

  [2] The Edlesons' objections did not address what should happen to the injunction in the event final judgment was entered, which is the subject of the Motion for Continuation and Modification of All Writs Act Injunction (Doc. #101).

interested in doing was pursuing individual claims[3] – which were *not* included in the preliminary

---

[3] The transcript sets forth the following:

THE COURT: And on top of that, it's this Court's obligation to determine whether or not this particular settlement is fair, adequate, and reasonable; and the question becomes are there activities occurring in the Superior Court of California that would adversely effect the Court's opportunity to make that consideration.

I'm being very careful here because I know you have privileged communications with your clients, and I'm trying to avoid that, but have you actually talked to the Edlesons?

MR. REID: I have once, and I have talked to their counsel, obviously, as you said earlier. I have talked to counsel more than the Edlesons.

. . .

I can represent that the counsel has told me what I'm telling you. I would never come into your court and tell you something that I didn't believe to be true, and if I'm told we're going to pursue individual relief – and I have been also honest, I think that does, under the California statute, spill over.

. . .

But when you do opt-out, that's the very reason you opt out. You are free to go your own way. And I think that's where we are.

THE COURT: Well, the event that brought that parties in this case in seeking injunctive relief was the pursuit of the business practices injunction that counsel for the Edlesons were pursuing in the California court. They have just read from the brief that was filed there. It certainly sounded like class relief and class allegations being made there.

What if anything's changed since then?

MR. REID: Well, I think the class has been formally terminated. I think that was prior to that.

. . .

injunction[4] – in the California court. (*See, e.g.,* Doc. # 53 at 24-28).

> THE COURT: Well, let me be very clear. I am not trying to prevent the Edlesons from pursuing their claims on their behalf, and that's where – on the one hand, my perception was – and I think it was more than a perception; I think it was a validated finding – that maybe prior to your involvement, the counsel out in California were seeking to pursue class claims, were taking the position that there was no authority to settle the class claims here, and were trying to get the California court to find that there was no authority to settle class claims here. That is clearly something the Anti-Injunction Act would permit me to weigh in on, in my mind.
>
> On the other hand, if the Edlesons' are simply pursuing their individual claims and have indicated they wish to opt out, I don't see any basis for an injunction unless you can convince me otherwise on this side of the courtroom.
>
> But as I said before, you can't call it a taxi and then try to drive the bus over in California. And that's where I think we are now.
>
> . . .
>
> MR. REID: If they are pursuing class relief, I think that's a different ball game entirely. And I have represented that that's not what they are doing.

(Doc. #53 at 24-28).

---

[4] The transcript sets forth the following:

> MR. REID: I agree. And it may be something that would certainly benefit me to talk to California counsel, and if there's some stipulation, something that needs to be filed in this court that would alleviate Your Honor's concerns, maybe that's a way off of this problem because I think that's exactly right.
>
> Just pursuing individual relief – leaving aside that I don't think we waived personal jurisdiction, I don't think Your Honor can enjoin that under the All Writs Act or an exception.
>
> If they are pursuing class relief, I think that's a different ball game entirely. And I have represented that is not what they are doing. To me, the rubber hits the road if the individual relief under California statute granted the plaintiff have a right to pursue somehow spills over into practices with a nationwide influence. I'm not sure that's class relief. That's just individual relief that

During the status conference, counsel for the Edlesons suggested that the parties and the Edlesons may be able to resolve the issues related to modification of the court's injunction by conferring and seeking agreement. (Doc. #53 at 43-44). Accordingly, after the status conference, and as confirmed by Order (Doc. #48) dated November 12, 2009, the parties and the Edlesons were directed to confer and thereafter submit a *joint* written status report to chambers setting forth efforts to reach a stipulation on the Edlesons' objections to this court's injunction and, if no agreement could be reached, a proposed briefing schedule on those objections.[5]  Notwithstanding the court's crystal clear instructions, the parties and the Edlesons submitted *separate* Status Reports.  One was e-mailed to chambers from the *Faught* Class Counsel and Defendant AHS, indicating that the *in personam* jurisdiction and scope of relief issues remained unresolved; the other came from the Edlesons indicating that the only stipulation reached was that "if the Edlesons elect to opt out of the settlement in this case, the Edlesons may at the appropriate time pursue individual claims against AHS for monetary damages." (Doc. #49).  The parties did not agree on a briefing schedule for the issues that remained unresolved.  Therefore, the court issued a briefing schedule on November 17, 2009, requiring initial briefs by December 1, 2009 and responsive briefs by December 11, 2009.  (Doc. #50).

