# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAURA FAUGHT; STEVEN FAUGHT, on behalf of themselves and all others similarly situated,** | } } } } |
| **Plaintiffs,** | } } |
| v. | } } Case No.: 2:07-CV-1928-RDP } |
| **AMERICAN HOME SHIELD CORPORATION,** | } } } } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case involves a balancing of important jurisprudential considerations that have guided the federal judiciary for over two centuries. The United States legal system has two parallel judicial components—federal and state court systems. The delicate balance between state and federal courts must be understood in the context of the doctrines of federalism and comity. Federalism's primary goal is to advance liberty, avoid tyranny, and channel power away from the federal government and to the states. *See* J. Harvie Wilkinson III, *Of Guns, Abortions, and the Unraveling Rule of Law*, 95 VA. L. REV. 253, 320 (2009) (discussing "federalism's inherent capacity to protect liberty"). The primary goal of comity is to avoid hostility and unnecessary friction between the federal government and state governments. *See* James C. Rehnquist, *Taking Comity Seriously: How to Neutralize the Abstention Doctrine*, 46 STAN. L. REV. 1049, 1051 (1994). Courts regularly discuss comity in terms of avoiding friction or undue interference. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971) (referring to comity as "the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways"); *La. Power & Light Co. v. City of*

*Thibodaux*, 360 U.S. 25, 35 (1959) (Brennan, J., dissenting) ("Clearly decision of this case, in which the City itself is the party seeking an interpretation of its authority under state law, will not entail the friction in federal-state relations that would result from decision of a suit brought by another party to enjoin the City from acting."); *Burford v. Sun Oil Co.*, 319 U.S. 315, 335 (1943) (Douglas, J., concurring) ("Divided authority breeds friction ...."); *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941) (discussing "the friction of a premature constitutional adjudication").

To be sure, federal courts must be exceedingly careful when it comes to interference with state court jurisdiction. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. And Congress undoubtedly understood that bedrock principle when it enacted the Anti-Injunction Act. 28 U.S.C. § 2283. Nevertheless, there are some cases in which a federal court must act swiftly and decisively and exercise its constitutional and statutory authority to avoid abuse and protect its jurisdiction. This action is just such a case.

The court has before it the Second Motion for Injunction of Related Proceedings under All Writs Act (Doc. #164) filed by Defendant American Home Shield Corporation ("AHS") in this court on December 28, 2010, as well as the Motion to Enjoin Nonparties' Discovery Requests in Competing Action and Supplement to Pending Motion for Injunction under All Writs Act (Doc. #167) filed in this court by AHS on January 7, 2011. The Motions (Docs. #164, 167) ask this court for an expedited order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), specifically enjoining all representative aspects (including all claims under the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1790, the California Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200, and all requests for injunctive relief) of an action proceeding in California state court, *Edleson v. American*

*Home Shield of California, Inc., et. al.*, No. 37-2007-00071725-CU-BT-CTL (Super. Ct. San Diego) (the "Edleson action"). The Motions (Doc. #164, 167) have been fully briefed and argued by all interested parties (Docs. #164, 167, 168, 169, 172, 173), and the court has heard oral argument.

## I.      Procedural History

The lengthy procedural history of this action bears some repeating here. On October 20, 2009, the court entered an Order which preliminarily approved a classwide settlement in the *Faught* action under Federal Rule of Civil Procedure 23, and provided for notice to the class. (Doc. #37). The Order enjoined "[t]he named Plaintiffs and all Class Members" from "commencing, prosecuting, participating in or continuing the prosecution of any Suit asserting any claims" covered by the Stipulation of Settlement. (Doc. #37 at 11-12, ¶ 12). At that time, the Edlesons had not had the opportunity to opt out and were members of the class. Despite the clear language of the court's order, however, the Edlesons continued to prosecute the lawsuit styled *Karon and L.B. Chip Edleson v. American Home Shield of California, Inc., et al.*, Case No. 37-2007-00071725-CU-BT-CTL, a putative and uncertified class action, in the Superior Court of California for the County of San Diego. (Doc. # 39). Counsel for American Home Shield immediately filed a Motion for Injunction of Related Proceedings under All Writs Act (Doc. #39), to which counsel for the Plaintiffs in the action before this court, the *Faught* action, concurred. (Doc. #41). Counsel for the Edlesons filed a brief in opposition to the motion for injunction, which set forth the following arguments: (1) that AHS cannot establish that the *Edleson* action interferes with the *Faught* court's jurisdiction; and (2) that because "numerous critical facts" were absent in the record, the court should reconsider its preliminary approval of the classwide settlement. (Doc. #40 at 2).