On November 19, 2009, *during* the briefing period and *despite* the fact that the court was still considering the Edlesons' request to modify the scope of the earlier injunctions to allow them to

---

has ramifications beyond that particular plaintiff.

(Doc. #54 at 27-28).

[5] At the conclusion of the status conference, the court "narrow[ed] the issue down to simply this: Is the relief sought in California class relief or individual relief?  That was the key question.  And perhaps the corollary to that was even if it is individual relief, does the prosecution of that motion interfere with the jurisdiction of [this] Court to assess the settlement's fairness[?]" (Doc. #63 at 8).

proceed on solely individual claims, the Edlesons filed a Notice of Appeal of those injunctions contained in the court's October 20, 2009 and October 30, 2009 Orders. (Doc. # 51). In light of the Notice of Appeal, the court conducted another telephone conference with the parties on November 20, 2009. (Doc. #54). During that telephone conference, counsel for the Edlesons represented to the court that the Notice of Appeal was filed out of an abundance of caution and that the Edlesons still wanted the court to rule on their request to modify the scope of the injunction and to "try to find out what the contours of the individual relief may be." (Doc. # 54 at 5, 8-9, 11-12). The court made clear that, since the Edlesons were still seeking some relief, it would "expect that briefs [would] be filed within the time frame . . . indicated." (Doc. #54 at 12). However, the Edlesons thereafter filed a motion to hold the briefing schedule in abeyance. (Doc. #55). And even after an extension of time within which to file briefs was allowed (*see* Docs. #57, 58), they failed to file a brief and thereafter refused to participate in any efforts by this court to evaluate their request for relief. Moreover, the pleadings in California were never amended to drop the class claims, and the Edlesons continued to ask the California court to determine that *this* court did not have the authority to address class claims, and that AHS did not have the authority to engage in settlement talks or analysis. (Doc. #63 at 9).

During yet another conference call on December 14, 2009, local counsel for the Edlesons was asked to explain the Edlesons' position on their failure to brief the injunction issue that they themselves had put before the court. The response was this: "once the Edlesons have taken the appeal, that [it's] their position that there is nothing at this particular juncture for the district court to do, [if] the Eleventh Circuit says we improvidently took that appeal or prematurely took that appeal, then it's before Your Honor, but until that happens, I don't see while it's on appeal we can file a waiver of

anything or do "anything - -."[6] (Doc. #63 at 11). The court further expressed its concern that the appeal, or at least parts of it, were premature. "So I'm kind of at a loss as to how you can appeal something to the Eleventh Circuit that I have not even been provided the opportunity to rule upon." (Doc. #63 at 13).

Now, push has come to shove as to both the Brief (Doc. #45) and Motion (Doc. #101). The Eleventh Circuit, in reviewing the November 19, 2009 interlocutory appeal (Doc. #51), has notified this court, as expected, that the Brief (Doc. #45) seeking relief from the injunction is considered a "tolling motion." *See* FED. R. APP. P. 4(a)(4)(B) (providing that a notice of appeal filed before the district court disposes of a tolling motion, such as a Rule 59(e) motion, becomes effective only after entry of the district court's order disposing of the tolling motion); *see also Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 701 F.2d 145, 147 (11th Cir.1983) (concluding that the "notice of appeal filed before the district court decides [a] Rule 59 motion is ineffective, [and the appellate court] lacks jurisdiction until the Rule 59 motion is decided"); *Williams v. Pettiford*, 238 Fed. Appx. 459, 461 (11th Cir. 2007) ("A premature notice of appeal does not divest the district court of jurisdiction to rule upon

---

[6] The quoted statement represents the Edlesons' position <u>before</u> the Eleventh Circuit found that their "Brief" constituted a tolling motion. The statement is of course wholly in conflict with the Edlesons' new position, embedded in Section III.C. of their Brief in Response to the June 30, 2010 Order (Doc. #146) which states:

> On November 4, 2009, the Edlesons requested that the All Writs Act Injunction "be modified to reflect its expiration upon the Edlesons' filing of an Exclusion Request." The Edlesons have filed an exclusion request opting out of the *Faught* class, yet the All Writs Act Injunction still remains in place. In the Edlesons' view, the Court has effectively denied their November 4, 2009 motion by refusing to expedite resolution of that motion.