On October 30, 2009, this court issued its ruling on the Motion for Injunction of Related Proceedings under All Writs Act. (Doc. #43). Specifically, the court found that "[w]ithout question, the continued prosecution of the *Edleson* action interferes (and would continue to interfere) with this court's final consideration of the Stipulation of Settlement." (*Id.*) The court made clear that it considered enjoining the *Edleson* action not only a proper exercise of its authority under the All Writs Act, but also appropriate given that no final determination had been made as to whether the settlement reached by the parties in *Faught* was fair, adequate, and reasonable. (*Id.* at 2-3).

> The Edlesons' continued prosecution of their California case is a clear violation of this court's preliminary approval order. The parties to this case had previously agreed to "stand down" while the *Edleson* settlement was being considered. The Edlesons are now required to stand down while the settlement in this case is being considered.

(*Id*. at 9). The Edlesons objected to the injunction by way of a Brief (Doc. #45), but their objections did not address what should happen to the injunction in the event final judgment was entered. (*See generally* Doc. #153) (discussing the posture of the Edlesons' "request" for modification of the injunction during the time that their interlocutory appeal was pending in the Eleventh Circuit and explaining that the Edlesons' request for modification of the injunction was improper, abandoned, and moot).

A final judgment granting final approval of the class action settlement was entered on April 27, 2010[1] (*see* Doc. #106) and the *Edleson* action proceeded in California state court. On March 24,

---

[1] In its Final Judgment Granting Final Approval of the Class Action Settlement Agreement Between the Class and Defendant American Home Shield Corporation (Doc. #106), the court included the following injunction:

> The Named Plaintiffs, all Class Members, their counsel and anyone claiming through or for the benefit of any of them, are **ENJOINED** from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or

2010, AHS filed a Motion for Continuation and Modification of All Writs Act Injunction (Doc. #101) alleging that the action in California "stands to benefit millions of people with whom AHS has already made peace via the settlement finally approved by the court." (Doc. #145 at 4). The respective arguments of AHS and the Edlesons were heard by the court on July 19, 2010 (*see* Doc. #155), and the Edlesons were amenable to "put[ting] the[ir] cards on the table and say[ing] exactly what they are going to seek as far as injunctive relief" in California, so that such perspective relief could be compared to the relief already obtained in the *Faught* action. (Doc. #155 at 26). However, on further briefing, the Edlesons stated that "[a]s far as what [specific] relief and/or damages the Edlesons expect or intend to pursue, the Edlesons have not decided exactly how to proceed, but reserve the right to pursue any and all remedies, rights, damages, and relief available to them as opt-out plaintiffs in an individual action under California and/or federal law." (Doc. #156 at 3).

The court took the Edleson's statement at face value and found, on September 1, 2010, that "[i]t would be inappropriate and premature for this court, at this point, to make the statement that enjoining the action in California is necessary . . .. There are too many unknowns and what-ifs, and too much speculation . . .. Unless and until the Edlesons actually seek to obtain relief in California that conflicts with this court's judgment in *Faught*, an injunction is inappropriate." (Doc. #159 at 5). At

---

prosecution of any Suit asserting any of the Released Claims against the Released Parties, either directly, representatively, or in any other capacity. Furthermore, all Class Members who failed to file a timely and valid objection to the Agreement are deemed to have waived and forfeited any such objections and are bound by all terms of the Agreement, including the Releases and this Final Judgment and Order. Attached to this Order is Defendant's Exhibit # 4 which is a list of all Class Members who have filed a timely and valid request for exclusion from the Class.