(Doc. #146 at 26).

a timely-filed Rule 59(e) motion."); *Rosa v. City of Fort Myers*, 2008 WL 398975, No. 2:05-cv-481-FtM-29SPC at * (M.D. Fla. 2008) ("While plaintiff has filed a Notice of Appeal [] from the judgment and other orders, a district court has jurisdiction to rule on the pending motions because the premature notice of appeal does not become effective until the order disposing of the motions is entered."). The question here is whether the Edlesons' request for relief (Doc. #45) from the court's All Writs Act injunction (Doc. #43) which enjoined the action styled *Edleson v. American Home Shield, et al.*, Case No. 37-2007-00071725-CU-BT-CTL (Superior Ct. San Diego Co., Cal.), should be granted.

## II.   Analysis

### A.   The Scope of the Edlesons' Rule 59(e) Motion is Improper

Federal Rule of Civil Procedure 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of a judgment. FED. R. CIV. P. 59(e). The purpose of the rule is not to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *United Educators Ins. v. Everest Idem. Ins. Co.*, Slip Copy, 2010 WL 1434416, No. 09-12511 at *2 (11th Cir. April 12, 2010) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (explaining that a Rule 59(e) motion cannot be used to relitigate matters that already have been considered or to raise arguments or present evidence that could have been raised before the judgment was entered); *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) (explaining that the purpose of a Rule 59(e) motion "is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment"

(quotation marks omitted)). Instead, Rule 59(e) is a vehicle by which a party can present "newly discovered evidence or manifest errors of law or fact." *King*, 500 F.3d at 1343.

The grounds raised in the Edlesons' Rule 59 Brief (Doc. #45) are these: (A) an injunction is invalid and subject to reversal if the issuing court lacks personal jurisdiction; (B) the court lacks personal jurisdiction over the Edlesons to enjoin them from prosecuting the *Edleson* action; and (C) the Order's constitutional defect requires a stay. *None* of these grounds were raised in the extensive briefing that preceded this court's grant of the motion for a preliminary injunction under the All Writs Act.[7] In opposition to the injunction, the Edlesons argued only that: (A) the All Writs Act is inapplicable where, as here, the *Edleson* action does not interfere with the *Faught* action; and (B) the court should allow the Edleson plaintiffs an opportunity to submit the missing, critical facts for the court to reconsider the preliminary approval. (Doc. #40 at 5-12). As such, it would appear that the Brief, construed as a Rule 59(e) motion, is improper.

---

[7] Further noteworthy is the unarguable principle that lack of jurisdiction over the person, unlike subject matter jurisdiction, is a waivable defect. *See Petrowski v. Hawkeye-Security Ins. Co.*, 350 U.S. 495 (1956). A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent. *See Harris Corp. v. National Iranian Radio & Tele.*, 691 F.2d 1344, 1352 (11th Cir. 1982); *see also Palmer v. Braun,* 376 F.3d 1254, 1259 (11th Cir. 2004) (holding party waived objection to personal jurisdiction because the "motion clearly raised only venue, and not personal jurisdiction"); *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (holding that personal jurisdiction was waived where it was not raised in responsive pleading or Rule 12 motion). Because the court finds below that the Edlesons have abandoned their request for relief (and in any event the request for relief is now moot) the court need not address the question of waiver of an *in personam* jurisdiction argument in this opinion. The court expresses no opinion about such a waiver as it relates to Defendant's request to modify or extend the injunction post-settlement approval. (Doc. #101).