(Doc. #106, ¶ 11). The Edlesons are included on the opt-out list.

that time, the court simply gave the benefit of the doubt to the Edlesons and declined AHS's request to dictate the contours of the Edlesons' California state law claims.

But that was then and this is now. Almost four months later, the Edlesons have filed an amended complaint in *Edleson* and propounded broad-ranging discovery requests on AHS. AHS has now filed the pending motions for injunction of the *Edleson* action.[2] (*See generally* Docs. #164, 167). The motions allege that an injunction is now necessary "because the Edlesons' recently-filed amended complaint seeks sweeping injunctive relief, attempts to relitigate claims disposed of in this case, and directly interferes with the settlement finally approved by the court." (Doc. #164 at 1-2). For the reasons outlined below, the court agrees with AHS. The Edlesons were fairly warned that this court would not hesitate to police the Edlesons' interference with the final judgment in the *Faught* action. (*See* Doc. #159, n. 4).

**II.     Analysis**

The arguments in brief are these – AHS argues that because the Edlesons' amended complaint in California seeks broad injunctive relief that relitigates claims disposed of by this court and interferes with the settlement approved by this court, every part of the Edlesons' suit beyond their own individual claims for money damages is prohibited by both the "relitigation" and "in aid of jurisdiction" exceptions to the Anti-Injunction Act. (*See generally* Doc. #164). The Edlesons argue in half-hearted rebuttal that, not only do the exceptions to the Anti-Injunction Act fail to apply to the *Edleson* action, but that this court lacks *in personam* jurisdiction over the Edlesons and that the discovery dispute

---

[2] AHS's request for an injunction against the *Edleson* action is no longer premature. The contours of the relief sought in the California action are now unmistakably clear. (*See* Doc. #169 at 1-2) (arguing that AHS's motion is premature). *See* discussion *infra* Section II.

should be heard by the California state court, not by this Alabama federal court. (*See* Docs. #169, 172).

As a threshold matter, the court recognizes that the Anti-Injunction Act prohibits a federal court from enjoining state court proceedings absent an exception to the contrary: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The three embedded exceptions to the Anti-Injunction Act "are narrow and are not to be enlarged by loose statutory construction." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988) (citation, internal quotation marks, and alteration omitted). "Although federal courts are instructed to tread carefully when considering whether to stay state court proceedings, as such a decision directly implicates the very delicate balance struck between the federal and state judicial systems, the decision is ultimately left to the district court's sound discretion." *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1250 (11th Cir. 2006) (citation and internal quotation marks omitted). Given this discretion, "a district court in a given case may go either way and not be reversed." *G.M. Brod & Co. v. Adler*, 845 F.2d 899, 900 (11th Cir. 1988) (quoting *First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1486 (11th Cir. 1987)). And while acknowledging the existence of that discretion, the court fully understands that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970). For the reasons discussed herein, this is not a case where the court has any doubts that the representative capacity portions of the *Edleson* action are due to be enjoined.

In addition, the court must observe that the Edlesons as opt-outs "do not have unfettered causes of action" in state court. *See In Re Prudential Ins. Co. of Am. Sales Practices Litig.*, 261 F.3d 355, 364-69 (3d Cir. 2001) (affirming injunction preventing opt-outs from using evidence pertaining to settled class action claims in individual lawsuits); *In re Diet Drugs Prods. Liability Litig.*, 123 Fed. Appx. 465, 470-71 (3d. Cir. 2005) (enforcing injunction against litigation of opt out claims inconsistent with final settlement). That is, the Edlesons may very well have, in a vacuum, a right to seek relief under California's unique statutory scheme. But as will be explained below, they and their lawyers do not have the right to prosecute an action seeking that representative relief if doing so would either relitigate settled claims of class members or interfere with the parties' settlement in this case.