### B.     The Edlesons Abandoned Their Rule 59(e) Motion

But even assuming, *arguendo*, that the scope of the Rule 59(e) motion was proper, it is nevertheless due to be denied because the Edlesons have abandoned the request for review. As set out at length above, the Edlesons filed their Brief (Doc. #45) on November 4, 2009 and attended, via telephone, one status conference on the matter. (*See generally* Docs. #46-50, 54). They then filed a Notice of Interlocutory Appeal (Doc. #51) on November 17, 2009. Curiously, they could not, despite pointed questioning, inform the court what they were actually appealing (*see* Doc. #54 at 2-3), and then wholly failed to respond in accordance with the briefing schedule established by the court for consideration of their "motion." (*See generally* Docs. #46-58). Then, months after the initial Brief on *in personam* jurisdiction was filed, this court entered an Order (Doc. #130) *directing* the Edlesons, *inter alia*, to address to what extent they had abandoned their request for a modification of the injunctions previously entered. The Edlesons did file a brief in response to the June 3, 2010 order, but that response wholly ignored the court's direction to address the issue of abandonment.

Such repeated failures to present any argument in support of their request to modify the injunction points the court to a single conclusion – that the Edlesons have made the conscious (but dubious) decision to abandon their argument for modification. To be sure, the onus is not on the court to develop the Edlesons' argument for them, and the Eleventh Circuit consistently has made that point clear. *See, e.g.*, *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *see also Shuler v. Ingram & Associates*, – F. Supp.2d –, 2010 WL 1838626, No. 2:08-cv-1238-AKK at * (N.D. Ala. May 7, 2010) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence

before summary judgment is granted, not afterwards.") (internal citations and quotations omitted); and *Hudson v. Norfolk Southern Ry. Co.*, 209 F. Supp.2d 1301, 1324 (N.D. Ga. 2001) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned") (internal citations omitted). The Edlesons had their chance to brief and argue their request for relief – but (apparently for tactical reasons) opted not to do so.[8] That ship has sailed, and the Edlesons missed the boat. For these separate and additional reasons, the Brief, construed as a Rule 59(e) motion, is due to be denied.

### C.  In Any Event, the Rule 59(e) Motion is Moot

As set out above at length, the settlement of the *Faught* action was preliminarily approved on October 20, 2009. Within the preliminary approval, the court provided for notice to be sent to all members of the class, with an appropriate opt-out period, and an injunction on all members of the class from pursuing class claims. (Doc. #37 at 11-12). Ten days after entry of that order, the court, having been made aware that the Edlesons continued to pursue claims in the Superior Court of California for the County of San Diego, entered an order (Doc. #43) specifically enjoining the *Edleson* action under the All Writs Act. The injunction was appropriate, *inter alia*, as "necessary to prevent a state court from interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." (Doc. #43 at 3) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)).

The Edlesons now seek to stay that injunction on the grounds that the court lacks *in personam* jurisdiction to issue it. (*See generally* Doc. #45). But that issue is moot. The injunction that the

---

[8] Even after the Eleventh Circuit determined the Brief was a tolling motion (and that occurred nearly three weeks before the fairness hearing), the Edlesons made no effort to champion their request to modify or stay the injunction.

Edlesons seek to stay is no longer necessary or in force – it was put into place to allow the court time to consider whether the proposed settlement should be finalized. (Doc. #43 at 9). The court has had that opportunity. After the preliminary approval of the settlement action, and after the Edlesons filed their notice of interlocutory appeal, the *Faught* Plaintiffs and the AHS Defendant proceeded according to schedule, issuing notice to the class, briefing the issue of final approval of the class settlement, and participating in a fairness hearing. (*See* Docs. #85, 90, 92, 93, 94, 95, 98, 100). On April 27, 2010, the court entered its Memorandum Opinion (Doc. #105) and Order (Doc. #106) approving the settlement in full and making findings of fact and conclusions of law in support thereof. Therefore, there is no reason or basis for an after-the-fact modification of the court's in aid of jurisdiction injunction. The Edlesons' Brief (Doc. #45) which operated as a tolling motion, is now moot.

### III.   Conclusion

The Edlesons' Rule 59 request (Doc. #45) to modify the scope of the earlier injunctions to allow them to proceed on solely individual claims is improper, abandoned, and moot. A separate order shall be entered.

**DONE** and **ORDERED** this      21st      day of July, 2010.

                                                                           **R. DAVID PROCTOR**
                                                                           UNITED STATES DISTRICT JUDGE