### A. The Relitigation Exception to the Anti-Injunction Act

The Anti-Injunction Act authorizes a federal court to issue an injunction that "protect[s] or effectuate[s] its judgments." 28 U.S.C. § 2283. This exception, generally referred to as the "relitigation exception," is "appropriate where the state [court] claims would be precluded by the doctrine of *res judicata*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1104 (11th Cir. 2004)). "In a sense, the relitigation exception empowers a federal court to be the final arbiter of the *res judicata* effects of its own judgments because it allows a litigant to seek an injunction from the federal court rather than arguing the *res judicata* defense in the state court." *Id.* at 1030 n. 30. This exception applies only when a party "make[s] a strong and unequivocal showing of relitigation." *Delta Air Lines v. McCoy Rests.*, 708 F.2d 582, 586 (11th Cir. 1983). "When determining whether claim preclusion is appropriate, federal courts employ the law of the state in which they sit." *Burr & Forman*, 470 F.3d at 1030 (citing *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990)). Under Alabama law, "the essential elements

of *res judicata* are: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Id.* (quoting *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993)).

The final judgment in the *Faught* action bars the claims of millions of AHS customers, and the settlement allows for adjustment of claims upon presentation of proper documentation and review by the Review Desk. Yet the Edlesons' amended complaint in California state court expressly seeks, on behalf of themselves "and the general public," "restitution for the monies paid to Defendants." (Doc. #164-4, ¶ 60). Nonetheless, the Edlesons argue that the relitigation exception to the Anti-Injunction Act does not apply to them as "opt out class members who had received no consideration from the federal settlement from proceeding in state court." (Doc. #169 at 2; *see also* Doc. #104 at 15 ("The third element [of res judicata] is clearly absent here.")[3]). The problems with this argument are multi-fold and were recognized by counsel for the Edlesons in court – the Edlesons are *barely* seeking individual relief[4] in California (*see* Hearing Transcript of January 20, 2011 at 16-17, 22-25, ; *see also* Doc. #164-4, ¶ 40), instead focusing their claims for representative and injunctive relief under California's private attorney general statute[5] on behalf of, *inter alia*, **individuals who did not opt out**

---

[3] In Document 104, the Edlesons also argue that the fourth element for *res judicata* is absent. That argument is a non-starter for the reasons set out *infra* Section II.B.

[4] In fact, if the amended California complaint only made claims for individual damages for breach of contract, or a recision of the Edlesons' home warranty agreement individually, or damages for the breach of the covenant of good faith and fair dealing, AHS would not be seeking an injunction. (Hearing Transcript of January 20, 2011 at 18).

[5] California law makes clear that the Edlesons' injunctive requests under the UCL and CLRA are intended to benefit the public, not the individual who asserts them. *See Broughton v. Cigna Healthplans*, 988 P.2d 67, 77 (Cal. 1999); *Cruz v. Pacificare Health Sys., Inc.*, 66 P.23d 1157, 1164-65 (Cal. 2003).

**of the *Faught* settlement**. (Hearing Transcript of January 20, 2011 at 20-22, 25-26, 30, 35-36).[6]  As

---

[6]  THE COURT: I understand that, and that's why I have bent over backwards not to enjoin you before.  My understanding from Mr. Reid, who stood in your shoes on behalf of the Edlesons before, was that there were only going to be individual claims and individual relief sought for the Edlesons.  That's what he represented in this court.  He stood exactly where you're standing now and said that to me.

Is that what you're seeking here, individual claims and individual relief only?

MR. CHANG: Yes, we are.  We are seeking it under a California statute that allows broader relief.

THE COURT: Broader relief on behalf of others.  Restitution on behalf of the general public.  Right?

MR. CHANG: It can be deemed as such but this issue –

THE COURT: You've alleged in your complaint as such.  You deemed it as such.

MR. CHANG: Yes, but the fact that we have sought it does not mean that the California court would grant it, number one.  Number two –

THE COURT: Why would you seek it if the California court shouldn't grant it?

MR. CHANG: We seek it because we're entitled to it under California statute and we are outside class members who are entitled to pursue.

. . .

THE COURT: Well, there is an identity of the parties to the extent you're seeking relief on behalf of a class of individuals who have settled their case here, right?

MR. CHANG: We are not – we're not doing that.  Maybe that is the effect of the operation of California statutes, but what we have squarely in front of California court is an individual complaint under California statutes.

THE COURT: It doesn't seek solely individual relief, though, right?  It seeks relief on behalf of others affected; the public, right?

MR. CHANG: If that relief is granted it could be, yes.

THE COURT: No, it seeks it.  I'm not asking whether it's going to be granted, that's

10

>certainly not my job –
>
>MR. CHANG: That's right.  Yes, yes.
>
>. . .
>
>THE COURT: If that's the only claim you're asserting, essentially what would be a $3,000 monetary claim plus any other individual relief you could obtain, I dare say we wouldn't be here.  But the question becomes why you're entitled to pursue injunctive relief and restitution on behalf of California consumers who have settled their claims here.
>
>MR. CHANG: Because under the operation of the judgment in this court and California statute the Edlesons are entitled to do that . . .
>
>. . .
>
>THE COURT: But that's not their own claims.  Whether they are entitled to it under California law or not they are seeking relief on behalf of others.
>
>MR. CHANG: It can be deemed as such but California law allows that.
>
>. . .
>
>THE COURT: Putting aside whether California is a statutory – provides a statutory basis for that, that's what they're doing – seeking relief on behalf of others, injunctive and monetary, right?
>
>MR. CHANG: Yes.

(Hearing Transcript of January 20, 2011 at 21-25, 29-30, 35-36).

The day after the hearing, January 21, 2011, counsel for the Edlesons delivered a letter to the court in an attempt to back-track on not only his representations to the undersigned in open court, but also on the very letter of the amended complaint in *Edleson*.  That letter states: "I misstated that the California state court could grant restitutionary damages to Defendant American Home Shied Corporation's customers who were members of the *Faught* class.  In fact, the Edlesons do not intend to seek restitution for anyone other than themselves (with respect to their individual home warranty policies)."  Frankly, this "correction" only serves to highlight the Johnson Bottini firm's flippant manner of dealing with this court.  (*See* Doc. #57 at 1-2) ("A survey of Karon and L.B. Chip Edlesons' lawyers' arguments and filings in this court makes one thing abundantly clear: they are more in the camp of Ambedkar and Huxley and do not appear to share Thoreau's view that a

11

such, the Edlesons are seeking to relitigate claims on behalf of the **_same_** class members who have settled with AHS in *Faught*. Such blatant 'relitigation" is unquestionably barred by the relitigation exception to the Anti-Injunction Act and is due to be enjoined. *See United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (explaining that the court's authority under the All Writs Act clearly extends over persons "who, though not parties to the original action, . . . are in a position to frustrate the implementation of a court order or the proper administration of justice."); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 261 F.3d 355, 364-69 (3d Cir. 2001) (affirming injunction preventing opt-outs from using evidence pertaining to settled class action claims in individual lawsuits); *In re Diet Drugs Products Liability Litig.*, 123 Fed. Appx. 465, 470-71 (3d Cir. 2005) (enforcing injunction against litigation of opt out claims inconsistent with final settlement and recognizing that opt outs "do not have unfettered causes of action" in state court).

### B. The In Aid of Jurisdiction Exception to the Anti-Injunction Act

An All Writs Act injunction is further warranted in this case under the "in aid of jurisdiction" exception to the Anti-Injunction Act. The Eleventh Circuit has recognized that the "in aid of jurisdiction" exception to the Anti-Injunction Act applies when a federal court has "retained jurisdiction over complex, *in personam* lawsuits," resolution of which is threatened by competing state court litigation. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d at 1251-52 (citing *Battle v. Liberty*

---

lawyer's truth is consistency. That is, the positions they have taken in this case – and in the California state court – have shifted more than the sands of the Sahara Desert."). Of course, even putting aside the inconsistency of positions taken by the Johnson Bottini firm, the statement made in a letter to the court cannot trump clear and unambiguous representations made less than 24 hours earlier in open court. Nor can it camouflage the Edlesons' express allegations contained within the four corners of their amended complaint in the California action itself, and the discovery propounded upon AHS by the Edlesons which almost exclusively targets information bearing on representative claims.

*Nat. Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989)). This "complex multi-state litigation exception" is properly invoked where a "complex and carefully crafted settlement" in federal court "would be undermined by a state court adjudication." *In re Bayshore*, 471 F.3d at 1252.

In the case of the *Edleson* action, there is no doubt that the representative relief sought in the California action threatens to undo the *Faught* settlement. (See Doc. #164 at 9) ("[T]he Edlesons and their counsel are continuing in California to seek restitution for those same claims by those same Class Members who have settled with AHS here. It is difficult to imagine a more overt relitigation of claims released in the Faught settlement, or a more direct challenge to this [c]ourt's jurisdiction."). The Edlesons' request for relief in California would place requirements on AHS that conflict with those which AHS, Class Counsel, and the Settlement Class have agreed constitute a fair and reasonable resolution of this dispute. On questioning, counsel for the Edlesons represented that "the evidence that will come out in the California action that has never been presented in this court." (Hearing Transcript of January 20, 2011 at 20). When pressed on that question, counsel responded: "the issues about AHS's business practices of, number one, entering into contracts that incentivize contractors denying claims; and number two; that knowingly allow the contractors to deny claims and make what we call 'band aid repairs'." (Hearing Transcript of January 20, 2011 at 20-21). But just as the *Faught* class counsel unequivocally responded, "[t]hose are in the original and all the amended complaints. The theory of incentivization of service contractors is squarely within that lawsuit." (Hearing Transcript of January 20, 2011 at 21; *see also* Doc. #164 at 13-14). After stating that the action in *Edleson* would seek certain injunctive relief, counsel for the Edlesons admitted that such change could "potentially" interfere with the Review Desk process bargained-for in the *Faught* settlement. (*See also* Doc. #164 at 13).

13

> THE COURT: Well, then "potentially so," why isn't that enough in and of itself? Why isn't that the admission that John Goodman should jump up and say "case closed"?
>
> MR. CHANG: Because Mr. Goodman should go to California state court first. And California state court also allows –
>
> THE COURT: How is the California state court going to interpret my settlement agreement?
>
> MR. CHANG: The California state court will apply the res judicata principles, the principles of issue preclusion and estoppel. And Mr. Goodman –
>
> . . .
>
> THE COURT: Well, what you've admitted to me in open court is that the relief you're seeking, if granted by the California court, would be inconsistent with the relief provided in the settlement agreement at least as it relates to consumers in California who have settled their claims under the agreement in this case, the Class Action Settlement Agreement in this case. Am I mishearing you?
>
> MR. CHANG: It may be if the California court grants that relief notwithstanding whatever challenges that American Home Shield will make at the trial court level and on appeal.
>
> THE COURT: You're not defending on the merits; you're defending on the forum? That's the argument, right?
>
> MR. CHANG: We are.
>
> THE COURT: You're saying that all these things may be true, but we need to be doing this in California; not in Alabama.
>
> MR. CHANG: We are and we are also defending on merits because – and that would be the same argument we will present before the California State court if that motion is made by AHS; that whatever relief we will be seeking in California court would interfere with this court's judgment; it is that res judicata and issue estoppel do not apply here because there's no identity of the parties, no identity of the issues.

(Hearing Transcript of January 20, 2011 at 27-28, 28-29). This last minute, back-track argument is, of course, insufficient to carry the day and prevent an injunction from issuing under the "in aid of jurisdiction" exception to the Anti-Injunction Act. What the Edleson's counsel fails to understand –

or more likely fails to admit – is that there is indeed an identity of parties here because the Edlesons' lawsuit seeks recovery (*e.g.*, injunctive relief and restitution) in California state court on behalf of approximately one million California residents who are class members in this case and who settled their claims with AHS here.

Out of an abundance of caution, the court will lastly consider the Edlesons' remaining arguments against the injunction – that the California court should hear the issue first, and that this court lacks *in personam* jurisdiction over the Edlesons.

### C. The Edlesons' Additional Defenses Ring Hollow

Without any citation to case law, counsel for the Edlesons argue that the discovery dispute in the *Edleson* action belongs to the California state court. (*See* Doc. #172 at 1; *see also* Hearing Transcript of January 20, 2011 at 18, 27-28, 29). But this court has authority under the All Writs Act to enjoin discovery in competing actions. *See Newby v. Enron Corp.*, 338 F.3d 467, 476 (5th Cir. 2003) (district court's stay of discovery in related state court action appropriate under All Writs Act); *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 368 (3d Cir. 2001) ("[T]he All Writs Act and the Anti-Injunction Act do extend to discovery). Even counsel for the Edlesons seemed to concede the issue at one point. (Hearing Transcript of January 20, 2011 at 18) ("It could be in this court but we submit to you, Your Honor, that the conversation – the hearing here today should have been first brought in the California state court."). Therefore, the argument that this court somehow lacks jurisdiction to consider the issues brought by AHS in their motions (Docs. #164, 167) rings hollow.

The Edlesons' principle argument on *in personam* jurisdiction is that because they are not directly interfering with the court's judgment in *Faught*, they do not have sufficient minimum contacts

15

with the state of Alabama such that they may be enjoined. (Hearing Transcript of January 20, 2011 at 32) ("Seeking certification of a class in California would move them closer to a finding that they are in direct violation of this court's order. In that case, that could be, but that is not the case here.").[7] Of course, as demonstrated at length above and admitted by their counsel, the Edlesons are in fact at least "potentially" interfering with the *Faught* settlement. Such interference requires no *in personam* jurisdiction for an injunction to issue.[8] *See Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) (even in Rule 65 context, purposeful interference with a federal court order is sufficient minimum contacts for personal jurisdiction); *see also In re Baldwin-United Corp.*, 770 F.2d 328, 338 (3d Cir. 1985) ("An important feature of the All Writs Act is a grant of authority to enjoin and bind non-parties to an action when needed" and that "this power to bind non-parties distinguishes injunctions issued under the All Writs Act from injunctions issued in situations in which the activities of the third parties do not interfere with the very conduct of the proceeding before the court.").

---

[7] The court finds it ironic that the Edleson's counsel have now virtually admitted that their attempts to continue to litigate a class action in California after certification and settlement here violated this court's order. That is exactly the tactic the court was forced to enjoin earlier in this case. (*See* Doc. #43).

[8] Even assuming, *arguendo*, that the Edlesons were not interfering with the *Faught* settlement, this court nevertheless would have *in personam* jurisdiction over them. The court concludes that the Edlesons waived the issue of personal jurisdiction by making an appearance on October 29, 2009, requesting affirmative relief without raising the issue of *in personam* jurisdiction. *See* FED. R. CIV. P. 12(g)(2), (h)(1); *see also Lane v. XYZ Venture Partners, LLC*, 322 Fed. Appx. 675, 677-78 (11th Cir. 2009); *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1353 (11th Cir. 1982) ("Where a defendant does not raise the defense of lack of personal jurisdiction at the appropriate time in the district court, the objection is waived and the defendant is considered to have conferred jurisdiction by consent.").

### III.    Conclusion

For all these reasons, Defendant's Second Motion for Injunction of Related Proceedings under All Writs Act (Doc. #164) is due to be granted and Defendant's Motion to Enjoin Nonparties' Discovery Requests in Competing Action (Doc. #167) is due to be permanently granted. A separate order will be entered consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____24th____ day of January, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE